**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **In Re:** ) | |
| ) | **Bankruptcy Case No: 09-50779-RJK** |
| **DENNIS E. HECKER,** ) | |
| ) | **Chapter 7** |
| Debtor. ) | |
| ) | |
| ) | |
| **CHRYSLER FINANCIAL** ) | **Adversary Proceeding No.: 09-05019** |
| **SERVICES AMERICAS** ) | |
| **LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **DENNIS E. HECKER,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ANSWER**
_____

Defendant Dennis E. Hecker ("Hecker") for his Answer against Plaintiff Chrysler Financial Services Americas, LLC ("Plaintiff"), states and alleges upon knowledge with respect to his own acts, and upon information and belief with respect to all other matters, as follows:

A. Hecker denies each and every allegation, matter or thing contained in Plaintiff's Complaint unless hereafter specifically admitted.

1

1. Hecker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and on that basis denies those allegations.

2. Hecker affirmatively alleges that he is a resident of the State of Minnesota and that he is the debtor in the above captioned bankruptcy proceeding. To the extent the allegations contained in paragraph 2 are inconsistent with, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

3. Hecker affirmatively alleges that Plaintiff's Complaint at paragraphs 35-44 makes claims against Hecker arising under 28 U.S.C. §523 (a). To the extent the allegations contained in paragraph 3 are inconsistent, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

4. Hecker affirmatively alleges that his bankruptcy proceeding is venued in the District of Minnesota. To the extent the allegations contained in paragraph 4 are inconsistent with, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

5. Hecker affirmatively alleges that based on the allegations in Plaintiff's Complaint, this Adversary Proceeding is a "core proceeding" under 28 U.S.C. §157 (b)(2)(I). To the extent the allegations contained in paragraph 5 are inconsistent with, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

6. Hecker affirmatively alleges that he is a principal in several entities, including several automobile dealerships, whose business included the purchase and sale of newly manufactured automobiles. Hecker further affirmatively alleges that these entities obtained loans and financing from Plaintiff in order to finance the purchase of newly manufactured automobiles from automobile manufacturers. Hecker further affirmatively alleges that he signed personal guarantees guarantying to Plaintiff the repayment of loans and other financing Plaintiff provided to these entities. To the extent the allegations contained in paragraph 6 are inconsistent with, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

7. Hecker affirmatively alleges that he, either through the ownership of shares of stock in a corporation or through the ownership of membership interests in a limited liability company, is the majority owner of, and an officer or manager of, several corporations and limited liability companies which obtained loans or other financing from Plaintiff. Hecker further affirmatively alleges that with respect to the allegation that "each of the actions described and complained of herein was taken by Hecker, or at Hecker's specific or implicit direction, with Hecker possessing knowledge that such actions (i) violated [Plaintiff's] rights and interests under the various documents and agreements governing the [Plaintiff's] loans, and (ii) would cause direct and material damage to [Plaintiff]," Hecker (i) will respond to "each of actions complained" in response to each such allegation made in the Complaint, and (ii) Hecker denies that he had knowledge that the

actions alleged in the Complaint to have been taken by corporations or limited liability companies in which Hecker held ownership interests would violate Plaintiff's rights and interests under the various documents and agreements governing the Plaintiff's loans or would cause direct and material damage to Plaintiff. To the extent the allegations contained in paragraph 7 are inconsistent with, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

8. Hecker affirmatively alleges that in the summer and fall of 2008 several entities in which Hecker held ownership interests were only able to make partial payments to Plaintiff under lending agreements with Plaintiff as a result of a downturn in the automobile business and because of actions Plaintiff undertook in breach of agreements Plaintiff had made with Hecker and entities in which Hecker held ownership interests. To the extent the allegations contained in paragraph 8 are inconsistent with, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

