# EXHIBIT 11



# StarTribune.com

## Feds again raid Hecker's HQ



Carlos Gonzalez, Star Tribune

Federal agents on Thursday were looking through the Hecker headquarters in St. Louis Park for records dating to 2002 that could link Hecker to financial crimes.

### FBI and IRS agents were hunting for evidence of such crimes as fraud, conspiracy and money laundering.

**By DEE DEPASS and PAUL WALSH**, Star Tribune Staff Writers

Last update: July 30, 2009 - 9:31 PM

For the second time in two months, federal agents on Thursday raided the now-silent headquarters of bankrupt auto mogul Denny Hecker, searching for evidence of bankruptcy fraud, conspiracy, mail fraud, wire fraud and money laundering.

Armed with a search warrant, FBI and IRS agents entered the Denny Hecker Automotive Group headquarters in St. Louis Park.

Hecker has not been charged with any such crimes.

"Denny obviously denies any wrongdoing," said his criminal defense attorney, Marsh Halberg.

Halberg said he got a call from the Federal Bureau of Investigation on Thursday morning requesting access to Hecker's office building. Hecker, who is out of town, gave him the OK over the phone to let in the agents.

"I pledged to be fully cooperative," Halberg said. He described the search warrant as "very broad."

The warrant seeks evidence of alleged fraud going back to 2002. Some of the items listed in the warrant are very specific.

The once-lively headquarters at 500 Ford Road in St. Louis Park was subdued Thursday. Agents wearing blue FBI jackets took briefcases inside and began a long search.

State investigators and agents with the IRS Criminal Investigations Division searched the office and five other Hecker properties last month

Advertisement

get proven, proactive
identity theft protection



**LifeLock.**
#1 In Identity Theft Protection™

**1-888-896-1878**

Print Powered By FormatDynamics

## EXHIBIT 11

# StarTribune.com



seeking evidence that Hecker's dealerships had failed to relay vehicle sales taxes to the state. The state was also investigating hundreds of customer complaints that Hecker had failed to pay off loans for trade-in vehicles and failed to process the paperwork on customer car titles and license plates.

This time around, the search warrants touch nearly every aspect of Hecker and his businesses, which have been accused of fraud, forgery, embezzlement and other wrongdoing by bankruptcy trustees, State Farm Mutual Auto Insurance or Hecker's longtime financing partner, Chrysler Financial.

Hecker and his attorneys previously denied wrongdoing and said they will fight the allegations in court. Reached by cell phone Thursday, Hecker referred all inquiries to Halberg.

Agents searched for evidence of bankruptcy fraud, conspiracy, mail fraud, wire fraud and money laundering in computers, contracts, canceled checks, files, Rolodexes and other documents.

The warrant indicates that they were looking for "altered or forged" invoices, bills of sales or other documents, as well as "fraudulently obtained floor plan agreements" -- the financing behind a dealership's inventory. They looked for materials related to Hecker's dealings with Chrysler Financial, Hyundai Motor, Toyota, General Motors,

Suzuki, Nissan and Mitsubishi, as well as GE Capital, GELCO, GE Fleet and even the financing for his repossessed Bombardier Challenger aircraft.

The breadth of the search indicates authorities are looking for evidence related to allegations made in civil cases, in bankruptcy filings and by business associates.

Part of the search warrant appears related to a 2005 Automotive News article, which reported that Hecker allegedly traded $15.8 million worth of advertising credits to Mitsubishi in exchange for at least 1,100 cars. Mitsubishi managers told the publication the ad credits turned out to be virtually worthless. FBI agents searched for records relating to those allegations, including "advertising time credits or discount credits for commercial TV airtime" related to Mitsubishi.

In September, State Farm Mutual Auto Insurance Co. sued Hecker's Advantage Rent A Car and Southwest-Tex Leasing companies, accusing them of inflating auto repair bills on hundreds of rental car claims. State Farm is demanding more than $1 million in damages. Documents involving both of those Hecker companies are part of the search warrant.

Agents also looked for records involving Chrysler Financial, which sued Hecker in January for defaulting on $550 million worth of loans. It recently won a judgment for $477 million but

Advertisement



Average U.S. Credit Score

Your Credit Score

VIEW YOUR CREDIT SCORE NOW

Visit FreeCreditReportValue.com

Print Powered By [fd] FormatDynamics

# StarTribune.com


GET THE LATEST NEWS.

sued Hecker again this month, accusing him of fraud and embezzlement and of forging Hyundai Motor lease documents to secure $83 million in loans from Chrysler Financial. Chrysler Financial has asked the bankruptcy court to refuse to write off the $83 million.

Hecker denied the allegations. He accused Chrysler Financial of ruining his business by unfairly pulling his credit line in October. That prompted bank accounts to be frozen and his dealership funds to dry up, Hecker said in past interviews.

But allegations continued to mount against Hecker, whose once ubiquitous ads made him practically a household name in Minnesota.

In June, a U.S. bankruptcy trustee accused Hecker's Advantage Rent A Car and five other Hecker companies of civil fraud, claiming they diverted up to $148 million in funds before Advantage filed for bankruptcy in December. Hecker's attorneys denied those allegations, saying the trustee failed to consider the money went to repay loans.

In addition to Chrysler Financial, Hecker owes millions to Hyundai, Toyota Motor Credit, the IRS, GELCO, GMAC Mortgage, business partners, cities, banks and employees and hundreds of other creditors.

Hecker filed a personal bankruptcy liquidation

petition June 4. In a filing this month, he said he owes creditors $767 million and had just $18.5 million in assets.

This month, bankruptcy trustee Randy Seaver grilled Hecker in a hearing about how he paid bills, when he paid stock margin calls, bought or sold or lost certain property, and whether he had deposited funds in offshore accounts or with friends or family members. The search warrant shows agents are looking for evidence of money transfers to third parties.

