
500 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MN 55402-3796
MAIN: 612.632.3000
FAX: 612.632.4444

NICHOLAS N. NIERENGARTEN
ATTORNEY
DIRECT DIAL: 612.632.3040
DIRECT FAX: 612.632.4040
NICHOLAS.NIERENGARTEN@GPMLAW.COM

September 18, 2009

*Via* **Email and U.S. Mail**

William F. Mohrman, Esq.
Mohrman & Kaardal
33 South Sixth Street, Suite 4100
Minneapolis, MN 55402-3601

Re:   *In Re: Dennis E. Hecker, Debtor*, U.S. Bankruptcy Case No. 09-50779
      *Chrysler Financial Services Americas LLC v. Dennis E. Hecker*, Adv. Pro. No. 09-05019

Dear Bill:

This responds to your letter of today's date demanding the return of the disk and all documents thereon that Cindy Bowser produced in response to Chrysler Financial's subpoena.

At the outset, we note that to date the defense strategy has been to delay and disrupt orderly discovery in this matter. This was evidenced by your attempt to shut down the deposition of Ms. Bowser (which was scheduled to accommodate your schedule) on the pretext that a motion for a stay filed at 4:30 p.m. the afternoon before the deposition somehow prevents on-going discovery. (You carefully delayed filing your motion until after we produced to you documents we obtained pursuant to subpoenas.) As I related to you in my email later that day, your position is without any legal support. Moreover, your tactics at the deposition were clearly designed to intimidate, harass and embarrass the witness. Your letter is yet another attempt to delay and disrupt discovery.

In your letter, you contend that Ms. Bowser admitted that the documents were "illegally" taken from the Hecker entities. Of course, that is not the case. In reality, Ms. Bowser testified at her deposition that she was a named recipient of each of the emails that she copied onto the disk and the copying was done while she was still employed by the Hecker entities. Moreover, Ms. Bowser informs us that Hecker's employees were specifically advised that there was no confidentiality as it relates to company emails.

You also allege that the disk contains attorney-client privileged material, but that has not been established. Ms. Bowser testified that she did not know if there are any attorney-client privileged emails on the disk. Even if there are, the existence of some attorney-client privileged material would not necessitate return of the entire disk.

Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure specifies the process for dealing with documents produced in discovery that are subject to a claim of privilege. The Advisory Committee Notes to Fed.R.Civ.P. 26(b)(5) state that "Rule 26(b)(5)(B) works in tandem with Rule 26(f), which is amended to direct the parties to discuss privilege issues in preparing their discovery plan . . ." We have repeatedly sought a dialogue with you as to discovery issues, including the electronically stored information produced by Ms. Bowser. You have repeatedly

# EXHIBIT 9

rebuffed those efforts. In fact, during a break in the deposition, when I said we would allow you a full week to have the disk reviewed for privileged documents, you categorically rejected our suggestion, made no commitment to conduct a privilege review in a timely fashion, and instead said that you intended to read each and every one of the thousands of emails and documents on the DVD in order to determine whether any of them are privileged. That position is patently unreasonable, contrary to the established methodology for identifying potentially privilege materials in an electronic environment, and an attempt to further frustrate and delay discovery. Since you refuse to meaningfully discuss these issues, we intend to proceed as set forth below.

We will hold off on screening the documents on the disk until September 25, 2009, in order for you to review Ms. Bowser's production and forward to us a privilege log. Pursuant to Rule 26(b)(5)(B), if you provide us with a list of the specific documents for which you are claiming privilege, we will return, sequester, or destroy those documents and will not use or disclose information from them until your claim of privilege is resolved.

If you do not provide a privilege log, we intend to electronically screen the documents for potentially privileged communications based on key terms, including attorneys and law firms known to represent Mr. Hecker or his companies. To facilitate that process, we request that you provide us with a list of any attorneys representing Mr. Hecker or his companies during the time period relevant to this litigation, including their email addresses. If the electronic screening identifies potentially privileged documents, they will be segregated from the rest of the production and not reviewed. In the unlikely event that a privileged document is missed by this filtering procedure, we of course will comply with all inadvertent disclosure rules.

Very truly yours,

GRAY, PLANT, MOOTY,
MOOTY & BENNETT, P.A.

Nicholas N. Nierengarten

NNN/pep/GP:2645690 v1

c: Erick G. Kaardal, Esq.
Gregory M. Erickson, Esq.
Howard J. Roin, Esq.
Matthew R. Burton, Esq.
John C. Tracy, Esq.
Nicole A. Engisch, Esq.

# MOHRMAN & KAARDAL, P.A.

### ATTORNEYS AND COUNSELORS AT LAW

**33 SOUTH SIXTH STREET
SUITE 4100
MINNEAPOLIS, MINNESOTA 55402**

WILLIAM F. MOHRMAN

TELEPHONE: 612/341-1074
FACSIMILE: 612/341-1076
WRITER'S E-MAIL: MOHRMAN@MKLAW.COM

September 24, 2009

Via E-Mail

Nicholas Nierergarten
Stephen F. Grinnell
Gray, Plant, Mooty & Bennet, P.A
80 South Sixth Street, 500 IDS Center
Minneapolis, Minnesota 55402

Re:     Chrysler Financial Services Americas LLC v. Dennis E. Hecker
          Adversary Proceeding No. 09-05019

Dear Mr. Nierengarten:

This letter responds to your September 18, 2009 letter regarding the deposition of Ms. Bowser and documents she produced. In your letter, you state that unless we provide you with a privilege log no later than tomorrow, you will begin looking at the documents Ms. Bowser produced even though those documents contain attorney client privileged communications. I want to state clearly that you are not to undertake such a review until we have completed our privilege review.

First, as is implicit in your letter, you recognize that you and your firm have an ethical obligation to not review any attorney client privileged communications which were produced to you by anyone in breach of the privilege. Contrary to the statement in your letter that it has not been established that attorney client privileged material was on the disk, you obviously would not know this because you do not represent Mr. Hecker. In fact, documents on the disk clearly indicate that the disk contains emails exchanged between Mr. Hecker and his attorneys. More importantly, Ms. Bowser testified that she had no authority to take any documents, much less any privileged documents, from the Hecker Entities. Your statement that Ms. Bowser informed you that there was no confidentiality with respect to emails exchanged with attorneys is simply false and she would not have the authority to make such a determination. Therefore, there has been no waiver of the privilege.

Second, with respect to your arbitrary deadline of September 25, a deadline you set without consulting me, to provide you with a privilege log, we will not be able to complete the privilege log at that time. The documents contained on Ms. Bowser's disk are voluminous and not formatted properly. We are in the process of reviewing the documents at this time and I

**EXHIBIT 10**

anticipate hopefully being able to identify the privileged documents by the end of next week or the following week. Since no depositions are currently scheduled prior to the October 7, 2009 hearing before Judge Kressel, this should not cause you any problems with the discovery process. Moreover, your statement that it is unreasonable for us to review every document for privilege is "unreasonable" is "unreasonable" itself. In order to properly assert the privilege, every document must be reviewed.

Third, the language you quoted regarding Rule 26 and cooperating on privilege is directed at parties who are producing records – not a situation where a third party has taken without authority privileged records and produced them pursuant to a subpoena. Moreover, with respect to your statement that we have refused to conduct a discovery conference with respect to the discovery the parties have served, neither party has served responses to those requests. We cannot conduct a discovery conference on those discovery requests to which responses have not been served.

Fourth, I have no idea what you are referring to regarding harassing Ms. Bowser at the deposition. The deposition was audio and video recorded. I am quite confident that a review of audio and video will reveal that no such harassment occurred.

Fifth, I am concerned by your statement that I in a calculated way filed the Motion to Stay after production of the Bowser records. You are under an obligation to produce to me any documents that are produced pursuant to a subpoena in this matter.

Finally, I will again emphasize that you are on notice not to review the Bowser documents until we have conducted our review of the documents.

Very truly yours,

William F. Mohrman

WFM/mg
Cc:  Client (w/enc)(via mail)

**Nierengarten, Nicholas N.**

| | |
|---|---|
| **From:** | Nierengarten, Nicholas N. |
| **Sent:** | Thursday, October 22, 2009 4:31 PM |
| **To:** | 'Bill Skolnick' |
| **Cc:** | 'Roin, Howard J.'; Rozen, Stuart M.; Grinnell, Stephen F. |
| **Subject:** | RE: CHRYSLER V. HECKER |

Bill:

Are you available tomorrow at 11:00 a.m. to talk about your request below and discovery issues? If not, please let us know what time works for you. Thanks

Nick

---

**From:** Bill Skolnick [mailto:wskolnick@skolnick-shiff.com]
**Sent:** Thursday, October 22, 2009 12:58 PM
**To:** Nierengarten, Nicholas N.; Grinnell, Stephen F.
**Cc:** LuAnn Petricka
**Subject:** CHRYSLER V. HECKER

Dear Nick and Steve,

I have now dusted off the dirt from my rear and am ready to get back in the saddle. It is not very often that I have the entire huge courtroom filled with adversaries that I take on by myself. However, I can handle it. Now back to business, you offered me the opportunity to come to your offices to review the documents you obtained from Steve Leach. I was wondering how much is there. If it is not more than a regular box, I was going to have K & B copying service make me a copy. Please let me know how many docs there are.

Bill Skolnick

**EXHIBIT 11**

# SKOLNICK & SHIFF, P.A.
### ATTORNEYS AT LAW
2100 RAND TOWER
527 MARQUETTE AVENUE SOUTH
MINNEAPOLIS, MINNESOTA 55402-1308
(612) 677-7600 TEL. (612) 677-7601 FAX
E-MAIL skolnicklaw@visi.com

WILLIAM R. SKOLNICK
ROLIN L. CARGILL III
SEAN A. SHIFF*
AMY D. JOYCE*
JESSICA Z. SAVRAN
*ALSO LICENSED IN ILLINOIS

OF COUNSEL:
LUANN M. PETRICKA

November 2, 2009

## VIA FACSIMILE & US MAIL

Nicholas Nierengarten
**Gray, Plant & Mooty, P.A.**
500 IDS Center
80 South 8th St
Minneapolis, MN 55402

Re:    Chrysler Financial Services Americas, LLC. vs Dennis E. Hecker
       **Case File No. 09-CV-50779, Adv Pro No. 09-05019**

Dear Mr. Nierengarten:

You as Chrysler Financial Services Americas, LLC's ("Chrysler") attorney contacted Ms. Cindy Bowser, a former employee of Mr. Hecker's and obtained electronic information she stole from her employer. Being a former employee, you knew she had no authority to still possess this information. You then arranged to pick up her personal laptop that she stored the stolen information on. You then copied the information. All of which was done secretly until Ms. Bowser's deposition disclosed these events.

