UNITES STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**DENNIS E. HECKER**  Case No. 09-50779-RJK

Debtor.  Chapter 7

---

**CHRYSLER FINANCIAL
SERVICES AMERICAS LLC,**

ADV Pro. No. 09-05019

Plaintiff,

vs.

**DENNIS E. HECKER**

Defendant.

---

### HECKER'S RESPONSIVE MEMORANDUM OF LAW
### IN OPPOSITION TO PLAINTIFF'S MOTION TO ESTABLISH PROTOCOL
### TO REVIEW STOLEN EMAILS

---

### INTRODUCTION

Hecker opposes Plaintiff's responsive motion to its pending Motion to Disqualify Counsel for its improper handling of the subject stolen emails. Chrysler Financial Services, LLC, (hereinafter "Chrysler") and its attorneys possess stolen email communications and documents that are subject to Mr. Hecker's attorney-client privilege. These facts are undisputed. After the fact (after violating the ethical rules of professional responsibility), Chrysler now attempts to sanitize its improper conduct by recommending a protocol for reviewing the stolen email communications it outright refused to return to Mr. Hecker's attorney. The stolen email communications and documents should have been returned to Mr. Hecker immediately upon

1

demand. Instead, Chrysler and its "litigation team" have improperly held onto these communications, and Chrysler's authorized agents have actually reviewed a number of these communications, thereby disqualifying Chrysler's present attorneys from continuing with their representation of Chrysler under the circumstances.

As pointed out by Mr. Hecker in responding to Plaintiff's motion to quash, Chrysler has misled this Court and Defense counsel by stating to the Court in Declarations that the Cindy Bowser emails were first obtained in September of 2009 in response to a subpoena that it served. However, it has been conclusively established that Chrysler's attorneys and investigators actually obtained stolen emails from Cindy Bowser in July of 2009. It has also been established that Mr. Bauer (one of Chrysler's investigators) did indeed review the emails Cindy Bowser provided.

The Court should not condone Chrysler's attorney's ethical violations of the Professional Code of Professional Responsibility by agreeing to establish a "protocol" as requested. The damage has already occurred to Mr. Hecker as a direct result of Chrysler's conduct by improperly handling these communications in the first instance. Privileged communications cannot be "unlearned" and Chrysler's attorneys through their authorized agents have already violated Mr. Hecker's attorney-client privilege. To recommend a protocol after the fact is the equivalent of asking this Court to close the barn doors after the horses have escaped..

The proper procedure was to require that Chrysler immediately return the stolen communications and any and all copies it made of the same, provide under oath who the stolen communications were provided to and when, and allow Mr. Hecker and his attorneys to review the several thousand email communications and attachments for purposes of preparing a privilege log. This process has already begun; however, Mr. Hecker and his attorneys are forced to rely on the reproductions of these communications that were provided on disc. There exist no

assurances that the actual documents and reproductions of them are not floating around.

## RELEVANT MATERIAL FACTS

Mr. Hecker incorporates by reference those relevant and material facts set forth in his Memorandum of Law in Support of Motion to Disqualify Counsel and his Memorandum of Law in Opposition to a Protective Order.

Chrysler's underlying facts in support of its motion for a protocol are contradicted by those facts disclosed in Mr. Hecker's pending the motion to disqualify. For example, Mr. Hecker has not refused to undertake a review of the documents for privilege. Instead, Hecker is insisting on the return of this information so that privileged communications can actually be protected from disclosure to third parties including, but not limited to, Chrysler.

It is disingenuous for Chrysler to expect the Court to believe that it has not reviewed or examined the communications when its own investigators have undeniably reviewed them. Chrysler cannot have it both ways. When confronted with the knowledge of its investigators, Chrysler raced to Court to obtain a protective order claiming them to be part of the "litigation team" to avoid having them deposed. Yet, Chrysler has taken the position in the pending motion that it has not reviewed any of these emails, which contradicts its "litigation team" argument in support of its motion for a protective order. To represent to this Court that the emails have been "sequestered" is an outright falsehood. Otherwise, Chrysler's investigators would not have actually read any of these communications.

