# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

DENNIS E. HECKER,                                Case No. 09-50779-RJK

                Debtor.                                Chapter 7

---

CHRYSLER FINANCIAL SERVICES
AMERICAS LLC,

                Plaintiff,

vs.                                Adversary Proceeding No.: 09-05019

DENNIS E. HECKER,

                Defendant.

and

HYUNDAI CAPITAL AMERICA,

                Plaintiff,

vs.                                Adversary Proceeding No. 09-05041

DENNIS E. HECKER,

                Defendant.

---

**NOTICE OF HEARING AND MOTION OF CINDY BOWSER FOR AN ORDER GRANTING EXPEDITED RELIEF TO QUASH SUBPOENAS AND GRANT A PROTECTIVE ORDER PREVENTING DEFENDANT FROM TAKING HER DEPOSITIONS**

---

TO:   Defendant and his counsel, William R. Skolnick, Skolnick & Shiff, 2100 Rand Tower, 527 Marquette Ave South, Minneapolis, MN 55402; Plaintiff Chrysler Financial Services Americas LLC and its counsel, Nicholas N. Nierengarten and Stephen F. Grinnell, Gray, Plant, Mooty, Mooty & Bennett, P.A., 500 IDS Center, 80 South 8th Street, Minneapolis, MN 55402; and Plaintiff Hyundai Capital America and its counsel, Connie A. Lahn, David E. Runck, and Seth Leventhal, Fafinski Mark & Johnson, P.A, 775 Prairie Center Dr., Suite 400, Eden Prairie, MN 55344.

1.  Witness Cindy Bowser, by and through her undersigned counsel, moves the Court for the relief requested below and gives notice of hearing.

2.  The Court will hold a hearing on this Motion at 10:30 a.m. on November 25, 2009, before the Honorable Robert J. Kressel in Courtroom 8 West, 300 South Fourth Street, Minneapolis, Minnesota.

3.  Local Rule 9006-1 (b) provides deadlines for response to this Motion. However, given the expedited nature of the relief sought, the movant does not object to written responses being served and filed prior to the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this Chapter 7 case was filed on June 4, 2009. The case is now pending in this Court.

5. This Motion arises under Fed.R.Bankr.P. 7026 and Fed.R.Civ.P. 26, and Fed.R.Bankr.P. 7030 and Fed.R.Civ.P. 30. This Motion is filed under Fed.R.Bankr.P.

7007, 7026, 7030, and Local Rules 7007-1, 7037-1 and 9013-1-2.

6. Cindy Bowser moves the Court for an Order granting an expedited hearing, an order quashing the subpoenas requiring Ms. Bowser to appear for depositions in the above-captioned adversary proceedings, and a protective order prohibiting Defendant Dennis E. Hecker from taking further depositions of Ms. Bowser and such other and further relief that the Court deems appropriate. Motion is based on the facts and law set forth in Ms. Bowser's accompanying Memorandum, supporting Declarations of Ms. Bowser and counsel, and the Memorandum and Affidavits submitted by Plaintiff Chrysler Financial in support of its motion for a protective order which Ms. Bowser also joins.

7. As more fully discussed in the Memorandum, Ms. Bowser submits that Defendant Hecker's attempt to take two additional depositions is precluded by Fed.R.Bankr.P. 7030 and Fed.R.Civ.P. 30(d)(1) because Defendant has already spent a full day of seven hours taking Ms. Bowser's deposition in these proceedings. Ms. Bowser further contends that the depositions are precluded by Fed.R.Bankr.P. 7026 and 7030 and Fed.R.Civ.P. 26(c) and 30(d)(3) because Defendant seeks to take Ms. Bowser's deposition in bad faith, for the purpose of oppressing and otherwise burdening her, and for purposes unrelated to these proceedings. Ms. Bowser finally asserts her right to be protected from further questioning pursuant to her Rights under the Fifth Amendment to the United States Constitution on the grounds that Defendant and his counsel have stated their intention to attempt to hold her criminally liable for her actions.

8. Ms. Bowser attempted in good faith to confer with counsel for Defendant in an effort to resolve this dispute without court action.

9. Expedited relief is necessary because Defendant has subpoenaed Ms. Bowser to appear for depositions on November 23 and November 25, 2009, respectively. Although Defendant has agreed to postpone the deposition on November 23, 2009, there has notn been such an agreement with respect to the deposition on November 25, 2009. Ms. Bowser therefore needs relief prior to the time of said deposition.

WHEREFORE, Cindy Bowser respectfully requests that this Court grant the Motion and enter an Order granting expedited relief, an order quashing the subpoenas of Ms. Bowser, and a protective order prohibiting Defendant from taking additional depositions of her.

Dated:  November 22, 2009                    LAW OFFICE OF JORDAN S. KUSHNER


                                             By  s/Jordan S. Kushner
                                                 Jordan S. Kushner, ID 219307
                                                 Attorney for Cindy Bowser
                                                 431 South 7th Street, Suite 2446
                                                 Minneapolis, Minnesota  55415
                                                 (612) 288-0545

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

DENNIS E. HECKER,

Case No. 09-50779-RJK

Debtor.

