## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | ) Case No. 09-50779 |
| | ) |
| DENNIS E. HECKER, | ) Chapter 7 |
| | ) |
| Debtor. | ) Hon. Robert J. Kressel |
| | ) |
| ——————————————— | ) |
| | ) |
| CHRYSLER FINANCIAL SERVICES | ) |
| AMERICAS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Adv. Pro. No. 09-05019 |
| v. | ) |
| | ) |
| DENNIS E. HECKER, | ) |
| | ) |
| Defendant. | ) |

---

## NOTICE OF HEARING AND MOTION OF CHRYSLER FINANCIAL SERVICES AMERICAS LLC FOR A PROTECTIVE ORDER PRECLUDING WITNESSES FROM BEING DEPOSED MULTIPLE TIMES

---

TO:    Defendant and his counsel, William R. Skolnick, Skolnick & Shiff, 2100 Rand Tower, 527 Marquette Ave South, Minneapolis, MN 55402.

1.    Plaintiff Chrysler Financial Services Americas LLC ("Chrysler Financial"), by and through its undersigned counsel, moves the Court for the relief requested below and gives notice of hearing.

2.    The Court will hold a hearing on this Motion at 10:30 a.m. on November 25, 2009, before the Honorable Robert J. Kressel in Courtroom 8 West, 300 South Fourth Street, Minneapolis, Minnesota.

3.     Local Rule 9006-1(b) provides deadlines for response to this Motion.  However, given the expedited nature of the relief sought, Chrysler Financial does not object to written responses being served and filed prior to the hearing.  **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § § 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The petition commencing this Chapter 7 case was filed on June 4, 2009.  The case, and this adversary proceeding, are now pending in this Court.

5.     This Motion arises under Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26.  This Motion is filed under Fed. R. Bankr. P. 7007 and 7026, and Local Rules 7007-1, 7037-1 and 9013-1-2.

6.     Chrysler Financial moves the Court for an Order granting an expedited hearing and a protective order prohibiting Defendant Dennis E. Hecker from taking the deposition of Cindy Bowser in Adv. Pro. No. 09-05019 (*Chrysler Financial Services Americas LLC v. Dennis E. Hecker*) or Adv. Pro. No. 09-05041 (*Hyundai Capital America v. Dennis E. Hecker)*, and from taking more than one deposition of any witness, even if the witness has knowledge that is relevant to more than one adversary proceeding.  The facts on which this Motion is based are

set forth in Chrysler Financial's Memorandum of Law (the "Memorandum") accompanying and supporting this Motion.

7. As more fully described in the Memorandum, Chrysler Financial asserts that as Cindy Bowser has already been deposed in this adversary proceeding, Defendant's noticing of her deposition in the *Hyundai Capital* adversary proceeding is nothing but a transparent attempt to circumvent provisions of the Federal Rules of Civil Procedure requiring leave of the court or stipulation of the parties to depose the same person more than once. With respect to the depositions of Molly Kaplan and Steve Leach, and any other witnesses Hecker seeks to depose, Chrysler Financial asserts that it must be given advance notice of, and an opportunity to participate in, any deposition in which Hecker elicits testimony that may be relevant to the Chrysler Financial Adversary Proceeding, even if the deposition is taken in a separate adversary proceeding. Moreover, Hecker should be limited to one single day, seven hour deposition of each witness, even if the witness has knowledge relevant to more than one adversary proceeding concerning Hecker.

8. In accordance with Fed. R. Bankr. P. 7026, Fed. R. Civ. P. 26 and Local Rule 7037-1, prior to bringing this Motion counsel for Chrysler Financial attempted in good faith to confer with counsel for Defendant in an effort to resolve this dispute without court intervention.

9. Expedited relief is necessary because Defendant has noticed the depositions of Cindy Bowser and Molly Kaplan for November 25, 2009, and Steve

Leach for November 30, 2009.   Without a protective order pursuant to Fed. R.

Civ. P. 26(c), Hecker would be allowed to proceed with these plainly improper

depositions.  *In re Lincoln North Assoc., LP,* 163 B.R. 403, 409 (Bankr. D. Mass.

1993) ("The notion that a party is not required to appear at a deposition if he has

filed a motion for a protective order is erroneous. . . .  The deponent is relieved of

appearance only if the order is allowed before the scheduled deposition.").

