UNITES STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

DENNIS E. HECKER                                          Case No. 09-50779-RJK

    Debtor.                                                          Chapter 7

---

CHRYSLER FINANCIAL
SERVICES AMERICAS LLC,
                                                                              ADV Pro. No. 09-05019

    Plaintiff,

vs.

DENNIS E. HECKER

    Defendant.

---

**HECKER'S RESPONSIVE MEMORANDUM OF LAW
OPPOSING A PROTECTIVE ORDER LIMITING THE DEFENDANT TO CONDUCT
DISCOVERY**

---

**INTRODUCTION**

Chrysler Financial Services, LLC, (hereinafter "Chrysler") comes before this Court for an overly broad and overreaching protective order to limit how and when Defendant Dennis E. Hecker ("Hecker') conducts discovery in the above adversarial proceeding <u>and</u> the other pending adversarial proceedings. There are no less than twelve (12) separate and distinct other adversarial proceedings. Mr. Hecker faces claims of non-dischargeability totalling $81,434,550.00 in these other proceedings alone. This is in addition to the $83,070,987.00 Chrysler claims.

Chrysler should be limited in its pending motion to only the outstanding notices for taking

1

depositions served in the above captioned matter. At this time, there exists only one outstanding subpoena for Ms. Cynthia Bowser ("Bowser") based on the newly discovered evidence of her sharing information with Chrysler's investigator. The other three depositions are noted in another matter NOT INVOLVING CHRYSLER. Yet, Chrysler cannot stop itself from interfering with Defendant's ability to freely conduct discovery. As to the timing significance, the Hyundai adversarial proceeding is set for trial the beginning of February 2010, which is ahead of the Chrysler trial. Moreover, Hyundai's attorneys served six (6) deposition notices upon Defendant in that action together with written discovery. This is what prompted the noting of depositions and NOT some sort of nefarious reason as creatively argued by Chrysler.

At no time did Chrysler or its attorneys engage in any sort of meaningful discussion regarding their "plan" to dictate how the undersigned represents Mr. Hecker prior to bringing the instant motion. Chrysler's attorneys knew that Mr. Skolnick had an annual vacation planned over the weekend that ran from November 19, 2009 through November 23, 2009, and that he would be out of the office. Despite knowing that Mr. Skolnick was unavailable, Chrysler's counsel sent a letter November 20, 2009 directed to Mr. Skolnick demanding an immediate response. See Nierengarten Declaration at Ex. 17. Chrysler misleads this Court that any good faith attempt was made to engage in a conference prior to bringing the instant motion.

Chrysler does not have standing to dictate how discovery is conducted by the Defendant in the other adversarial cases. It is abundantly clear from the recent revelations relating to Ms. Bowser that her deposition needs to be conducted not only in the Chrysler matter but in the Hyundai matter as well. "But for" the <u>undisclosed</u> clandestine activity of Chrysler's litigation team members, that includes its out-state investigators, <u>back in July 2009</u>, it would not be necessary to re-note Ms. Bowser's deposition to obtain her knowledge and involvement in the

handling of documents relevant to ALL of the adversarial proceedings, as well as her involvement in the pending action. Chrysler does not come to Court with clean hands in its handling of the stolen Bowser emails, which are the subject of a separate motion for disqualification.

As set forth herein, the deposition of Ms. Bowser is needed in BOTH this action and various pending adversarial proceedings. Moreover, Defendant's attorneys need not conduct their discovery in a fashion that pleases Chrysler or in accordance with what Chrysler deems appropriate. The other Plaintiffs are not joining in Chrysler's motion and have not even been properly noticed. Yet, Plaintiff desires to tie the hands of Defendant and not the other Plaintiffs in how discovery is conducted. Ironically, it is Chrysler that is going behind the scenes and corroborating with other adversarial plaintiffs to join forces against Hecker. Thus, to accuse Defendant of conducting "ex parte" discovery is simply absurd and untrue.

