# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

       Debtor.

Case No. 09-50779-RJK
Chapter 7

---

Chrysler Financial Services Americas LLC,

       Plaintiff,

v.

Dennis E. Hecker,

       Defendant.

ADV Pro. No. 09-05019

**INTERESTED PARTY STEVE LEACH'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**

---

TO:    Defendant Dennis E. Hecker, through his counsel William R. Skolnick, Esq., Skolnick & Shiff, P.A., 2100 Rand Tower, 527 Marquette Avenue South, Minneapolis, Minnesota 55402-1308; and Plaintiff Chrysler Financial Services Americas LLC, through its counsel, Nicholas N. Nierengarten and Stephen F. Grinnell, Gray, Plant, Mooty, Mooty & Bennett, P.A., 500 IDS Center, 80 South 8th Street, Minneapolis, MN 55402.

    1.    Witness Steven Leach, by and through his undersigned counsel, moves the Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on this Motion at 10:00 a.m. on December 16, 2009, before the Honorable Robert J. Kressel in Courtroom 8 West, 300 South Fourth Street, Minneapolis, Minnesota.

3. Pursuant to Local Rule 9006-1(c), any response to this motion must be filed and served not later than December 11, 2009, which is three days prior to the time set for hearing exclusive of Saturdays, Sundays and legal holidays; or filed and served by mail not later than December 9, 2009, which is seven days prior to the time set for hearing exclusive of Saturdays, Sundays and legal holidays. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this Chapter 7 case was filed on June 4, 2009. The case is now pending in this Court.

5. This Motion arises under Rules 7026 and 9016 of the Federal Rules of Bankruptcy Procedure, and the respective corresponding Rules 26 and 45 of the Federal Rules of Civil Procedure.

6. Steve Leach moves the Court for an Order quashing the subpoena requiring him to appear for deposition and produce documents. Mr. Leach further moves for protective order staying the taking of discovery from him in the above-captioned adversary proceeding pending resolution of a parallel criminal proceeding. In the

2

alternative, Mr. Leach moves the Court for protective order sealing any testimony obtained from him and restricting its use to the above-captioned adversary proceeding. This Motion is based on the facts and law set forth in Mr. Leach's accompanying Memorandum and the supporting affidavits of counsel.

7.     Mr. Leach attempted in good faith to confer with counsel for Defendant in an effort to resolve this dispute without court action.

WHEREFORE, Steven Leach respectfully requests that this Court grant the Motion and enter an Order quashing the subpoena of Mr. Leach and staying discovery from Mr. Leach pending resolution of a parallel criminal proceeding. In the alternative, Leach requests the Court issue a protective order sealing his deposition testimony and limiting its use to the above-captioned adversary proceeding.

Dated: December 3, 2009  LINDQUIST & VENNUM, P.L.L.P.

       By: */e/Robert J. Hennessey*
         Robert J. Hennessey (44118)
         Kelly G. Laudon (0386854)

       4200 IDS Center
       80 South Eighth Street
       Minneapolis, MN 55402
       (612) 371-3207
       Fax: (612) 371-3207

       ATTORNEYS FOR STEVE LEACH

Doc# 3124088\1

| In re: | Case No. 09-50779-RJK |
|---|---|
| Dennis E. Hecker, | Chapter 7 |
| Debtor. | |

| Chrysler Financial Services Americas LLC, | ADV Pro. No. 09-05019 |
|---|---|
| Plaintiff, | **INTERESTED PARTY STEVE LEACH'S MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER** |
| v. | |
| Dennis E. Hecker, | |
| Defendant. | |

## INTRODUCTION

Pursuant to Fed. R. Bankr. P. 9016 and Fed. R. Civ. P. 45(c), Steve Leach brings this Motion to Quash the subpoena served upon him by Defendant Dennis E. Hecker. Pursuant to Fed. R. Bankr. P. 7026 and Fed. R.Civ. P. 26, Leach further moves for protective order staying the taking of discovery from him in the above-referenced adversary proceeding pending resolution of a parallel criminal proceeding. Both Leach and Hecker are targets of a federal grand jury investigation into the fraud Plaintiff Chrysler Financial Services ("Chrysler") alleges in its Complaint. Leach, while denying any criminal culpability whatsoever, anticipates it is likely the grand jury will indict both him and Hecker as co-defendants. Moreover, Chrysler has threatened a civil action against Leach in Dakota County District Court for the same injury it alleges in this action. Absent relief from this Court, Leach will be forced to choose between protecting his interests in the imminent criminal proceeding and defending himself against civil liability for the alleged fraud. This Court should not force Leach -- a third-party, involuntary

witness to this proceeding -- to make such a choice, but should issue a protective order in this adversary proceeding and defer that decision to the Dakota County Court. This Court should also quash Hecker's subpoena because Hecker seeks to obtain evidence to which he is not entitled under the Federal Rules of Criminal Procedure. This untoward use of the liberal civil discovery rules prejudices Leach in the criminal matter and jeopardizes the public interest in the integrity of the criminal proceeding.

In the event the Court denies Leach's motion to quash, Leach alternatively moves for a protective order sealing his deposition testimony and limiting its use to the above-referenced adversary proceeding.

## FACTUAL BACKGROUND

### I.    The Grand Jury Investigation

Steve Leach is Hecker's former employee. (*See* Deposition of Cindy Bowser[1] ("Bowser Dep."), 39:16-20.) He resigned from his position as president of Rosedale Leasing, one of the entities owned by Hecker, on December 4, 2007, and has not worked for Hecker or any company owned by Hecker since that date. (*Id.*, 48:8-49:12; Ex. 2.)

As Hecker and Chrysler have already disclosed, the United States Attorney for the District of Minnesota has convened a grand jury to investigate the allegations of fraud made by Chrysler in the present adversary proceeding. (*See* Hecker's Memorandum in Support of Motion to Stay ("Stay Motion"), at 7-8; Chrysler's Objection to Hecker's Motion to Stay ("Opposition Br."), at 2-4.) Hecker is one target of that investigation. (*See* Stay Motion, at 7; Opposition Br., at 3-4.) The Office of the United States Attorney has informed Leach that he is also a target.

---

[1] Attached as Exhibit 5 to Declaration of Nicholas N. Nierengarten, submitted in support of Chrysler's Motion to Quash and for Protective Order on November 23, 2009. (Docket No. 36).