9. Hecker affirmatively alleges that Hecker received the letters attached as Exhibits A and B to the Complaint and that Plaintiff asserted that Plaintiff had accelerated the payments due under Plaintiff's loan agreements. Hecker further affirmatively alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 regarding the actions Plaintiff alleges it took and on that basis denies those allegations. To the extent the allegations contained in paragraph 9 of Plaintiff's Complaint are

inconsistent with, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

10. Hecker affirmatively alleges that Plaintiff undertook actions to seize and sell collateral pledged under Plaintiff's lending agreements with Hecker and entities in which Hecker held ownership interests. Hecker further affirmatively alleges that he is without knowledge or information sufficient to form a belief to the truth of the allegations contained in Paragraph 10 regarding the collateral Plaintiff has sold because Plaintiff has not provided information to Hecker to enable Hecker to sufficiently corroborate this allegation and on that basis Hecker denies those allegations. Hecker further affirmatively alleges that he owes no further amounts to Plaintiff outside of the bankruptcy proceeding because all obligations to Plaintiff arose prior to Hecker filing his bankruptcy petition. To the extent the allegations contained in paragraph 10 of Plaintiff's Complaint are inconsistent with, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

11. Hecker affirmatively alleges that Plaintiff commenced an action against Hecker in Minnesota State District Court for breach of Hecker's personal guaranty to Plaintiff and Plaintiff obtained a judgment against Hecker in that proceeding as reflected in the state court judgment attached as Exhibit C to the Complaint. Hecker further affirmatively alleges that on the date he filed bankruptcy, the judgment was unsatisfied. To the extent the allegations contained in paragraph 11 of Plaintiff's Complaint are inconsistent with, contradictory to or

not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

12.     Hecker affirmatively alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and on that basis denies those allegations.

13.     Hecker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint as to the amount Plaintiff claims Hecker owes to Plaintiff and on that basis denies those allegations. Hecker further denies the allegations contained in paragraph 13 of Plaintiff's Complaint that any amounts Hecker owes Plaintiff should be determined non-dischargeable under 11 U.S.C. §523. To the extent the allegations contained in paragraph 13 of Plaintiff's Complaint are inconsistent with, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

14.     Hecker denies the allegations contained in paragraph 14 of Plaintiff's Complaint that Hecker "presented to [Plaintiff] a forged, doctored document and made other misrepresentations to [Plaintiff]" as set forth in paragraph 14 of Plaintiff's Complaint. Hecker further affirmatively alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint that Plaintiff has not recovered $15,187,000 which Plaintiff now claims should be non-dischargeable and on that basis denies those allegations. Hecker further denies the

6

allegations contained in paragraph 14 of Plaintiff's Complaint that any amounts Hecker owes Plaintiff should be determined non-dischargeable under 11 U.S.C. §523. To the extent the allegations contained in paragraph 14 of Plaintiff's Complaint are inconsistent with, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

15.   Hecker affirmatively alleges that in November, 2007 he met with representatives from Plaintiff to generally discuss the automobile dealerships and leasing operations of the businesses in which Hecker held ownership interests. Hecker further affirmatively denies the allegation that "the Hyundai vehicles sought by Hecker were to be purchased by one of Hecker's wholly-owned businesses, Rosedale Dodge Inc." as demonstrated by the fact that the document Plaintiff alleges in paragraph 14 of the Complaint was "forged or doctored" attached as Exhibit F to the Complaint and on which Plaintiff claims it justifiably relied in extending credit to Rosedale Dodge, Inc. was in fact a proposed contract from "Walden Fleet Services II, Inc.," another automobile corporation in which Hecker is a principal, to Hyundai Motor America. Hecker further affirmatively alleges Plaintiff could not justifiably rely on Exhibit F in extending credit to Rosedale Dodge, Inc. based on Exhibit F because Walden Fleet Services II, Inc. was not a party to Plaintiff's Master Loan Agreement attached to the Complaint as Exhibit I and Plaintiff never extended credit to Walden Fleet Services II, Inc. To the extent the allegations contained in paragraph 15 of Plaintiff's Complaint are