Dee DePass • 612-673-7725

Paul Walsh • 612-673-4482

Advertisement


Send flowers for any occasion
Bouquets from $19 99 +s/h
ProFlowers
Order ONLY at
proflowers.com/happy
or call 1-877-888-0688

Print Powered By [FormatDynamics]

# EXHIBIT 12

Minneapolis / St. Paul Business Journal - July 30, 2009
/twincities/stories/2009/07/27/daily47.html

Members: Log in | Not Registered? Register for free extra services.

# BUSINESS JOURNAL
MINNEAPOLIS / ST. PAUL

Thursday, July 30, 2009

## Report: FBI searching Hecker's HQ

Minneapolis / St. Paul Business Journal

The Federal Bureau of Investigation on Thursday morning served search warrants for the headquarters of **Hecker Automotive Group Inc.**, KARE-11 television reports.

Officials from the Internal Revenue Service accompanied the FBI to the headquarters. Embattled auto magnate Denny Hecker is out of town, but his lawyer took a call from agents asking for keys to enter the headquarters, in Golden Valley. Hecker's attorney complied, but said he was unsure of what the agents were looking for, as the search warrants were sealed.

Hecker Automotive Group's headquarters were searched earlier this year, following accusations that he owed sales tax payments to the state.

Denny Hecker also has filed for Chapter 7 bankruptcy.

*All contents of this site © American City Business Journals Inc. All rights reserved.*

**EXHIBIT 12**

# EXHIBIT 13

# KSTP.com—5EYEWITNESS NEWS

## FBI Raids Hecker Headquarters

Updated: 07/30/2009 2:51 PM KSTP.com
By: Becky Nahm

The Federal Bureau of Investigation raided bankrupt Twin Cities auto dealer Denny Hecker's Golden Valley headquarters Thursday, launching yet another criminal probe of the embattled businessman.

Federal agents served a search warrant around 10 a.m. and have been seen searching the building, which is in an office park off of Interstate 394.

The agents are looking into allegations of money laundering, bankruptcy fraud, and conspiracy, according to one of Hecker's attorneys, Marsh Halberg.

This is the second raid on Hecker's headquarters in two months.

On June 17, Minnesota State Patrol troopers searched Hecker's headquarters, four homes of his homes, and two dealerships.

The agency is looking into customer claims that Hecker dealerships never paid the required tax, title, or insurance on cars and other claims that Hecker's dealerships never paid off the lien on trade-in vehicles.

Hecker's attorneys said GMAC was responsible for the issues that sparked the complaints. GMAC said it was not. Hecker is suing GMAC.

Hecker is also fighting several lawsuits.

Chrysler Financial Services has filed two lawsuits-one accusing Hecker of fraud filed earlier this month and another filed in April, in which Chrysler was awarded nearly $477 million.

In June, a civil complaint was filed against Hecker, claiming he was shuffling money between several of his companies in order to defraud his creditors.

Hecker declared Chapter 7 personal bankruptcy in June. According to court papers, he said he owes up to $1 billion to 1,000 creditors.

Stay with 5 EYEWITNESS NEWS for continuing coverage of this developing story, including live reports beginning at 4:30 p.m.

**Stay with 5 EYEWITNESS NEWS for continuing coverage of this developing story, including live reports beginning at 4:30 p.m.**

**EXHIBIT 13**

# EXHIBIT 14

NEB:neb                                                      *09 mj 301*

# United States District Court

## STATE AND DISTRICT OF MINNESOTA

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)

The premises known as 500 Ford Road, St. Louis Park, MN 55426,
further described as the office building functioning as the corporate
headquarters for entities controlled or owned by Dennis Hecker,
including any outbuildings, sheds, garages, storage facilities, and
vehicles located on said premises.

**SEARCH WARRANT**
Case Number:

TO: Special Agent Patricia L. Weber and any Authorized Officer of the United States

Affidavit(s) having been made before me by Patricia L. Weber who has reason to

believe that ☐ on the person of or ☒ on the premises known as (name, description and/or location)
The premises known as 500 Ford Road, St. Louis Park, MN 55426, further described as the office building functioning as
the corporate headquarters for entities controlled or owned by Dennis Hecker, including any outbuildings, sheds, garages,
and storage facilities located on said premises.

in the State and District of Minnesota there is now concealed a certain person or property,
namely (describe the person or property)

See attached list of items to be seized.

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property
so described is now concealed on the person or premises above-described and establish grounds for the issuance of this
warrant.

YOU ARE HEREBY COMMANDED to search on or before ___8/7/09___
                                                                    Date
(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making
the search (in the daytime — 6:00 A.M. to 10:00 P.M.)(at any time in the day or night as I find reasonable cause has been
established) and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the
person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant
to the Magistrate of the month or The Honorable Jeffrey J. Keyes, United States Magistrate Judge, as required by law.