You were advised by Mr. Mohrman that the electronically stored information ("ESI") Ms. Bowser stole contained attorney client privileged emails. Mr. Mohrman demanded that you not review the information and return the disc you had in your possession over 45 days ago. I was substituted in as counsel on October 1. On Friday, October 23, in a telephone conference with Mr. Grinnell, Mr. Roin and yourself, I advised you that the information provided by Ms. Bowser did indeed contain privileged attorney client communications. I demanded that you return the information that was stolen and that you should not review it. Also, I advised you that Ms.Bowser's conduct was illegal and you needed to take immediate action.

On October 28, Mr. Roin and you participated in a telephone conference with me. I again demanded that you return the disc in your possession and advised you that your actions were illegal and unethical. Mr. Roin feigning ignorance asked what law was broken and what ethical provision was violated. I adamantly told you that it indeed was unethical and you needed to obtain your own legal advice as I do not represent you. I did state that the Electronic

## EXHIBIT 12

Communication Privacy Act was violated by Ms. Bowser and that you may have potential criminal and civil responsibility for your conduct. I informed you that when you provided the stolen and privileged information to the Trustee and others you increased your exposure. You threatened to conduct your own review of all of the documents and I told you that I knew for a fact there were hundreds and possibly thousands of privileged emails and documents. I told you I could not be more certain as to the precise number as there are at least 30,000 additional documents that I need to review. I made it perfectly clear that it did contain privileged information, including but not limited to the issues with Chrysler in this adversary case. I finished by telling you that I would prepare an appropriate privilege log once you returned the disc with all of the stolen information.

Finally, your claim that you have yet to review the documents rings hollow in light of your distribution of and refusal to return the disc. Therefore, your conduct leaves me with no alternative to seeking Court intervention. You clearly failed to undertake any meaningful effort to protect my client's confidences and privileged communications and your actions threaten to work a continuing taint on this litigation.

Yours truly,

**SKOLNICK & SHIFF, P.A.**

William R. Skolnick

WRS:zmp
CC: Howard Roin



GRAY
PLANT
MOOTY

500 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MN 55402-3796
MAIN: 612.632.3000
FAX: 612.632.4444

NICHOLAS N. NIERENGARTEN
ATTORNEY
DIRECT DIAL: 612.632.3040
DIRECT FAX: 612.632.4040
NICHOLAS.NIERENGARTEN@GPMLAW.COM

November 2, 2009

11-02-09 P06:51 OUT

*Via* UNITED STATES MAIL AND EMAIL

William R. Skolnick, Esq.
Skolnick & Shiff, PA
527 Marquette Avenue South, Suite 2100
Minneapolis, MN 55402

Re: *In Re: Dennis E. Hecker, Debtor*, U.S. Bankruptcy Case No. 09-50779
*Chrysler Financial Services Americas LLC v. Dennis E. Hecker*, Adv. Pro. No. 09-05019

Dear Mr. Skolnick:

I was disappointed to receive your November 2, 2009 facsimile letter concerning the emails that Cindy Bowser produced in response to Chrysler Financial's subpoena. As there is little to be gained from a point-by-point exposition of the erroneous and untrue statements in your letter, I simply note that the purported factual rendition in your letter, which is the basis for your false accusation that we engaged in "illegal and unethical" conduct, is, in all material respects, fiction, including even with respect to our phone conversation on October 28, 2009.

You have never disputed that the Bowser emails contain relevant and discoverable information. Nor have you disputed that Chrysler Financial is entitled to obtain this information in discovery. And your purported concern about privilege is a red herring, for Chrysler Financial repeatedly has sought your cooperation and assistance in identifying and protecting any privileged communications, but you have refused to provide any cooperation or assistance.

In light of your refusal to provide to us a privilege log in the six weeks since we produced a copy of the Bowser emails, as well as your refusal to agree to a procedure that would enable Chrysler Financial to segregate any potentially privileged material, it does appear that you are right about one, and only one point: we need the assistance of the Court in order establish a screening and review protocol for the Bowser emails. We believe, given your obstructionist approach, that we must seek the assistance of the Court to approve and insure the proper implementation of a procedure for segregating potentially privileged communications—which in turn would enable Chrysler Financial to review the remaining Bowser emails. Unless you change your position, Chrysler Financial will have no choice but to seek such relief.

GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.
A FULL-SERVICE LAW FIRM
MINNEAPOLIS, MN • ST. CLOUD, MN • WASHINGTON, DC
WWW.GPMLAW.COM

**EXHIBIT 13**

William R. Skolnick, Esq.
November 2, 2009
Page 2

Very truly yours,

GRAY, PLANT, MOOTY,
  MOOTY & BENNETT, P.A.

Nicholas N. Nierengarten

NNN/ww

c:      Howard J. Roin Esq. (*via* email)

GP:2669565 v1

# LEONARD, O'BRIEN
# SPENCER, GALE & SAYRE

Thomas W. Newcome**
Brian F. Leonard+
Eldon J. Spencer, Jr.+
Michael R. O'Brien‡
Edward W. Gale?
Grover C. Sayre, III◇
Thomas W. Newcome III*
Michelle McQuarrie Colton
Joseph J. Deuhs, Jr.
Thomas C. Atmore +
Ernest F. Prake
Matthew R. Burton^
James M. Jorissen †
Peter J. Sajevic, III�◇

Attorneys at Law
A Professional Association

100 South Fifth Street
Suite 2500
Minneapolis, Minnesota 55402
Telephone (612) 332-1030
Fax (612) 332-2740

Internet: www.losgs.com

Andrea M. Hauser*
Scott S. Payzant**
Jennifer K. Eggers+§
Jordan W. Sayre
Patrick J. Lindmark
Andrew J. Dudish

Of Counsel
George B. Ingebrand, Jr.
Randall L. Seaver

◇ Also admitted in Arizona
* Also admitted in California
♣ Also admitted in Illinois
◇ Also admitted in Iowa
§ Also admitted in Montana
+ Also admitted in Wisconsin
† Board Certified Civil Trial Specialist
   (Minnesota State Bar Association and
   National Board of Trial Advocacy)
˅ Certified Real Property Law Specialist
   (Minnesota State Bar Association)
‡ Qualified Neutral (Rule 114)
** Retired Status

## TELECOPIER TRANSMITTAL SHEET

| | |
|---|---|
| **DATE:** | September 17, 2009 |
| **TO:** | Stephen F. Grinnell |
| **TELECOPIER NO.:** | 612-632-4444 |
| **FROM:** | Matthew R. Burton |
| **NUMBER OF PAGES (INCLUDING THIS SHEET):** | 6 |
| **OPERATOR:** | Stephanie |
| **CLIENT:** | |

**COMMENTS:**

**PLEASE CALL US IMMEDIATELY IF THERE ARE ANY PROBLEMS DURING THIS TRANSMISSION**

*CONFIDENTIALITY NOTICE: This transmission contains information that is confidential or legally privileged. The information is intended only for the person to whom it is directed. If you are not the person to whom it is directed, you are hereby notified that any disclosure, copying, distribution or taking of any action in reliance on the contents of this transmission except its direct delivery to the person to whom it is directed is strictly prohibited. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for return of the original documents.*

## EXHIBIT 14

# LEONARD, O'BRIEN
# SPENCER, GALE & SAYRE

Thomas W. Newcome**
Brian F. Leonard⊦
Eldon J. Spencer, Jr.+
Michael R. O'Brien‡
Edward W. Gale†
Grover C. Sayre, III+◊
Thomas W. Newcome III*
Michelle McQuarrie Colton
Joseph J. Deults, Jr.
Thomas C. Atmore +
Ernest F. Peake
Matthew R. Burton◊
James M. Jorissen+
Peter J. Sajevic, III⁰

Attorneys at Law
A Professional Association

100 South Fifth Street
Suite 2500
Minneapolis, Minnesota 55402-1234
Telephone (612) 332-1030
Fax (612) 332-2740

Internet:  *www.losgs.com*

Andrea M. Hauser☒
Scott S. Payzant⬠
Jennifer K Eggers⊦§
Jordan W. Sayre
Patrick J. Lindmark
Andrew J. Budish

Of Counsel
   George D. Ingebrand, Jr.
   Randall L. Seaver

☐  Also admitted in Arizona
⬠  Also admitted in California
§  Also admitted in Illinois
◊  Also admitted in Iowa
§  Also admitted in Montana
ı  Also admitted in Wisconsin
†  Board Certified Civil Trial Specialist
   (Minnesota State Bar Association and
   National Board of Trial Advocacy)
*  Certified Real Property Law Specialist
   (Minnesota State Bar Association)
‡  Qualified Neutral (Rule 114)
** Retired Status

September 17, 2009

Stephen F. Grinnell, Esq.
Gray Plant Mooty
80 South Eighth Street
Suite 500
Minneapolis, MN 55402

*VIA FACSIMILE 612-632-4444*
*AND FIRST-CLASS MAIL.*

Re:    Dennis E. Hecker
       BKY Case No.: 09-50779

Dear Steve:

Thank you for agreeing to accept service of the enclosed Subpoena for Rule 2004 Examination on behalf of Chrysler Financial Services Americas. Also enclosed is an Acknowledgment of Service for your signature. Please return the same to our office at your earliest convenience. I have also enclosed a check in the amount of $40.00 made payable to Chrysler Financial Services Americas for the witness fee.

Thank you.

Very truly yours,

LEONARD, O'BRIEN
SPENCER, GALE & SAYRE, LTD.

By

Matthew R. Burton
Email:   *mburton@losgs.com*

MRB/slw
Enclosures
409176

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

       Debtor.

BKY No. 09-50779
Chapter 7

## SUBPOENA FOR RULE 2004 EXAMINATION

To:    Chrysler Financial Services Americas, Attn: Officer/Managing Agent, CIMS 405-23-01, 27777 Inkster Road, Farmington, MI 48334.

☒YOU ARE COMMANDED to appear pursuant to a court order issued under Rule 2004, Fed.R.Bankr.P., at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|
| Leonard, O'Brien, Spencer, Gale & Sayre, Ltd. 100 South Fifth Street, Suite 2500 Minneapolis, MN 55402 | October 14, 2009 9:00 A.M. |

☒YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE ATTACHED EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|
| Leonard, O'Brien, Spencer, Gale & Sayre, Ltd. 100 South Fifth Street, Suite 2500 Minneapolis, MN 55402 | October 7, 2009 9:00 A.M. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorney for Randall L. Seaver, Trustee | September 17, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Matthew R. Burton, Esq.
Leonard, O'Brien, Spencer, Gale & Sayre, Ltd.
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Phone: 612-332-1030

409119

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R.Bankr.P.

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify

the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.

Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A TO CHRYSLER FINANCIAL SERVICES AMERICAS

All CDs, hard drives and all other documents or electronic storage devices containing any e-mail records or transmissions to which Dennis E. Hecker was a party from January 1, 2008 to date.