Chrysler also misleads the Court as to when Mr. Hecker's counsel first became aware of the Bowser stolen emails. It was during Ms. Bowser's deposition that then-counsel realized that contained within subpoenaed items was a disc containing communications that Ms. Bowser was allegedly copied on. Mr. Hecker timely asserted his attorney-client privilege to Chrysler's

attorneys who proceeded to demand that Mr. Hecker provide them with a privilege log (while at the same time retaining the documents in their entirety).

Chrysler complains about the time it has taken Mr. Hecker and his attorneys to review the stolen emails. While Mr. Hecker's attorneys are working diligently to cull out the privileged emails, the sheer number of communications makes it a lengthy task. More importantly, Chrysler could have avoided this time lag had it timely provided the communications to Mr. Hecker back in July 2009 when its investigators first began their review. In it's over zealous attempts to pursue Mr. Hecker, Plaintiff has engaged in clandestine activity through its private investigators which has blatantly violated Mr. Hecker's rights to protect his attorney client communications. Since these investigators are part of Chrysler's "litigation team" Chrysler by its own admissions is directly responsible for this improper conduct.

## **LEGAL ARUGMENT**

As Chrysler is forced to acknowledge: "[u]nder the plain language of Fed.R.Civ.P. 26(b)(1), a party ' may obtain discovery regarding any <u>nonprivileged matter</u> this is relevant to any party's claim or defense.'" <u>See</u> pg. 9 of Chrysler's Memo (emphasis added). Here the Defendant is seeking the return of privileged material, not "nonprivileged matter." Mr. Hecker is clearly within his legal rights to demand that the materials be returned so that he can ascertain which of the several hundred thousand emails contained privileged communications. <u>See</u> Fed.R.Civ.P. 26(b)(5)(B).

Plaintiff fails to set forth any legal authority in support of its proposed protocol. Clearly, Plaintiff should not and cannot be part of any process wherein the communications are reviewed for privilege. More importantly, Plaintiff's current attorneys are so intricately intertwined with its investigators, as evidenced by its moving papers to quash their depositions, that they cannot

4

continue to represent Chrysler under the circumstances. "Confidences imputed to an attorney are presumed shared among his partners and employees associated with him at that time. Therefore, the liability for disqualification extends to the attorney's partners and employees, including employee lawyers." In the Matter of Davenport Communications Limited Partnership, 109 B.R.362, 366 (Bankr. S.D. Iowa, 1990)(internal citations omitted). Thus, the knowledge Chrysler's investigator gleaned from reviewing the privileged emails is imputed to the rest of Chrysler's "litigation team," and they should be disqualified. The gravity of the claims against Mr. Hecker are highlighted in Plaintiff's background portion of its memorandum wherein it asserts entitlement to $83,000,000.00, thereby mandating that the judicial process is not tainted or impugned by the mishandling of privileged communications and appearance of impropriety.

The legal arguments set forth by Hecker's Memorandum of Law in Support of Motion to Disqualify Counsel, which was filed prior to the instant motion, makes the pending motion of Plaintiff moot.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion for an order to establish the suggested protocol should be denied. The Court, <u>not Plaintiff</u> determines what protocol is appropriate. To allow Plaintiff to dictate the procedure for determining which documents are privileged and which are not is entirely contrary to the established law for the handling of improperly obtained communications containing privileged documents. Mr. Hecker has an absolute right to insist that his right to assert the attorney-client privilege is not violated and to assert his legal rights once they have been violated. No proposed protocol can undo what has already transpired.

Respectfully Submitted,

Dated: November 19, 2009     **SKOLNICK & SHIFF, P.A.**

   /e/ William R. Skolnick_____
William R. Skolnick #137182
LuAnn M. Petricka #18505X
527 Marquette Avenue South, #2100
Minneapolis, MN 55402
(612) 677-7600
wskolnick@skolnick-shiff.com
petricka@visi.com

ATTORNEYS FOR DENNIS E. HECKER