Chapter 7

CHRYSLER FINANCIAL SERVICES
AMERICAS LLC,

Plaintiff,

vs.

Adversary Proceeding No.: 09-05019

DENNIS E. HECKER,

Defendant.

and

HYUNDAI CAPITAL AMERICA,

Plaintiff,

vs.

Adversary Proceeding No. 09-05041

DENNIS E. HECKER,

Defendant.

## MEMORANDUM IN SUPPORT OF MOTION OF CINDY BOWSER FOR AN ORDER GRANTING EXPEDITED RELIEF TO QUASH SUBPOENAS AND GRANT A PROTECTIVE ORDER PREVENTING DEFENDANT FROM TAKING HER DEPOSITIONS

**INTRODUCTION**

Cindy Bowser seeks an order quashing Defendant Denny Hecker's subpoenas of her for two separate depositions where Defendant already spent a full day taking her deposition in the above-captioned proceedings. Defendant has attacked and slandered Ms. Bowser in the press, and now seeks to use the tools of discovery to intimidate and retaliate against her for maintaining and providing evidence of Hecker's fraudulent activities. Ms. Bowser respectfully submits that the re-opening of her deposition violates the applicable Federal Rules of Civil Procedure by exceeding the time limitations permitted for depositions, and by engaging in a bad faith effort to oppress and harass her. Ms. Bowser further has a Fifth Amendment privilege at stake.

**FACTUAL BACKGROUND**

Cindy Bowser worked as an executive assistant to Defendant Dennis Hecker for almost 5 ½ years from December, 2003 until April, 2009. (Deposition of Cindy Bowser at 20, Exhibit 5 to Affidavit of Nicholas Nierengarten submitted with related motion of Plaintiff Chrysler Financial). Plaintiff Chyrsler Financial and Defendant took her deposition in connection with these bankruptcy proceedings on September 16, 2009. (Bowser Depo. at 1). The deposition began at 9:32 a.m. and ended at 5:08 p.m. (Bowser Depo. at 1, 293). Ms. Bowser answered all questions during the deposition with one exception of refusing to provide her social security number. (Bowser Depo., generally and at 98-99). Chrysler's and Hecker's counsel questioned Bowser extensively about

documents that Defendant and his employees agents had apparently fabricated in order to fraudulently obtain financing. (See Bowser Depo. generally and Exhibits). Ms. Bowser explained to Hecker's attorney that she received copies of all Hecker's emails, including incriminating emails, because she was automatically copied on all his emails. (Bowser Depo. at 119, 147). Hecker was also particularly interested in the details of Ms. Bowser's providing federal authorities and a grand jury with information for its criminal investigation of Hecker. (Bowser Depo. at 121-128, 149-157, 244, 261-264, 267-271, 286-291).

The portion of Ms. Bowser's deposition taken specifically by Hecker's attorney amounted to about 203 pages in the transcript. (Bowser Depo. at 89-291). After he finished his more than 200 pages worth of questioning, Hecker's counsel stated, "I'll pass on the witness." (Bowser Depo. at 291). Hecker's attorney did not state or in any way suggest that he had any more questions or needed any more time to complete Bowser's deposition. No one at the deposition had indicated that they were pressed for time.

Hecker subsequently hired a different attorney to represent him in these proceedings. Almost two months after Bowser's deposition, Hecker and his new attorney attacked Ms. Bowser in the press. (Exhibit C to Kushner Declaration.) Hecker called a reporter for the Star Tribune and stated that Bowser had "stolen" his emails. (Id.) Hecker's current attorney accused Ms. Bowser in the Star Tribune of violating two federal criminal statutes. (Id.) The story containing Hecker and his attorney's criminal

accusations against Ms. Bowser was published on November 12, 2009.  (Id.)

On November 16 and 17, 2009, Hecker's counsel executed Notices of Deposition and subpoenas for Ms. Bowser to appear for depositions on November 23 and 25, 2009, respectively.  The subpoena and deposition notice for November 23, 2009 contains the caption for the adversary proceeding brought by Chrysler Financial.  (Bowser Decl., Exhibit A).  The subpoena and deposition notice for November 25, 2009 contains the caption for the adversary proceeding brought by Hyundai Capital. (Bowser Decl., Exhibit B).  Ms. Bowser has no knowledge of Hecker's transactions with Hyundai Capital America. (Bowser Decl., para. 5).  The first time that she ever heard of Hyundai Capital America was when she was served with the Notice of Deposition and Subpoena.  (Id.)

## ARGUMENT

Defendant's attempts to take additional depositions of Ms. Bowser are inappropriate.  Ms. Bowser already sat for her deposition for a full day.  Defendant's counsel was able to ask as many questions as he wanted and had no time limitation. Defendant did not indicate that he was missing any information or documents from Ms. Bowser or regarding Ms. Bowser.  Defendant did not suggest that he had any reason to continue Ms. Bowser's deposition at a later date.  By scheduling two additional depositions, Defendant is seeking second and third bites of the apple with a different attorney.  Neither the rules nor any common sense interpretation of the policies underlying the applicable rules permit a party to exhaustively depose a witness, and then

take new depositions with a different attorney.