     10.    This Motion is based on the facts and law set forth in the

Memorandum, the Declaration of Nicholas N. Nierengarten, the Declaration of

Stephen F. Grinnell, the Declaration of Howard J. Roin, and the exhibits thereto,

and all of the files and proceedings herein.

     WHEREFORE, Chrysler Financial respectfully requests that this Court

grant the Motion and enter an Order granting expedited relief and a protective

order (1) prohibiting Defendant from taking deposition of Cindy Bowser in this

adversary proceeding or in *Hyundai Capital America v. Dennis E. Hecker*, (2)

prohibiting Defendant from taking more than one deposition of any witness,

regardless of whether the witness possesses knowledge that it relevant to more

than one adversary proceeding concerning Hecker, and (3) requiring Hecker to

give Chrysler Financial advance notice of, and an opportunity to participate in, any

deposition in which Hecker elicits testimony that may be relevant to this

proceeding.

Dated: November 23, 2009

GRAY, PLANT, MOOTY, MOOTY &
BENNETT, P.A.

By /e/ Stephen F. Grinnell

Nicholas N. Nierengarten (#79169)
Stephen F. Grinnell (#37928)
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: 612-632-3040
Facsimile: 612-632-4040

MAYER BROWN LLP
Howard J. Roin (admitted pro hac vice)
Stuart M. Rozen (admitted pro hac vice)
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: 312-782-0600
Facsimile: 312-701-7711

GP:2686252 v1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | ) Case No. 09-50779 |
| | ) |
| DENNIS E. HECKER, | ) Chapter 7 |
| | ) |
| Debtor. | ) Hon. Robert J. Kressel |
| | ) |
| | ) |
| CHRYSLER FINANCIAL SERVICES | ) |
| AMERICAS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Adv. Pro. No. 09-05019 |
| v. | ) |
| | ) |
| DENNIS E. HECKER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR A PROTECTIVE ORDER
## PRECLUDING WITNESSES FROM BEING DEPOSED MULTIPLE TIMES

Plaintiff Chrysler Financial Services Americas LLC ("Chrysler Financial")
respectfully requests that this Court issue a protective order (1) precluding
witnesses from being deposed multiple times, (2) precluding witnesses material to
the instant proceeding from being deposed in other proceedings regarding
information relevant to Chrysler Financial's case, and (3) requiring the
coordination of depositions of common witnesses and other common discovery in
related cases pending before the Court.  Pursuant to Local Rule 7037-1, Chrysler
Financial advised Hecker of its objections and proposed to conduct a discovery

conference on these issues.  Declaration of Nicholas N. Nierengarten ("Nierengarten Decl."), Ex. 17.

Defendant Dennis E. Hecker ("Hecker") recently issued a subpoena to depose Cindy Bowser for the second time in this proceeding (the "Chrysler Financial Adversary Proceeding") on November 16, 2009.  After Chrysler Financial objected, Hecker agreed to postpone the second deposition so that Chrysler Financial would be able to file a motion for a protective order to preclude the deposition.  But then without notifying Chrysler Financial, Hecker immediately issued subpoenas compelling testimony of Cindy Bowser and two other witnesses (Steve Leach and Molly Kaplan) in a different adversary proceeding, *Hyundai Capital America v. Hecker*, Adv. Pro. No. 09-05041 (the "Hyundai Adversary Proceeding").  Counsel for Hyundai Capital America reports that they not aware of any knowledge Ms. Bowser, Mr. Leach, or Ms. Kaplan might have that is relevant to the Hyundai Adversary Proceeding.

It appears Hecker is attempting to circumvent provisions in the Federal Rules of Civil Procedure requiring leave of the court or stipulation by the parties for him to depose Ms. Bowser again.  It is also readily apparent that he is seeking to use depositions in the Hyundai Adversary Proceeding to obtain discovery that is related to this proceeding.  The Court should not countenance Hecker's ruse. Chrysler Financial's motion for a protective order should be granted because (1) Hecker has no right to depose Ms. Bowser again; (2) Hecker has no right take "ex parte" depositions in other cases to attempt to gather information to use in the

Chrysler Financial Adversary Proceeding, and (3) to the extent witnesses have knowledge relevant to more than one adversary proceeding that is pending before the Court, Hecker's counsel should coordinate his depositions so that any given witness is only deposed once.