The Court should not condone Chrysler's unwarranted interference with Defendant's litigation strategy, which is being conducted in good faith. These bullying tactics have no place in these proceedings. Chrysler does not have the ability or authority to dictate which witness is critical in which case and to limit their testimony.

To grant the relief sought in the pending motion invades the Defendant's legal rights under the Rules to properly defend himself against the serious allegations involved in not only this action, but in the other 12 separate and independent proceedings. At most, only the pending four depositions should be addressed at this time and not a "protocol" or "procedure" for future depositions in not only this action, but the other adversarial proceedings. Hyundai's counsel and NOT Chrysler's counsel has standing to address the duly noted depositions in that proceeding. Moreover, Ms. Bowser has separate counsel.

## **RELEVANT MATERIAL FACTS**

**A. Defendant's former employee and Executive Assistant steals emails containing privileged communciations, which she voluntarily provides to Chrysler.**

During the summer or Fall of 2008, Ms. Cindy Bowser, Mr. Hecker's Executive Assistant, began systematically duplicating and redirecting Mr. Hecker's email communications into a file for her own use. (See Bowser Depo. at 138–39). (See Niergarten Decl. Ex. 5 containing the entirety of Ms. Bower's deposition transcript "Bowser Depo.") Ms. Bowser misappropriated numerous email communications, along with their attached documents. (Bowser Depo. at 118). She copied these communications without regard for whether they were subject to the attorney-client privilege, or otherwise confidential. (Id. at 119–20). Ms. Bowser copied these emails and documents for her own future benefit. (Id. at 107).

Ms. Bowser was never authorized by Mr. Hecker, or anyone representing him, to take his attorney-client privileged communications. (Id. at 131). Nor was she ever authorized to provide these records to any third parties. Yet prior to the end of her employment with Mr. Hecker, Ms. Bowser transferred all of the emails and documents she had misappropriated from her work computer to her own flash drive. (Id. at 131, 120–21). She then transferred the files on the flash drive to her personal laptop. (Id. at 148). Despite no longer being an employee, and never having the authority to do so, Ms. Bowser maintained these files on her personal computer. (Bowser Depo. at 107).

These are the emails that Chrysler obtained through its investigator, Brian Bauer of Phenix Investigations BEFORE any subpoenas were issued in September 2009. Accordingly, it remains undisputed that contrary to declarations under oath by Chrysler and its investigator - - there was an ongoing dialogue between Chrysler's agents and Ms. Bowser. These facts are critical since Chrysler has made entirely different representations to this Court in response to

Defendant's motion to disqualify counsel.

**B. IT IS NOW UNDISPUTED THAT CHRYSLER OBTAINED STOLEN EMAILS FROM BOWSER MONTHS BEFORE ANY SUBPOENA.**

As already established in Chrysler's first motion to quash when Mr. Hecker's counsel noted the depositions of Chrysler's newly discovered investigator, Brian Bauer, and his agency, Phenix Investigations, the emails stolen by Ms. Bowser were actually obtained by Chrysler during July 2009. What Defendant was not aware of nor was it disclosed by Chrysler is that Chrysler copied the emails that Ms. Bowser had back in July when its investigator, Brian Bauer obtained them and continued to receive detailed explanations of the emails from Ms. Bowser. Defendant learned these facts ONLY recently after reviewing the various stolen emails, which was after Chrysler took the deposition of Bowser.

Defendant became aware of a subpoena duces tecum from Chrysler being served upon Ms. Bowser. Ms. Bowser purportedly produced her laptop to Chrysler with instructions how to copy all of the emails and documents she had stolen. (Id. at 106). She produced all of these documents without regard to whether they were subject to the attorney-client privilege. (Id. at 131). In arranging for the production of these documents, Chrysler's counsel, Mr. Nierengarten, contacted Ms. Bowser, but failed to inform her that she should not produce privileged documents. (Id. at 101–02). Thus, it is undisputed and the record is clear that Chrysler and its attorneys did not act properly or ethically in the handling of these stolen emails. (See Defendant's moving papers in support of motion to disqualify Chrysler counsel)

**B. Chrysler's Investigator clearly received and read emails Bowser took from her former employer.**

After deposing Ms. Bower, Defendant learned critical facts relative to Ms. Bowser's involvement in providing these documents to Chrysler in advance of its court issued subpoena.