2

(Affidavit of Robert D. Sicoli ("Sicoli Aff."), ¶ 2.) Based on his counsel's communications with the prosecutor, Leach anticipates the grand jury will likely soon indict both him and Hecker as co-defendants. (*Id.*)

The grand jury investigation apparently centers on Chrysler's allegations that Hecker used a forged document to obtain financing from Chrysler for Rosedale Dodge's purchase of Hyundai vehicles. (*See* Bowser Dep., at 150:4-153:11.) As Hecker's former executive assistant Cindy Bowser revealed in her deposition in this proceeding, the grand jury is inquiring into what role, if any, Leach may have played in the alleged fraud. (*See* Bowser Dep. 20:5; 152:19-24.)

## II.    Chrysler's Separate Civil Actions Against Hecker and Leach

Chrysler initiated the present adversary proceeding to obtain a nondischargeability determination on two separate bases. First, Chrysler seeks nondischargeability of approximately $15 million based on the allegations of fraud described above and set forth in paragraphs 14–25 of the Complaint. Second, Chrysler seeks nondischargeability of approximately $68 million based on allegations set forth in paragraphs 26-34 of the Complaint involving Hecker's alleged misappropriation of vehicles beginning in the fall of 2008.

In addition to seeking redress from Hecker in the present adversary proceeding for the fraud allegedly perpetrated against it, Chrysler has informed Leach it intends to file an action holding him liable for the same injury. (*See* Affidavit of Robert J. Hennessey ("Hennessey Aff."), ¶ 4 (describing draft complaint captioned *Chrysler Financial Services Americas LLC v. Steven J. Leach* in Minnesota District Court for Dakota County ("Dakota County Action" or "Dakota County Draft Complaint").) The Dakota County Draft Complaint alleges the same fraud and injury as that alleged in paragraphs 14-25 of the present Complaint. (*Id.*) But for Hecker's decision to file for bankruptcy, Chrysler likely would have filed a single action against both Hecker and Leach.

3

Although at this time Chrysler has refrained from filing the Dakota County Action, in the event it chooses to do so while the above-described criminal investigation or prosecution is ongoing, Leach's counsel intends to move to stay the civil proceeding or, in the alternative, to stay discovery as against Leach, pending resolution of the parallel criminal proceeding. The grounds for a stay would be to relieve Leach of the burden of having to choose between defending himself in the civil matter or invoking the Fifth Amendment to protect his criminal interests and suffering an adverse inference in the civil matter. Minnesota law would weigh strongly in favor of a stay, given the complete overlap of facts, the potential clarifying effect of resolution of the criminal proceeding, and the lack of prejudice to Chrysler in a non-bankruptcy proceeding. *See State v. Deal*, 740 N.W.2d 755, 766 (Minn. 2007) (citing these factors as particularly significant in the balancing test to determine whether to stay a civil action).

## III.     Hecker Asserts Affirmative Defenses, Then Moves to Stay Proceeding, And Now Attempts to Obtain Discovery from Leach.

In the above-captioned adversary proceeding, and before asserting his Fifth Amendment privilege against self-incrimination, Hecker chose to file an Answer, assert affirmative defenses, obtain discovery, and take the deposition of his former employee Cindy Bowser. (*See* Answer; Opposition Br. at 2-7.) About two months after the Complaint was filed, Hecker moved to stay this adversary proceeding, purportedly to preserve his Fifth Amendment rights. (*See* Stay Motion, dated September 15, 2009.) As Chrysler argued before this Court, Hecker "sought to capture the benefits of the adversary proceeding . . . while strategically staying the burdens." (Opp. Br. at 7.) The Court denied his Motion. (*See* Order dated October 22, 2009.)

On November 25, 2009, Hecker served a subpoena for deposition testimony and production of documents on his future co-defendant, Leach.[2] (*See* Hennessey Aff. ¶ 2.) The deposition was noticed for December 11, 2009, but Hecker's counsel agreed to postpone it pending resolution of the present motion. (Hennessey Aff. ¶ 2.) While Leach denies any criminal culpability whatsoever, he has the right under the Fifth Amendment to refuse to produce any documents or provide any testimony that might incriminate him criminally. Moreover, by seeking discovery from Leach, a person likely to be his co-defendant in a criminal indictment, Hecker is attempting to circumvent the discovery restrictions placed upon criminal defendants and placing an undue burden upon Leach. Accordingly, Leach now moves the Court to quash the subpoena.

## ARGUMENT

I.  **Leach's Motion for Protective Order and to Quash Hecker's Subpoena Should Be Granted to Protect Leach's Ability to Defend Himself in the Imminent Criminal Proceeding**

   A.  **The Court Has Discretionary Authority to Stay the Proceeding, Stay Discovery, or Issue A Protective Order When the Interests of Justice Require Such Action.**

A court has inherent authority to stay or limit discovery in a civil proceeding due to an active parallel criminal investigation of related conduct. *Koester v. American Republic Investments, Inc.*, 11 F.3d 818, 823 (8th Cir. 1993); *United States v. Baker-Lockwood Mfg. Co.*, 138 F.2d 48, 53 (8th Cir. 1943); *Sterling National Bank v. A-1 Hotels, Int'l, Inc.*, 175 F.Supp.2d

---

2 The notice of taking deposition Hecker served on November 25, 2009 names Randall L. Seaver as the deponent. Moreover, the subpoena served on November 25, 2009 did not contain an Exhibit A, which the subpoena references as listing Hecker's request for documents. (Hennessey Aff. ¶ 3.) The documents served on November 25, 2009, are attached as Exhibit 1 to the Hennessey Aff. Leach's counsel alerted Hecker's counsel to these deficiencies. Hecker then served an unsigned amended notice of taking deposition on December 2, 2009, which is attached

573, 575-76 (S.D.N.Y. 2001). The United States Supreme Court recognizes "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Texaco, Inc. v. Borda*, 383 F.2d 607, 608 (3d Cir. 1967) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).

The decision to stay or limit discovery in a civil matter pending the outcome of a related criminal proceeding lies within a Court's sound discretion. *Landis*, 299 U.S. at 255; *Koester*, 11 F.3d at 823. "Courts are afforded this discretion because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." *Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995).

The Court's power to quash a subpoena is set forth explicitly in Fed. R. Civ. P. 45(c)(3)(A),[3] which states:

> On timely motion, the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden.

Additionally, the Court has discretion to issue protective orders limiting discovery pursuant to Fed. R. Civ. P. 26(c)(3),[4] which states:

---

as Exhibit 2 to the Hennessey Aff. *Id.* As of the time of filing the present motion, Leach has not received Exhibit A. *Id.*
3 Fed. R. Civ. P. 45 applies to this adversary proceeding pursuant to Fed. R. Bankr. P. 9016.
4 Fed. R. Civ. P. 26 applies to this adversary proceeding pursuant to Fed. R. Bankr. P. 7026.