inconsistent with, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

16.     Hecker affirmatively alleges that he brought either all or parts of Exhibits E and F attached to the Complaint with him to the meeting with Plaintiff's representatives in November, 2007.  Hecker further affirmatively alleges that he specifically told Plaintiff's representatives at the November, 2007 meeting that no entities in which Hecker was a principal had finalized any contracts with Hyundai Motor America for the purchase of automobiles, that Hyundai Motor America was constantly changing the terms for the sale of its newly manufactured automobiles and that negotiations with Hyundai Motor America were continuing.  Hecker further affirmatively alleges that while Plaintiff claims it relied on Exhibit F in extending credit to Rosedale Dodge, Inc. and/or Rosedale Leasing, two entities which are parties to the Master Loan Agreement attached to the Complaint as Exhibit I to the Complaint, Exhibit F is a proposed contract between Hyundai Motor America and "Walden Fleet Services II, Inc.," an entity which is not a party to the Master Loan Agreement attached to the Complaint as Exhibit I and to whom Plaintiff could not and did not extend credit as Plaintiff fully knew at the November, 2007 meeting.  Hecker further affirmatively alleges that he did not "countersign" Exhibit F because Exhibit F is not signed by Hyundai Motor America.  Hecker further affirmatively alleges that Plaintiff knew that Exhibit F was not a binding contract between Walden Fleet Services II, Inc. and Hyundai Motor America because the contract is not signed by

8

Hyundai Motor America. To the extent the allegations contained in paragraph 16 of Plaintiff's Complaint are inconsistent with, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

17. Hecker affirmatively alleges that the documents attached as Exhibits E and F to the Complaint speak for themselves. Hecker further affirmatively alleges that he specifically told Plaintiff's representatives at the November, 2007 meeting that no entities in which Hecker was a principal had finalized any contracts with Hyundai Motor America for the purchase of automobiles, that Hyundai Motor America was constantly changing the terms for the sale of its newly manufactured automobiles and that negotiations with Hyundai Motor America were continuing. Hecker further affirmatively alleges that Exhibits E and F are not binding contractual offers from Hyundai Motor America because Hyundai Motor America never executed the proposed documents. Hecker further affirmatively alleges that Exhibit F relates to a potential contract between Hyundai Motor America and Walden Fleet Services II, Inc. and Plaintiff's representatives fully knew that Walden Fleet Services II, Inc. could not obtain any lending from Plaintiff because Walden Fleet Services II, Inc. was not a party to Plaintiff's Master Loan and Security Agreement attached as Exhibit I to Plaintiff's Complaint. To the extent the allegations contained in paragraph 17 of Plaintiff's Complaint are inconsistent with, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

18. Hecker denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Hecker denies the allegations contained in paragraph 19 of Plaintiff's Complaint that Hecker delivered a "forged and doctored document" to Plaintiff. Hecker affirmatively alleges that Exhibit F contains a proposed contract from Walden Fleet Services II, Inc. to Hyundai Motor America. Hecker further affirmatively alleges that Walden Fleet Services II, Inc. was not a party to Plaintiff's Master Loan and Security Agreement attached as Exhibit I to Plaintiff's Complaint which Plaintiff fully knew because Plaintiff drafted the Master Loan Agreement. Hecker further affirmatively alleges that Hyundai Motor America sent Walden Fleet Services II, Inc. the document attached as Exhibit G to the Complaint. Hecker further affirmatively alleges that he brought a copy of the document attached as Exhibit F to the Complaint to the meeting with Plaintiff's representatives held in November, 2007 and that he had signed Exhibit F on behalf of Walden Fleet Services II, Inc. Hecker further affirmatively alleges that he specifically told Plaintiff's representatives at the November, 2007 meeting that no entities in which Hecker was a principal had finalized any contracts with Hyundai Motor America for the purchase of automobiles, that Hyundai Motor America was constantly changing the terms for the sale of its newly manufactured automobiles and that negotiations with Hyundai Motor America were on going. To the extent the allegations contained in paragraph 19 of Plaintiff's Complaint are inconsistent

with, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

20. Hecker affirmatively alleges that Rosedale Leasing of Minnesota, LLC, a limited liability company in which Hecker holds the majority membership interests, entered into contracts with Hyundai Motor America to purchase vehicles from Hyundai Motor America including the contract reflected in Exhibit H to the Complaint. Hecker further affirmatively alleges that Rosedale Leasing of Minnesota, LLC is a borrower under Plaintiff's Master Loan and Security Agreement attached as Exhibit I to Plaintiff's Complaint which Plaintiff fully knew because Plaintiff drafted the Master Loan Agreement. Hecker further affirmatively alleges that Plaintiff financed the vehicles Rosedale Leasing of Minnesota, LLC agreed to purchase from Hyundai Motor America as set forth in Exhibit H to the Complaint. Hecker further affirmatively alleges that Plaintiff fully knew on November 19, 2007 that Plaintiff was not providing any financing for the purchase of any vehicles pursuant to the document attached as Exhibit F to the Complaint as confirmed in an email from Plaintiff's primary representative responsible for the Hecker entities lending relationship with Plaintiff, Mr. John Bowker. Hecker further affirmatively alleges that on November 19, 2007, Mr. John Bowker sent Hecker an email confirming that Bowker knew Rosedale Dodge was purchasing vehicles from Hyundai Motor America, not Walden Fleet Services II, Inc. Hecker further affirmatively alleges that Plaintiff could not have justifiably relied on Exhibit F to Complaint in financing Rosedale's purchase of

the vehicles from Hyundai Motor America because Plaintiff and its representative, Mr. John Bowker, fully knew prior to November 20, 2007 that Walden Fleet Services II, Inc. was not a party to Plaintiff's Master Lending Agreement attached as Exhibit I to the Complaint and Walden Fleet Services II, Inc. had not entered into a contract with Hyundai Motor America. To the extent the allegations contained in paragraph 20 of Plaintiff's Complaint are inconsistent with, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

21. Hecker affirmatively alleges that he did not make any misrepresentations to Plaintiff. Hecker further affirmatively alleges he is without knowledge or information sufficient to form a belief to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint regarding the amounts Plaintiff has not recovered and on that basis denies those allegations. To the extent the allegations contained in paragraph 21 of Plaintiff's Complaint are inconsistent with, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

22. Hecker denies that he "tricked" Plaintiff into believing that vehicles Rosedale purchased from Hyundai Motor America were "Guaranteed Units." Hecker further affirmatively alleges that Rosedale received payments from Hyundai Motor America under the terms of Exhibit G attached to the Complaint. To the extent the allegations contained in paragraph 22 of Plaintiff's Complaint

are inconsistent with, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

23. Hecker denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Hecker denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Hecker denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Hecker affirmatively alleges that he did not misappropriate any funds from the sale of automobiles and that he is not a trustee or fiduciary of Plaintiff under 11 U.S.C. §523 (a)(4). To the extent the allegations contained in paragraph 26 of Plaintiff's Complaint are inconsistent with, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

27. Hecker affirmatively alleges that Plaintiff's Master Loan and Security Agreement attached as Exhibit I to Plaintiff's Complaint speaks for itself. Hecker further affirmatively alleges that he is not a "trustee" or "fiduciary" of Plaintiff's under 11 U.S.C. §523 (a)(4). To the extent the allegations contained in paragraph 27 of Plaintiff's Complaint are inconsistent with, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

28.     Hecker affirmatively alleges that Plaintiff's Master Loan and Security Agreement attached as Exhibit I to Plaintiff's Complaint speaks for itself. To the extent the allegations contained in paragraph 28 of Plaintiff's Complaint are inconsistent with, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

29.     Hecker affirmatively alleges that Plaintiff's Fleet Leasing Agreement attached as Exhibit J to Plaintiff's Complaint speaks for itself.  Hecker further affirmatively alleges that the Security Agreement attached as Exhibit K to Plaintiff's Complaint speaks for itself. To the extent the allegations contained in paragraph 29 of Plaintiff's Complaint are inconsistent with, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

30.     Hecker affirmatively alleges that in the fall of 2008, automobile dealerships Hecker owned or controlled were only able to make partial payments to Plaintiff under the loan agreements because of (i) Plaintiff's breach of promises made to Hecker in conjunction with Hecker purchasing Advantage Rent a Car, Inc., a car rental company in which Plaintiff's related entity, DaimlerChrysler Motors Company, LLC, held a right to participate in the profits and sale proceeds, and (ii) the collapse in the global credit markets which resulted in a severe downturn in vehicle sales resulting in, among other things, Daimler Chrysler filing for bankruptcy.  To the extent the allegations contained in paragraph 30 of

31. Hecker denies the allegations contained in paragraph 31 of Plaintiff's Complaint that either he or automobile dealerships Hecker owned or controlled misappropriated sales proceeds.