___July 29, 2009___  ___4:00 pm___   . at   ___St. Paul, MN___
Date and Time Issued                                City and State
The Honorable Jeffrey J. Keyes,
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                  Signature of Judicial Officer

**EXHIBIT 14**

## LIST OF ITEMS TO BE SEIZED

For the period beginning January 1, 2006, and continuing through the date the search warrant is executed, the documents and records to be seized include all evidence, fruits, or instrumentalities of crime related to violations of Title 18, United States Code, Sections 152-157 (bankruptcy fraud), 371 (conspiracy), 1341 (mail fraud), 1343 (wire fraud), 1349 (conspiracy), 1956 (money laundering), and 1957 (money laundering), including but not limited to:

1. Documents and records reflecting or related to financing from Chrysler Financial for the financing of vehicles, including fleet lease vehicles. Such documents and records to include:

   a. supply agreements, loan agreements, invoices, financial statements, security agreements, promissory notes, personal guarantees, financing packets, funding packages, payment schedules, and listing of vehicles used as collateral for loans;

   b. any other documents submitted by Hecker, Hecker's entities or anyone working for or with Hecker, with respect to obtaining financing from Chrysler Financial;

   c. documents reflecting or related to payment histories, including the source of payment, by Hecker/Hecker's entities;

   d. agreements and other documents regarding vehicles purchased from Chrysler Motors, Hyundai Motor America, Toyota, GM, Suzuki, Nissan, and Mitsubishi, including those purchased under guaranteed repurchase or guaranteed depreciation programs (e.g., "GDP" program) and risk purchases;

   e. documents reflecting or related to communications, including memoranda, letters, emails, faxes, notes;

*List of Items to be Seized, Page 1 of 9*

f.  any altered or forged documents created by Hecker, Hecker's entities, or anyone
working for or with Hecker/Hecker's entities;

g.  any "Chrysler" file maintained by Dennis Hecker or his employees;

h.  any documents, including a Rolodex, of Chrysler contacts;

i.  documents reflecting or related to any financial transactions with respect to
payments by Chrysler Financial in or about November and December 2007.

2.  Documents and records reflecting or related to Hyundai Motor America with respect to
purchase or leasing of vehicles, including fleet lease vehicles. Such documents and records
to include:

a.  documents reflecting and related to any agreements between any of Hecker's entity
and Hyundai Motor America, including supply agreements and agreements pursuant
to   guaranteed repurchase or guaranteed depreciation programs (e.g., "GDP"
program) and risk purchases.

b.  documents related to the alleged fraudulently obtained floor plan(s) agreement(s) or
financing approved in November 2007;

c.  any altered or forged documents created by Hecker, Hecker's entities, or anyone
working for or with Hecker/Hecker's entities;

, d.  documents reflecting or related to communications, including memoranda, letters,
emails, faxes, notes;

e.  any "Hyundai" or "Hyundai Motor" file maintained by Dennis Hecker or his
employees;

f.  documents reflecting or related to any financial transactions with respect to
payments by Hyundai Motor America in or about November and December 2007.

*List of Items to be Seized, Page 2 of 9*

3. Documents and records reflecting or related to Hyundai Motor Finance Company with respect to financing of vehicles. Such documents and records to include:

   a. supply agreements, loan agreements, invoices, financial statements, security agreements, promissory notes, personal guarantees, financing packets, funding packages, payment schedules, and listing of vehicles used as collateral for loans;

   b. any other documents submitted by Hecker, Hecker's entities or anyone working for or with Hecker, with respect to obtaining financing from Hyundai Motor Finance Company;

   c. documents reflecting or related to payment histories, including the source of payment, by Hecker/Hecker's entities;

   d. documents reflecting or related to communications, including memoranda, letters, emails, faxes, notes;

   e. any altered or forged documents created by Hecker, Hecker's entities, or anyone working for or with Hecker/Hecker's entities;

   f. any "Hyundai Motor Finance" file maintained by Dennis Hecker or his employees;

   g. documents reflecting or related to any financial transactions with respect to payments by Hyundai Motor Finance Company in or about February and August 2008.

4. Documents and records reflecting or related to Mitsubishi with respect to purchase or leasing of vehicles, including fleet lease vehicles. Such documents and records to include:

   a. documents reflecting and related to any agreements between any of Hecker's entity and Mitsubishi, including supply agreements and agreements pursuant to

guaranteed repurchase or guaranteed depreciation programs (e.g., "GDP" program) and risk purchases.

b. documents related to an alleged fraudulently obtained floor plan(s) agreement(s) or financing approved in or about 2002-2003

c. documents related to transaction fees or advertising-time credits or discount credits for commercial TV air time;

d. any altered or forged documents, including invoices, bills of sale, or other documents, created by Hecker, Hecker's entities, or anyone working for or with Hecker/Hecker's entities;

e. documents reflecting or related to communications, including memoranda, letters, emails, faxes, notes;

f. any "Mitsubishi" file maintained by Dennis Hecker or his employees.

5. Documents and records reflecting or related to GE Capital, Gelco Corporation, GE Fleet and/or VFS Financing, Inc. with respect to purchase or leasing of vehicles, including fleet lease vehicles, as well as with respect to financing for a Bombardier Challenger aircraft and aircraft equipment. Such documents and records to include:

a. supply agreements, loan agreements, invoices, financial statements, security agreements, promissory notes, personal guarantees, financing packets, funding packages, payment schedules, and listing of airplane(s), airplane equipment and/or vehicles used as collateral for loans;

b. any other documents submitted by Hecker, Hecker's entities or anyone working for or with Hecker, with respect to obtaining financing from GE Capital, Gelco Corporation, GE Fleet and/or VFS Financing, Inc;

*List of Items to be Seized, Page 4 of 9*

c. documents reflecting or related to payment histories, including the source of payment, by Hecker/Hecker's entities;

d. documents reflecting or related to communications, including memoranda, letters, emails, faxes, notes;

e. any altered or forged documents created by Hecker, Hecker's entities, or anyone working for or with Hecker/Hecker's entities;

f. any "GE Capital," "Gelco Corporation," "GE Fleet" and/or "VFS Financing, Inc" file maintained by Dennis Hecker or his employees.

6. Documents and records reflecting or relating to the purchase and/or sale and use of airplanes by Dennis E. Hecker and/or Hecker's entities. Such documents and records to include:

a. documents reflecting and related to purchase agreements for planes, loan applications, cancelled checks for loan issuance, appraisals, loan payment history, flight logs, payments made to pilots, mechanics and others for use of the plane, and correspondence between buyer(s) and seller(s).

b. documents reflecting or related to communications, including memoranda, letters, emails, faxes, notes.