Copies of any and all e-mail and other correspondence between, on one hand Dennis E. Hecker, any business entities controlled by Hecker and any attorneys representing Hecker or business entities controlled by Hecker, and on the other hand, Chrysler Financial and any attorneys representing Chrysler Financial, from January 1, 2008 to date.

409123

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                           BKY No.: 09-50779
                                                          Chapter 7
Dennis E. Hecker,

                    Debtor.

## ACKNOWLEDGMENT OF SERVICE OF
## SUBPOENA FOR RULE 2004 EXAMINATION

The undersigned hereby acknowledges service of the Subpoena for Rule 2004 Examination

on behalf of Chrysler Financial Services Americas.

### GRAY PLANT MOOTY

Dated: September ____ , 2009          By_____
                                          Stephen F. Grinnell, #37928
                                          80 South Eighth Street
                                          Suite 500
                                          Minneapolis, MN 55402
                                          (612) 632-3000
                                          Attorneys for Chrysler Financial Services Americas

409174


500 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MN 55402-3796
MAIN: 612.632.3000
FAX: 612.632.4444

STEPHEN F. GRINNELL
ATTORNEY
DIRECT DIAL: 612.632.3070
DIRECT FAX: 612.632.4070
STEPHEN.GRINNELL@GPMLAW.COM

September 22, 2009

**VIA E-MAIL AND U.S. MAIL**
William F. Mohrman, Esq.
Mohrman & Kaardal, P.A.
33 South Sixth Street
Suite 4100
Minneapolis, MN 55402-3601

      Re:    In re Dennis E. Hecker
              Bankruptcy Case No. 09-50779

Dear Bill:

The trustee in Mr. Hecker's bankruptcy case has served the enclosed Subpoena for Rule 2004 Examination upon Chrysler Financial Services. Among other things, the Subpoena calls for the production of documents described on Exhibit A on October 7, 2009. Please be advised that, as it is required to do, Chrysler Financial intends to comply with the Subpoena absent entry of an order prohibiting it from doing so.

Very truly yours,

Stephen F. Grinnell

SFG:ckm
Enclosure
cc:    Erick G. Kaardal, Esq. (w/encl.)
        Gregory M. Erickson, Esq. (w/encl.)
        Clinton E. Cutler, Esq. (w/encl.)
        Matthew R. Burton, Esq. (w/encl.)
        Howard J. Roin, Esq. (w/encl.)
        Stuart M. Rozen, Esq. (w/encl.)
        Nicholas N. Nierengarten, Esq. (w/encl.)

GP:2646702 v1

**EXHIBIT 15**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

      Debtor.

BKY No. 09-50779

Chapter 7

## SUBPOENA FOR RULE 2004 EXAMINATION

To:    Chrysler Financial Services Americas, Attn: Officer/Managing Agent, CIMS 405-23-01, 27777 Inkster Road, Farmington, MI 48334.

☒YOU ARE COMMANDED to appear pursuant to a court order issued under Rule 2004, Fed.R.Bankr.P., at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE<br>Leonard, O'Brien, Spencer, Gale & Sayre, Ltd.<br>100 South Fifth Street, Suite 2500<br>Minneapolis, MN 55402 | DATE AND TIME<br>October 14, 2009<br>9:00 A.M. |
|---|---|

☒YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE ATTACHED EXHIBIT A

| PLACE<br>Leonard, O'Brien, Spencer, Gale & Sayre, Ltd.<br><br>100 South Fifth Street, Suite 2500<br>Minneapolis, MN 55402 | DATE AND TIME<br>October 7, 2009<br><br>9:00 A.M. |
|---|---|

| ISSUING OFFICER SIGNATURE AND TITLE<br><br>Attorney for Randall L. Seaver, Trustee | DATE<br><br>September 17, 2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Matthew R. Burton, Esq.
Leonard, O'Brien, Spencer, Gale & Sayre, Ltd.
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Phone: 612-332-1030

409119

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
       DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

---

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R.Bankr.P.

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify

the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties In Responding to Subpoena.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.

Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

### EXHIBIT A TO CHRYSLER FINANCIAL SERVICES AMERICAS

All CDs, hard drives and all other documents or electronic storage devices containing any e-mail records or transmissions to which Dennis E. Hecker was a party from January 1, 2008 to date.

Copies of any and all e-mail and other correspondence between, on one hand Dennis E. Hecker, any business entities controlled by Hecker and any attorneys representing Hecker or business entities controlled by Hecker, and on the other hand, Chrysler Financial and any attorneys representing Chrysler Financial, from January 1, 2008 to date.

409123



500 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MN 55402-3796
MAIN: 612.632.3000
FAX: 612.632.4444

NICHOLAS N. NIERENGARTEN
ATTORNEY
DIRECT DIAL: 612.632.3040
DIRECT FAX: 612.632.4040
NICHOLAS.NIERENGARTEN@GPMLAW.COM

October 13, 2009

*Via* Messenger

Matthew R. Burton, Esq.
Leonard, O'Brien, Spencer, Gale & Sayre
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402-3602

Re:  *In Re: Dennis E. Hecker, Debtor,* U.S. Bankruptcy Case No. 09-50779
     Rule 2004 Document Request

Dear Matt:

In response to the document Subpoena for Rule 2004 Examination of Randy Seaver, as chapter 7 trustee for the estate of Dennis E. Hecker (the "Debtor"), dated September 17, 2009 (the "Subpoena"), and in accordance with the search protocol set forth in my September 30, 2009 letter, Chrysler Financial will produce the following non-privileged documents:

1.      We understand that your first request is intended to obtain the email archive and other electronically stored information Chrysler Financial received from Cindy Bowser in response to its subpoena *duces tecum* ("Bowser electronic archive"). We previously advised the Debtor's counsel that Chrysler Financial would be required to produce the Bowser electronic archive to you unless the Debtor obtained an order prohibiting that disclosure. As the Debtor apparently neither sought nor obtained such an order, we are producing the Bowser electronic archive herewith. Please note that the Debtor claims that some of the emails and perhaps other documents in the Bowser electronic archive may be privileged communications with his attorneys. To date, however, the Debtor has not provided us with a privilege log. We assume that you will take appropriate precautions to avoid any inadvertent breach of applicable privileges.

2.      In response to your second request, Chrysler Financial will produce the email correspondence between Chrysler Financial individuals and individuals at Debtor's related entities (including Hecker) that we identified as a result of the searches described in my September 30 letter. Thus far, we have completed searches of the email records of John W. Bowker, Michael J. Chumbley, Anne M. Kline, Todd Scott, and Janet Toronski. Although the Subpoena requests correspondence subsequent to January 1, 2008, we understand that you have also requested email correspondence from the latter part of 2007, and have included such correspondence.

We have not yet searched the email records of Tom Gilman and Lee Wilson, but will produce any relevant, non-privileged emails obtained from those searches as soon as we can. We expect they will have few if any relevant emails, and further expect that any relevant emails from their records likely have been captured by the searches already completed.

**EXHIBIT 16**

We are in the process of searching the email records of Chrysler Financial's attorneys described in my September 30 letter, and will produce any relevant, non-privileged emails identified by those searches as soon as they are completed. In addition to the attorneys listed in my September 30 letter, we also will search for any emails with Bruce Parker's partner, Ralph Strangis, who may have had some involvement at various points.

Please feel free to call me if you have any questions.

Very truly yours,

GRAY, PLANT, MOOTY,
  MOOTY & BENNETT, P.A.

Nicholas N. Niemengarten

NNN/pep/GP:2657738 v1

c:     John C. Tracy, Esq. (*via* email)
       Howard J. Roin, Esq. (*via* email)
       Stuart M. Rozen, Esq. (*via* email)
       Stephen F. Grinnell, Esq. (*via* email)

## MOHRMAN & KAARDAL, P.A.

ATTORNEYS AND COUNSELORS AT LAW

33 SOUTH SIXTH STREET
SUITE 4100
MINNEAPOLIS, MINNESOTA 55402

WILLIAM F. MOHRMAN

TELEPHONE: 612/341-1074
FACSIMILE: 612/341-1076
WRITER'S E-MAIL: MOHRMAN@MKLAW.COM

September 28, 2009

Via Facsimile, U.S. Mail and E-Mail

Nicholas N. Nierengarten
Stephen F. Grinnell
Gray, Plant, Mooty
80 South Sixth Street, 500 IDS Center
Minneapolis, Minnesota 55402

Re:    **Chrysler Financial Services Americas LLC v. Dennis E. Hecker**
       **Adversary Proceeding No. 09-05019**

Dear Mr. Nierengarten and Mr. Grinnell:

Enclosed and served upon you in the above referenced matter are the following:

1.  Debtor-Defendant Dennis E. Hecker's Combined Responses to Plaintiff's First Set of
    Continuing Interrogatories, First Set of Requests for Production of Documents and
    First Set of Requests for Admissions to Defendant.

If you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

William F. Mohrman

WFM/mg
Enclosure
Cc:    Client (w/enc)(via mail)

**EXHIBIT 17**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: ) | |
| ) | **Bankruptcy Case No: 09-50779-RJK** |
| **DENNIS E. HECKER,** ) | |
| ) | **Chapter 7** |
| Debtor. ) | |
| ) | |
| _____ ) | |
| ) | |
| **CHRYSLER FINANCIAL** ) | **Adversary Proceeding No.: 09-05019** |
| **SERVICES AMERICAS LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **DENNIS E. HECKER,** ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

---

### DEBTOR-DEFENDANT DENNIS E. HECKER'S COMBINED RESPONSES TO PLAINTIFF'S FIRST SET OF CONTINUING INTERROGATORIES, FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT

---

TO:    Chrysler Financial Services Americas LLC through its attorney Stephen F. Grinnell, Gray, Plant, Mooty, P.A, 500 IDS Center, 80 South Sixth Street, Minneapolis, Minnesota 55402.

### GENERAL OBJECTIONS

The Defendant objects to the broad scope and vague phrasing of these discovery requests to the extent their meaning is impossible to understand. Nonetheless, the Defendant will respond to these discovery requests based on his understanding of the discovery requests.

The Defendant also objects to these discovery requests to the extent they request information subject to the attorney client and/or work product privilege.

The Defendant also objects to Plaintiff's request for supplementation beyond that required under the Federal Rules of Civil Procedure.

The Defendant further objects to these Interrogatories as contention interrogatories. Discovery has just commenced on this matter and the Defendant reserves the right to later amend his responses based on information that becomes available.

The Defendant further objects to each interrogatory to the extent that it seeks information already known to Plaintiff or its counsel, already in the possession of Plaintiff or its counsel, or available to Plaintiff from documents in its own files or from public sources, on the ground that the interrogatory is unnecessary, unduly burdensome and expensive, and constitutes annoyance, harassment, and oppression of the Defendant.