### A. Fed.R.Civ.P. 30(d)(1) Time Limitation.

Rule 30(d) of the Federal Rules of Civil Procedure, which is incorporated by Rule 7030 of the Federal Rules of Bankruptcy Procedure, provides that "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Ms. Bowser has had her 1 day deposition of 7 hours. Defendant has obtained neither a stipulation nor a Court order to continue Ms. Bowser's deposition. Defendant acted improperly and in violation of the Rules by subpoenaing Ms. Bowser for two additional depositions. The subpoenas must be quashed. Defendant was warned through a letter from undersigned counsel that he was in violation of the Rules. (Kushner Decl., Exhibit D). Defendant nevertheless refused to withdraw the subpoenas, and therefore should be required to pay attorney fees for the time necessary to obtain an order to quash the subpoenas.

Defendant might assert that one of the subpoenas purports to be issued in connection with the adversary proceeding involving Hyundai Capital, and should therefore be treated as a separate deposition from the one previously taken in the Chrysler Financial proceeding. This argument would be specious in the context of the instant case. Although the applicable court rules do not specifically address whether or not different adversary proceedings in the same bankruptcy case are considered separate cases for purposes determining limitations on witness' depositions, Defendant has no practical

grounds for claiming that there is any different relevant discovery to be obtained from

Ms. Bowser by virtue of Defendant's use of a different case caption.  Defendant was

already able to question Ms. Bowser about all her knowledge of his fraudulent activities.

Ms. Bowser has submitted a sworn statement that she has no specific knowledge

involving Hyundai Capital.  Defendant is merely using a different caption as a tactic to

circumvent the Rules.  Ms. Bowser respectfully requests that the Court preclude this

tactic.

**B.  Defendant Seeks Additional Depositions in Bad Faith.**

Under Fed.R.Civ.P. 30(d)(3) a deposition should be terminated if it is being

conducted "in bad faith or in a manner that unreasonably annoys, embarrasses, or

oppresses the deponent or party."  Rule 26(c)(1) also provides that the Court may, "for

good cause, issue an order to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense."  The sequence of events in the instant case

makes clear that Defendant is seeking to take a second and third deposition of Ms.

Bowser in order to harass and intimidate her from providing information to federal

authorities and victims of Defendant's fraud.  Defendant had a complete chance to

question Ms. Bowser about all information relevant to its bankruptcy proceedings.

Defendant took that opportunity to focus most on the information Ms. Bowser provided to

federal authorities.  After Defendant hired new counsel, Defendant and his counsel

publicly vilified Ms. Bowser in the press, trying to perversely portray her as a thief for

merely keeping information that Hecker had given to her about Hecker's fraudulent activities. Defendant's counsel then subpoenaed Ms. Bowser for two separate deposition, including in the exact same proceeding where her deposition had already been taken and for a related proceeding where Ms. Bowser had no specific involvement.

Defendant has already had ample opportunity to depose Ms. Bowser about any information relevant to these proceedings. His recent efforts to take two more depositions, which closely follow a deliberate attack on Ms. Bowser in the press, are clearly intended to inhibit and interfere with her lawful disclosure of Defendant's improper activities rather than to obtain discovery relevant to these proceedings. The additional depositions should not be permitted.

### C. Fifth Amendment Issues.

Defendant and his counsel have publicly accused Ms. Bowser of stealing and violating federal criminal statutes. Although there is no merit to these accusations, Ms. Bowser has every reason to be concerned and is in fact concerned that Defendant's counsel will use the opportunity of additional depositions to make a case that Ms. Bowser engaged in criminal wrongdoing. Ms. Bowser is entitled to assert her Fifth Amendment privilege against self-incrimination to protect herself against any *possibility* of prosecution. In re Master Key Litigation, 507 F.2d 292, 293-94 (9th Cir. 1974); See also In re Grand Jury Proceedings (Samuelson), 763 F.2d 321, 323-25 (8th Cir. 1985). While the depositions should not be able to proceed pursuant to applicable rules of procedure,

Ms. Bowser further requests a protective order based on her Fifth Amendment Rights.

## CONCLUSION

For the foregoing reasons, Cindy Bowser respectfully requests that the Court grant her motion to quash the subpoenas for her depositions and issue a protective order to prohibit further depositions of her in these proceedings.

Dated:  November 23, 2009                     LAW OFFICE OF JORDAN S. KUSHNER

                                              By  s/Jordan S. Kushner
                                                  Jordan S. Kushner, ID 219307
                                                  Attorney for Cindy Bowser
                                                  431 South 7th Street, Suite 2446
                                                  Minneapolis, Minnesota  55415
                                                  (612) 288-0545

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

DENNIS E. HECKER,                                    Case No. 09-50779-RJK

               Debtor.                                  Chapter 7

CHRYSLER FINANCIAL SERVICES
AMERICAS LLC,

               Plaintiff,

vs.                                                  Adversary Proceeding No.: 09-05019

DENNIS E. HECKER,

               Defendant.

and

HYUNDAI CAPITAL AMERICA,

               Plaintiff,

vs.                                                  Adversary Proceeding No. 09-05041

DENNIS E. HECKER,

               Defendant.