## BACKGROUND

Chrysler Financial noticed the deposition of Cindy Bowser, a former employee of one of Hecker's companies, for September 10, 2009.  Nierengarten Decl., Ex. 1.  Hecker's counsel requested that the deposition be re-set, so after conferring with Hecker, Chrysler Financial rescheduled Ms. Bowser's deposition to take place on September 16, 2009.  Chrysler Financial served the amended notice of deposition on September 8, 2009.  Nierengarten Decl., Ex. 2.

Ms. Bowser's deposition proceeded as scheduled on the mutually agreed upon date, September 16, 2009.  Hecker and his counsel both appeared at the deposition.  Nierengarten Decl., Ex. 5.[1]  In fact, Hecker's counsel's questioning of Ms. Bowser lasted much longer than Chrysler Financial's questioning of her.  *Id.* The deposition commenced at 9:32 a.m.  Hecker's counsel began questioning Ms. Bowser at 11:39 a.m. and did not conclude until 5:08 p.m.  *Id.*

---

[1] The day before Ms. Bowser's deposition, Hecker served and filed a motion seeking to stay all discovery, including Ms. Bowser's deposition, pending the conclusion of a grand jury investigation of Mr. Hecker and certain of his associates.  Nierengarten Decl., Ex. 3.  Hecker suggested that the mere filing of his motion prevented Chrysler Financial from going forward with the Bowser deposition.  Consistent with the law, Chrysler Financial advised Hecker the filing of a stay motion did not prevent Ms. Bowser's deposition from going forward on the mutually agreed upon date. Nierengarten Decl., Ex. 4.

On September 23, 2009, Hecker served notices of taking the depositions of Molly Kaplan and Steve Leach, on October 20 and 21, in the Chrysler Financial Adversary Proceeding. Nierengarten Decl., Exs. 6-7. Hecker later postponed those depositions. On October 27, he served an amended deposition notice in the Chrysler Financial Adversary Proceeding, setting Ms. Kaplan's deposition for November 3, 2009. Nierengarten Decl., Ex. 8. Chrysler Financial notified Hecker of a scheduling conflict on that date, so Hecker agreed to coordinate with Chrysler Financial to select a mutually convenient date. Nierengarten Decl., Ex. 9. Chrysler Financial proposed potential dates in a November 2, 2009 letter to Hecker. Nierengarten Decl., Ex. 10. Hecker did not respond to the dates proposed for Ms. Kaplan's deposition.

In the interim, on November 16, 2009, Hecker noticed a second deposition of Ms. Bowser in the Chrysler Financial Adversary Proceeding, to be taken on November 23, 2009. Nierengarten Decl., Ex. 12. Chrysler Financial objected to Hecker taking a second deposition of Ms. Bowser.[2] When pressed by Chrysler Financial's counsel to explain why a second deposition was necessary after Hecker had previously examined Ms. Bowser at length, Hecker's counsel's response was that "prior testimony about her dealings with Chrysler Financial

---

[2] Meanwhile, apparently after learning that Hecker's counsel was peppering Ms. Bowser (a grand jury witness) with deposition subpoenas, Nicole Engish, the Assistant United States Attorney responsible for the Hecker investigation, sent Hecker's counsel a letter warning him that "[Ms.] Bowser is a witness in the criminal investigation pertaining to Dennis Hecker and others" and that Section 1512 of the U.S. Code prohibits witness tampering, including "using intimidation and threats to influence a witness . . ." Nierengarten Decl., Ex. 11.

needs more development" and he declined to give any further explanation. Declaration of Howard J. Roin ("Roin Decl."), ¶ 3. After Chrysler Financial's counsel said Chrysler Financial would file a motion for a protective order, Hecker's counsel agreed to postpone the second deposition of Ms. Bowser until after Thanksgiving so Chrysler Financial could file its motion within the standard time frame contemplated by the rules without having to request an expedited hearing. *Id.* Chrysler Financial's counsel confirmed that agreement in an email to Hecker's counsel that same day. Roin Decl., ¶ 4.*; Nierengarten Decl., Ex. 13. The very next day, however, on November 17, 2009, without giving any notice to Chrysler Financial, Hecker noticed the deposition of Ms. Bowser, Mr. Leach, and Ms. Kaplan in the Hyundai Adversary Proceeding. The Bowser and Kaplan depositions were scheduled for November 25, 2009 (before Thanksgiving and before Chrysler Financial's protective order motion would be heard in this Adversary Proceeding) and the Leach deposition was set to take place on November 30, 2009. Nierengarten Decl., Exs. 14-16.