Defendant has already established that both Chrysler and its investigator, Mr. Bauer, have reviewed the subject emails, despite their Declarations stating otherwise. See Submitted Bauer/Phenix/Bowser emails provided in Opposition to Plaintiff's first motion for protective order. In fact, Mr. Bauer outright lied in his Declaration by stating in paragraph 4 that …"We cannot confirm or deny that **BECAUSE AT NO TIME HAS PHENIX REVIEWED ANY EMAILS THAT MAY HAVE BEEN PROVIDED BY ANY WITNESS** it has contacted or interviewed in the course of its engagement in this matter." (Emphasis added). In reality nothing could be further from the truth. See Id. at Exs. 1, 2, 3, 4, 5 and 6.

It is against this factual back drop that Chrysler races to Court a second time for a protective order. First, Chrysler tried to stop Defendant from deposing its investigators. Now, Chrysler is trying to stop the re-noted deposition for an individual it now claims is "Chrysler's main witness" and someone that it needs to protect from the routine discovery process.

**C. Chrysler's assumptions that Defendant has no basis to depose Ms. Bowser, Mr. Steven Leach and Ms. Molly Kaplan in the Hyundai Proceeding based on talks with Hyundai's counsel is irrelevant and is inadmissible hearsay.**

Chrysler incredulously asserts the following repeatedly in its memorandum as verified facts through the self-serving Declaration of its own counsel:

> Counsel for Hyundai Capital America reports that they are not aware of any knowledge Ms. Bowser, Mr. Leach or Ms. Kaplan might have that is relevant to the Hyundai Adversary Proceeding. [pg. 2 of Memorandum]
>
> *   *   *
> Attorneys for Hyundai Capital America have informed Chrysler Financial that they have no reason to believe those individuals [reference to Bowers, Leach and Kaplan] have any information relating to their case. Declaration of Stephen F. Grinnell ("Grinnell Decl."), ¶ 4. It appears, therefore, that Hecker is attempting to make an end-run around provisions in the Federal Rules of Civil Procedure providing that witnesses should only be deposed once. [pg. 5 of Memorandum]
>
> *   *   *
> Hyundai Capital America has said that they are not aware of any knowledge she

[Bowser] has that is relevant to the issues in their adversary proceeding against Hecker. [pg. 8 of Memorandum]

\* \* \*

As counsel for Hyundai Capital America has stated, they are unaware of any information that Ms. Bowers, Ms. Kaplan or Mr. Leach may have that is relevant to the Hyundai Adversary Proceeding. [pg. 10 of Memorandum]

Nearly every other page of Plaintiff's memorandum contains the above purported facts in support of its motion to stop depositions in an action that does NOT NAME CHRYSLER AS A PARTY. The above are NOT facts just because Chrysler's attorney puts them into a self-serving Declaration. Moreover, what possible relevance does the mind set of Hyundai's attorneys and its litigation strategy have as to whether Defendant as a matter of law has the right to conduct its own independent discovery? Defendant's attorneys are not limited by what Hyundai's attorneys may "think" or "believe" because they are obviously without knowledge of what transpired within Defendant's organization and the conduct of his prior employees. If anything, the pending motion evidences how overreaching Chrysler and its attorneys are in attempting to prevent the Defendant from presenting any evidence in its defense.

Defendant clearly has a legal right to engage in needed discovery to ascertain the facts and to properly defend against the serious allegations of fraud.