6

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A)  forbidding the disclosure or discovery; []

(C)  forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; [and]

(F)  requiring that a deposition be sealed and opened only on court order; . . . .

An order staying civil proceedings, postponing civil discovery, or imposing protecting orders and condition is warranted "when the interests of justice seem[] to require such action, sometimes at the request of the prosecution, sometimes at the request of the defense." *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970) (citing numerous cases); *see also Afro-Lecon, Inc. v. United States*, 820 F.2d 1198, 1202 (Fed. Cir. 1987). A civil proceeding may be stayed where it and a parallel criminal proceeding are so interrelated that the party cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege against self-incrimination, or the two trials will so overlap that effective defense of both is impossible. *Koester*, 11 F.3d at 823.

Under Minnesota law, a court considering a motion for stay must balance the interests of the litigants, non-parties, the public, and the court. *State v. Deal*, 740 N.W. 2d 755, 766 (Minn. 2007). The balancing is "a situation-specific task, and an inquiring court must take a careful look at the idiosyncratic circumstances of the case before it." *Microfinancial, Inc v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 78 (1st Cir. 2004) (quoted in *Deal*, 740 N.W.2d at 766). The following factors have been cited by the Minnesota Supreme Court as particularly significant:

| | |
|---|---|
| (1) | the extent to which the evidentiary material in the civil and criminal cases overlap; |
| (2) | the status of the criminal proceeding; |
| (3) | the interests of any parties in staying the civil proceeding; |
| (4) | the prejudice to any parties from staying the civil proceeding; |

7

| (5) | the interests of persons that are not parties to the litigation; |
|---|---|
| (6) | court convenience; and |
| (7) | the public interest in the pending civil and criminal actions. |

*Deal*, 740 N.W.2d at 766. Similar factors are considered in federal court. *See Keating v. Office of Third Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995); *Trustees*, 886 F. Supp. at 1139; *Walsh Securities, Inc. v. Cristo Property Management, Ltd.*, 7 F.Supp.2d 523, 526-27 (D. N.J. 1998); *Progressive Northern Ins. Co. v. Alivio Chiropractic Clinic, Inc.* Doc. No. 05-951, 2007 WL 2122684, at *2-3 (D. Minn. July 20, 2007) (unpublished).[5]

The present circumstances warrant a protective order staying the taking of discovery from Leach and quashing Hecker's subpoena for two reasons. First, requiring Leach to give testimony or produce documents in this adversary proceeding forces Leach to choose between (1) waiving his right to invoke the Fifth Amendment to protect his interests against civil liability and (2) invoking the Fifth Amendment protection against compelled testimony to the detriment of his interests in a separate civil proceeding. As a non-party to the present litigation, Leach should not be forced to make such a choice. Rather, the Court should relieve Leach of making the choice in this litigation and permit the Dakota County Court – which will have jurisdiction over Leach's civil liability – to exercise its discretion to decide the issue. The subpoena should further be quashed because it subjects Leach to the undue burden of providing discovery to his co-defendant in an imminent criminal prosecution, discovery which Hecker is not entitled to under the Federal Rules of Criminal Procedure. Hecker should not be permitted to use the liberal discovery rules in the present adversary proceeding to circumvent the limited discovery rules in criminal matters and prejudice Leach's defense in the criminal proceeding.

---

[5] Attached as Exhibit 3 to Hennessey Aff.

8

**B.      This Court Should Not Force Leach to Choose Between Invoking His Fifth Amendment Protection Against Compelled Testimony and Defending A Claim for Civil Liability, but Defer That Decision to the Dakota County Court.**

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const., amend. V.  It applies in both civil and criminal proceedings. *See e.g. McCarthy v. Arndstein*, 266 U.S. 34, 40 1924); *Parker v. Hennepin County*, Dist. Ct. 285 N.W.2d 81, 82 (Minn. 1979).  The privilege may be invoked "not only when the question elicits evidence of a crime, but also when the answer would provide a 'link in the chain of evidence' required for prosecution." *In re Braun*, 502 N.W.2d 219, 221 (Minn. Ct. App. 1993) (quoting *Minn. State Bar Ass'n v. Divorce Assistance Ass'n, Inc.*, 248 N.W.2d 733, 737 (Minn. 1976).  The privilege is properly raised "unless it is 'perfectly clear' the question 'cannot possibly' have a tendency to incriminate." *Id.* (quoting *Hoffman v. United States*, 341 U.S. 479, 488 (1951)).  What is potentially incriminating is construed broadly to protect the holder of the privilege, and a person's refusal to give testimony may be protected even where a question appears innocuous rather than incriminating. *Id.* at 222.

Although a person may raise the privilege in a civil proceeding, the cost of doing so is high.  Both the United States Supreme Court and the Minnesota Supreme Court have ruled that the Fifth Amendment allows an adverse inference to be drawn by the finder of fact in a civil proceeding where a person has failed to answer under cover of privilege.  *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *Ralph Hegman Co. v. Transamerica Ins. Co.*, 198 N.W.2d 555, 557 (Minn. 1972).  Pursuant to both federal and Minnesota constitutional law, "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Parker*, 285 N.W.2d at 83 (quoting *Baxter*, 425 U.S. at 318).

9

Because of the severe consequences a civil litigant faces if forced to invoke the Fifth Amendment, courts often exercise their discretion to protect the litigant from having to choose between invocation of the privilege and defending against civil liability by staying a civil proceeding pending disposition of a parallel criminal matter. *See e.g. Trustees*, 886 F. Supp. at 1140-41 ("The inconvenience and delay to plaintiffs that will unfortunately be caused by a stay are outweighed by the defendants' significant Fifth Amendment concerns. . . . "); *Progressive Northern*, 2007 WL 2122684, at *3-4 (extending previously imposed stay where defendants were targets of a grand jury investigation involving the same claims and issues as those in the civil case).

The Court should relieve Leach from the burden of testifying in this matter because he should not be forced to decide between protecting his interests in the criminal proceeding and defending himself against potential civil liability. While Leach's civil liability is not at issue in the present adversary proceeding, Chrysler has threatened to file a civil action against him for the same injury it alleges in this adversary proceeding. If the criminal investigation or proceeding is ongoing, Leach intends to seek a stay in that civil action.

The circumstances of Leach's case weigh strongly in favor of a stay. There is a complete overlap between the subject matter on which Hecker seeks discovery from Leach, the issues presented in the Dakota County Draft Complaint, and the issues being investigated by the grand jury. According to the prosecutor, an indictment is imminent. Once the indictment is handed down, the Speedy Trial Act will apply and the case must be resolved within a few months. *See* 18 U.S.C. § 3161(c)(1) (requiring trial within 70 days after defendant pleads not guilty).