32. Hecker denies the allegations contained in paragraph 32 of Plaintiff's Complaint that either he or automobile dealerships Hecker owned or controlled misappropriated sales proceeds.

33. Hecker denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Hecker affirmatively alleges that the claim Rosedale Leasing, LLC made against the debtor in *Rosedale Leasing, LLC v. Ward* was made under 11 U.S.C. §523 (a)(2)(A) and not under either 11 U.S.C. §523 (a)(4) or 11 U.S.C. §523 (a)(6). Therefore, Hecker further affirmatively alleges Judge Kressel's decision in *Rosedale Leasing* has nothing to do with "the failure to pay over sale proceeds" in conjunction with a claim made under either 11 U.S.C. §523 (a)(4) or 11 U.S.C. §523 (a)(6). To the extent the allegations contained in paragraph 34 of Plaintiff's Complaint are inconsistent with, contradictory to or not addressed by the affirmative allegations set forth above, Hecker denies those allegations.

35. With respect to the allegations contained in Paragraph 35 of Plaintiff's Complaint, Hecker restates and realleges the allegations contained in the preceding Paragraphs as if more fully set forth herein.

36. Hecker denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Hecker denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Hecker denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. With respect to the allegations contained in Paragraph 39 of Plaintiff's Complaint, Hecker restates and realleges the allegations contained in the preceding Paragraphs as if more fully set forth herein.

40. Hecker denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Hecker denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. With respect to the allegations contained in Paragraph 42 of Plaintiff's Complaint, Hecker restates and realleges the allegations contained in the preceding Paragraphs as if more fully set forth herein.

43. Hecker denies the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. Hecker denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

WHEREFORE, Defendant affirmatively alleges that the Complaint is barred, in whole or in part, by the following affirmative defenses:

1. Plaintiff's Complaint is barred, in whole or in part, by the equitable doctrines of estoppel, waiver, and laches.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff's Complaint is barred, in whole or in part, the doctrine of unclean hands.

4. Plaintiff's Complaint is barred, in whole or in part, the doctrines of assumption of risk and contributory negligence.

5. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of failure of consideration.

6. Plaintiff's Complaint is barred, in whole or in part, by the fact that Defendant's actions were authorized by law.

7. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of accommodation parties.

8. Plaintiff' Complaint is barred, in whole or in part, by the doctrine of the statute of frauds.

9. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of *in pari delicto*.

10. Hecker also incorporates all affirmative defenses listed in F.R.C.P.

## **JURY TRIAL DEMAND**

Hecker demands a jury trial on all issues, if any, triable to a jury.

WHEREFORE, Defendant Dennis E. Hecker prays that Plaintiff's Complaint be dismissed with prejudice, and on the merits, and Defendant Dennis E. Hecker be awarded his attorney's fees and costs incurred in defending this action.

DATED:   August 21, 2009    MOHRMAN & KAARDAL, P.A.


s/ William F. Mohrman
_____
William F. Mohrman Bar No. 168816
Erick G. Kaardal, Bar No. 229647
33 South Sixth Street, Suite 4100
Minneapolis, MN  55402
(612) 341-1074

ATTORNEYS FOR DEFENDANT DENNIS E. HECKER

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

**In Re:**

**DENNIS E. HECKER,**

   Debtor.

_____

**CHRYSLER FINANCIAL SERVICES, AMERICAS LLC,**

   Plaintiff,

v.

**DENNIS E. HECKER,**

   **Defendant.**

**CERTIFICATE OF SERVICE**

**Bankruptcy Case No: 09-50779-RJK**
**Chapter 7 Case**

**Adversary Proceeding No.: 09-05019**

I hereby certify that on August 21, 2009, I caused the following document:

 *ANSWER*

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

- Stephen F Grinnell stephen.grinnell@gpmlaw.com

I further certify that I caused a copy of the foregoing documents and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participants: None.

Dated: August 21, 2009            **s/ William F. Mohrman**
                              William F. Mohrman