7. Documents and records reflecting or related to Advantage Rent-A-Car, including Southwest-Tex Leasing Co., ARC Venture Holding, and Advantage Touch. Such documents and records to include:

a. financial statements, financial projections, statements of revenues and expense, and assessment of profitability of each rental car business location, including spreadsheet projections provided to Chrysler Financial in November 2007;

b. documents reflecting or related to repairs or reimbursement for repairs;

c. documents reflecting or related to complaints by State Farm, Advantage Touch and/or any other insurance company with regard to alleged fraudulent claims;

d. documents reflecting or related to the National Association of Attorneys General Task Force on Car Rental Industry Advertising and Practices and its "Final Report and Recommendations of the National Association of Attorneys General Task Force on Car Rental Industry Advertising and Practices";

e. documents reflecting or related to communications, including memoranda, letters, emails, faxes, notes;

f. any "Advantage Rent-A-Car" file maintained by Dennis Hecker or his employees.

8. Documents and records reflecting or related to the financial condition of Hecker's entities. Such documents and records to include:

a. documents and records reflecting and related to periodic financial/net worth statements, statements of income and/or expenses, books, records, receipts, invoices, bank account records, account applications, deposit statements/slips, notes, checks, invoices and/or bills, journals, ledgers, credit card billing statements and receipts, calendars, billings, agreements, contracts, safe deposit box records and keys;

b. documents and records reflecting an related to cash receipts and cash disbursements, any other financial records relating to any of Hecker's entities;

c. checking account ledgers, including hand-prepared documents;

d. documents reflecting or related to communications, including memoranda, letters, emails, faxes, notes.

*List of Items to be Seized, Page 6 of 9*

9. Documents and records reflecting or relating to any of Hecker's entities failure to pay state sales tax and/or failure to pay off any customer's liens on trade in vehicles.   Such documents records to include:

    a. documents and records reflecting or relating to customer complaints taken by Dennis E. Hecker, Hecker's entities and/or any employees regarding sales taxes not being paid and/or liens not being paid; and

    b. documents reflecting or related to communications, including memoranda, letters, emails, faxes, notes.

10. Documents and records reflecting or relating to any transfer of money and assets by Hecker and/or certain of Hecker's entities to other Hecker's entities and/or any third party, including such transfers that were made with intent to hinder, delay or defraud creditors of the transferring entities.  Such documents and records to include:

    a. documents reflecting or related to wire transfers or other payments and transfers of money;

    b. documents reflecting or related to any fixed asset listings of Hecker/Hecker's entities;

    c. documents reflecting or related to any closing files or other documents relating to the sale of any Hecker dealerships, including but not limited to Inver Grove Toyota;

    d. documents reflecting or related to communications, including memoranda, letters, emails, faxes, notes.

11. Documents and records reflecting or relating to personnel files which show job titles, dates of employment, duties and responsibilities, location where employed, personnel issues, and contact information for employees of Dennis E. Hecker and/or Hecker's entities;

employment agreements, severance agreements, confidentiality agreements, and non-compete agreements.

12. Documents and records reflecting or relating general ledgers and accounting software for Hecker's entities.

13. Documents and records reflecting or relating to bank records for Hecker's entities from 2006 to the present.

14. Documents and records reflecting or relating to any accounting audit including forensic accounting audit.

15. Cash over $10,000.

The terms "Hecker's entities" includes but is not limited to Rosedale Fleet Leasing II LLC, Rosedale Dodge, Inc., Walden Fleet Services II, Inc., Denny Hecker Automotive Group, Inc., Walden Investment, LLC, and Southwest-Tex Leasing Co., Inc., d/b/a Advantage Rent-A-Car, Den-Star of Minnesota, LLC, and all other entities owned and controlled by Dennis E. Hecker.

The terms "document(s)" and "record(s)" includes all the foregoing items of evidence, in whatever form and by whatever means such documents, their drafts, or their modifications may have been created or stored, including, but not limited to, any handmade form (such as drawing, writing, painting, with any implement or surface, directly or indirectly); any photographic form (such as prints, slides, videotapes, photocopies); any mechanical form (such as printing or typing) and any electronic or magnetic form (such as tape recordings, cassettes, compact discs, information on an electronic or magnetic storage device).

Moreover, all of the above-noted documents and records may be stored on magnetic or electronic media, including hard drives, diskettes, tapes, or other media in a form readable by

*List of Items to be Seized, Page 8 of 9*

computer. These records include media maintained as archive or backup copies. Also included in magnetic or electronic media are electronic data processing and storage devices, computers, and computer systems, including central processing units, internal and peripheral storage devices such as fixed disks, external hard disks, floppy disks and diskettes, tape drives and tapes, optical storage devices such as keyboards, printers, video display monitors, optical readers, and related communication devices such as modems. Computer equipment, as needed, is defined as follows.

A.      Hardware. All equipment that can collect, analyze, create, display,  convert, store, conceal, or transmit electronic, magnetic, optical, or similar computer impulses or data. Hardware includes, but is not limited to, any data-processing devices; internal and peripheral storage devices; peripheral input/output devices (such as keyboards, printers, scanners); related communication devices (such as modems, cables, and connections, recording equipment, RAM or ROM units, acoustic couplers, automatic dialers, speed dialers); and any devices, mechanisms, or parts that can be used to restrict access to computer hardware (such as physical keys and locks).

B.      Software. Digital information that can be interpreted by a computer and any of its related components to direct the way they work. Software is stored in electronic, magnetic, optical, or other digital form.  It commonly includes programs to run operating systems, applications, utilities, compilers, interpreters, and communication devices.