The Defendant objects to each interrogatory to the extent that it purports, through definitions or otherwise, to impose burdensome duties on the Defendant beyond those which are applicable under the Minnesota Rules of Civil Procedure.

The Defendant objects to each interrogatory to the extent it seeks non-party confidential information, because such information, to the extent it exists, cannot be produced by the Defendant, it will be deemed not in the Defendant's possession or control. Such information will need to be sought from the applicable non-party.

In those instances where the Defendant objects to an interrogatory as being vague and ambiguous, not withstanding and without waiving this objection, as the Defendant is able to ascertain the nature of information being requested, the Defendant will make reasonable efforts to answer the interrogatory in question.

The Defendant objects to each interrogatory to the extent that it seeks information not in the Defendant's possession, custody, or control on the grounds that it is unduly burdensome and oppressive.

All of these objections are incorporated into each response below, whether or not stated below.

Subject to the General Objections outlined above and the more specific objections set forth below, the Defendant responds as follows:

## RESPONSES TO INTERROGATORIES SET I

**INTERROGATORY NO. 1**    With respect to each paragraph of the Complaint that was denied or for which You made affirmative allegations and for each affirmative defense set forth in the Answer:

    (a) State any and all facts that support, negate, or otherwise relate to the denial, affirmative allegations or affirmative defense;

    (b) Identify all persons having knowledge of said facts and describe the substance of their knowledge; and

    (c) Identify all documents that support, negate, or otherwise relate to the denial, affirmative allegations or affirmative defense.

**RESPONSE NO. 1.**    Subject to the general objections, Defendant further objects to this Interrogatory as a contention interrogatory and discovery has just commenced in this action. In addition, Defendant further objects to this Interrogatory as burdensome in requesting that Defendant describe "any and all facts." Subject to these objections, Defendant further objects to responding to this Interrogatory until the Court rules on Defendant's Motion to Stay this action and for a protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on October 7, 2009.

**INTERROGATORY NO. 2:** With respect to the letter addressed to Walden Fleet Services II dated November 7, 2007, which is attached to Plaintiff's First Set of Requests for Admissions as Exhibit F, ("Hyundai Letter"):

3

(a) Identify all persons who were aware of the Hyundai Letter, had any involvement in the preparation of the Hyundai Letter, or had any role in delivering the letter to Chrysler Financial;

(b) Describe the role, actions, and knowledge of each such person relating to the Hyundai Letter;

(c) Describe all communications relating to the Hyundai Letter, any letter from Hyundai dated in or around November 2007 offering to sell vehicles to You, Your purchase of any vehicles from Hyundai in November 2007 or thereafter, or any loan or advance that You sought or received from Chrysler Financial in order to purchase any vehicles from Hyundai in November 2007 or thereafter.

**RESPONSE NO. 2.**      Subject to the general objections, Defendant further objects to this Interrogatory as a contention interrogatory and discovery has just commenced in this action. In addition, Defendant further objects to this Interrogatory as burdensome in requesting that Defendant describe "any and all facts." Subject to these objections, Defendant further objects to responding to this Interrogatory until the Court rules on Defendant's Motion to Stay this action and for a protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on October 7, 2009.

**INTERROGATORY NO. 3**: Identify all communications and persons with knowledge relating to any failure to pay Chrysler Financial any of the proceeds due to Chrysler Financial from the sale or other disposition of any vehicle, in or after June 2008, that any Hecker Borrower purchased with funds loaned or advanced by Chrysler Financial.

**RESPONSE NO. 3.**      Subject to the general objections, Defendant further objects to this Interrogatory as a contention interrogatory and discovery has just commenced in this action. In addition, Defendant further objects to this Interrogatory as burdensome in requesting that Defendant describe "all communications." Subject to these objections, Defendant further objects to responding to this Interrogatory until the Court rules on Defendant's Motion to

4

Stay this action and for a protective order under Rule 7026, incorporating Fed. R.

Civ. P. 26 (c), currently pending for hearing on October 7, 2009.

**INTERROGATORY NO. 4:** With respect to the sale or other disposition of any vehicle, in or after June 2008, that any Hecker Borrower purchased with funds loaned or advanced by Chrysler Financial and for which the Hecker Borrowers did not remit all of the proceeds due Chrysler Financial from the sale or other disposition, identify all accounts at any financial institution that ever held any proceeds from such sales or other disposition.

**RESPONSE NO. 4.**     Subject to the general objections, Defendant further objects

to this Interrogatory as a contention interrogatory and discovery has just

commenced in this action. Subject to these objections, Defendant further objects

to responding to this Interrogatory until the Court rules on Defendant's Motion to

Stay this action and for a protective order under Rule 7026, incorporating Fed. R.

Civ. P. 26 (c), currently pending for hearing on October 7, 2009.

**INTERROGATORY NO. 5:** Identify all communications relating to and persons who have knowledge of any limitations that Chrysler Financial placed on the availability of loans or advances for the purchase of vehicles that Chrysler Motors did not manufacture or vehicles that the manufacturer did not promise to repurchase.

**RESPONSE NO. 5.**     Subject to the general objections, Defendant further objects

to this Interrogatory as a contention interrogatory and discovery has just

commenced in this action. In addition, Defendant further objects to this

Interrogatory as vague in failing to define "limitations that Chrysler Financial

placed on the availability of loans or advances for the purchase of vehicles that

Chrysler Motors did not manufacture or vehicles that the manufacturer did not

promise to repurchase." If Plaintiff will clarify the information Plaintiff is

requesting, Defendant will respond. Subject to these objections, Defendant

further objects to responding to this Interrogatory until the Court rules on

Defendant's Motion to Stay this action and for a protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on October 7, 2009.

**INTERROGATORY NO. 6:** Identify each expert You expect to call at trial as an expert witness and for each such expert provide the following:

        (a) State the subject matter on which the expert is expected to testify;

        (b) State the substance of the facts and opinions to which the expert is expected to testify and the grounds for each opinion; and

        (c) Identify all documents consulted, reviewed or relied upon by the expert in forming each opinion.

**RESPONSE NO. 6.** Subject to the general objections, Defendant further objects to this Interrogatory to the extent it requests information beyond that required under Rule 7026, incorporating Fed. R. Civ. P. 26. Subject to these objections, Defendant further objects to responding to this Interrogatory until the Court rules on Defendant's Motion to Stay this action and for a protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on October 7, 2009.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS SET I

**REQUEST NO. 1:** All documents identified in response to Plaintiff's First Set of Continuing Interrogatories to Defendant.

**RESPONSE NO. 1.** Subject to the general objections and objections set forth to Plaintiff's First Set of Continuing Interrogatories, Defendant further objects to responding to this Request until the Court rules on Defendant's Motion to Stay this action and for a protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 2:**   All documents supporting, negating, or otherwise relevant to Defendant's denial of or affirmative allegations in response to any allegation set forth in the Complaint.

**RESPONSE NO. 2.**   Subject to the general objections, Defendant further objects to responding to this Request until the Court rules on Defendant's Motion to Stay this action and for a protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 3:**   All documents supporting, negating, or otherwise relevant to Defendant's affirmative defenses set forth in the Answer to the Complaint.

**RESPONSE NO. 3.**   Subject to the general objections, Defendant further objects to responding to this Request until the Court rules on Defendant's Motion to Stay this action and for a protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 4:**   All documents supporting, negating, or otherwise relevant to Defendant's denial or qualified admission of any of Chrysler Financial's First Set of Requests for Admission.

**RESPONSE NO. 4.**   Subject to the general objections, Defendant further objects to responding to this Request until the Court rules on Defendant's Motion to Stay this action and for a protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 5:**   All documents that describe Hecker's direct or indirect ownership interest in Walden and any of the Hecker Borrowers, including but not limited to articles of formation, organization or incorporation; stock, membership, partnership certificates or other evidences of ownership; stock or membership registers, logs or records; operating agreements, shareholder or member control agreements, and corporate or other organization minute books or similar records of meetings of shareholders, members or partners.

**RESPONSE NO. 5.**     Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 6:**    All documents that describe the identities, duties, functions, and
roles of the directors, officers, and management of Walden or any of the Hecker
Borrowers.

**RESPONSE NO. 6.**     Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 7:**    All documents reflecting any Hecker Borrower's sale or other
disposition of any vehicle, in or after June 2008, that the Hecker Borrower purchased
with funds loaned or advanced by Chrysler Financial.

**RESPONSE NO. 7.**     Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 8:**    All documents relating to the failure of any Hecker Borrower to
pay to Chrysler Financial any of the proceeds due to Chrysler Financial that any
Hecker Borrower received from the sale or other disposition of any vehicle, in or after
June 2008, that any Hecker Borrower purchased with funds loaned or advanced by
Chrysler Financial.

**RESPONSE NO. 8.**     Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

8

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 9:**    All documents relating to the disposition or use of any proceeds due to Chrysler Financial but unpaid that any Hecker Borrower received from the sale or other disposition of any vehicle, in or after June 2008, that any Hecker Borrower purchased with funds loaned or advanced by Chrysler Financial, including but not limited to all documents reflecting deposits into, withdrawals from, or the balances from time to time of any account at any financial institution that ever held such proceeds and the monthly statements for such accounts.

**RESPONSE NO. 9.**    Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 10:**  All documents related to any negotiations concerning or offer made or purportedly made by Hyundai in or about November 2007 to January 2008 to sell vehicles to You, including but not limited to (a) contracts entered into as a result, and (b) communications with Chrysler Financial concerning such offers, negotiations or contracts.

**RESPONSE NO. 10.**    Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 11:**  All documents related to any request for, negotiations concerning, or receipt of financing from Chrysler Financial for the purchase of vehicles from Hyundai by You from 2006 or thereafter.

**RESPONSE NO. 11.**    Subject to the general objections, Defendant further objects

to responding to this Request as overbroad in requesting documents from 2006

through the present.  Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 12:** All copies of all or any portion of any letter or purported letter dated November 7, 2007 that offers or purports to offer to sell Hyundai vehicles to Walden.

**RESPONSE NO. 12.** Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 13:** All documents related to any modifications that You made or caused to be made to a November 7, 2007 letter from Hyundai offering to sell vehicles to Walden, a copy of which is attached to Chrysler Financial's First Set of Requests for Admission as Exhibit 1.

**RESPONSE NO. 13.** Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 14:** All documents reflecting Hecker's whereabouts or activities between November 1, 2007 and November 30, 2007, including but not limited to diaries, calendars, Microsoft Outlook calendars or other electronic calendars, credit or debit card receipts, and flight logs or plans.