## DECLARATION OF CINDY BOWSER

Your Declarant, Cindy Bowser, deposes and states:

1.     I have been served with two subpoenas for depositions in the above-referenced cases, and

submit this Declaration in support of my motion to quash the subpoenas.

2.      Attached to this Declaration as Exhibit A is a true and accurate copy of the Notice of
Deposition and Subpoena that I received in the proceeding regarding Chrysler Financial
Services.

3.      Attached to this Declaration as Exhibit B is a true and accurate copy of the Notice of
Deposition and Subpoena that I received in the proceeding regarding Hyundai Capital.

4.      I was previously deposed by Debtor Denny Hecker's attorney on September 16, 2009 for
a full day in the proceeding regarding Chrysler Financial. The deposition began at about
9:30 a.m. and did not end until after 5 p.m. I answered all of the numerous questions that
I was asked with one exception where I refused to provide my social security number. I
believe that I provided accurate and complete information about my knowledge of Mr.
Hecker's transactions with Chrysler Financial.

5.      I do not have any knowledge of Mr. Hecker's transactions with Hyundai Capital America.
I do not recall any involvement or receiving any information regarding any business that
Mr. Hecker conducted with this creditor during my employment with Hecker. The first
time that I ever heard of Hyundai Capital America was when I was served with the Notice
of Deposition and Subpoena attached as Exhibit B.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED
STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on this_20th___ day

of November___, 2009                                    Cindy Bowser

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | ) |
| | )     **Bankruptcy Case No: 09-50779-RJK** |
| **DENNIS E. HECKER,** | ) |
| | )                **Chapter 7** |
| Debtor. | ) |
| | ) |
| | ) |
| **CHRYSLER FINANCIAL** | )     **Adversary Proceeding No.: 09-05019** |
| **SERVICES AMERICAS** | ) |
| **LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **DENNIS E. HECKER,** | ) |
| | ) |
| Defendant | ) |
| | ) |

## NOTICE OF TAKING DEPOSITION
## OF CINDY BOWSER

**TO:**    **Plaintiff and its counsel, Gray, Plant, Mooty, Mooty & Bennett, P.A., Nicholas Nierengarten, 500 IDS Center, 80 S. 8th St., Minneapolis, Minnesota 55402 and Mayer Brown LLP, Howard Roin and Stuart Rozen, 71 South Wacker Drive, Chicago, Illinois, 60606.**

PLEASE TAKE NOTICE THAT pursuant to Bankruptcy Rules 7030 and 9016 incorporating Fed.R.Civ.P. 30 and 45 Defendant Dennis E. Hecker will take the deposition of Cindy Bowser by stenographic means, at the offices of Skolnick & Shiff, P.A., 527 Marquette Ave. S. Suite 2100, Minneapolis, MN 55402 on Monday, November 23, 2009 commencing at 10:00 a.m., and thereafter by adjournment until the same shall be completed.

1

**EXHIBIT A**

Dated: November 16, 2009                    SKOLNICK & SHIFF, P.A.


                                            William R. Skolnick  # 137182
                                            2100 Rand Tower
                                            527 Marquette Avenue
                                            Minneapolis, MN 55402
                                            Phone (612) 677-7600
                                            Fax (612) 667-7601

                                            **ATTORNEY FOR DEFENDANT
                                            DENNIS E. HECKER**

**EXHIBIT A**

## UNITES STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

DENNIS E. HECKER

Case No. 09-50779-RJK

Debtor,

Chapter 7

---

CHRYSLER FINANCIAL
SERVICES AMERICAS LLC,

ADV Pro. No. 09-05019

Plaintiff,

vs.

**SUBPOENA IN AN
ADVERSARY PROCEEDING**

DENNIS E. HECKER,

Defendant.

---

To: Cindy Bowser, 13792 43rd Bay, St. Michael, MN 55376.

|   | YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case. | |
|---|---|---|
| **PLACE OF TESTIMONY** | | **ROOM** |
| | | |
| | | **DATE AND TIME** |
| | | |
| X | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
| **PLACE OF DEPOSITION** SKOLNICK & SHIFF, P.A. 2100 Rand Tower 527 Marquette Ave S., Minneapolis, MN 55402-1308 | | **DATE AND TIME** November 23, 2009   10:00 a.m. |
| | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): | |
| | | |
| **PLACE** | | **DATE AND TIME** |
| | | |

**EXHIBIT A**

| YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. |  |
|---|---|
| PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_  Attorney for Defendant | November 16, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
William R. Skolnick, Esq.
2100 Rand Tower 527 Marquette Ave S., Minneapolis, MN 55402-1308
(612)677-7600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | | |
|---|---|---|
|  | DATE | SIGNATURE OF SERVER |
|  |  | ADDRESS OF SERVER |

**EXHIBIT A**

## (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## (d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

UNITES STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**DENNIS E. HECKER**                              Case No. 09-50779-RJK

  Debtor.                                       Chapter 7

---

**HYUNDAI CAPITAL AMERICA,**                      ADV Pro. No. 09-05041

  **Plaintiff,**

vs.