Attorneys for Hyundai Capital America have informed Chrysler Financial that they have no reason to believe those individuals have any information relating to their case. Declaration of Stephen F. Grinnell ("Grinnell Decl."), ¶ 4. It appears, therefore, that Hecker is attempting to make an end-run around provisions in the Federal Rules of Civil Procedure providing that witnesses should only be deposed once. Furthermore, Hecker is apparently attempting to circumvent the discovery process in this proceeding by deposing witnesses

material to Chrysler Financial's claims against him in another proceeding in which Chrysler Financial is not even a party and cannot participate.

## ARGUMENT

### I.    Ms. Bowser Should Not be Deposed Again.

#### A.    Hecker May Not Depose Bowser a Second Time.

Under the standards imposed by the Federal Rules of Civil Procedure, the Court should not permit Hecker to conduct a second deposition of Ms. Bowser.

Rule 30(d)(1) of the Federal Rules of Civil Procedure, which is incorporated by Rule 7030 of the Federal Rules of Bankruptcy Procedure, directs that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Rule 30(a)(2)(A)(ii) specifies that a party must obtain leave of court if a proposed deponent has already been deposed in a case.

Rule 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . ."

These rules preclude Hecker from deposing Ms. Bowser a second time. At the September 16 deposition – a date agreed to by both sides – Hecker questioned Ms. Bowser all afternoon, with no limit on the subjects he could cover (except as to her Social Security number). Ms. Bowser was thoroughly cross-examined, including inquiries into her interactions with Mr. Hecker, her role in his companies, her participation in meetings and decision-making activities, her knowledge of Hecker's corporate financial obligations, and her access to corporate

records and key documents. Hecker also interrogated her concerning a number of documents that are relevant to the adversary proceedings before this court. Nierengarten Decl., Ex. 5. The deposition lasted a full day, from 9:32 a.m. to 5:08 p.m., with Hecker questioning Ms. Bowser for the bulk of the day. *Id.* Although Ms. Bowser was quite far along in her pregnancy at the time, she dutifully sat all day for the deposition and patiently answered questions until Hecker determined that he had no further inquiries for her.

Now, scarcely two months after her first deposition, Hecker seeks to depose Ms. Bowser yet again. Hecker initially noticed her second deposition in <u>this</u> case. Then, when Chrysler Financial's counsel reminded him that the rules do not allow him to re-depose Ms. Bowser, he postponed his deposition request in this case, but without notifying Chrysler Financial, proceeded to simply re-notice her deposition in the Hyundai Adversary Proceeding. Hecker apparently hopes that his tactic will enable him to circumvent restrictions on his ability to depose Ms. Bowser a second time and, in effect, to take an "ex parte" deposition by excluding Chrysler Financial.

Hecker's gamesmanship should not be permitted. The Minnesota Federal District Court has rebuffed attempts by litigants to re-depose witnesses who were already deposed in relatively contemporaneous, similar proceedings. *See, e.g., Cardenas v. Prudential Ins. Co. of America*, 2003 WL 21302960, at *1 (D. Minn. May 16, 2003) (upholding magistrate judge's order denying motion to compel additional deposition testimony from persons who had already been deposed for

seven hours and commenting favorably on the magistrate judge's orders that "generally tried to limit deposition time to one day of seven hours per witness, no matter how many cases in which that witness's deposition was sought").  This Court should do the same.

**B.**    **Hecker Cannot Use Depositions in Other Cases to Get Around Discovery Restrictions in this Case.**

Though Hecker has noticed Ms. Bowser's deposition in a different adversary proceeding, he has no legitimate basis upon which to subject Ms. Bowser to another deposition.  Hyundai Capital America has said that they are not aware of any knowledge she has that is relevant to the issues in their adversary proceeding against Hecker.  Grinnell Decl., ¶ 4.  It appears, therefore, that Hecker's only motivation for trying to depose Ms. Bowser in the Hyundai Adversary Proceeding is to obtain further deposition testimony on issues that are relevant to the Chrysler Financial Adversary Proceeding.  This type of chicanery and abuse of the discovery process cannot be allowed.