A review of Ms. Bower's deposition that was taken by Chrysler over the objection of Hecker's attorney, contains numerous references to documents she possesses relative to Hyundai, as evidenced by the following deposition excerpts:

Q: When you – so you had all of these documents that have been marked as Exhibits 2 through 11 in a separate folder in your file cabinet in the area that you and Molly worked at, correct?

A: Correct.

Q: Was there a label on that folder?

7

>A: It just said Hyundai.
>
>\* \* \*
>
>Q: And you informed Ms. Kaplan that you were doing this?
>
>A: She knew I had the files, the Hyundai files.
>
>\* \* \*
>
>Q: First of all, what types of information, including documents, are contained in the Gmail folder that you maintain on your laptop?
>
>A: A lot of – a variety of Hyundai information, just things that I thought to myself that, obviously, this is – something is not right here, and so I hung onto it.

See Bowser Depo at 109, 110 and 113. There is no "thorough examination" by Defendant's counsel of the facts claimed by Hyundai in its separation action.

Without the benefit of the stolen emails, Defendant's counsel was unable to engage in the necessary follow up questions relative to the Hyundai documents at the time of the deposition of Ms. Bower noted by Plaintiff (not Defendant). Moreover, it is readily apparent that Ms. Molly Kaplan is a person who needs to be deposed as having relevant information in the Hyundai matter. Similarly, Mr. Leach is the individual that has specific knowledge regarding Hyundai and someone that Defendant should be free to depose.

> **D. Each of the adversarial matters are separate proceedings involving different parties with their own Trial Orders and trial dates, as well as scheduling dates.**

Albeit, Chrysler's attorneys would like to believe that their matter is the most important pending adversarial action, and that they are entitled to be in a position to control how Defendant's attorneys conduct discovery in other cases, the following facts are relevant:

> 1) **The Hyundai adversarial proceeding goes to trial before Chrysler's case** on February 8, 2010, thereby necessitating discovery sooner rather than later. As stated above, Hyundai has begun aggressively engaging in discovery, as evidenced by the six outstanding subpoenas it served out;

8

2) Each and every one of the other adversarial matters has its own Trial Order, which contains various scheduling dates, <u>as determined by the Court</u>;

3) The Hyundai adversarial proceeding involves an overlap of facts involved in the Chrysler matter;

4) That each and every one of the pending adversarial proceedings are unique and name the same Defendant, wherein different employees will have different relevant information for each;

5) There exists nothing in the Rules that requires Defendant to copy or otherwise involve Chrysler in all of its discovery requests and responses in other adversarial cases; therefore, references to "ex parte" depositions is baseless. Moreover, Chrysler's attorneys are in constant contact with the other Plaintiffs and their counsel and can obtain deposition transcripts if desired;

6) There is no requirement that Defendant's counsel state exactly why a witness is critical for which case without undertaking its own independent discovery, which is the entire purpose behind discovery; and

7) There is nothing in the Rules that allows Chrysler to dictate how discovery is conducted overall. In fact, Chrysler appears to have unlimited resources. The fact that Chrysler offered its services to do "whatever it takes to win" is evident of its resources and ill will towards Defendant.

**H. Chrysler has no ability to object to depositions noted in other unrelated adversarial cases.**

Chrysler does NOT represent Ms. Bowser or any of the other named deponents in the Hyundai case. Ms. Bowser has her own counsel, who filed his own separate motion for a protective order. On the record during Ms. Bowser's deposition Mr. Nierengarten stated to her

that: "I am not your lawyer." See Bowser Depo at 112. Yet, the Court will note that numerous ongoing objections were made by Mr. Nierengarten when Defendant's prior counsel attempted to elicit Ms. Bowser's testimony.

Chrysler seeks the following relief: "precluding witnesses material to the instant proceeding from being deposed in other proceedings regarding information relevant to Chrysler Financial's case." As previously pointed out, there exists an overlap between Chrysler's case and Hyundai, as well as a number of the other pending adversarial proceedings. In fact, it has become readily apparent from reviewing the numerous adversarial proceedings that several of the litigants are relying upon similar allegations of fraud relative to the disclosure of various financial obligations of Defendant. The outstanding obligations and agreements running in favor of Chrysler are at the crux of these pleadings. This fact is supported by the fact that at the time of preparing this memorandum, Hyundai's attorneys are subpoenaing the documents from Chrysler and other adversarial litigants.