Leach has a significant interest in staying his discovery. His interest extends both to protecting his rights in the imminent criminal proceeding, including the danger discovery poses to his rights under the Fifth Amendment, and to his rights to defend a civil liability claim of over

10

$13 million. As will be discussed more fully below, Leach also has an interest in protecting his rights vis a vis his likely co-defendant, Hecker. Hecker himself has acknowledged the danger discovery in this matter could have on the criminal investigation and third parties such as Leach. (Stay Motion, at 14.)

The public interest also weighs strongly in favor of staying discovery from Leach. The public has a strong interest in protecting the integrity of a criminal proceeding. *Deal*, 740 N.W.2d at 766; *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962). "The more the issues overlap in the civil and criminal proceedings, the more likely that allowing civil discovery will jeopardize the integrity of the criminal proceeding." *Deal*, 740 N.W.2d at 766 (citing *Afro-Lecon*, 820 F.2d at 1202-03; *Maloney v. Gordon*, 328 F. Supp. 2d 508, 511 (D. Del. 2004)). Here, there is complete overlap in issues, putting the imminent criminal proceeding's integrity in jeopardy.

An additional factor weighing strong in favor of staying any discovery from Leach in this adversary proceeding is that his civil liability will be adjudicated by another court in a separate civil action. With all due respect to this Court, Leach submits that the court with jurisdiction over the civil action between Chrysler and Leach should be the one to make the determination as to whether Leach should be forced to choose between invocation of the Fifth Amendment and defending against an alleged civil liability of up to $15 million.

The only factors that arguably weigh against a stay are court convenience and potential prejudice to the parties. This adversary proceeding is currently set to be tried on March 22, 2009. Leach understands that the grand jury will probably act prior to that time. Once the grand jury has acted, we will know exactly what Mr. Leach's status is. At that time, the current matter could be reset based on the criminal calendar. Under the circumstances, Mr. Leach's interests outweigh this factor.

Doc# 3124986\1

Leach's circumstance is not analogous to Hecker's and his request for a stay should not be prejudiced by the fact that the Court has denied Hecker's motion to stay the proceedings. Unlike Hecker, Leach seeks to use the Fifth Amendment as a shield, not as a sword. Hecker's chose to seek a stay only after presenting his theory of defense and obtaining discovery from third-party witnesses. *See* Chrysler's Mem. In Opp. To Hecker's Motion to Stay, at 5-7. The law does not look favorably upon this type of strategic and opportunistic use of the Fifth Amendment. *See General Dynamics Corp. v. Selb*, 481 F.2d 1204, 1213 (8th Cir. 1973) ("the privilege must not be used as a sword and a shield where affirmative relief is voluntarily sought by a party"); *Fidelity Nat'l Title Ins. Co. v. Nat'l Title Resources Corp.*, 980 F. Supp. 1022, 1024-25 (D. Minn. 1997) (same). Moreover, unlike Hecker, Leach's civil case would be tried before a jury, not a judge, where the effect of the adverse inference is arguably more significant.

In light of the imminent criminal proceedings, and Chrysler's allegation that Leach is civilly liable to it for over $13 million, Leach should not be forced to make the choice between invoking the Fifth Amendment or defending his interests against civil liability in an involuntary deposition for a matter in which he is not a party. This Court should quash the subpoena and prohibit the taking of any deposition testimony from Leach in the above-captioned adversary proceeding before the criminal case is resolved.

**C. Hecker's Subpoena on Steve Leach Should Be Quashed Because Hecker Is Using This Adversary Proceeding to Circumvent the Criminal Rules and Gain An Unfair Advantage Against His Likely Co-Defendant.**

Leach further moves the Court to quash Hecker's subpoena to avoid permitting Hecker the use of this adversary proceeding's liberal discovery procedures to gain an unfair advantage against his likely criminal co-defendant. It has long been recognized that a tension exists between parallel criminal and civil proceedings, because criminal discovery rules are much more restrictive than civil discovery rules. *See Campbell*, 307 F.2d at 487 (discussing the differences

12

between criminal and civil discovery). "A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for the use in his criminal trial." *Id.* *See also Afro-Lecon, Inc. v. United States*, 820 F.2d 1198, 1203 (Fed.Cir.1987) (concluding that the opportunity to use civil discovery may present "an irresistible temptation to use that discovery to one's advantage in the criminal case"). A stay or a court-imposed limitation on discovery is appropriate where there is a danger that civil discovery may be used to bypass the more limited rules of criminal procedure. *See Deal*, 740 N.W.2d at 761-62. "Maintaining the integrity of a criminal proceeding by preventing circumvention of the criminal discovery rules is a sound policy ground that justifies narrowing the generally broad civil discovery rules." *Id.* at 765-66 (quotations omitted).

A criminal defendant's access to the broad scope of civil discovery compromises the integrity of the criminal process. *Id.* Because motions to stay civil discovery are often brought by the governmental entity prosecuting the parallel criminal proceeding, courts often focus on the governmental and public interest in preserving the integrity of the criminal process, *see e.g. Ashworth v. Albers Medical, Inc.*, 229 F.R.D. 527, 532 (S.D. W.Va. 2005), but the rationale behind limiting civil discovery is no less applicable to a motion brought by a co-defendant, whose very liberty depends on the integrity of the process. *See Campbell*, 307 F.2d at 487; *Maloney v. Gordon*, 328 F. Supp. 2d 508, 513 (D. Del. 2004).

Pursuant to its discretion to limit discovery, this Court should prohibit Hecker from seeking any discovery from his likely co-defendant, Leach. This adversary proceeding involves two primary allegations: (1) Hecker's use of the allegedly fraudulent Hyundai document to obtain financing from Chrysler in late 2007; and (2) Hecker's misappropriation of proceeds from vehicles he sold beginning in the fall of 2008. The parties to this adversary proceeding do not

13

dispute that a Grand Jury is currently investigating the first allegation. (*See* Stay Motion; Opposition Br.) Because Leach's last day of employment with Hecker was December 4, 2007, long before the facts arose relevant to the second allegation, the only inquiry either party might make of Leach necessarily involves the allegations currently subject to criminal investigation. Given that Hecker and Leach are targets of that investigation, it is almost certain the two will be named as co-defendants in an indictment.