C.      Documentation. Written, recorded, printed, or electronically stored material that explains or illustrates how to configure or use computer hardware,   software, or related items.

D.      Handwritten or printed notes regarding passwords, finding the file or directory names of important data, operating the hardware or software, identifying the suspect's electronic or telephone connections with co-conspirators and victims, and/or finding login names or accounts.

## SEARCH WARRANT ADDENDUM

1.    In conducting the search authorized by this warrant, the government shall make reasonable efforts to utilize computer search methodology that avoids searching files, documents or other electronically stored information which is not identified in the warrant.

2.    If electronically stored data or documents have been identified and seized by the government pursuant to this warrant, the government may retain the original hard drive or other data storage mechanism. The person from whom the data storage device has been seized may request that the government provide him or her with electronic copies of the electronically stored data or documents by making a written request to the United States Attorney's Office, identifying with specificity the files, data, or software sought to be copied. The government must respond to all such requests within a reasonable amount of time, and must provide a copy of the electronically stored data or documents requested unless the copies requested constitute contraband, instrumentalities, or property subject to forfeiture.

3.    Nothing in this warrant shall limit or prevent the government from seizing the computer as contraband or an instrumentality of a crime or commencing forfeiture proceedings against the computer and/or the data contained therein. Nothing in this warrant shall limit or prevent the owner of the computer from (a) filing a motion with the Court pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the Return of Property or (b) making a request of the government to return certain specified files, data, software or hardware.

4.    The government shall establish a search methodology governing the review of seized data to ensure that no attorney-client privileged communications will be inadvertently reviewed by the prosecution team. In the event that documents or other records seized pursuant to this warrant are identified by the government as possibly containing attorney-client privileged communications, an Assistant United States Attorney, who is not a member of the prosecution team and who is not participating in the search, shall act as a "taint team" to set up a "Chinese wall" between the evidence and the prosecution team that will prevent any privileged material from getting through.

# EXHIBIT 15

# MOHRMAN & KAARDAL, P.A.

### ATTORNEYS AND COUNSELORS AT LAW

**33 SOUTH SIXTH STREET
SUITE 4100
MINNEAPOLIS, MINNESOTA 55402**

WILLIAM F. MOHRMAN

TELEPHONE: 612/341-1074
FACSIMILE: 612/341-1076
WRITER'S E-MAIL: MOHRMAN@MKLAW.COM

September 23, 2009

Via Facsimile, U.S. Mail and E-Mail

Nicholas N. Nierengarten
Stephen F. Grinnell
Gray, Plant, Mooty
80 South Sixth Street, 500 IDS Center
Minneapolis, Minnesota 55402

Re:    **Chrysler Financial Services Americas LLC v. Dennis E. Hecker
Adversary Proceeding No. 09-05019**

Dear Mr. Nierengarten and Mr. Grinnel:

Enclosed and served upon you in the above referenced matter are the following:

1. Rule 30 (B)(6) Notice of Taking Deposition of Plaintiff;
2. Notice of Taking Deposition of John Bowker;
3. Notice of Taking Deposition of Michael Chumley;
4. Notice of Taking Deposition of Stephen Leach; and
5. Notice of Taking Deposition of Molly Kaplan.

If you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

William F. Mohrman

WFM/mg
Enclosures
Cc:    Client (w/enc)(via mail)

## EXHIBIT 15

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:  ) | |
| ) | **Bankruptcy Case No: 09-50779-RJK** |
| **DENNIS E. HECKER,**  ) | |
| ) | **Chapter 7** |
| Debtor.  ) | |
| ) | |
| ———————————  ) | |
| ) | |
| **CHRYSLER FINANCIAL**  ) | **Adversary Proceeding No.: 09-05019** |
| **SERVICES AMERICAS**  ) | |
| **LLC,**  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| **v.**  ) | |
| ) | |
| **DENNIS E. HECKER,**  ) | |
| ) | |
| Defendant  ) | |
| ) | |

---

## RULE 30 (B)(6) NOTICE OF TAKING DEPOSITION OF PLAINTIFF

---

**TO:** **Plaintiff Chrysler Financial Services Americas, LLC and its counsel, Gray, Plant, Mooty, Mooty & Bennett, P.A., Nicholas Nierengarten and Stephen Grinnell, 500 IDS Center, 80 S. 8th St., Minneapolis, Minnesota 55402 and Mayer Brown LLP, Howard Roin and Stuart Rozen, 71 South Wacker Drive, Chicago, Illinois, 60606.**

NOTICE IS HEREBY GIVEN that pursuant to Federal Rules of

Bankruptcy Procedure 7030, incorporating Federal Rules of Civil Procedure 30

including Rule 30(b)(6), Debtor/Defendant Dennis E. Hecker's counsel will take

the deposition by oral examination on October 12, 2009, beginning at 9:30 a.m. of

the designee(s) of Plaintiff who consent to testify regarding the matters for

1

examination described in Exhibit A attached hereto before a qualified court

reporter at the offices of Mohrman & Kaardal, P.A., 33 South Sixth Street, Suite

4100, Minneapolis, MN 55402. The deposition will take place upon oral

examination pursuant to the Federal Rules of Civil Procedure before an officer

duly administered by law to administer oaths and record testimony.  The testimony

will be recorded by stenographic means and will be videotaped.

DATED:   September 23, 2004          MOHRMAN & KAARDAL, P.A.