**RESPONSE NO. 14.** Subject to the general objections, Defendant further objects

to this Request as seeking information not related to the claims and defenses in

this action nor reasonably calculated to lead to the discovery of admissible

evidence. Defendant also objects to this Request as burdensome in seeking all

documents regarding Defendant's "whereabouts." If Plaintiff will explain the

relevance of this Request, Defendant will respond. Subject to these objections,

Defendant further objects to responding to this Request until the Court rules on

Defendant's Motion to Stay this action and for a protective order under Rule

7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on

October 7, 2009.

**REQUEST NO. 15:** All documents related to Your receipt of cash incentives from
Hyundai for vehicles that You purchased from Hyundai in 2007 or 2008 using funds
loaned or advanced by Chrysler Financial.

**RESPONSE NO. 15.** Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 16:** All documents related to any limitations that Chrysler Financial
placed on the availability of loans or advances for the purchase of vehicles that
Chrysler Motors did not manufacture or vehicles that the manufacturer did not
promise to repurchase.

**RESPONSE NO. 16.** Subject to the general objections, Defendant objects to this

Request as vague in failing to define "limitations that Chrysler Financial placed

on the availability of loans or advances for the purchase of vehicles that Chrysler

Motors did not manufacture or vehicles that the manufacturer did not promise to

repurchase." If Plaintiff will clarify the documents Plaintiff is requesting,

Defendant will respond. Subject to these objections, Defendant further objects to

responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 17:** All documents related to the termination or resignation of Steve Leach, Dick Page, Molly Kaplan, or Cyndi Bowser, including but not limited to all documents reflecting the terms of any severance, retirement, or other compensation agreements or payments.

**RESPONSE NO. 17.** Subject to the general objections, Defendant further objects

to this Request as seeking information not related to the claims and defenses in

this action nor reasonably calculated to lead to the discovery of admissible

evidence. Subject to these objections, Defendant further objects to responding to

this Request until the Court rules on Defendant's Motion to Stay this action and

for a protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c),

currently pending for hearing on October 7, 2009.

**REQUEST NO. 18:** All documents related to Your negotiation with Hyundai for the purchase of vehicles from or after 2006.

**RESPONSE NO. 18.** Subject to the general objections, Defendant further objects

to this Request as seeking information not related to the claims and defenses in

this action nor reasonably calculated to lead to the discovery of admissible

evidence to the extent it seeks information related to purchases of vehicles in

2006. Subject to these objections, Defendant further objects to responding to this

Request until the Court rules on Defendant's Motion to Stay this action and for a

protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c), currently

pending for hearing on October 7, 2009.

**REQUEST NO. 19:** All documents consulted, reviewed or relied upon by any expert You expect to call at trial.

**RESPONSE NO. 19.**     Subject to the general objections, Defendant further objects

to this Request to the extent it requests information beyond that required under

Rule 7026, incorporating Fed. R. Civ. P. 26.  Subject to these objections,

Defendant further objects to responding to this Request until the Court rules on

Defendant's Motion to Stay this action and for a protective order under Rule

7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on

October 7, 2009.

**REQUEST NO. 20**:  Any report, summary or analysis prepared by any expert You
expect to call at trial relating to or supporting the opinions of such expert in this
matter.

**RESPONSE NO. 20.**     Subject to the general objections, Defendant further objects

to this Request to the extent it requests information beyond that required under

Rule 7026, incorporating Fed. R. Civ. P. 26.  Subject to these objections,

Defendant further objects to responding to this Request until the Court rules on

Defendant's Motion to Stay this action and for a protective order under Rule

7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on

October 7, 2009.

**REQUEST NO. 21**:  The Curriculum Vitae or resume for any expert You expect to call
at trial.

**RESPONSE NO. 21.**     Subject to the general objections, Defendant further objects

to this Request to the extent it requests information beyond that required under

Rule 7026, incorporating Fed. R. Civ. P. 26.  Subject to these objections,

Defendant further objects to responding to this Request until the Court rules on

Defendant's Motion to Stay this action and for a protective order under Rule

7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on

October 7, 2009.

**REQUEST NO. 22:** All documents relating to the November, 2007 meeting between You and representatives of Plaintiff, as alleged in paragraphs 15 – 17 and 19 of Your Answer.

**RESPONSE NO. 22.** Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 23:** All documents relating to your allegations in paragraph 20 of Your Answer, including but not limited to the November 19, 2007 email from John Bowker to Hecker and any related emails, documents, or other communications.

**RESPONSE NO. 23.** Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 24:** Any forensic audit or other accounting analysis of You or the Hecker Borrowers in or after June, 2008.

**RESPONSE NO. 24.** Subject to the general objections, Defendant further objects

to this Request to the extent it requests information beyond that required under

Rule 7026, incorporating Fed. R. Civ. P. 26. If Plaintiff will clarify this Request,

Defendant will respond to the clarification. Subject to these objections,

Defendant further objects to responding to this Request until the Court rules on

Defendant's Motion to Stay this action and for a protective order under Rule

7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on

October 7, 2009.

**REQUEST NO. 25**: All documents relating to the allegations in paragraph 30 of Your Answer, including but not limited to the allegation relating to "Plaintiff's breach of promises made to Hecker in conjunction with Hecker purchasing Advantage Rent a Car ...."

**RESPONSE NO. 25.** Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

## RESPONSES TO REQUESTS FOR ADMISSIONS SET I

**REQUEST NO. 1:** Admit that Hecker received the letter addressed to Walden Fleet Services II, Inc. ("Walden II") from Hyundai dated November 7, 2007, a copy of which is attached hereto as Exhibit G.

**RESPONSE NO. 1.** Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 2:** Admit that Exhibit G offered to sell 605 Hyundai vehicles to Walden II and repurchase any of those vehicles returned within a year from delivery.

**RESPONSE NO. 2.** Subject to the general objections, Defendant further objects

to this Request as "vague" in that it states "Exhibit G" made an offer. Subject to

these objections, Defendant further objects to responding to this Request until the

Court rules on Defendant's Motion to Stay this action and for a protective order

under Rule 7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for

hearing on October 7, 2009.

**REQUEST NO. 3:**    Admit that Exhibit G is a true and correct copy of the November 7,
2007 letter actually received by Hecker from Hyundai.

> **RESPONSE NO. 3.**    Subject to the general objections, Defendant further objects
>
> to responding to this Request until the Court rules on Defendant's Motion to Stay
>
> this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.
>
> P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 4:**    Admit that Exhibit G is genuine, authentic, and a true and correct
copy of the original.

> **RESPONSE NO. 4.**    Subject to the general objections, Defendant further objects
>
> to responding to this Request until the Court rules on Defendant's Motion to Stay
>
> this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.
>
> P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 5:**    Admit that Exhibit G is admissible at trial in this matter for all
purposes.

> **RESPONSE NO. 5.**    Subject to the general objections, Defendant further objects
>
> to responding to this Request until the Court rules on Defendant's Motion to Stay
>
> this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.
>
> P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 6:**    Admit that Exhibit G was altered to create Exhibit F, a letter
addressed to Walden II purportedly from Hyundai dated November 7, 2007.

> **RESPONSE NO. 6.**    Subject to the general objections, Defendant further objects
>
> to this Request as "vague" in that it fails to define "altered." If Plaintiff will

16

further clarify this Request, Defendant will respond. Subject to these objections, Defendant further objects to responding to this Request until the Court rules on Defendant's Motion to Stay this action and for a protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 7**:     Admit that Exhibit F states that Hyundai offered to sell 4,855 Hyundai vehicles to Walden II and repurchase any of those vehicles returned within a year from delivery.

**RESPONSE NO. 7.**     Subject to the general objections, Defendant further objects to this Request to the extent that Exhibit F contains certain language that speaks for itself. Subject to these objections, Defendant further objects to responding to this Request until the Court rules on Defendant's Motion to Stay this action and for a protective order under Rule 7026, incorporating Fed. Civ. P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 8**     Admit that Hyundai never made the offer set forth in Exhibit F.

**RESPONSE NO. 8.**     Subject to the general objections, Defendant further objects to responding to this Request until the Court rules on Defendant's Motion to Stay this action and for a protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 9**:     Admit that Hecker caused Exhibit G to be altered to create Exhibit F.

**RESPONSE NO. 9.**     Subject to the general objections, Defendant further objects to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 10:**  Admit that Hecker delivered Exhibit F to representatives of Chrysler Financial.

**RESPONSE NO. 10.**    Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 11:**  Admit that Exhibit F is a true and correct copy of the letter Hecker actually delivered to representatives of Chrysler Financial.

**RESPONSE NO. 11.**    Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 12:**  Admit that Exhibit F is genuine, authentic, and a true and correct copy of the original.

**RESPONSE NO. 12.**    Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 13:**  Admit that Exhibit F is admissible at trial in this matter for all purposes.

**RESPONSE NO. 13.**    Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 14:** Admit that at the time Hecker delivered Exhibit F to representatives of Chrysler Financial he knew that Hyundai had offered to sell and repurchase (if returned within a year from delivery) only 605 Hyundai vehicles pursuant to Exhibit G, not 4,855 vehicles.

**RESPONSE NO. 14.** Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 15:** Admit that Hecker delivered Exhibit F to representatives of Chrysler Financial in order to induce Chrysler Financial to loan money to a Hecker Related Entity for the purchase of Hyundai vehicles that Exhibit F falsely represented as carrying a Hyundai repurchase guarantee.

**RESPONSE NO. 15.** Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 16:** Admit that Chrysler Financial relied on Exhibit F in loaning money to a Hecker Related Entity for the purchase of Hyundai vehicles that Exhibit F falsely represented as carrying a Hyundai repurchase guarantee.

**RESPONSE NO. 16.** Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009. Subject to these

objections, Defendant denies Request No. 16.

**REQUEST NO. 17:** Admit that a Hecker Related Entity used money loaned by Chrysler Financial to purchase Hyundai vehicles that Exhibit F falsely represented as carrying a Hyundai repurchase guarantee.

**RESPONSE NO. 17.**    Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 18:**  Admit that Hecker knew that Chrysler Financial financed a Hecker Related Entity's purchase of more than 3,600 Hyundai vehicles believing that there was an agreement for Hyundai to repurchase them, when in reality there was no such agreement.

**RESPONSE NO. 18.**    Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 19:**  Admit that neither Hecker nor any Hecker Related Entity repaid the entire amount that Chrysler Financial loaned for the purchase of Hyundai vehicles that Exhibit F falsely represented as carrying a Hyundai repurchase guarantee.

**RESPONSE NO. 19.**    Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 20:**  Admit that Hecker owes to Chrysler Financial the unrepaid portion of the amount that Chrysler Financial loaned for the purchase of Hyundai vehicles that Exhibit F falsely represented as carrying a Hyundai repurchase guarantee.

**RESPONSE NO. 20.**    Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 21:** Admit that Hecker and certain Hecker Related Entities entered into a Master Loan and Security Agreement, a copy of which is attached hereto as Exhibit I.

**RESPONSE NO. 21.** Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 22:** Admit that Exhibit I is genuine, authentic, and a true and correct copy of the original.