**DENNIS E. HECKER,**

  **Defendants.**

---

## NOTICE OF TAKING DEPOSITION
## OF CINDY BOWSER

**TO: Plaintiff and its counsel, Fafinski, Mark & Johnson, P.A. Seth
Leventhal, Flagship Corporate Center, 775 Prairie Center Drive, Suite
400, Eden Prairie, MN 55344.**

PLEASE TAKE NOTICE THAT pursuant to Bankruptcy Rules 7030 and 9016

incorporating Fed.R.Civ.P. 30 and 45 Defendant Dennis E. Hecker will take the

deposition of Cindy Bowser by stenographic means, at the offices of Skolnick &

Shiff, P.A., 527 Marquette Ave. S. Suite 2100, Minneapolis, MN 55402 on

Wednesday, November 25, 2009 commencing at 1:00 p.m., and thereafter by

adjournment until the same shall be completed.

1

**EXHIBIT B**

Dated: November 17, 2009                    SKOLNICK & SHIFF, P.A.


_[signature]_
_____

**William R. Skolnick  # 137182**
**2100 Rand Tower**
**527 Marquette Avenue**
**Minneapolis, MN 55402**
**Phone (612) 677-7600**
**Fax (612) 667-7601**

**ATTORNEY FOR DEFENDANT**
**DENNIS E. HECKER**

**EXHIBIT B**

## UNITES STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

**DENNIS E. HECKER**                                          Case No. 09-50779-RJK

      Debtor.                                                    Chapter 7

---

**HYUNDAI CAPITAL AMERICA,**                          ADV Pro. No. 09-05041

        Plaintiff,

vs.                                          **SUBPOENA DUCES TECUM IN**
                                             **AN ADVERSARY PROCEEDING**
**DENNIS E. HECKER,**

        Defendants.

---

To: Cindy Bowser, 13792 43rd Bay, St. Michael, MN 55376.

| | YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case. | |
|---|---|---|
| **PLACE OF TESTIMONY** | | **ROOM** |
| | | **DATE AND TIME** |

| | | |
|---|---|---|
| X | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| SKOLNICK & SHIFF, P.A. | |
| 2100 Rand Tower | November 25, 2009    1:00 p.m. |
| 527 Marquette Ave S., Minneapolis, MN 55402-1308 | |

| | | |
|---|---|---|
| X | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): | |

SEE EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|

| | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. |
|---|---|

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

**EXHIBIT B**

Attorney for Defendant

November 17, 2009

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

William R. Skolnick, Esq.
2100 Rand Tower 527 Marquette Ave S., Minneapolis, MN 55402-1308
(612)677-7600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | | |
|---|---|---|
| | DATE | SIGNATURE OF SERVER |
| | | ADDRESS OF SERVER |
| | | |

**EXHIBIT B**

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT B**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

DENNIS E. HECKER,                              Case No. 09-50779-RJK

                Debtor.                              Chapter 7

CHRYSLER FINANCIAL SERVICES
AMERICAS LLC,

                Plaintiff,

vs.                                            Adversary Proceeding No.: 09-05019

DENNIS E. HECKER,

                Defendant.

and

HYUNDAI CAPITAL AMERICA,

                Plaintiff,

vs.                                            Adversary Proceeding No. 09-05041

DENNIS E. HECKER,

                Defendant.

## DECLARATION OF JORDAN S. KUSHNER

    Your Declarant, Jordan S. Kushner, deposes and states:

1.    I represent Cindy Bowser in connection with subpoenas that she received for her

deposition in the above-captioned cases, and submit this Declaration in support of her motion to quash the subpoenas and grant a protective Order, and for attorney fees.

2.  Attached to this Declaration as Exhibit C is a true and accurate copy of an article from the <u>Minneapolis-St. Paul Star Tribune</u> newspaper, "Hecker demands that documents be returned," by De DePass, dated November 12, 2009, which I download from the internet.

3.  Attached to this Declaration as Exhibit D is a true and accurate copy of a letter that I sent to William Skolnick on November 18, 2009, by email, fax and U.S. mail.