**II.**    **Depositions in Adversarial Proceedings Should be Coordinated.**

In order to serve the interest of judicial efficiency, we respectfully request that the Court require the parties in this proceeding and other related cases to coordinate their discovery so that parties and witnesses are not subjected to duplicative discovery and depositions.  "Judicial supervision of discovery should always seek to minimize its costs and inconvenience and to prevent improper uses of discovery requests."  *Societe Nationale Industrielle Aerospatiale v. United*

*States District Court for the Southern District of Iowa*, 482 U.S. 522, 546 (1987);

*see also In re Aurora Dairy Corp. Organic Milk Marketing and Sales Practices Litigation*, 2008 WL 1805731, *1 (E.D. Mo. 2008) (court may manage discovery as it sees fit in order to minimize expenses and maximize judicial efficiency). Other cases from the Minnesota Federal District Court have recognized the reasonableness of proceeding in this manner. *See Cardenas*, 2003 WL 21302960, at *1. Commentators also note that coordinated depositions are preferable to avoid conflicts and unnecessary duplication of effort. *See* David F. Herr, *Annotated Manual for Complex Litigation* § 11.455 (4th ed. 2009) ("In related cases pending before the same judge, it is best to coordinate discovery plans to avoid conflicts and duplication. If the cases are pending before different judges, the judges should attempt to coordinate the depositions of common witnesses and other common discovery.") In addition, Fed. R. Civ. P. 26(b)(2) specifically authorizes courts to limit discovery that is unnecessarily or unreasonably duplicative or that may be obtained from more convenient and less burdensome sources.

In accordance with these principles, if there are witnesses who may have knowledge or information relevant to more than one adversary proceeding in this case, Hecker's counsel should be directed to coordinate his depositions so that, to the extent possible, each witness is only deposed once. Limiting Hecker to one deposition of any given witness is the most efficient use of time for everyone

involved, and it will help ensure that Hecker's remaining financial resources are not squandered on needlessly duplicative litigation activities.

Moreover, Hecker should be admonished that Chrysler Financial's counsel must be given advance notice of, and an opportunity to participate in, any deposition in which Hecker elicits testimony that may be relevant to the Chrysler Financial Adversary Proceeding, even if the deposition is taken in a separate adversary proceeding. Hecker noticed the depositions of Cindy Bowser, Molly Kaplan and Steve Leach in the Hyundai Adversary Proceeding for November 25, 2009, and November 30, 2009 respectively, without any prior notice to Chrysler Financial, even though Hecker has identified them as having information relevant this adversary proceeding concerning Chrysler Financial's fraud claims against Hecker.

Although Chrysler Financial does not oppose Hecker's deposition of these witnesses in principle (but Chrysler Financial does object to Hecker's apparent position that he is entitled to take discovery, but has no obligation to respond in a timely fashion to discovery directed to him), Hecker should not be permitted to conduct "ex parte" depositions outside of Chrysler Financial's presence if he is going to inquire into topics pertinent to this proceeding. As counsel for Hyundai Capital America has stated, they are unaware of any information that Ms. Bowser, Ms. Kaplan or Mr. Leach may have that is relevant to the Hyundai Adversary Proceeding. It is apparent that Hecker intends to take depositions in the Hyundai Adversary Proceeding for the sole purpose of gathering additional facts relevant to

this proceeding. To prevent such abuse, Chrysler Financial's counsel should be given advance notice of, and an opportunity to participate in, any deposition in which Hecker elicits testimony that may be relevant to the Chrysler Financial Adversary Proceeding.

## CONCLUSION

For the reasons detailed above, Hecker respectfully requests that the Court issue a protective order (1) precluding Hecker from re-deposing Ms. Bowser in any adversary proceeding currently before the Court, (2) requiring Hecker's counsel to coordinate his discovery efforts so that, absent an order from the Court or stipulation among all parties permitting otherwise, Hecker may depose any particular witness only one time, for up to seven hours, even if the witness has knowledge relevant to more than one adversary proceeding against Hecker, and (3) requiring Hecker to give Chrysler Financial advance notice of, and an opportunity to participate in, any deposition in which Hecker elicits testimony that may be relevant to the Chrysler Financial Adversary Proceeding.