Chrysler cites no legal authority for this type of extraordinary relief. Chrysler simply cannot micro manage how exactly Defendant undertakes its own discovery.

## LEGAL ARUGMENT

The Federal Rules of Civil Procedure, which are incorporated by reference in the Bankruptcy Rules, allow for Defendant to engage in the following discovery:

> <u>Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense</u> - - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identify and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. <u>Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence</u>. (emphasis added)

Fed.R.Civ.P. 26 (b).

The Rule cited by Plaintiff does NOT include limiting discovery as proposed. Fed.R.Civ.P. 26 (c). There exists absolutely no restriction in the form of precluding a witness material to one case from testifying in another case regarding some of the same information. There is nothing in the Rules requiring the Court to order coordination of depositions and discovery in separate matters involving the same Defendant. Id. This is especially the situation when only Defendant and not any of the Plaintiffs are going to be limited in how they conduct discovery. Plaintiff is seeking the enforcement of *exceptions* to the general rule of being able to conduct discovery. Like all other exceptions, they should be narrowly construed.

In support of its motion for a protective order, Plaintiff cites to two unreported cases and a treatise for its unsolicited case management position. The unpublished case of *Cardenas v. The Prudential Ins. Co. of Am.,* 2003 WL 21302960 (D. Minn. May 16, 2003), involves a situation in which Plaintiff sought to depose several non-party witnesses who had ALL already been deposed for up to seven hours. The depositions of Leach and Kaplan have not been taken in any proceeding, thereby making Plaintiff's argument moot. As stated above, Chrysler itself created a record in which the knowledge of Ms. Bowser is certainly relevant to another separate proceeding. Moreover, the actions were consolidated in *Cardenas*, which is not the situation in the case at bar.

As set forth above, Defendant has a legitimate good faith basis in which to note the depositions of Ms. Bowser, Ms. Kaplan and Mr. Leach in the Hyundai action. The fact that Plaintiff relies entirely upon hearsay and unsubstantiated statements of Hyundai's counsel to argue that their depositions are not needed, speaks for itself. There is no "chicanery" or "abuse of the discovery process" by Defendant. Instead, it is Plaintiff who is abusing the discovery process and preventing Defendant from properly defending himself in these thirteen separate

actions, which total in excess of $160,000,000 of claimed non-dischargeable debt.

The other unpublished opinion of *In Re Aurora Dairy Corp, et al*., 2008 WL 1805731 (E. D. Mo. 2008) represents a readily distinguishable fact situation where no less than 13 cases were consolidated for purposes of trial. Again, there is no consolidation of the adversarial cases. At issue in that case was a motion to appoint two co-lead counsel, an executive committee and a liaison counsel for the "putative class" as well as several other organizational groups to properly manage this massive consolidated action. This cited unpublished case is procedurally and substantively different from the case at bar and warrants no further comment.

Similarly, the cited Supreme Court case of *Societe Nationale Industreielle Aerostpatiale et al. v. United States District Court for the Southern District of Iowa, et* al., 482 U.S. 522 (1987) involved a situation in which Court intervention was necessary to manage a case involving plaintiffs in a personal injury action arising out of an airplane crash in France. The case at bar does not involve a case outside the United States nor an action involving hundreds of plaintiffs in the same action. This mass tort case clearly required Court assistance to have proper case management. To compare the pending adversarial proceedings to a mass tort case is improper and misleading to the Court. The paucity of legal authority for Chrysler's position is indicative of the fact that there simply is none.