Despite the risks to his criminal defense, and notwithstanding his late attempt to seek a stay in the proceeding, Hecker made the strategic decision to actively engage in the present adversary proceeding by filing an answer outlining the merits of his defense and pursuing discovery. (*See* Opposition Br., at 5-7.) While that choice is Hecker's to make, he should not be permitted to use this proceeding, and the liberal discovery methods attendant thereto, to gain an unfair advantage against his likely co-defendant in the imminent criminal matter. *See Deal*, 740 N.W.2d at 761-62. Permitting him to do so would work an injustice against Leach and his ability to defend himself in the criminal matter.

Absent an order quashing the subpoena, Leach's right to mount a strong criminal defense will be infringed. If Hecker were actually permitted to obtain discovery from Leach, Leach would then be forced to reveal his defense to the criminal allegations. *See Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527 (D. N.J. 1998) (granting pre-indictment stay in civil case where permitting discovery would place civil co-defendants at risk of self-incrimination and force them to reveal their criminal defense strategy to potential criminal co-defendants). Under Rule 16 of the Criminal Rules of Civil Procedure, Hecker has no right to obtain documents from or depose his co-defendant. If Hecker's subpoena of Leach is not quashed, Hecker will be making an end-run around the criminal rules prohibiting such discovery,

14

thereby jeopardizing Leach's criminal defense. Simply put, the interests of justice require that Leach be relieved of participation in this adversary proceeding.

## II. As an Alternative Remedy to Quashing the Subpoena and Staying Discovery, Leach Moves for a Protective Order Sealing His Testimony and Restricting Its Use to the Above-Captioned Adversary Proceeding.

At a minimum, assuming arguendo Leach's motion to quash is denied, this Court should issue a protective order sealing any testimony Leach provides in this adversary proceeding and restrict its use to this proceeding alone. This alternative method to a complete stay has been suggested by the Eighth Circuit and utilized in certain cases where the trial court decides to permit a civil action to proceed despite the existence of a parallel criminal action. *See General Dynamics*, 481 F.2d, at 1215. *See also e.g., Fidelity*, 980 F. Supp. at 1025; *Digital Equip. Corp v. Currie Enterprises*, 142 F.R.D. 8, 15 n. 11 (D. Mass. 1991) (citing additional cases). Unfortunately, such an order would not protect Leach from the prejudice he would suffer from being deposed by his likely co-defendant. The only purpose an order sealing Leach's testimony and limiting its use to this adversary proceeding would have is to protect Leach from having his invocation of the Fifth Amendment used against him in the Dakota County Action. Again, the Dakota County Court should have the discretion to decide whether Leach must be forced to testify and suffer the burden of an adverse inference in his civil liability case if he invokes the Fifth Amendment.

## CONCLUSION

Although Leach is not a party to this civil proceeding, and therefore does not seek the drastic measure of requesting a full stay pending the resolution of criminal proceeding, he asks this Court to issue a protective order staying the taking of any discovery from him. The circumstances demonstrate that the prejudice to Leach's ability to protect his interests against criminal and civil liability outweighs any prejudice to the litigants in not being able to obtain

15

discovery from him at this time. For the reasons stated above, Leach respectfully requests the Court quash the subpoena issued by Hecker and issue a protective order staying the taking of any discovery from him pending resolution of the parallel criminal proceeding. In the alternative, Leach requests the Court issue a protective order sealing his deposition and documents produced and restricting their use to the above-captioned adversary proceeding.

Dated: December 3, 2009

LINDQUIST & VENNUM, P.L.L.P.


By:   _/e/Robert J. Hennessey_____

Robert J. Hennessey (44118)
Kelly G. Laudon (0386854)
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 371-3207
Fax:  (612) 371-3207

**ATTORNEYS FOR STEVE LEACH**

Doc# 3124986\1

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No. 09-50779-RJK |
| | Chapter 7 |
|       Dennis E. Hecker, | |
|           Debtor. | |

| | |
|---|---|
| Chrysler Financial Services Americas LLC, | ADV Pro. No. 09-05019 |
|       Plaintiff, | |
| v. | |
| Dennis E. Hecker, | |
|       Defendant. | |

## AFFIDAVIT OF ROBERT J. HENNESSEY

Your Affiant, Robert J. Hennessey, deposes and states:

1.     I am an attorney with the law firm of Lindquist & Vennum P.L.L.P. I represent Steven Leach in connection with a subpoena he received for his deposition in the above-captioned adversary proceeding, and submit this Affidavit in support of his Motion to Quash the Subpoena and for Protective Order.

2.     On November 25, 2009, I accepted service on behalf of Mr. Leach of the subpoena and notice of taking deposition of Steve Leach issued by Dennis E. Hecker in the above-captioned adversary proceeding, a true and correct copy of which is attached hereto as Exhibit 1. Mr. Leach's deposition was noticed for December 11, 2009. Upon

my request, Hecker's counsel agreed to postpone the date of the deposition pending resolution of Mr. Leach's Motion to Quash the Subpoena and for Protective Order.

3.　　The notice Hecker served on November 25, 2009 had an error in the body of the notice as the deponent.  Also, the subpoena I received did not contain an Exhibit A, which purportedly contains Hecker's request for documents.  Hecker served an amended Notice on December 2, 2009, a true and correct copy of which is attached hereto as Exhibit 2.  As of the time of filing the present motion, however, I still have not received a copy of Exhibit A to Hecker's subpoena.

4.　　I conferred with Hecker's counsel on several occasions in an attempt to resolve the dispute presented in Mr. Leach's Motion.  We have been unable to reach an agreement.

5.　　On August 14, 2009, Robert D. Sicoli forwarded me a draft complaint he received on Mr. Leach's behalf from Chrysler Financial Services America LLC.  The draft complaint is captioned as a civil action in Minnesota District Court for Dakota County, *Chrysler Financial Services Americas LLC v. Steven J. Leach* ("Dakota County Draft Complaint").  In the Dakota County Draft Complaint, Chrysler alleges Mr. Leach assisted Mr. Hecker in creating a false document that Hecker then used to obtain financing from Chrysler.  It claims liability against Mr. Leach in an amount exceeding $13 million.  I have compared the Dakota County Draft Complaint and the Complaint filed in the above-captioned adversary proceeding.  The fraud and injury alleged in Chrysler's Dakota County Draft Complaint is the same as that Chrysler alleges in paragraphs 14-25 of the above-captioned Complaint.

2

6.     Attached to this Affidavit as Exhibit 3 is a true and accurate copy of

*Progressive Northern Ins. Co. v. Alivio Chiropractic Clinic, Inc.* Doc. No. 05-951, 2007

WL 2122684, at *2-3 (D. Minn. July 20, 2007) (unpublished).


I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE
UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND
CORRECT.