William F. Mohrman   Bar No. 168816
33 S. 6th St., Ste. 4100
Minneapolis, MN  55402
(612) 341-1074
ATTORNEYS FOR DEBTOR/DEFENDANT

2

EXHBIT A

1.  Each and every fact relating to Plaintiff's procedures for approving the extension of credit to automobile dealerships. Among other things, Plaintiff's designee will be expected to provide testimony regarding how extensions of credit are approved, how extensions of credit are presented to Plaintiff.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | **Bankruptcy Case No: 09-50779-RJK** |
| DENNIS E. HECKER, | ) | |
| | ) | **Chapter 7** |
| Debtor. | ) | |
| | ) | |
| | ) | |
| CHRYSLER FINANCIAL | ) | **Adversary Proceeding No.: 09-05019** |
| SERVICES AMERICAS | ) | |
| LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DENNIS E. HECKER, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## NOTICE OF TAKING DEPOSITION OF JOHN BOWKER

**TO:** **Plaintiff Chrysler Financial Services Americas, LLC and its counsel, Gray Plant Mooty, Nicholas Nierengarten and Stephen Grinnell, 500 IDS Center, 80 S. 8th St., Minneapolis, Minnesota 55402 and Mayer Brown LLP, Howard Roin and Stuart Rozen, 71 South Wacker Drive, Chicago, Illinois, 60606.**

NOTICE IS HEREBY GIVEN that pursuant to Federal Rules of

Bankruptcy Procedure 7030, incorporating Federal Rules of Civil Procedure 30,

Debtor/Defendant Dennis E. Hecker's counsel will take the deposition by oral

examination on October 14, 2009, beginning at 9:30 a.m. of Mr. John Bowker

before a qualified court reporter at the offices of Mohrman & Kaardal, P.A., 33

South Sixth Street, Suite 4100, Minneapolis, MN 55402. The deposition will take

place upon oral examination pursuant to the Federal Rules of Civil Procedure

before an officer duly administered by law to administer oaths and record

testimony.  The testimony will be recorded by stenographic means.

DATED:   September 23, 2004               MOHRMAN & KAARDAL, P.A.


                                          _____
                                          William F. Mohrman   Bar No. 168816
                                          33 S. 6th St., Ste. 4100
                                          Minneapolis, MN  55402
                                          (612) 341-1074
                                          ATTORNEYS FOR DEBTOR/DEFENDANT

2

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | **Bankruptcy Case No: 09-50779-RJK** |
| **DENNIS E. HECKER,** | ) | |
| | ) | **Chapter 7** |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **CHRYSLER FINANCIAL** | ) | **Adversary Proceeding No.: 09-05019** |
| **SERVICES AMERICAS** | ) | |
| **LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **DENNIS E. HECKER,** | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## NOTICE OF TAKING DEPOSITION OF MICHAEL CHUMLEY

**TO:** **Plaintiff Chrysler Financial Services Americas, LLC and its counsel, Gray Plant Mooty, Nicholas Nierengarten and Stephen Grinnell, 500 IDS Center, 80 S. 8th St., Minneapolis, Minnesota 55402 and Mayer Brown LLP, Howard Roin and Stuart Rozen, 71 South Wacker Drive, Chicago, Illinois, 60606.**

NOTICE IS HEREBY GIVEN that pursuant to Federal Rules of

Bankruptcy Procedure 7030, incorporating Federal Rules of Civil Procedure 30,

Debtor/Defendant Dennis E. Hecker's counsel will take the deposition by oral

examination on October 13, 2009, beginning at 9:30 a.m. of Mr. Michael Chumley

before a qualified court reporter at the offices of Mohrman & Kaardal, P.A., 33

1

South Sixth Street, Suite 4100, Minneapolis, MN 55402. The deposition will take place upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly administered by law to administer oaths and record testimony. The testimony will be recorded by stenographic means.

DATED:    September 23, 2004        MOHRMAN & KAARDAL, P.A.

William F. Mohrman  Bar No. 168816
33 S. 6th St., Ste. 4100
Minneapolis, MN  55402
(612) 341-1074
ATTORNEYS FOR DEBTOR DEFENDANT

2

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | ) |
| | )     Bankruptcy Case No: 09-50779-RJK |
| **DENNIS E. HECKER,** | ) |
| | ) |
| Debtor. | )     **Chapter 7** |
| | ) |
| | ) |
| **CHRYSLER FINANCIAL** | )     Adversary Proceeding No.: 09-05019 |
| **SERVICES AMERICAS** | ) |
| **LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **DENNIS E. HECKER,** | ) |
| | ) |
| Defendant | ) |
| | ) |

## NOTICE OF TAKING DEPOSITION OF STEPHEN LEACH

**TO:** **Plaintiff Chrysler Financial Services Americas, LLC and its counsel, Gray Plant Mooty, Nicholas Nierengarten and Stephen Grinnell, 500 IDS Center, 80 S. 8th St., Minneapolis, Minnesota 55402 and Mayer Brown LLP, Howard Roin and Stuart Rozen, 71 South Wacker Drive, Chicago, Illinois, 60606.**

NOTICE IS HEREBY GIVEN that pursuant to Federal Rules of

Bankruptcy Procedure 7030 and 9016, incorporating Federal Rules of Civil

Procedure 30 and 45, Debtor/Defendant Dennis E. Hecker's counsel will take the

deposition by oral examination on October 21, 2009, beginning at 9:30 a.m. of Mr.

Stephen Leach before a qualified court reporter at the offices of Mohrman &

1

Kaardal, P.A., 33 South Sixth Street, Suite 4100, Minneapolis, MN 55402. The

deposition will take place upon oral examination pursuant to the Federal Rules of

Civil Procedure before an officer duly administered by law to administer oaths and

record testimony.  Pursuant to Federal Rules of Bankruptcy Procedure 7030, 7034

and 9016, incorporating Federal Rules of Civil Procedure 30, 34 and 45, Mr.

Stephen Kaplan is requested to produce the documents and electronically stored

information in her possession custody or control identified in Attachment 1

attached hereto and made a part hereof on October 16, 2009 at 2:00 p.m. The

testimony will be recorded by stenographic means.