**RESPONSE NO. 22.** Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 23:** Admit that Exhibit I is admissible at trial in this matter for all purposes.

**RESPONSE NO. 23.** Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 24:** Admit that Hecker Borrowers received proceeds from the sale or other disposition of vehicles that they had purchased using money borrowed from Chrysler Financial under Exhibit I.

**RESPONSE NO. 24.** Subject to the general objections, Defendant further objects to responding to this Request until the Court rules on Defendant's Motion to Stay this action and for a protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 25:** Admit that some or all of the proceeds that Hecker Borrowers received from the sale or other disposition of vehicles that they had purchased using money borrowed from Chrysler Financial under Exhibit I were the property of Chrysler Financial.

**RESPONSE NO. 25.** Subject to the general objections, Defendant further objects to this Request as vague in failing to define the word "property." Subject to these objections, Defendant further objects to responding to this Request until the Court rules on Defendant's Motion to Stay this action and for a protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on October 7, 2009. Subject to these objections, Defendant denies Request No. 25.

**REQUEST NO. 26:** Admit that Exhibit I required Hecker Borrowers to hold in trust for Chrysler Financial some or all of the proceeds that Hecker Borrowers received from the sale of vehicles that they had purchased using money borrowed from Chrysler Financial under Exhibit I.

**RESPONSE NO. 26.** Subject to the general objections, Defendant further objects to this Request to the extent that Exhibit I contains certain language that speaks for itself. Subject to these objections, Defendant further objects to this Request as calling for a legal conclusion to the extent it seeks to have Defendant admit that he was a fiduciary of Plaintiff's as the term fiduciary is used in 11 U.S.C. §523. Subject to these objections, Defendant further objects to responding to this Request until the Court rules on Defendant's Motion to Stay this action and for a

protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c), currently

pending for hearing on October 7, 2009. Subject to these objections, Defendant

denies he was a fiduciary of Plaintiff's as that term is used in 11 U.S.C. §523.

**REQUEST NO. 27:** Admit that Exhibit I required Hecker Borrowers to promptly pay over and deliver to Chrysler Financial some or all of the proceeds that Hecker Borrowers received from the sale or other disposition of vehicles that they had purchased using money borrowed from Chrysler Financial under Exhibit I.

**RESPONSE NO. 27.** Subject to the general objections, Defendant further objects

to this Request to the extent that Exhibit I contains certain language that speaks

for itself. Subject to these objections, Defendant further objects to responding to

this Request until the Court rules on Defendant's Motion to Stay this action and

for a protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c),

currently pending for hearing on October 7, 2009.

**REQUEST NO. 28:** Admit that Hecker Borrowers did not pay over or deliver to Chrysler Financial all proceeds due Chrysler Financial that Hecker Borrowers received from the sale or other disposition of certain vehicles that they had purchased using money borrowed from Chrysler Financial under Exhibit I.

**RESPONSE NO. 28.** Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 29:** Admit that Hecker directed Hecker Borrowers to not pay-over or deliver to Chrysler Financial all proceeds due Chrysler Financial that Hecker Borrowers received from the sale or other disposition of certain vehicles that they had purchased using money borrowed from Chrysler Financial under Exhibit I.

**RESPONSE NO. 29.** Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

23

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 30**:  Admit that Hecker Borrowers did not pay over or deliver to Chrysler Financial approximately $29,989,913 in proceeds due to Chrysler Financial that Hecker Related Entities received from the sale or other disposition of certain vehicles that they had purchased using money borrowed from Chrysler Financial under Exhibit I.

**RESPONSE NO. 30.**     Subject to the general objections, Defendant further objects

to this request as vague in failing to define "approximately." Defendant further

objects to this Request because the information regarding what Plaintiff was

owed under the lending agreements with Plaintiff is not information under the

control of Defendant.  Defendant further objects to responding to this Request

until the Court rules on Defendant's Motion to Stay this action and for a

protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c), currently

pending for hearing on October 7, 2009.

**REQUEST NO. 31**:  Admit that Hecker owes to Chrysler Financial the proceeds due to Chrysler Financial that Hecker Borrowers received from the sale or other disposition of certain vehicles that they had purchased using money borrowed from Chrysler Financial under Exhibit I, but that they did not pay to Chrysler Financial.

**RESPONSE NO. 31.**     Subject to the general objections, Defendant further objects

to this request as vague in failing to define "owes." Defendant further objects to

responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 32**:  Admit that Rosedale Dodge Inc. ("Rosedale Dodge") entered into a Lease Financing Agreement, a copy of which is attached hereto as Exhibit J.

**RESPONSE NO. 32.**     Subject to the general objections, Defendant further objects to responding to this Request until the Court rules on Defendant's Motion to Stay this action and for a protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 33:**  Admit that Exhibit J is genuine, authentic, and a true and correct copy of the original.

**RESPONSE NO. 33.**     Subject to the general objections, Defendant further objects to responding to this Request until the Court rules on Defendant's Motion to Stay this action and for a protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 34:**  Admit that Exhibit J is admissible at trial in this matter for all purposes.

**RESPONSE NO. 34.**     Subject to the general objections, Defendant further objects to responding to this Request until the Court rules on Defendant's Motion to Stay this action and for a protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 35:**  Admit that Rosedale Dodge received proceeds from the sale or other disposition of vehicles that it had purchased using money borrowed from Chrysler Financial under Exhibit J.

**RESPONSE NO. 35.**     Subject to the general objections, Defendant further objects to responding to this Request until the Court rules on Defendant's Motion to Stay this action and for a protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 36:** Admit that Rosedale Dodge entered into a Security Agreement, an example of which is attached as Exhibit K, each time it receive an advance under Exhibit J.

**RESPONSE NO. 36.** Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 37:** Admit that Exhibit K is genuine, authentic, and a true and correct copy of the original.

**RESPONSE NO. 37.** Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 38:** Admit that Exhibit K is admissible at trial in this matter for all purposes.

**RESPONSE NO. 38.** Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 39:** Admit that the Security Agreements that Rosedale Dodge entered when it borrowed money from Chrysler Financial under Exhibit J required Rosedale Dodge to hold in trust for and promptly pay to Chrysler Financial some or all of the proceeds that Rosedale Dodge received from the sale or other disposition of vehicles that it had purchased using money borrowed from Chrysler Financial under Exhibit J.

**RESPONSE NO. 39.** Subject to the general objections, Defendant further objects

to this Request to the extent that Exhibit J contains certain language that speaks

for itself. Subject to these objections, Defendant further objects to this Request

as calling for a legal conclusion to the extent it seeks to have Defendant admit

that he, or Rosedale Dodge, Inc., was a fiduciary of Plaintiff's as the term

fiduciary is used in 11 U.S.C. §523. Subject to these objections, Defendant

further objects to responding to this Request until the Court rules on Defendant's

Motion to Stay this action and for a protective order under Rule 7026,

incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on October 7,

2009. Subject to these objections, Defendant denies he was a fiduciary of

Plaintiff's as that term is used in 11 U.S.C. §523.

**REQUEST NO. 40**: Admit that Rosedale Dodge did not pay to Chrysler Financial all proceeds due Chrysler Financial that Rosedale Dodge received from the sale or other disposition of certain vehicles that it had purchased using money borrowed from Chrysler Financial under Exhibit J.

**RESPONSE NO. 40.** Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 41**: Admit that Hecker directed Rosedale Dodge to not pay to Chrysler Financial all proceeds due Chrysler Financial that Rosedale Dodge received from the sale or other disposition of certain vehicles that it had purchased using money borrowed from Chrysler Financial under Exhibit J.

**RESPONSE NO. 41.** Subject to the general objections, Defendant further objects

to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 42**: Admit that Rosedale Dodge did not pay to Chrysler Financial approximately $37,894,074 in proceeds due to Chrysler Financial that Hecker Related Entities received from the sale or other disposition of certain vehicles that it had purchased using money borrowed from Chrysler Financial under Exhibit J.

**RESPONSE NO. 42.** Subject to the general objections, Defendant further objects to this request as vague in failing to define "approximately." Defendant further objects to this Request because the information regarding what Plaintiff was owed under the lending agreements with Plaintiff is not information under the control of Defendant. Defendant further objects to responding to this Request until the Court rules on Defendant's Motion to Stay this action and for a protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 43**: Admit that Hecker owes to Chrysler Financial the proceeds due to Chrysler Financial that Rosedale Dodge received from the sale or other disposition of certain vehicles that it had purchased using money borrowed from Chrysler Financial under Exhibit J, but that Rosedale Dodge did not pay to Chrysler Financial.

**RESPONSE NO. 43.** Subject to the general objections, Defendant further objects to this request as vague in failing to define "owes." Defendant further objects to responding to this Request until the Court rules on Defendant's Motion to Stay this action and for a protective order under Rule 7026, incorporating Fed. R. Civ. P. 26 (c), currently pending for hearing on October 7, 2009.

**REQUEST NO. 44**. Admit that approximately $13,800,000 is the unrepaid portion of the amount that Chrysler Financial loaned for the purchase of Hyundai vehicles pursuant to a November 2007 letter agreement with Hyundai.

**RESPONSE NO. 44.** Subject to the general objections, Defendant further objects to this request as vague in failing to define "owes." Defendant further objects to responding to this Request until the Court rules on Defendant's Motion to Stay

this action and for a protective order under Rule 7026, incorporating Fed. R. Civ.

P. 26 (c), currently pending for hearing on October 7, 2009.

AS TO OBJECTIONS TO INTERROGATORIES, RESPONSES TO THE REQUESTS FOR PRODUCTION OF DOCUMENTS AND RESPONSES TO REQUESTS FOR ADMISSIONS:

MOHRMAN & KAARDAL, P.A.

DATED: September 28, 2009

William F. Mohrman Bar No. 168816
Erick G. Kaardal, Bar No. 229647
33 South Sixth Street, Suite 4100
Minneapolis, MN 55402
(612) 341-1074
ATTORNEYS FOR DEFENDANT DENNIS E. HECKER


500 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MN 55402-3796
MAIN: 612.632.3000
FAX: 612.632.4444

NICHOLAS N. NIERENGARTEN
ATTORNEY
DIRECT DIAL: 612.632.3040
DIRECT FAX: 612.632.4040
NICHOLAS.NIERENGARTEN@GPMLAW.COM

November 6, 2009

*VIA* UNITED STATES MAIL AND EMAIL

William R. Skolnick, Esq.
Skolnick & Shiff, PA
527 Marquette Avenue South, Suite 2100
Minneapolis, MN 55402

Re:     *In Re: Dennis E. Hecker, Debtor,* U.S. Bankruptcy Case No. 09-50779
        *Chrysler Financial Services Americas LLC v. Dennis E. Hecker,* Adv. Pro. No. 09-05019

Dear Mr. Skolnick:

This is a follow-up to our discussions regarding Mr. Hecker's failure to respond to Chrysler Financial's interrogatories, document requests and requests for admission, which were served on August 28, 2009. The responses were due no later than September 28, 2009. Instead of providing substantive answers and responsive documents, Mr. Hecker objected to all of Chrysler Financial's discovery and refused to produce any documents on the grounds that his stay motion was pending.