4.  I estimated that I will be spending a total of at least 8 hours to research, prepare and litigate this motion. I request attorney fees from Defendant or his counsel in the amount of $2000.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on this  22nd    day

of November    , 2009

 s/Jordan S. Kushner

Jordan S. Kushner

**StarTribune.com** MINNEAPOLIS · ST. PAUL, MINNESOTA

| Home | News ▾ | Local ▾ | Sports ▾ | Lifestyle ▾ | Entertainment ▾ | Opinion ▾ | Multimedia ▾ | Classifieds ▾ | Cars ▾ | Homes ▾ | Jobs ▾ | Shopping ▾ |

Help ▾

Welcome | Log in | Member Center   🔍 Search: All    Manage subscription | Vacation stop

**On the homepage**

Petters says he paid little attention to company after son's death

Missing Farmington pilot's body found in wreckage

Vikings: Plan to extend Dome lease 'a non-starter'

Property of Andover man charged in Ponzi scheme to be auctioned

**Deadly falls**



**Few fall-related deaths are fully investigated**

Home | Business

# Hecker demands that documents be returned

He claims the documents were stolen by a former employee and improperly passed to Chrysler Financial, which says Hecker owes it almost $400 million.

By DEE DePASS, Star Tribune
Last update: November 12, 2009 - 5:44 AM

Former auto mogul Denny Hecker demanded in court this week that Chrysler Financial return thousands of internal documents that Hecker alleges were stolen in 2008 by his former executive assistant, Cindy Bowser, during her employment.

The motion, filed in bankruptcy court late Tuesday, said the electronic documents were obtained improperly, are protected by attorney-client privilege and that Chrysler Financial has no right to them yet refuses to return them.

Hecker attorney Bill Skolnick said Chrysler Financial's lawyers copied the 30,000 e-mails, attachments, spreadsheets, invoices and other electronic data Bowser had secretly copied and then sent it to the U.S. Bankruptcy trustee who is liquidating Hecker's assets.

The motion filed this week requests that the court disqualify Chrysler Financial's attorneys at Gray Plant Mooty Mooty & Bennett "based on their conduct in refusing to return stolen e-mail communications and documents" and failing to protect privileged information. Chrysler Financial received Bowser's electronic documents last month as a result of a subpoena, court documents said.

Chrysler Financial, owed nearly $400 million by Hecker, sued him in July, alleging fraud and forgery over loan documents he submitted to obtain Hyundai vehicles. Hecker has denied wrongdoing. That case is making its way through the courts.

Court documents submitted this week included a September e-mail from Bowser to Chrysler Financial's attorney Nick Nierengarten that said, "I will send along with the courier the file I have on hard copies of the Hyundai agreement."

🖨 Print this story
✉ E-mail this story

▪ Save to del.icio.us
f Share on Facebook
Share on Digg

**infoCenter**
Get more maps + stats

**Minnesota business by the numbers**
See Minnesota's top earning companies, CEOs and non-profits
▪ Star Tribune 100
▪ Executive compensation
▪ Non-profit 100

**Related Content**
▪ **Document:** Hecker's motion for an order disqualification of counsel

**More from Business**
▪ UK's Blair encourages investment in Sierra Leone
▪ World leaders urged to boost road safety
▪ Sony Ericsson closes NC, other sites as HQ moves
▪ Weak home building a drag on economic recovery
▪ MillerCoors donates to Discovery World

**Most Popular**   Most e-mailed | Most viewed

Petters says he paid little attention to company after son's death

Petters takes the stand, apologizes

Ringing up big changes at Supervalu

Maersk Alabama repels 2nd pirate attack with guns

Banks dangle bucks for savers

Consumers are coming back, but Target downplays expectations

Costco nixes Coke products over pricing dispute

Lifestyle Articles by: ARA lifestyle.com



Financial aid available for adults returning to school



Build muscle and get ripped without steroids

Turned down for an auto loan? There are options



Recycled gold jewelry turned into cash

**EXHIBIT C**

## Out There

**It's a boy: Zoo tortoise reveals mistaken identity**

**Udder shock: SC woman finds 650-pound cow in pool**

**NJ clerk sells winning lottery ticket by mistake**

**Colo. man comes home, finds squatter in underwear**

## Homegirls



**Is black the new black?**

## Access Vikings



**Carlson catches on fast in NFL life**

Bowser, who worked for Hecker until April, could not be reached for comment.

In a phone call to the Star Tribune Wednesday, Hecker said the documents that Bowser copied onto a personal flash drive and personal computer last year amounted to "200,000 pages" of e-mails and documents that were mostly addressed to him. He added that she never had authority to distribute them. "They were stolen," Hecker said.

**Next page** 

### Recent Business stories

**Helping women to land the job** - November 12, 2009




View your free 2009 credit reports and scores


New GI Bill can help you earn a college degree

### Blog: Patent Pending



**Lights out at U energy conference. Irony police notified.**

Just as Lawrence Kazmerski, a top official at the National Renewable Energy Laboratory, was about to give the keynote address at the University of Minnesota's annual E3 conference at the RiverCentre in St. Paul, the lights went out, bathing the audience in darkness and a deep sense of irony.