Dated: November 23, 2009

GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.

By  */e/ Stephen F. Grinnell*
Nicholas N. Nierengarten (#79169)
Stephen F. Grinnell (#37928)
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402
Telephone:  612-632-3040
Facsimile:  612-632-4040

MAYER BROWN LLP
Howard J. Roin (admitted pro hac vice)
Stuart M. Rozen (admitted pro hac vice)
71 South Wacker Drive
Chicago, Illinois  60606
Telephone:  312-782-0600
Facsimile:  312-701-7711

GP:2685393 v5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | ) Case No. 09-50779 |
| | ) |
| DENNIS E. HECKER, | ) Chapter 7 |
| | ) |
| Debtor. | ) Hon. Robert J. Kressel |
| | ) |
| CHRYSLER FINANCIAL SERVICES | ) |
| AMERICAS LLC, | ) |
| | ) |
| Plaintiff. | ) |
| Plaintiff, | ) Adv. Pro. No.  09-5019 |
| v. | ) |
| v. | ) |
| | ) |
| DENNIS E. HECKER, | ) |
| | ) |
| Defendant. | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I, Stephen F. Grinnell , hereby certify that on November 23, 2009, I caused the following:

1. Notice of Hearing and Motion of Chrysler Financial Services Americas LLC for a Protective Order Precluding Witnesses from Being Deposed Multiple Times;
2. Memorandum of Law in Support of Motion for a Protective Order Precluding Witnesses From Being Deposed Multiple Times;
3. Declaration of Nicholas N. Nierengarten;
4. Declaration of Stephen F. Grinnell;
5. Declaration of Howard J. Roin; and
6. Proposed Order Granting Expedited Relief and Protective Order Prohibiting Defendant From Taking Multiple Depositions.

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

| | |
|---|---|
| William R. Skolnick | wskolnick@skolnick-shiff.com |
| Matthew R. Burton | mburton@losgs.com |

Dated:  November 23, 2009

GRAY, PLANT, MOOTY
  MOOTY & BENNETT, P.A.


  /e/  Stephen F. Grinnell      
Stephen F. Grinnell (#37928)

GP:2686410 v1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re: | ) Case No. 09-50779 |
| | ) |
| DENNIS E. HECKER, | ) Chapter 7 |
| | ) |
| Debtor. | ) Hon. Robert J. Kressel |
| | ) |
| CHRYSLER FINANCIAL SERVICES AMERICAS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Adv. Pro. No. 09-05019 |
| v. | ) |
| | ) |
| DENNIS E. HECKER, | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING EXPEDITED RELIEF AND PROTECTIVE ORDER PROHIBITING DEFENDANT FROM TAKING MULTIPLE DEPOSITIONS

At Minneapolis, Minnesota, this _____ day of November, 2009.

The above-entitled matter came on before the Court on a motion for an Order granting expedited relief and a protective order prohibiting Defendant Dennis E. Hecker from taking the deposition of Cindy Bowser in Adv. Pro. No. 09-05041 (*Hyundai Capital America v. Dennis E. Hecker*), and prohibiting Defendant from taking multiple depositions of any other witnesses (the "Motion"), filed by Plaintiff Chrysler Financial Services Americas LLC ("Chrysler Financial"). Appearances were noted in the record.

Based upon the Motion, the arguments of counsel and all of the files, records and proceedings herein, it is hereby ORDERED:

1.  Chrysler Financial's Motion for expedited relief is granted; and

2.  Defendant Dennis E. Hecker is prohibited from taking the deposition of Cindy Bowser in this proceeding, Adv. Pro. No. 09-05041 (*Hyundai Capital America v. Dennis E. Hecker)*, or any other adversary proceeding concerning Defendant;

3.  Defendant must give Chrysler Financial Services Americas LLC reasonable advance notice of, and an opportunity to participate in, any deposition in which Hecker elicits testimony that may be relevant to this matter, even if the deposition is taken in a separate adversary proceeding;

4.  Absent leave of the Court, Defendant is limited to one single day, seven hour deposition of each witness, even if the witness may have knowledge that is relevant to more than one adversary proceeding concerning Defendant.

Dated: November __, 2009                   BY THE COURT:


                                           _____
                                           Robert J. Kressel
                                           United States Bankruptcy Judge