Defendant Hecker is entitled to engage in discovery as he deems appropriate and should not be limited as Chrysler thinks appropriate. Chrysler fails to meet any of the threshold requirements for a protective order. The discovery sought is not unreasonably cumulative or duplicative. Nor can it be obtained from some other source that is more convenient, less burdensome or less expensive. Defendant has not had amply opportunity to obtain the information by discovery in this action. This is again due mainly to Chrysler's own attorneys'

doing and not that of Defendant. The enormity of the amount in controversy weighs in favor of allowing Defendant to engage in needed discovery. Not one of these elements have been established in support of Chrysler's motion. <u>See</u> Fed.R.Civ.P. (b)(2)(c). Chrysler has not meet is burden of proof to be granted a protective order.

The Advisory Committee Notes to the above Rule allow the Court to provide relief to the other side when confronted with a motion for a protective order that is denied. "When a motion for a protective order is made and the court is disposed to deny it, the court may go a step further and issue an order to provide or permit discovery." <u>See</u> Notes to Subdivision C- Protective Orders. In the instant, case, the Court should allow Defendant to engage in the proposed discovery – the re-noted deposition of Ms. Bower to engage in discovery of her knowledge in handling the documents at issue and facts relative to this action (not to repeat what she has already testified to), as well as unique knowledge in each of the other adversarial matters; and the three separate noted depositions in the Hyundai matter.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion for an order to prevent the depositions scheduled should be denied. The Court, NOT Plaintiff handles scheduling issues involving adversarial cases not involving Plaintiff. Defendant does not need to obtain prior approval from Chrysler prior to conducting its discovery nor does Defendant have to conduct discovery in the order Chrysler thinks it should be conducted.

Chrysler only has standing to address the sole issue of the re-noted deposition of Ms. Bowser. There exists no legal basis in which to allow Chrysler to obtain a protective order to stop Defendant from engaging in discovery in an entirely different action, which is scheduled for trial early 2010 and in which Hyundai is aggressively engaging in discovery. The Rules allow

Defendant to engage in discovery as his attorneys (NOT Chrysler's attorneys) deem appropriate.

                                                      Respectfully Submitted,

Dated:   November 24, 2009           **SKOLNICK & SHIFF, P.A.**

                                                     __/e/ William R. Skolnick_____
                                                     William R. Skolnick #137182
                                                   LuAnn M. Petricka #18505X
                                                   527 Marquette Avenue South, #2100
                                                   Minneapolis, MN 55402
                                                   (612) 677-7600
                                                   wskolnick@skolnick-shiff.com
                                                   petricka@visi.com

                                                   ATTORNEYS FOR DENNIS E. HECKER

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker                                                                BKY No. 09-50779 RJK

                Debtor.

Chrysler Financial Services
Americas LLC,

                Plaintiff,

v.                                                                Adversary No. 09-05019

Dennis E. Hecker,

                Defendant.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 24, 2009, I caused the following **HECKER'S RESPONSIVE MEMORANDUM OF LAW OPPOSING A PROTECTIVE ORDER LIMITING THE DEFENDANT TO CONDUCT DISCOVERY** to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following listed below:

| | |
|---|---|
| US Trustee | ustpregion12.mn.ecf@usdoj.gov |
| Clinton E. Cutler | ccutler@fredlaw.com, mdavis@fredlaw.com |
| Randall L. Seaver | rlseaver@fullerseaverramette.com, rseaver@ecf.epiqsystems.com |
| Stephen F. Grinnell | stephen.grinnell@gpmlaw.com |
| Nicholas N. Nierengarten | nicholas.nierengarten@gpmlaw.com |

Dated: November 24, 2009                        **SKOLNICK & SHIFF, P.A.**

                                                       /e/ William R. Skolnick
                                                       William R. Skolnick #137182
                                                       LuAnn M. Petricka #18505X
                                                       2100 Rand Tower
                                                       527 Marquette Avenue South
                                                       Minneapolis, MN 55402
                                                       (612) 677-7600
                                                       wskolnick@skolnick-shiff.com
                                                       **ATTORNEY FOR DENNIS E. HECKER**