Executed on this 3rd day

of December, 2009.                              */e/ Robert J. Hennessey*
                                                Robert J. Hennessey

Doc# 3126776\1

RECEIVED
NOV 2 5 2009

# UNITES STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

DENNIS E. HECKER                                    Case No. 09-50779-RJK

     Debtor,                                        Chapter 7

CHRYSLER FINANCIAL                                  ADV Pro. No. 09-05019
SERVICES AMERICAS LLC,

     Plaintiff,

vs.                                                 **SUBPOENA DUCES TECUM IN**
                                                    **AN ADVERSARY PROCEEDING**
DENNIS E. HECKER,

     Defendant.

---

To: Steve Leach, 1500 Summit Oak Court  Burnsville, MN 55337

|   | YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case. |
|---|---|

| PLACE OF TESTIMONY | ROOM |
|---|---|
|   | |
|   | DATE AND TIME |
|   | |

| X | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. |
|---|---|

| PLACE OF DEPOSITION<br>SKOLNICK & SHIFF, P.A.<br>2100 Rand Tower,<br>527 Marquette Ave S., Minneapolis, MN 55402-1308 | DATE AND TIME<br>December 11, 2009   9:00 a.m. |
|---|---|

| X | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): |
|---|---|

     SEE EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|
|   | |



EXHIBIT
1

YOU ARE COMMANDED to r...mit inspection of the following premises at ...e date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]  Attorney for Defendant | November 25, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
William R. Skolnick, Esq.
2100 Rand Tower 527 Marquette Ave S., Minneapolis, MN 55402-1308
(612)677-7600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.
AO88  (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | | |
|---|---|---|
| | DATE | SIGNATURE OF SERVER |
| | | ADDRESS OF SERVER |
| | | |

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In Re: | ) | **Bankruptcy Case No: 09-50779-RJK** |
| | ) | |
| **DENNIS E. HECKER,** | ) | **Chapter 7** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **CHRYSLER FINANCIAL** | ) | **Adversary Proceeding No.: 09-05019** |
| **SERVICES AMERICAS** | ) | |
| **LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **DENNIS E. HECKER,** | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

---

## AMENDED NOTICE OF TAKING DEPOSITION
## OF STEVE LEACH

**TO:** **Plaintiff and its counsel, Gray, Plant, Mooty, Mooty & Bennett, P.A., Nicholas Nierengarten and Stephen Grinnell, 500 IDS Center, 80 S. 8th St., Minneapolis, Minnesota 55402 and Mayer Brown LLP, Howard Roin and Stuart Rozen, 71 South Wacker Drive, Chicago, Illinois, 60606.**

PLEASE TAKE NOTICE THAT pursuant to Bankruptcy Rules 7030 and 9016

incorporating Fed.R.Civ.P. 30 and 45 Defendant Dennis E. Hecker will take the

deposition of Randall L. Seaver, Trustee by stenographic means, at the offices of

Skolnick & Shiff, P.A., 527 Marquette Ave. S. Suite 2100, Minneapolis, MN

**EXHIBIT**

**2**

55402 on Friday, December 11, 2009 commencing at 9:00 a.m., and thereafter by adjournment until the same shall be completed.

**Dated: November 25, 2009**                    SKOLNICK & SHIFF, P.A.


**William R. Skolnick  # 137182**
**2100 Rand Tower**
**527 Marquette Avenue**
**Minneapolis, MN 55402**
**Phone (612) 677-7600**
**Fax (612) 667-7601**

**ATTORNEY FOR DEFENDANT**
**DENNIS E. HECKER**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: ) | **Bankruptcy Case No: 09-50779-RJK** |
| ) | |
| **DENNIS E. HECKER,** ) | **Chapter 7** |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| **CHRYSLER FINANCIAL** ) | **Adversary Proceeding No.: 09-05019** |
| **SERVICES AMERICAS** ) | |
| **LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **DENNIS E. HECKER,** ) | |
| ) | |
| **Defendant** ) | |
| ) | |

## AMENDED NOTICE OF TAKING DEPOSITION
## OF STEVE LEACH

**TO:** **Plaintiff and its counsel, Gray, Plant, Mooty, Mooty & Bennett, P.A., Nicholas Nierengarten and Stephen Grinnell, 500 IDS Center, 80 S. 8th St., Minneapolis, Minnesota 55402 and Mayer Brown LLP, Howard Roin and Stuart Rozen, 71 South Wacker Drive, Chicago, Illinois, 60606.**

PLEASE TAKE NOTICE THAT pursuant to Bankruptcy Rules 7030 and 9016

incorporating Fed.R.Civ.P. 30 and 45 Defendant Dennis E. Hecker will take the

deposition of Steve Leach by stenographic means, at the offices of Skolnick &

Shiff, P.A., 527 Marquette Ave. S. Suite 2100, Minneapolis, MN 55402 on Friday,

December 11, 2009 commencing at 9:00 a.m., and thereafter by adjournment until the same shall be completed.

**Dated: November 25, 2009**          SKOLNICK & SHIFF, P.A.

_____

**William R. Skolnick  # 137182**
**2100 Rand Tower**
**527 Marquette Avenue**
**Minneapolis, MN 55402**
**Phone (612) 677-7600**
**Fax (612) 667-7601**

**ATTORNEY FOR DEFENDANT**
**DENNIS E. HECKER**

Not Reported in F.Supp.2d, 2007 WL 2122684 (D.Minn.)
**(Cite as: 2007 WL 2122684 (D.Minn.))**

**H**
Only the Westlaw citation is currently available.

United States District Court,
D. Minnesota.
PROGRESSIVE NORTHERN INSURANCE
COMPANY, Progressive Classic Insurance Company, Progressive Specialty Insurance Company,
Progressive Casualty Insurance Company, and Progressive Northwestern Insurance Company,
Plaintiffs,
v.
ALIVIO CHIROPRACTIC CLINIC, INC., Joshua
Jason Anderson, D.C., Alexis Alarcon Aguilar, Andrea Kay Bongart, individually and d/b/a Sunshine
Clinical Bodyshop, Mark Anthony Karney, attorney
at law, d/b/a Karney & Associates, and Adolfo Cardona, Defendants.
**No. 05-951 (JNE/RLE).**

July 20, 2007.

Michael W. Lowden, Lowden Tentinger & Associates, LLC, Bloomington, MN, for Plaintiffs.

Jennifer M. Macaulay, Macaulay Law Offices, John
B. Wolfe, Jr., Wolfe & Associates, St. Paul, MN,
Michael J. Weber, Weber Law Office, Eric C. Tostrud, Patricia A. Bloodgood, Carmen B. Copher,
Lockridge Grindal Nauen PLLP, James H. Cohen,
Cohen Law Office, Jonathan G. Steinberg, Chrastil
& Steinberg, Minneapolis, MN, for Defendants.