DATED:   September 23, 2004          MOHRMAN & KAARDAL, P.A.

William F. Mohrman   Bar No. 168816
33 S. 6th St., Ste. 4100
Minneapolis, MN 55402
(612) 341-1074
ATTORNEYS FOR DEBTOR DEFENDANT

## ATTACHMENT 1

### SUBPOENA *DUCES TECUM* DOCUMENT REQUEST

#### I. DEFINITIONS

For purposes of interpreting or construing the scope of these Definitions, Instructions, and Document Requests, the terms used shall be given their most expansive and inclusive interpretation. Any singular form of any word shall be construed to include the plural and any plural form shall be read to include the singular. Any past tense of a verb shall be construed to include the present tense and any present tense shall be construed to include the past tense.

1.    The term "document" shall mean any written, printed, typed, drawn, or other graphic matter of any kind or nature, all photographic matter, all recorded or taped matter, all electronically stored information or data (including emails and attachments, word processing documents, spreadsheets, presentation documents, graphics, animations, images, audiovisual recordings, text messages, and voicemail (regardless of the manner, method or platform for storage)), all drafts of the foregoing, and all copies and notations on the foregoing, as well as all copies of documents by whatever means made in the possession, custody or control of the deponent.

2.    The term "produce" means to make available the document or things requested herein for inspection and copying, including electronically stored information, pursuant to Bankruptcy Rules 7034 and 9016 incorporating Fed.R.Civ.P. 34(b)(2)(E) and 45(d)(l).

3.    "Chrysler Financial" means Chrysler Financial, its predecessors (including but not limited to DaimlerChrysler Services North America LLC and DaimlerChrysler Financial Services Americas LLC) and their officers, directors, employees, attorneys, agents, representatives and anyone acting on its behalf.

1

4.      "Hecker" means Dennis E. Hecker and any employee, attorney, agent, representative or anyone acting on his behalf.

5.      "Hecker Related Entity" means any corporation, limited liability company, partnership, limited partnership in which Hecker has or had, directly or indirectly, a controlling interest, including but not limited to Rosedale and Walden, and their officers, directors, employees, attorneys, agents, representatives or anyone acting on their behalf.

6.      "Hyundai" means Hyundai Motors America and its officers, directors, employees, attorneys, agents, representatives or anyone acting on its behalf.

7.      "Rosedale" means Rosedale Dodge, Inc., Rosedale Dodge LLC, Rosedale Fleet Leasing II LLC, Rosedale Leasing LLC, Rosedale Leasing of Minneapolis LLC, and Rosedale Leasing of Minnesota LLC and their officers, directors, employees, attorneys, agents, representatives and anyone acting on their behalf.

8.      "Walden" means Walden Auto Leasing, Inc., Walden Fleet Group, Inc. (f/k/a G.M.I. Acquisitions, Inc.), Walden Fleet Sales Group, Inc., Walden Automotive Group, Inc. (f/k/a Denwal Management Inc.), Walden Fleet Services II, Inc. (f/k/a Walden Remarketing Services, Inc.), Walden Investment Company, Walden Leasing Inc. and Walden Payroll Services LLC and their officers, directors, employees, attorneys, agents, representatives and anyone acting on its behalf.

## II. INSTRUCTIONS

1.      If any documents responsive to the following Document Requests cannot be produced, produce responsive documents to the extent possible, specifying the reason or reasons for your inability to produce other responsive documents.

2.      Unless otherwise specifically stated, these Document Requests cover the period January 1, 2007 to date.

3.      Pursuant to Bankruptcy Rule 9016 incorporating Fed.R.Civ.P. 45(a)(l)(C), all electronically stored information is to be produced in its native format unless otherwise agreed to.

### III. DOCUMENT REQUESTS

**REQUEST NO. 1:**   All documents (including electronically stored information) pertaining to Hecker or any Hecker Related Entity, including but not limited to:

    (a)      any request for, negotiations concerning or financing provided by Chrysler Financial to Hecker or any Hecker Related Entity for the purchase or acquisition of vehicles from Hyundai;

    (b)      any transfer, use or disposition of proceeds from the sale or other disposition of vehicles by any Hecker Related Entity for which Chrysler Financial provided financing and for which proceeds of sale or other disposition were not remitted to Chrysler Financial at any time from and after August 1, 2008.

**REQUEST NO. 2:**   All documents pertaining to any false or misleading statements or representations, altered or forged documents, or fraud involving Hecker or any Hecker Related Entity with respect to financing provided by Chrysler Financial, including the originals of any such documents.

**REQUEST NO. 3:**   All documents relating to the termination of or separation from employment of any employee of Hecker or Hecker Related Entity after December 1, 2008.

3

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | **Bankruptcy Case No: 09-50779-RJK** |
| **DENNIS E. HECKER,** | ) | |
| | ) | **Chapter 7** |
| Debtor. | ) | |
| | ) | |
| ———————————— | ) | |
| | ) | |
| **CHRYSLER FINANCIAL** | ) | **Adversary Proceeding No.: 09-05019** |
| **SERVICES AMERICAS** | ) | |
| **LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **DENNIS E. HECKER,** | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

---

### NOTICE OF TAKING DEPOSITION OF MOLLY KAPLAN

---

**TO:** **Plaintiff Chrysler Financial Services Americas, LLC and its counsel, Gray Plant Mooty, Nicholas Nierengarten and Stephen Grinnell, 500 IDS Center, 80 S. 8th St., Minneapolis, Minnesota 55402 and Mayer Brown LLP, Howard Roin and Stuart Rozen, 71 South Wacker Drive, Chicago, Illinois, 60606.**

NOTICE IS HEREBY GIVEN that pursuant to Federal Rules of

Bankruptcy Procedure 7030 and 9016, incorporating Federal Rules of Civil

Procedure 30 and 45, Debtor/Defendant Dennis E. Hecker's counsel will take the

deposition by oral examination on October 20, 2009, beginning at 9:30 a.m. of Ms.