As you know, Judge Kressel denied Hecker's stay motions as to Chrysler Financial and others on October 21, 2009. When we discussed Hecker's continued failure to properly respond to Chrysler Financial's discovery on October 23, 2009 you acknowledged that in light of the Court's ruling, Mr. Hecker needed to provide real responses. Although Chrysler Financial proposed that the responses be provided by October 30, 2009, you requested and committed to get back to us by November 2, 2009. To date, Mr. Hecker still has not provided any substantive responses to Chrysler Financial's discovery or produced any documents. Chrysler Financial therefore requests a discovery conference to be held within the next five days.

We propose to call you to discuss this matter further at 2:30 p.m. on November 10, 2009. If this time and date does not work for you, please advise as to times and dates within the next five days when you are available. Alternatively, if Mr. Hecker intends to stand on his objections, please advise and we will consider the meet and confer process completed.

Very truly yours,

GRAY, PLANT, MOOTY,
    MOOTY & BENNETT, P.A.

Nicholas N. Nierengarten

NNN/pep/GP:2671904v1

## EXHIBIT 18

William R. Skolnick, Esq.
November 6, 2009
Page 2


c:      Howard J. Roin, Esq. (*via* email)

# SKOLNICK & SHIFF, P.A.
### Attorneys at Law
### 2100 Rand Tower
### 527 Marquette Avenue South
### Minneapolis, Minnesota 55402
### (612) 677-7600

### TELECOPY
### (612) 677-7601

| DATE: | November 9, 2009 | Telecopy Number: | (612) 332-2740 |
|---|---|---|---|
| **TO:** | Matt Burton | **Main number of receiving firm:** | (612) 332-1030 |
| **FROM:** | William R. Skolnick | | |

**Number of pages including cover sheet:**    3

### MESSAGE:

Please find attached Correspondence.

This telecopy is intended only for the use of the addressee. If the addressee of this telecopy is a client or agent for one of our clients, you are further advised that the telecopy contains legally privileged and confidential information which we intended to send to the addressee only.

In any event, if you are not the intended recipient of the telecopy, you are hereby notified that you have received this telecopy inadvertently and in error. Any review, dissemination, distribution or copying of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original telecopy to us at the address above via the United States Postal Service. We will reimburse any costs you incur in notifying us and in returning the telecopy to us.

**Please call (612) 677-7600 if you do not receive all pages.**

### TELECOPY - INTEROFFICE USE

| Client/Matter No.: | Hecker |
|---|---|
| **Attorney:** | William R. Skolnick, Esq. |

**EXHIBIT 19**

# SKOLNICK & SHIFF, P.A.
### ATTORNEYS AT LAW
2100 RAND TOWER
527 MARQUETTE AVENUE SOUTH
MINNEAPOLIS, MINNESOTA 55402-1308
(612) 677-7600 TEL. (612) 677-7601 FAX
E-MAIL skolnicklaw@visi.com

WILLIAM R. SKOLNICK
ROLIN L. CARGILL III
SEAN A. SHIFF
AMY D. JOYCE*
JESSICA Z. SAVRAN
*ALSO LICENSED IN ILLINOIS

OF COUNSEL:
LUANN M. PETRICKA

November 9, 2009

**Via Fax Only**

Matthew Burton, Esq.
**Leonard, O'Brien**
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402-1216

Re:    <u>Dennis E. Hecker</u>
       **Case File No. 09-CV-50779**

Dear Counsel:

I advised you over two weeks ago that a former employee, Cindy Bowser stole electronically stored information ("ESI") from Mr. Dennis Hecker and related entities. She provided the stolen ESI to Chrysler's lawyers containing privileged communications, including but not limited to Attorney Client communications. Despite Chrysler's knowledge that it had privileged communications, they nonetheless provided copies to others. You have confirmed that you received a copy of these materials from Chrysler's lawyers. I am enclosing a September 18, 2009 letter sent by my predecessor Mr. Mohrman demanding the return of the disc and advising that there were indeed privileged communications contained on the disc.

Please be advised that Chrysler's possession of this information and/or review is illegal and unethical. The same applies to you. Please provide an affidavit that neither the Trustee nor anyone in your firm has reviewed any materials on the disc. You are not allowed to review the disc and must return it immediately. There are indeed privileged communications on the disc, including material relating to adversary proceedings you have commenced and are pursuing.

Yours truly,

SKOLNICK & SHIFF, P.A.

William R. Skolnick

WRS:zmp

$File$

# MOHRMAN & KAARDAL, P.A.

ATTORNEYS AND COUNSELORS AT LAW

33 SOUTH SIXTH STREET
SUITE 4100
MINNEAPOLIS, MINNESOTA 55402

WILLIAM F. MOHRMAN

TELEPHONE: 612/341-1074
FACSIMILE: 612/341-1076
WRITER'S E-MAIL: MOHRMAN@MKLAW.COM

September 18, 2009

Via E-Mail

Nicholas Neirergarten
Stephen F. Grinnell
Gray, Plant, Mooty & Bennet, P.A
80 South Sixth Street, 500 IDS Center
Minneapolis, Minnesota 55402

Re:    **Chrysler Financial Services Americas LLC v. Dennis E. Hecker**
       **Adversary Proceeding No. 09-05019**

Dear Mr. Neirengarten:

This letter confirms my demand to you that return to my office the disk your firm obtained from Ms. Bowser along with all documents printed from the disk because Ms. Bowser admitted that all documents on the disk were illegally taken from the Hecker entities and that the disk contains attorney client privileged materials. Under the ethics rules, you are prohibited from reviewing such documents until a privilege review can be conducted.

Very truly yours,

William F. Mohrman

WFM/mg
Cc:    Client (w/enc)(via mail)

# SKOLNICK & SHIFF, P.A.
## Attorneys at Law
## 2100 Rand Tower
## 527 Marquette Avenue South
## Minneapolis, Minnesota 55402
## (612) 677-7600

### TELECOPY
### (612) 677-7601

| | |
|---|---|
| **DATE:** November 9, 2009 | Telecopy Number: (952) 995-9577 |
| **TO:** Seth Leventhal | Main number of receiving firm: (952) 995-9500 |
| **FROM:** William R. Skolnick, Esq | |
| **Number of pages including cover sheet:** 3 | |

**MESSAGE:**

See attached Correspondence.

This telecopy is intended only for the use of the addressee. If the addressee of this telecopy is a client or agent for one of our clients, you are further advised that the telecopy contains legally privileged and confidential information which we intended to send to the addressee only.

In any event, if you are not the intended recipient of the telecopy, you are hereby notified that you have received this telecopy inadvertently and in error. Any review, dissemination, distribution or copying of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original telecopy to us at the address above via the United States Postal Service. We will reimburse any costs you incur in notifying us and in returning the telecopy to us.

**Please call (612) 677-7600 if you do not receive all pages.**

### TELECOPY - INTEROFFICE USE

| | |
|---|---|
| Client/Matter No.: | Hecker-Hyundai Adversary Proceeding |
| Attorney: | William R. Skolnick, Esq. |

**EXHIBIT 20**

# SKOLNICK & SHIFF, P.A.

**ATTORNEYS AT LAW**
2100 RAND TOWER
527 MARQUETTE AVENUE SOUTH
MINNEAPOLIS, MINNESOTA 55402-1308
(612) 677-7600 TEL.  (612) 677-7601 FAX
E-MAIL skolnicklaw@visi.com

WILLIAM R. SKOLNICK
ROLIN L. CARGILL III
SEAN A. SHIFF
AMY D. JOYCE*
JESSICA Z. SAVRAN
*ALSO LICENSED IN ILLINOIS

OF COUNSEL:
LUANN M. PETRICKA

November 9, 2009

**Via Fax Only**

Seth Leventhal, Esq.
**Fafinski, Mark & Johnson, P.A.**
775 Prairie Center Drive, Suite 400
Eden Prairie, MN  55344

Re:  <u>Hyundai Capital vs Dennis E. Hecker</u>
        **Case File No. 09-CV-50779, Adv Pro No. 09-05041**

Dear Mr. Leventhal:

You are hereby advised that a former employee, Cindy Bowser stole electronically stored information ("ESI") from Mr. Dennis Hecker and related entities. She provided the stolen ESI to Chrysler's lawyers containing privileged communications, including but not limited to Attorney Client communications. Despite Chrysler's knowledge of the privileged communications, they nonetheless provided copies to others. Please confirm immediately if you received a copy of these materials from Chrysler's lawyers. I am enclosing a September 18, 2009 letter sent by my predecessor Mr. Mohrman demanding the return of the disc and advising that there were indeed privileged communications contained on the disc.

Since you did not serve a subpoena, I assume any documents (including ESI) you received from Chrysler's attorneys was voluntarily provided. I know that you provided documents to Chrysler's lawyers pursuant to subpoena. Please be advised that Chrysler's possession of this information and/or review is illegal and unethical. The same applies to you. If you have a copy of the Bowser disc, you are not allowed to review the disc and must return it immediately.

Yours truly,

SKOLNICK & SHIFF, P.A.

William R. Skolnick

WRS:zmp

# MOHRMAN & KAARDAL, P.A.

ATTORNEYS AND COUNSELORS AT LAW

33 SOUTH SIXTH STREET
SUITE 4100
MINNEAPOLIS, MINNESOTA 55402

WILLIAM F. MOHRMAN

TELEPHONE: 612/341-1074
FACSIMILE: 612/341-1076
WRITER'S E-MAIL: MOHRMAN@MKLAW.COM

September 18, 2009

Via E-Mail

Nicholas Neirergarten
Stephen F. Grinnell
Gray, Plant, Mooty & Bennet, P.A
80 South Sixth Street, 500 IDS Center
Minneapolis, Minnesota 55402

Re:    **Chrysler Financial Services Americas LLC v. Dennis E. Hecker**
       **Adversary Proceeding No. 09-05019**

Dear Mr. Neirengarten:

This letter confirms my demand to you that return to my office the disk your firm obtained from Ms. Bowser along with all documents printed from the disk because Ms. Bowser admitted that all documents on the disk were illegally taken from the Hecker entities and that the disk contains attorney client privileged materials. Under the ethics rules, you are prohibited from reviewing such documents until a privilege review can be conducted.

Very truly yours,

William F. Mohrman

WFM/mg
Cc:    Client (w/enc)(via mail)

STATE OF MINNESOTA

COUNTY OF HENNEPIN

FILED
FAMILY COURT DIV.