### Recent posts

- Meanwhile, in Wisconsin....
- U research gets stimulus boost
- Cool Clean lands U.S. Air Force gig

**Is this your next home?**
powered by Star Tribune Top Homes


**ROSEMOUNT**
$649,900
4 Bedrooms
3 Bathrooms
4310 sq. ft.


**LAKEVILLE**
$289,900
3 Bedrooms
2 Bathrooms
1777 sq. ft.


**MONTROSE**
$239,900
2 Bedrooms
2 Bathrooms
1245 sq. ft.


**WAYZATA**
$1,995,000


**LAKE ELMO**
$750,000
5 Bedrooms
2 Bathrooms
3980 sq. ft.


**MINNETONKA**
$424,900
4 Bedrooms
3 Bathrooms

**Search All Homes**

Ads by pulse360
**2.00-2.30% Apply Online**

**EXHIBIT C**

**StarTribune**.com  MINNEAPOLIS · ST. PAUL, MINNESOTA

| Home | News ▾ | Local ▾ | Sports ▾ | Lifestyle ▾ | Entertainment ▾ | Opinion ▾ | Multimedia ▾ | Classifieds ▾ | Cars ▾ | Homes ▾ | Jobs ▾ | Shopping ▾ |

Help ▾

Welcome | Log in | Member Center     🔍 **Search:**  All     Manage subscription | Vacation stop

**On the homepage**

Petters says he paid little attention to company after son's death

Missing Farmington pilot's body found in wreckage

Millions of real stimulus dollars go to 'phantom' House districts in Minnesota

Number of H1N1 cases in state down again; 5 new deaths reported

**NewsBreak**

**NewsBreak: Rampaging teens on video**

Home | Business

**Continued:** Hecker demands that documents be returned

But in an affidavit, Nierengarten said Bowser never stole a thing because she was e-mailed directly on all correspondence to Hecker. He also complained that Hecker's attorney was immediately sent copies of Bowser's e-mails and yet Hecker's legal team never filed documents with the court stating what information was considered privileged.

Nierengarten insisted that no one in his firm has read the information sent by Bowser. A copy of the disc was only given to the trustee's office as a result of a subpoena, he said in a court filing. Court documents also included a letter to Hecker's former attorney, Bill Mohrman, warning that unless he took steps in court to quash the trustee's subpoena, Chrysler Financial would be forced to turn over the materials.

In his affidavit, Nierengarten said Skolnick became belligerent during various conversations about the matter and accused the Chrysler lawyers of receiving stolen property and of breaking a law, but he declined to identify the statute. Nierengarten also wrote that Skolnick told him and lawyer Howard Roin that they should hire attorneys.

In an interview Wednesday, Skolnick said the facts of the case were simple and that all the Bowser data should be returned to Hecker immediately. Skolnick alleges that Bowser likely violated the Stored Communications Act and the Computer Fraud and Abuse Act.

"I know for a fact that there are hundreds of attorney-client privileged communications contained on that disc, including privileged documents pertaining to the dispute with Chrysler," Skolnick said.

A hearing is set on the matter for Nov. 25 in the U.S. Bankruptcy Court in Minneapolis.

Hecker has shut, sold or lost 26 dealerships and several large fleet and auto leasing businesses.

🖶 Print this story
✉ E-mail this story

▪ Save to del.icio.us
f Share on Facebook
Share on Digg

ℹ **infoCenter**

Get more maps + stats

**Minnesota business by the numbers**

See Minnesota's top earning companies, CEOs and non-profits
▪ Star Tribune 100
▪ Executive compensation
▪ Non-profit 100

**Related Content**
▪ **Document:** Hecker's motion for an order disqualification of counsel

**More from Business**
▪ AAA: Thanksgiving travel to go up, air travel down
▪ Wells Fargo agrees to buy back soured securities
▪ 'Call of Duty' tops records with $550M in sales
▪ Senate Dem leader bringing out new health bill
▪ Hundreds line up to meet Palin

**EXHIBIT C**



## Out There



[$40,000 in rare coins left at Md. holy site](#)

[It's a boy: Zoo tortoise reveals mistaken identity](#)

[Udder shock: SC woman finds 650-pound cow in pool](#)

[NJ clerk sells winning lottery ticket by mistake](#)

## Deadly falls



**[Few fall-related deaths are fully investigated](#)**

## Homegirls



**[Is black the new black?](#)**

Dee DePass • 612-673-7725

< **Previous page**

### Recent Business stories

**Software company's ex-CEO pleads guilty to stock fraud** - November 12, 2009



**Get the Star Tribune delivered to your home each day!**
**Click here** to subscribe.

**EXHIBIT C**

# JORDAN S. KUSHNER

TELEPHONE: (612) 288-0545
FACSIMILE: (612) 288-0546

431 SOUTH 7TH STREET, SUITE 2446
MINNEAPOLIS, MINNESOTA 55415

November 18, 2009

**BY EMAIL - WSKOLNICK@SKOLNICK-SHIFF.COM, FAX (612) 677-7601, and U.S. MAIL**

Mr. William R. Skolnick
Skolnick & Shiff, P.A.
2100 Rand Tower
527 Marquette Avenue
Minneapolis, MN 55402

Re:    In re Bankruptcy of Dennis E. Hecker
       Bankruptcy Case No. 09-50779-RJK
       Adversary Proceeding No. 09-05019

Dear Mr. Skolnick:

Please be advised that I am now representing Ms. Cindy Bowser in connection with the above-referenced case, and specifically regarding your subpoenas to her. We request that you immediately withdraw the two subpoenas that you had served on Ms. Bowser for the taking of her depositions on November 23 and 25, 2009 respectively. Rule 30(d) of the Federal Rules of Civil Procedure, which is incorporated by Rule 7030 of the Federal Rules of Bankruptcy Procedure, provides that "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Your client, through previous counsel, has already spent a full day taking Ms. Bowser's deposition for these proceedings. At the end of that full day, Mr. Hecker's counsel ended the deposition without any indication that he believed the deposition was unfinished. There is no stipulation or court order permitting you to spend additional time to examine Ms. Bowser. **The service of additional subpoenas and notices of taking depositions therefore violates the Rules.**

In light of the short time before the scheduled depositions, **I need you to inform me by noon on November 19, 2009 whether you are withdrawing the subpoenas** so that I will know whether it is necessary to file a motion to quash the subpoenas. If you believe that you have a good faith basis for re-opening Ms. Bowser's deposition, you can bring a motion to the court, the parties can argue the merits of the issue, and the Judge can make a determination. Unless and until the Court orders otherwise, it is necessary to cancel the depositions. Please be advised that if we are forced to bring a motion to quash the subpoenas, we will request that the Court award attorney fees, costs, and other sanctions that it deems appropriate due to the clear violation of the

**Exhibit D**

Rules.

     Please also be advised that we do not believe there is a valid basis to re-open Ms. Bowser's deposition in any event. If you were to contemplate pursuing this matter, I suggest that we first discuss the merits of the issue in order to save further time and effort. In any event, it is necessary that the depositions be cancelled at this time. Please feel free to contact me if you wish to discuss this matter.

Sincerely,

Jordan S. Kushner

cc:    Mr. Nicholas Nierengarten (by email and U.S. mail)
       Mr. Seth Leventhal (by email and U.S. mail)
       Ms. Cindy Bowser

**Exhibit D**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

DENNIS E. HECKER,                                    Case No. 09-50779-RJK

                        Debtor.                                    Chapter 7

CHRYSLER FINANCIAL SERVICES
AMERICAS LLC,

                        Plaintiff,

vs.                                              Adversary Proceeding No.: 09-05019

DENNIS E. HECKER,

                        Defendant.

and

HYUNDAI CAPITAL AMERICA,

                        Plaintiff,

vs.                                              Adversary Proceeding No. 09-05041

DENNIS E. HECKER,

                        Defendant.

## ORDER GRANTING EXPEDITED RELIEF TO QUASH SUBPOENAS AND PROHIBITING DEFENDANT FROM TAKING FURTHER DEPOSITIONS OF CINDY BOWSER

At Minneapolis, Minnesota, this _____ day of November, 2009.

The above-entitled matter came on before the Court on a motion for an Order granting expedited relief, and quashing the subpoenas and granting a protective order prohibiting Defendant Dennis E. Hecker from taking additional depositions of Cindy Bowser where he already spent a full day taking her deposition. Appearances were noted in the record.

Based upon the Motion, the arguments of counsel and all of the files, records and proceedings herein, it is hereby ORDERED:

1. Cindy Bowser's Motion for expedited relief is granted; and

2. The subpoenas served upon Cindy Bowser for her depositions in the above-captioned proceedings are hereby quashed, and Defendant Dennis E. Hecker is prohibited from taking further depositions of Cindy Bowser.


Dated: November ____, 2009                    BY THE COURT:


                                              _____
                                              Robert J. Kressel
                                              United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

DENNIS E. HECKER,                                    Case No. 09-50779-RJK

                          Debtor.                           Chapter 7

CHRYSLER FINANCIAL SERVICES
AMERICAS LLC,

                          Plaintiff,

vs.                                                  Adversary Proceeding No.: 09-05019

DENNIS E. HECKER,

                          Defendant.

and

HYUNDAI CAPITAL AMERICA,

                          Plaintiff,

vs.                                                  Adversary Proceeding No. 09-05041

DENNIS E. HECKER,

                          Defendant.

## CERTIFICATE OF SERVICE

Jordan S. Kushner hereby certifies that he served on opposing and other counsel,

the following documents: 1) Notice of Hearing and Motion of Cindy Bowser for an Order

Granting Expedited Relief to Quash Subpoenas and Grant a Protective Order Preventing Defendant from Taking Her Depositions; 2) Memorandum in support of Motion; 3) Declaration of Cindy Bowser with Exhibits A-B; 4) Declaration of Jordan S. Kushner with Exhibits C-D; and 5) proposed Order Granting Expedited Relief to Quash Subpoenas and Prohibiting Defendant from Taking Further Depositions of Cindy Bowser.

Said service was accomplished by filing said documents through Electronic Case Filing and thereby causing it to be served electronically at the email addresses maintained by the electronic filing system.

Date:  November 23, 2009                                s/Jordan S. Kushner
                                                        Jordan S. Kushner