ORDER

JOAN N. ERICKSEN, United States District Judge.

*1 Based upon the Report and Recommendation of
United States Magistrate Judge Raymond L. Erickson, and after an independent review of the files,
records and proceedings in the above-entitled matter, it is-

ORDERED:

That the Stay in this case is continued.

REPORT AND RECOMMENDATION

RAYMOND L. ERICKSON, Chief U.S. Magistrate
Judge.

*I. Introduction*

This matter came before the undersigned United
States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions
of Title 28 U.S.C. § 636(b)(1)(B), to determine the
advisability of continuing a Stay that has been imposed in this action. A telephonic Status Conference was conducted on May 15, 2007, at which
time, the Plaintiffs appeared by Michael W.
Lowden, Esq., and the Defendants appeared by
John B. Wolfe, Jr., Michael J. Weber, Carmen P.
Copher, and Jonathan G. Steinberg, Esqs. For reasons which follow, we recommend that the Stay imposed by the District Court be continued.

*II. Factual and Procedural Background*

The operative facts in this case were summarized in
an Order that was issued, on March 15, 2007 by the
District Court, the Honorable Paul A. Magnuson
presiding. See, *Docket No. 150.* Briefly, the
Plaintiffs, which are insurance companies, have
filed a Complaint alleging that the Defendants have
conspired to defraud them on medical expense benefits, under the Minnesota No-Fault Automobile
Insurance Act, *Minnesota Statutes Section 65B.42
et seq.* According to the Complaint, see, *Docket No.
1,* the Defendants employed "runners," who would
seek out automobile accidents involving illegal aliens, and bring the aliens back to the Alivio Chiropractic Clinic ("Clinic"), where, allegedly, exaggerated medical diagnoses and treatment plans would

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.


EXHIBIT
3

Not Reported in F.Supp.2d, 2007 WL 2122684 (D.Minn.)
(Cite as: 2007 WL 2122684 (D.Minn.))

be made, and subsequently billed to the Plaintiffs. If the accident victims sought to discontinue treatment, or to expose the scheme, the Defendants allegedly threatened to expose their illegal immigration status.

In 2004, the Plaintiffs suspended payments to the Defendants, and initiated an investigation that led to the filing of their Complaint, here. After the Plaintiffs filed suit, the United States Attorney impaneled a Grand Jury, and commenced a criminal investigation based on the same allegations, and the Federal Bureau of Investigation ("FBI") executed a Search Warrant on the business premises of the Clinic, and Joshua Jason Anderson ("Anderson"), who is the owner of the Clinic. The Defendants submitted a Joint Motion to Stay Proceedings, see, *Docket No. 144*, pending the resolution of the Federal criminal investigation. On March 15, 2006, the District Court issued an Order granting the Defendants' Motion.[FN1] See, *Docket No. 150*, at p. 4.

> FN1. The District Court's Order included two (2) exceptions to the Stay, and allowed the parties to continue briefing on the Defendant Adolfo Cardona's Motion to Dismiss, *Docket No. 119*, and permitted the Plaintiffs to file a Rule 65 Motion to enjoin the Defendants Alivio and Anderson, as well as the Lake Street Chiropractic Clinic, from submitting further no-fault medical expense claims to the Plaintiffs pending the resolution of this action, and staying all no-fault arbitration proceedings that were identified by the Plaintiffs as involving Alivio. See, *Docket No. 150*, at p. 3-4.

On May 15, 2007, we held a telephonic Status Conference with the parties to ascertain the progress of the case, and to determine whether the Stay should be lifted. See, *Docket No. 175*.

### III. Discussion

1. *Standard of Review.* The Fifth Amendment to the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." *United States Constitution Amend. V.* Notably, the Amendment not only protects an individual against being involuntarily called as a witness against himself in a criminal prosecution, but also privileges him not to answer official questions, that are put to him in any other proceeding, civil or criminal, formal or informal, when the answers might incriminate him in future criminal proceedings. See, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973).

*2 A Court may, in its discretion, grant a stay of a pending civil action in order to avoid interfering with a pending criminal investigation, see, *Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir.1990), or to preserve the ability of a defendant to assert his Fifth Amendment privilege in a pending criminal proceeding involving the same subject matter. See, *Turley v. United States*, 2002 WL 31097225 at *2 (W.D.Mo., August 22, 2002)("The rationale behind such a stay is that a litigant should not be allowed to use the liberal discovery procedures applicable to a civil suit to avoid restrictions on criminal discovery and obtain documents he would not otherwise be entitled to for use in his criminal suit."), citing *Campbell v. Eastland*, 307 F.2d 478, 488 (5th Cir.1962). Nevertheless, the Fifth Amendment does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. See, *Keating v. Office of Thrift Supervision*, 45 F .3d 322, 324 (9th Cir.1995), cert. denied, 516 U.S. 827 (1995). Otherwise stated, although "[a] stay of a civil trial until factually related criminal proceedings are concluded is sometimes warranted[,] a civil defendant cannot hide behind a blanket invocation of the Fifth Amendment privilege." *Fidelity National Title Ins. Co. of N.Y. v. National Title Resources Corp.*, 980 F.Supp. 1022, 1024 (D.Minn.1997), quoting *Koester v. American Republic Investments, Inc.*, 11 F.3d 818, 823 (8th Cir.1993). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneously] parallel [civil and criminal] proceedings are unobjectionable un-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 2122684 (D.Minn.)
(Cite as: 2007 WL 2122684 (D.Minn.))

der our jurisprudence." *Id.,* quoting *SEC v. Dresser Industries, Inc.,* 628 F.2d 1368, 1375 (D.C.Cir.1980).

As our Court of Appeals observed, "to warrant a stay, defendant must make a strong showing either that the two proceedings are so interrelated that he cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege * * * or that the two trials will so overlap that effective defense of both is impossible." *Koester v. American Republic Investments, Inc.,* supra at 823, citing *Angdala v. Sprague,* 822 F.2d 1035, 1036-37 (11th Cir.1987). In making this determination, a Court must consider the particular circumstances, and the competing interests, that are involved in each case. See, *Federal Savings and Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 902 (9th Cir.1989). In addition to considering the extent to which a defendant's Fifth Amendment rights are implicated, a Court may consider, where relevant, the following five (5) factors:

1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it;

2) the burden which any particular aspect of the proceedings may impose on defendants;

3) the convenience of the court in the management of its cases, and the efficient use of judicial resources;

4) the interests of persons not parties to the civil litigation; and

³3 (5) the interest of the public in the pending civil and criminal litigation.