Molly Kaplan before a qualified court reporter at the offices of Mohrman &

Kaardal, P.A., 33 South Sixth Street, Suite 4100, Minneapolis, MN 55402. The

deposition will take place upon oral examination pursuant to the Federal Rules of

Civil Procedure before an officer duly administered by law to administer oaths and

record testimony.  Pursuant to Federal Rules of Bankruptcy Procedure 7030, 7034

and 9016 incorporating Federal Rules of Civil Procedure 30, 34 and 45, Ms. Molly

Kaplan is requested to produce the documents and electronically stored

information in her possession custody or control identified in Attachment 1

attached hereto and made a part hereof on October 16, 2009 at 10:00 a.m. The

testimony will be recorded by stenographic means.

DATED:   September 23, 2004          MOHRMAN & KAARDAL, P.A.


William F. Mohrman   Bar No. 168816
33 S. 6th St., Ste. 4100
Minneapolis, MN  55402
(612) 341-1074
ATTORNEYS FOR DEBTOR DEFENDANT

## ATTACHMENT 1

## SUBPOENA *DUCES TECUM* DOCUMENT REQUEST

### I. DEFINITIONS

For purposes of interpreting or construing the scope of these Definitions, Instructions, and Document Requests, the terms used shall be given their most expansive and inclusive interpretation. Any singular form of any word shall be construed to include the plural and any plural form shall be read to include the singular. Any past tense of a verb shall be construed to include the present tense and any present tense shall be construed to include the past tense.

1.    The term "document" shall mean any written, printed, typed, drawn, or other graphic matter of any kind or nature, all photographic matter, all recorded or taped matter, all electronically stored information or data (including emails and attachments, word processing documents, spreadsheets, presentation documents, graphics, animations, images, audiovisual recordings, text messages, and voicemail (regardless of the manner, method or platform for storage)), all drafts of the foregoing, and all copies and notations on the foregoing, as well as all copies of documents by whatever means made in the possession, custody or control of the deponent.

2.    The term "produce" means to make available the document or things requested herein for inspection and copying, including electronically stored information, pursuant to Bankruptcy Rules 7034 and 9016 incorporating Fed.R.Civ.P. 34(b)(2)(E) and 45(d)(1).

3.    "Chrysler Financial" means Chrysler Financial, its predecessors (including but not limited to DaimlerChrysler Services North America LLC and DaimlerChrysler Financial Services Americas LLC) and their officers, directors, employees, attorneys, agents, representatives and anyone acting on its behalf.

1

4.      "Hecker" means Dennis E. Hecker and any employee, attorney, agent, representative or anyone acting on his behalf.

5.      "Hecker Related Entity" means any corporation, limited liability company, partnership, limited partnership in which Hecker has or had, directly or indirectly, a controlling interest, including but not limited to Rosedale and Walden, and their officers, directors, employees, attorneys, agents, representatives or anyone acting on their behalf.

6.      "Hyundai" means Hyundai Motors America and its officers, directors, employees, attorneys, agents, representatives or anyone acting on its behalf.

7.      "Rosedale" means Rosedale Dodge, Inc., Rosedale Dodge LLC, Rosedale Fleet Leasing II LLC, Rosedale Leasing LLC, Rosedale Leasing of Minneapolis LLC, and Rosedale Leasing of Minnesota LLC and their officers, directors, employees, attorneys, agents, representatives and anyone acting on their behalf.

8.      "Walden" means Walden Auto Leasing, Inc., Walden Fleet Group, Inc. (f/k/a G.M.I. Acquisitions, Inc.), Walden Fleet Sales Group, Inc., Walden Automotive Group, Inc. (f/k/a Denwal Management Inc.), Walden Fleet Services II, Inc. (f/k/a Walden Remarketing Services, Inc.), Walden Investment Company, Walden Leasing Inc. and Walden Payroll Services LLC and their officers, directors, employees, attorneys, agents, representatives and anyone acting on its behalf.

## II. INSTRUCTIONS

1.      If any documents responsive to the following Document Requests cannot be produced, produce responsive documents to the extent possible, specifying the reason or reasons for your inability to produce other responsive documents.

2

2.      Unless otherwise specifically stated, these Document Requests cover the period

January 1, 2007 to date.

3.      Pursuant to Bankruptcy Rule 9016 incorporating Fed.R.Civ.P. 45(a)(l)(C), all

electronically stored information is to be produced in its native format unless otherwise agreed

to.

### III. DOCUMENT REQUESTS

**REQUEST NO. 1:**    All documents (including electronically stored information) pertaining to

Hecker or any Hecker Related Entity, including but not limited to:

(a)      any request for, negotiations concerning or financing provided by Chrysler
Financial to Hecker or any Hecker Related Entity for the purchase or acquisition of
vehicles from Hyundai;

(b)      any transfer, use or disposition of proceeds from the sale or other disposition of
vehicles by any Hecker Related Entity for which Chrysler Financial provided financing
and for which proceeds of sale or other disposition were not remitted to Chrysler
Financial at any time from and after August 1, 2008.

**REQUEST NO. 2:**    All documents pertaining to any false or misleading statements or

representations, altered or forged documents, or fraud involving Hecker or any Hecker Related

Entity with respect to financing provided by Chrysler Financial, including the originals of any

such documents.

**REQUEST NO. 3:**    All documents relating to the termination of or separation from

employment of any employee of Hecker or Hecker Related Entity after December 1, 2008.

3