2009 NOV -6 AM 11: 02

HENNEPIN DISTRICT
COURT ADMINISTRATION

DISTRICT COURT

FOURTH JUDICIAL DISTRICT
FAMILY COURT DIVISION

In re the Marriage of:

Tamitha Dawn Hecker,

      Petitioner,

      and

Dennis Earl Hecker,

      Respondent.

**ORDER**
Court File No. 27-FA-08-2731

1. This matter was before the Court on October 12, 2009, on Ms. Hecker's motion for temporary spousal maintenance. At the hearing, Mr. Hecker indicated that he would provide full disclosure of his financial circumstances to the Court by October 26, 2009. On October 22, 2009, the Court issued an Order (the "October 22 Order") setting forth exactly what information and documentation the Court expected from Mr. Hecker. In the October 22 Order the Court stressed "it is expecting a full and complete disclosure of Mr. Hecker's financial situation since the filing of the bankruptcy." In order to allow the Court to make an informed judgment about Ms. Hecker's request for maintenance, the Court needed a clear picture of what money Mr. Hecker had, what Mr. Hecker has, and what Mr. Hecker has spent his money on.

2. Prior to October 26, 2009, the Court received a fully executed stipulation from the parties requesting that Mr. Hecker's disclosures and Ms. Hecker's memorandum of law concerning the validity of the parties' April 2003 post-nuptial agreement could instead be due to the Court on November 2, 2009. The Court signed and entered an order providing for this one-week extension, with the idea that an additional week would enable Mr. Hecker to better comply with the Court's expectations. On November 2, 2009, the Court received Mr. Hecker's response to the Court's October 22 Order and Ms. Hecker's memorandum of law.

*Mr. Hecker's Failure to Provide Complete Disclosure*

3. In the October 22 Order, the Court expressed its concern that there seemed to be more to Mr. Hecker's financial resources than met the eye, highlighting the importance of full disclosure. As the Court stated:

1

**EXHIBIT 21**

The Bankruptcy Trustee in the bankruptcy case, as well as Ms. Hecker in this case, have provided evidence which suggests that Mr. Hecker has had (and may continue to have) access to financial resources far beyond what one would legitimately expect from a penniless, unemployed person under siege by creditors and prosecutors. On its face, it seems incongruous that Mr. Hecker can claim that he is broke and unable to pay any maintenance, while at the same time apparently suggesting in an August 26, 2009, email that he could pay $200,000 down on a 2.4 million dollar home located in the Kenwood neighborhood of Minneapolis, MN.

4. To help satisfy the Court that it had ample information about Mr. Hecker's situation, the Court required Mr. Hecker to provide information establishing "his complete financial situation from the date of the filing of his bankruptcy to the present." It should not come as a surprise to Mr. Hecker that the Court expected information revealing three basic measures of his ability to pay maintenance: How much money he has received, how much he currently has, and what he spent his money on.

5. With respect to the first component identified above (how much he has received), Mr. Hecker's response appears adequate: He reveals that he has received roughly $230,000 following his personal bankruptcy filing in June of this year. It is probably an understatement to say that $230,000 is not an insignificant amount for one who claims to be unable to pay any maintenance.

6. The $230,000 does not include an additional $125,155.74 Mr. Hecker apparently received by cashing in a to-date undisclosed 401(k). At first blush, it seems likely that most (if not all) of a 401(k) present during a 15+ year marriage is a marital asset, and one that is not Mr. Hecker's to spend as he chooses. Mr. Hecker has provided nothing that would suggest that the 401(k) is not a marital asset, or that it is somehow exempt from the application of Minnesota Statute Section 518.091, which prohibits dissipation of marital assets during the pendency of a divorce. This issue will be dealt with in greater detail below.

7. With respect to the second component identified above (how much he currently has), Mr. Hecker made no response. In discovery documents provided by Mr. Hecker to the Court, the only information that the Court could locate that provided *any* indication of money that Mr. Hecker currently has on hand is a September 30, 2009 bank statement from New Dimensions, Inc. (apparently funded by the 401(k) liquidation) reflecting a balance of $89,464.57.

8. Mr. Hecker's response with respect to the third element identified above (what he has spent his money on) is better that nonexistent, but not by much. In its October 22 Order, the Court required Mr. Hecker to provide "documentation of all expenses of $100 or more." Despite what seems to be an unequivocal requirement, Mr. Hecker's response falls woefully short.

2

9. For starters, Mr. Hecker completely ignores his obligation to comply with that requirement in his formal response: he identifies that requirement, but fails to provide any response. Though there is an inkling in the bank statements and checks he provided in discovery, they are hardly complete, and decidedly do not support the position he wants the Court to adopt.

10. The Court has not completed an exhaustive analysis of the documents (that is what the Court expected to be Mr. Hecker's responsibility), but the following entries relating to checks, expenses and wire transfers lead the Court to have concerns about Mr. Hecker's credibility with respect to financial matters:

**Checks of concern**

| | | |
|---|---|---|
| $2200 | 7/3/09 | Cash |
| $5000 | 7/6/09 | Cash |
| $4000 | 7/24/09 | Denny Hecker |
| $3000 | 8/6/09 | Denny Hecker |
| $5800 | 8/21/09 | Denny Hecker |
| $3500 | 9/2/09 | Denny Hecker |
| $2000 | 9/4/09 | Cash |
| $3500 | 9/14/09 | Denny Hecker |
| $3500 | 9/25/09 | Denny Hecker |

In all, Mr. Hecker apparently paid himself, or had access to, about $32,500 in less than three months. There is no documentation of what that money was used for.

**Expenses of concern**

| | | |
|---|---|---|
| $2,078.49 | 8/24/09 | "Scoop" in Las Vegas |
| $5,000 | 8/26/09 | Mirage Hotel and Casino |
| $6,500 | 9/6/09 | Northstar Aviation Insurance |
| $1,547.13 | 9/25/09 | Lafayette Club |
| $960.11 | 9/30/09 | Wayzata Country Club |

Given the claims Mr. Hecker is making about his financial situation and his inability to pay maintenance, these expenses are certainly questionable. Whether he likes it or not, the law places a higher obligation on Mr. Hecker to support his soon-to-be ex-wife than the Mirage Hotel and Casino.

**Wire transfers of concern**

| | |
|---|---|
| $30,000 | 6/30/09 |
| $25,000 | 7/1/09 |
| $5,000 | 7/10/09 |
| $10,000 | 7/10/09 |
| $10,000 | 7/17/09 |
| $7,500 | 7/20/09 |
| $12,000 | 8/14/09 |
| $10,000 | 9/1/09 |
| $5,000 | 9/21/09 |
| $15,000 | 9/22/09 |

3

$12,500        9/28/09

In all, Mr. Hecker appears to have wire-transferred $142,000 out of his accounts without any documentation for the purpose of those transfers. Though some of those transfers may have been within accounts, Mr. Hecker raises far more questions than he provides answers. It is his responsibility to provide answers. His failure to explain or establish the legitimacy of the transfers provides a basis for construing them against him.[1]

11. Mr. Hecker's failure to provide adequate information about his complete financial picture casts doubt on the credibility of his earlier assertion that he is unemployed and cannot afford to pay Ms. Hecker temporary spousal maintenance. In addition, some of the transactions may involve improper dissipation of assets. To attempt to develop an adequate record upon which to make an informed decision, the Court will give Mr. Hecker one more chance to comply. Mr. Hecker must provide information (sworn to under oath) that details his complete current and recent financial situation. That information must be submitted to the Court, and Ms. Hecker, no later than Friday, November 13, 2009 at 4:30 p.m. Failure to fully comply will result in sanctions the Court deems appropriate.

### Mr. Hecker's Termination of the 401(k) Plan

12. In Mr. Hecker's November 2, 2009 response to the Court's October 22 Order, he disclosed the receipt of $125,155.74 from a 401(k) Plan (the "401(k) Plan") termination.

13. On November 4, 2009, the Court received a letter from Ms. Hecker's attorney indicating that she had no knowledge of the 401(k) plan or of Mr. Hecker's liquidation of the 401(k). Because of the conditions set forth in Minnesota Statutes Section 518.091, subd. 1, she requested a telephone hearing with the Court to address her concerns in this matter. Specifically, Ms. Hecker indicates that she anticipates asking the Court for an order providing the following:

   a. An Order directing Mr. Hecker to immediately provide Ms. Hecker with all copies of all documents concerning the 401(k) plan termination, the liquidation of funds, and documentation confirming the gross amount and the net amount received by Mr. Hecker;

   b. An Order directing the production of deposit records confirming where and when all liquidated funds were deposited, an accounting of all expenditures made from the account(s) into which the proceeds were deposited, and an explanation, with verification, of all other funds deposited in such account(s) subsequent to the deposit of the 401(k) funds; and

   c. In the event that any of the 401(k) funds remain, an Order escrowing the remaining funds, which represent a marital asset.

---

[1] "Failure to disclose financial information justifies an inference adverse to the party who conceals or evades." *Solon v. Solon*, 255 NW2d 395, 396 (Minn. 1977).

4

14. The Court had similar concerns when it reviewed Mr. Hecker's submissions, and had intended to act on its own initiative. In any event, the Court recognizes Ms. Hecker's concerns and finds it appropriate that Mr. Hecker should provide complete information about the liquidation of the 401(k) Plan, the gross and net amount of the liquidation, the disposition of the amounts, and the status of any remaining amount. To the extent that any funds remain, those funds shall be immediately transferred to Ms. Hecker's attorney, who shall place those funds in escrow pending further order of the Court.

### IT IS ORDERED:

1. Mr. Hecker must provide information (sworn to under oath) that details his complete current and recent financial situation. That information must be submitted to the Court, and Ms. Hecker's attorney, no later than Friday, November 13, 2009 at 4:30 p.m. **Failure to fully comply will result in sanctions the Court deems appropriate.**

2. Mr. Hecker shall submit the following information and documentation concerning his termination of the 401(k) Plan:

   a. All documents concerning the 401(k) plan termination, the liquidation of funds, and documentation confirming the gross amount and the net amount received by Mr. Hecker.

   b. All deposit records confirming where and when all liquidated funds were deposited, an accounting of all expenditures made from the account(s) into which the proceeds were deposited, and an explanation, with verification, of all other funds deposited in such account(s) subsequent to the deposit of the 401(k) funds.

   c. To the extent that any funds remain, those funds shall be immediately transferred to Ms. Hecker's attorney, who shall place those funds in escrow pending further order of the Court.

   This information shall be submitted to the Court and Ms. Hecker's attorney by **November 13, 2009 at 4:30 p.m.**

3. Following receipt of the above, the Court will determine what, if any, future proceedings are necessary to address this issue.

Dated: November 6, 2009

BY THE COURT:

Jay M. Quam
Judge of District Court

5