*Keating v. Office of Thrift Supervision,* supra at 324-25; see also, *White v. Mapco Gas Products, Inc.,* 116 F.R.D. 498, 502 (E.D.Ark.1987)(same).

With these precepts as our backdrop, we proceed to an analysis of whether a continued Stay is warranted here.

2. *Legal Analysis.* In granting a Stay in these proceedings in March of 2006, the District Court found that the criminal investigation of the Defendants involves the same claims, and issues, as those in this case, and noted that three (3) of the five (5) named Defendants had been compelled to provide evidence before a Grand Jury. See, *Order,* supra at p. 3. Moreover, at that time, the Plaintiffs conceded that they could benefit from a Stay, as the criminal investigation had the potential to reduce the scope of discovery, or to simplify the issues in this case.

Over one (1) year has passed since this matter was stayed, and according to the parties, very little progress has been perceived in the pending criminal investigation. The Defendants assert that a "target letter" was sent to some of the named Defendants in December of 2006, and they argue that the letter reflects that they are still actively the focus of a Federal criminal investigation. However, we note that a target letter is not an official action, and it remains unclear whether some, or all of the Defendants, could still be named in a criminal proceeding.

In weighing the advisability of allowing the Stay in this matter to continue, we take notice of the decision of the Court, in January of 2007, to stay proceedings in the factually similar case of *Allstate Insurance Company v. Alivio Chiropractic Clinic, Inc.,* 2007 WL 152103 at *1 (D.Minn., January 12, 2007). In finding that a Stay was appropriate there, the Court noted that its findings mirrored those of the District Court in this matter, and additionally, the Court cited the issuance of a "target letter" to Anderson, who is also a named Defendant in this case, as an indication that a criminal investigation of the related underlying facts was ongoing. *Id.* at *2.

In initiating the Status Conference with the parties, our concern was that, in allowing the Stay to continue in this case, without a fresh inquiry, could result in an extended delay, and that, as every day progressed, the danger of lost papers, and lost memories, increased. At this stage in the proceedings, it is impossible for us to predict when-or if-criminal

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 2122684 (D.Minn.)
**(Cite as: 2007 WL 2122684 (D.Minn.))**

proceedings will be initiated against any of the Defendants. However, we are also respectful of the Defendants' ongoing and genuine concerns about protecting their Fifth Amendment privileges. While they recognize that the factors which originally favored a Stay continue,[FN2] in support of lifting the Stay, the Plaintiffs contend that the Defendants have continued to engage in the allegedly fraudulent behavior that was the subject of their Complaint, but the District Court specifically provided an exception to the Stay which would allow the Plaintiffs to file for a Protective Order against the Defendants and, in fact, on March 27, 2006, the Plaintiffs filed such a Motion. See, *Docket No. 155.* The Court issued an Order denying the Plaintiffs' Motion on May 16, 2006, see, *Docket No. 171,* and found that the Plaintiffs were not in danger of irreparable harm during the pendency of the criminal proceedings. No similar Motion has been filed thereafter.

> FN2. Notably, the question of continuing the Stay was initiated by this Court, and not by any independent Motion from the Plaintiffs.

**\*4** We conclude that we have no basis to lift the Stay, on the facts before us. We advise the parties that we will continue to monitor this case closely, however, and anticipate revisiting this question, if no criminal case is initiated in the near future, at which time, we will reconsider the need to expedite these civil proceedings. Of course, any party may move to lift the Stay at any time, upon a proper showing.

NOW, THEREFORE, It is-

RECOMMENDED:

That the Stay in this case be continued.

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72. 1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court,

and by serving upon all parties **by no later than July 19, 2007,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 19, 2007,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.

D.Minn.,2007.
Progressive Northern Ins. Co. v. Alivio Chiropractic Clinic, Inc.
Not Reported in F.Supp.2d, 2007 WL 2122684 (D.Minn.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                    Case No. 09-50779-RJK
                                          Chapter 7
    Dennis E. Hecker,

        Debtor.

---

Chrysler Financial Services Americas
LLC,                                      ADV Pro. No. 09-05019

        Plaintiff,

v.

Dennis E. Hecker,

        Defendant.

---

## AFFIDAVIT OF ROBERT D. SICOLI

---

Your Affiant, Robert D. Sicoli, deposes and states:

1.     I am an attorney and represent Steve Leach in connection with the grand jury investigation initiated by the United States Attorney for the District of Minnesota. I submit this Affidavit in support of Mr. Leach's Motion to Quash the Subpoena and for Protective Order in the above-captioned adversary proceeding.

2.     I have been informed by the Office of the United States Attorney who convened the grand jury that Mr. Leach is a target of its criminal investigation into the fraud allegations brought by Chrysler in the above-captioned adversary proceeding. On

October 27, 2009, I received a letter from the Office of the United States Attorney

confirming Mr. Leach's target status. In a more recent conversation with the Assistant

United States Attorney responsible for the investigation, she advised me that the grand

jury plans to indict both Mr. Dennis E. Hecker and Mr. Leach. Based on my

conversations, I anticipate an indictment will issue soon.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on this 3rd day

of December, 2009.                          /e/ Robert D. Sicoli
                                            Robert D. Sicoli

Doc# 3126774\1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:

        Dennis E. Hecker,

             Debtor.

Case No. 09-50779-RJK
Chapter 7

---

Chrysler Financial Services Americas
LLC,

             Plaintiff,

v.

Dennis E. Hecker,

             Defendant.

ADV Pro. No. 09-05019

---

## ORDER GRANTING MOTION OF STEVE LEACH TO QUASH SUBPOENA AND FOR PROTECTIVE RELIEF

---

At Minneapolis, Minnesota, this _____ day of December, 2009.

The above-entitled matter came on before the Court on interested party Steve Leach's motion to quash the Subpoena issued by Defendant Dennis E. Hecker and for protective order staying the taking of any discovery from Leach pending resolution of a parallel criminal proceeding. Appearances were noted in the record.

Based upon the Motion, the arguments of counsel and all of the files, records and proceedings herein, it is hereby ORDERED:

1.    Steven Leach's Motion to Quash and for Protective Order is GRANTED.

Doc# 3126781\1

2.     The Subpoena served upon Steven Leach for his deposition in the above-captioned proceeding is hereby quashed.

3.     The parties are prohibited from taking any discovery from Steve Leach pending disposition of a parallel criminal investigation involving the matters at issue in the above-captioned adversary proceeding, or by further order of the Court.

Dated: December ____, 2009.                    BY THE COURT:


_____
Robert J. Kressel
United States Bankruptcy Judge

2