# EXHIBIT 33

# Nierengarten, Nicholas N.

**From:** Grinnell, Stephen F.
**Sent:** Wednesday, December 30, 2009 1:38 PM
**To:** 'abardwell@skolnick-shiff.com'
**Cc:** 'Bill Skolnick'; Howard Roin; Nierengarten, Nicholas N.

Mr. Bardwell --

This is a follow up to our telephone conversation this morning regarding Mr. Skolnick's request for a continuance of the hearing on Chrysler Financial's motion to compel discovery and for fees and costs, now scheduled for January 6 at 2:00. We understand that Mr. Skolnick has requested this accommodation because he is currently on vacation.

As we discussed, Chrysler Financial is willing to accommodate this request subject to the following conditions:

1. That the rescheduled hearing on Chrysler Financial's motion be held on January 13. If this and the remaining conditions are acceptable to Messr. Hecker and Skolnick, we will contact the court to see about the availability of this date and advise you.

2. That there be no discovery or motion practice by Mr. Hecker in the CF adversary proceeding until the hearing on Chrysler Financial's motion to compel is concluded. Specifically, the Leach and Page depositions currently scheduled for January 8 will be rescheduled for a later date.

3. Given Mr. Hecker's delay in responding to Chrysler Financial's outstanding discovery (as more fully described in the motion to compel), and the continuance of the hearing on Chrysler Financial's motion, Mr. Hecker agrees that if requested, he will stipulate with Chrysler Financial to a reasonable continuance of the trial date of the Chrysler Financial adversary proceeding, now scheduled for March 22, 2010.

We understood that you were going to check with Mr. Skolnick and then would be in touch. We look forward to hearing from you.

**Exhibit 33**

# EXHIBIT 34

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | ) Case No. 09-50779 |
| | ) |
| DENNIS E. HECKER, | ) Chapter 7 |
| | ) |
| Debtor. | ) Hon. Robert J. Kressel |
| | ) |
| | ) |
| CHRYSLER FINANCIAL SERVICES | ) |
| AMERICAS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Adv. Pro. No. 09-05019 |
| v. | ) |
| | ) |
| DENNIS E. HECKER, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S SUPPLEMENTAL RESPONSES
TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS**

TO:     Plaintiff Chrysler Financial Services Americas, LLC and its attorneys Nicholas N.
Nierengarten, Stephen F. Grinnell, GRAY, PLANT, MOOTY, MOOTY & BENNETT,
P.A., 500 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402 and

Howard J. Roin, Stuart M. Rozen, MAYER BROWN LLP, 71 South Wacker Drive,
Chicago, Illinois 60606

Defendant, Dennis E. Hecker ("Hecker"), provides the following supplemental responses

to Plaintiff's First Set of Requests for Production of Documents:

**GENERAL OBJECTIONS**

A.     Defendant objects to the requests and "definitions" to the extent that they purport

to create duties that are not imposed by the Federal Rules of Civil Procedure.

1

**Exhibit 34**

B.      Defendant objects to the requests to the extent that they request production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other evidentiary privilege of immunity from production.

C.      In the event that any document is responsive to more than one request, Defendant objects to multiple production of the same document.

D.      Defendant objects to Plaintiff's requests to the extent that it seeks documents not within the possession, custody or control of Defendant or his counsel.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**    All documents identified in response to Plaintiff's First Set of Continuing Interrogatories to Defendant.

**RESPONSE:** See enclosed documents.

**REQUEST NO. 2:**    All documents supporting, negating, or otherwise relevant to Defendant's denial of or affirmative allegations in response to any allegation set forth in the Complaint.

> **RESPONSE:** Defendant hereby invokes his right against self-incrimination as provided by the 5th Amendment to the United States Constitution.

**REQUEST NO. 3:**    All documents supporting, negating, or otherwise relevant to Defendant's affirmative defenses set forth in the Answer to the Complaint.

> **RESPONSE:** Defendant hereby invokes his right against self-incrimination as provided by the 5th Amendment to the United States Constitution.

**REQUEST NO. 4:**    All documents supporting, negating, or otherwise relevant to Defendant's denial or qualified admission of any of Chrysler Financials First Set of Requests for Admission.

> **RESPONSE:** Defendant hereby invokes his right against self-incrimination as provided by the 5th Amendment to the United States Constitution.

**REQUEST NO. 5:**    All documents that describe Hecker's direct or indirect ownership interest in Walden and any of the Hecker Borrowers, including but not limited to articles of formation, organization or incorporation; stock, membership, partnership certificates or other evidences of ownership; stock or membership registers, logs or records; operating agreements, shareholder or member control agreements, and corporate or other organization minute books or similar records of meetings of shareholders, members or partners.

> **RESPONSE:** See enclosed documents.   To the extent additional documents are located, they will be promptly provided.

**REQUEST NO. 6:**    All documents that describe the identities, duties, functions, and roles of the directors, officers, and management of Walden or any of the Hecker Borrowers.

> **RESPONSE:** See enclosed documents. To the extent additional documents are located, they will be promptly provided.

**REQUEST NO. 7:**    All documents reflecting any Hecker Borrower's sale or other disposition of any vehicle, in or after June 2008, that the Hecker Borrower purchased with funds loaned or advanced by Chrysler Financial.

> **RESPONSE:** Responsive documents are either in the possession, custody and control of the U.S. Attorney's Office, or Reynolds & Reynolds Company. Defendant is in the process of obtaining said documents and will produce responsive documents upon receipt and review.

**REQUEST NO. 8:**    All documents relating to the failure of any Hecker Borrower to pay to Chrysler Financial any of the proceeds due to Chrysler Financial that any Hecker Borrower received from the sale or other disposition of any vehicle, in or after June 2008, that any Hecker Borrower purchased with funds loaned or advanced by Chrysler Financial.

> **RESPONSE:** Responsive documents are either in the possession, custody and control of the U.S. Attorney's Office, or Reynolds & Reynolds Company. Defendant is in the process of obtaining said documents and will produce responsive documents upon receipt and review.

3

**REQUEST NO. 9:** All documents relating to the disposition or use of any proceeds due to Chrysler Financial but unpaid that any Hecker Borrower received from the sale or other disposition of any vehicle, in or after June 2008, that any Hecker Borrower purchased with funds loaned or advanced by Chrysler Financial, including but not limited to all documents reflecting deposits into, withdrawals from, or the balances from time to time of any account at any financial institution that ever held such proceeds and the monthly statements for such accounts.

> **RESPONSE:** Responsive documents are in the possession, custody and control of the U.S. Attorney's Office. Defendant is in the process of obtaining said documents and will produce responsive documents upon receipt and review.

**REQUEST NO. 10:** All documents related to any negotiations concerning or offer made or purportedly made by Hyundai in or about November 2007 to January 2008 to sell vehicles to You, including but not limited to (a) contracts entered into as a result, and (b) communications with Chrysler Financial concerning such offers, negotiations or contracts.

> **RESPONSE:** See enclosed documents.

**REQUEST NO. 11:** All documents related to any request for, negotiations concerning, or receipt of financing from Chrysler Financial for the purchase of vehicles from Hyundai by You from 2006 or thereafter.

> **RESPONSE:** Responsive documents are in the possession, custody and control of the U.S. Attorney's Office. Defendant is in the process of obtaining said documents and will produce responsive documents upon receipt and review. Additionally Defendant objects to this request as unduly burdensome to the extent that Plaintiff already possesses these documents.

**REQUEST NO. 12:** All copies of all or any portion of any letter or purported letter dated November 7, 2007 that offers or purports to offer to sell Hyundai vehicles to Walden.

> **RESPONSE:** See enclosed documents.

**REQUEST NO. 13:** All documents related to any modifications that You made or caused to be made to a November 7, 2007 letter from Hyundai offering to sell vehicles to Walden, a copy of which is attached to Chrysler Financials First Set of Requests for Admission as Exhibit 1.

> **RESPONSE:** Defendant hereby invokes his right against self-incrimination as provided by the 5th Amendment to the United States Constitution.

**REQUEST NO. 14:** All documents reflecting Hecker's whereabouts or activities between November 1, 2007 and November 30, 2007, including but not limited to diaries, calendars, Microsoft Outlook calendars or other electronic calendars, credit or debit card receipts, and flight logs or plans.

> **RESPONSE:** Defendant hereby invokes his right against self-incrimination as provided by the 5th Amendment to the United States Constitution.

**REQUEST NO. 15:** All documents related to Your receipt of cash incentives from Hyundai for vehicles that You purchased from Hyundai in 2007 or 2008 using funds loaned or advanced by Chrysler Financial.

> **RESPONSE:** Responsive documents are in the possession, custody and control of the U.S. Attorney's Office. Defendant is in the process of obtaining said documents and will produce responsive documents upon receipt and review.

**REQUEST NO. 16:** All documents related to any limitation that Chrysler Financial placed on the availability of loans or advances for the purchase of vehicles that Chrysler Motors did not manufacture or vehicles that the manufacturer did not promise to repurchase.

> **RESPONSE:** See enclosed documents.

**REQUEST NO. 17:** All documents related to the termination or resignation of Steve Leach, Dick Page, Molly Kaplan, or Cyndi Bowser, including but not limited to all documents

reflecting the terms of any severance, retirement, or other compensation agreements or payments.

**RESPONSE:** Upon information and belief, responsive documents are in the possession of Defendant's transactional attorney. Defendant will produce them as soon as feasible.

**REQUEST NO. 18**: All documents related to Your negotiation with Hyundai for the purchase of vehicles from or after 2006.

**RESPONSE:** See enclosed documents.

**REQUEST NO. 19**: All documents consulted, reviewed or relied upon by any expert You expect to call at trial.

**RESPONSE:** Not applicable as Defendant has not yet selected an expert.

**REQUEST NO. 20**: Any report, summary or analysis prepared by any expert You expect to call at trial relating to or supporting the opinions of such expert in this matter.

**RESPONSE:** Not applicable as Defendant has not yet selected an expert.

**REQUEST NO. 21**: The Curriculum Vitae or resume for any expert You expect to call at trial.

**RESPONSE:** Not applicable as Defendant has not yet selected an expert.

**REQUEST NO. 22**: All documents relating to the November, 2007 meeting between You and representatives of Plaintiff, as alleged in paragraphs 15 – 17 and 19 of Your Answer.

**RESPONSE:** Defendant hereby invokes his right against self-incrimination as provided by the 5th Amendment to the United States Constitution.

**REQUEST NO. 23**: All documents relating to your allegations in paragraph 20 of Your Answer, including but not limited to the November 19, 2007 email from John Bowker to Hecker and any related emails, documents, or other communications.

**RESPONSE:** See enclosed documents.

**REQUEST NO. 24**: Any forensic audit or other accounting analysis of You or the

Hecker Borrowers in or after June, 2008.

> **RESPONSE:** Responsive documents are in the possession, custody or control of the U.S. Attorney's Office. Defendant is in the process of obtaining said documents and will produce responsive documents upon receipt and review.

**REQUEST NO. 25**: All documents relating to the allegations in paragraph 30 of Your

Answer, including but not limited to the allegation relating to "Plaintiff's breach of promises

made to Hecker in conjunction with Hecker purchasing Advantage Rent a Car …."

> **RESPONSE:** Responsive documents are in the possession, custody or control of the U.S. Attorney's Office. Defendant is in the process of obtaining said documents and will produce responsive documents upon receipt and review

Date: December 31, 2009

By: _____
William R. Skolnick #137182
LuAnn M. Petricka #18505X
2100 Rand Tower
527 Marquette Avenue South
Minneapolis, MN 55402-1111
(612) 677-7600
(612) 677-7601 Fax

7

# EXHIBIT 35

# SKOLNICK & SHIFF, P.A.

### Attorneys at Law
### 2100 Rand Tower
### 527 Marquette Avenue South
### Minneapolis, Minnesota 55402
### (612) 677-7600

## TELECOPY
## (612) 677-7601

| DATE: December 31, 2009 | Telecopy Number: (612) 632-4040 |
|---|---|
| TO: Nicholas N. Nierengarten, Esq. | Main number of receiving firm: (612) 632-3040 |
| FROM: William R. Skolnick | |

**Number of pages including cover sheet: 29**

### MESSAGE:

Please find attached Correspondence.

This telecopy is intended only for the use of the addressee. If the addressee of this telecopy is a client or agent for one of our clients, you are further advised that the telecopy contains legally privileged and confidential information which we intended to send to the addressee only.

In any event, if you are not the intended recipient of the telecopy, you are hereby notified that you have received this telecopy inadvertently and in error. Any review, dissemination, distribution or copying of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original telecopy to us at the address above via the United States Postal Service. We will reimburse any costs you incur in notifying us and in returning the telecopy to us.

**Please call (612) 677-7600 if you do not receive all pages.**

### TELECOPY - INTEROFFICE USE

| Client/Matter No.: | Hecker/Chrysler Adversary 09-05019 |
|---|---|
| Attorney: | William R. Skolnick, Esq. |

**Exhibit 35**

# SKOLNICK & SHIFF, P.A.

ATTORNEYS AT LAW
2100 RAND TOWER
527 MARQUETTE AVENUE SOUTH
MINNEAPOLIS, MINNESOTA 55402-1308
(612) 677-7600 TEL. (612) 677-7601 FAX
E-MAIL skolnicklaw@visi.com

WILLIAM R. SKOLNICK
ROLIN L. CARGILL III
SEAN A. SHIFF
AMY D. JOYCE*
*ALSO LICENSED IN ILLINOIS

OF COUNSEL:
LUANN M. PETRICKA

December 31, 2009

## VIA FACSIMILE

Nicholas Nierengarten
**Gray, Plant & Mooty, P.A.**
500 IDS Center
80 South 8th St
Minneapolis, MN 55402

> Re:   Chrysler Financial Services Americas, LLC. vs Dennis E. Hecker
> **Case File No. 09-CV-50779, Adv Pro No. 09-05019**

Dear Mr. Nierengarten:

Enclosed in the above referenced matter and hereby served upon you, please find copies of the following documents:

1. Subpoena Duces Tecum in an Adversary Proceeding for Barbara Jerich;
2. Notice of Taking Deposition of Barbara Jerich;
3. Subpoena Duces Tecum in an Adversary Proceeding for Donna Rizner;
4. Notice of Taking Deposition of Donna Rizner;
5. Subpoena Duces Tecum in an Adversary Proceeding for Susan Miller: and
6. Notice of Taking Deposition of Susan Miller.

If you have any questions, feel free to contact the undersigned.

Yours truly,
**SKOLNICK & SHIFF, P.A.**

Zachary M. Puchtel
Legal Assistant to William R. Skolnick

WRS:zmp
Enclosure

## UNITES STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

DENNIS E. HECKER                                    Case No. 09-50779-RJK

      Debtor,                                         Chapter 7

CHRYSLER FINANCIAL                                  ADV Pro. No. 09-05019
SERVICES AMERICAS LLC,

      Plaintiff,

vs.                                                 **SUBPOENA DUCES TECUM IN
                                                    AN ADVERSARY PROCEEDING**

DENNIS E. HECKER,

      Defendant.

---

To: Barbara Jerich, 6604 Indian Hills  Edina, MN 55439

| | |
|---|---|
| YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case. | |

| PLACE OF TESTIMONY | ROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

| | |
|---|---|
| X   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |

| PLACE OF DEPOSITION | |
|---|---|
| SKOLNICK & SHIFF, P.A.<br>2100 Rand Tower, 527 Marquette Ave S.,<br>Minneapolis, MN 55402-1308 | DATE AND TIME<br>January 14, 2010   9:00 a.m. |

| | |
|---|---|
| YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): | |

| | |
|---|---|
| X   SEE EXHIBIT A | |

| PLACE | DATE AND TIME |
|---|---|
| | |

G    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | December 31, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
LuAnn M Petricka, Esq.
2100 Rand Tower 527 Marquette Ave S., Minneapolis, MN 55402-1308
(612)677-7600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.
AO88  (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | | |
|---|---|---|
| | DATE | SIGNATURE OF SERVER |
| | | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | ) |
| | ) **Bankruptcy Case No: 09-50779-RJK** |
| **DENNIS E. HECKER,** | ) |
| | ) **Chapter 7** |
| Debtor. | ) |
| | ) |
| | ) |
| **CHRYSLER FINANCIAL** | ) **Adversary Proceeding No.: 09-05019** |
| **SERVICES AMERICAS LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **DENNIS E. HECKER,** | ) |
| | ) |
| Defendant | ) |
| | ) |
| | ) |

## NOTICE OF TAKING DEPOSITION
## OF BARBARA JERICH

TO:    Plaintiff Chrysler Financial Services Americas and its counsel, Gray, Plant, Mooty,
Mooty & Bennett, P.A., Stephen Grinnell, 500 IDS Center, 80 S. 8th St., Minneapolis,
Minnesota 55402 and Mayer Brown LLP, Howard Roin and Stuart Rozen, 71 South
Wacker Drive, Chicago, Illinois, 60606.

**NOTICE IS HEREBY GIVEN** that pursuant to Bankruptcy Rules 7030 and 9016

incorporating Fed.R.Civ.P. 30 and 45 Defendant Dennis E. Hecker's counsel will take the

deposition by oral examination of Barbara Jerich before a qualified court reporter at the offices

of Skolnick & Shiff, P.A., 2100 Rand Tower, 527 Marquette Avenue, Minneapolis, Minnesota

on Monday, January 14, 2010 commencing at 9:00 a.m., and thereafter by adjournment until the

same shall be completed.  The deposition will take place upon oral examination pursuant to the

Federal Rules of Civil Procedure before an officer duly administered by law to administer oaths

and recorded testimony. Pursuant to the Federal Rules of Bankruptcy procedure 7030, 7034 and

9016 incorporating Federal Rules of Civil Procedure 30, 34, and 45, Ms. Barbara Jerich is

requested to produce the documents and electronically stored information in her possession

custody or control identified in Exhibit A attached hereto and made a part hereof on January 14,

2010 at 9:00 a.m. The testimony will be recorded by stenographic means.

**SKOLNICK & SHIFF, P.A.**

Dated: December 31, 2009             By

William R. Skolnick # 137182
LuAnn M. Petricka #18505X
2100 Rand Tower
527 Marquette Avenue
Minneapolis, MN 55402
Phone (612) 677-7600
Fax (612) 667-7601

**ATTORNEYS FOR DEFENDANT
DENNIS E. HECKER**

2

## EXHIBIT A
## SUBPOENA DUCES TECUM
## BARBARA JERICH

### <u>DEFINITIONS</u>

1.    The words **"document"** and **"documents"** are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photo-static, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic  magnetic, photographic, or other means, oral statements, conversations, or events.  This definition includes, but is not limited to, any and all originals and non-identical copies of any and all of the following:  correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, acknowledgements, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, financial statements, working papers, charts, labels, computer-stored or computer-readable data, computer printouts, telegrams, telexes, facsimiles, transcripts, recordings, and all other sources or formats from which data, information, or communications can be obtained.  Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment, enclosure, comment, notation, addition, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is part of another document, is to be considered a separate document.

2.    **"Produce"** means to make available the document or things requested herein for inspection and copying, including electronically stored information, pursuant to Bankruptcy Rules 7034 and 9016 incorporating Fed.R.Civ.P. 34(b)(2)(E) and 45(d)(1).

3.    **"Chrysler Financial"** means Chrysler Financial, its predecessors, (including but not limited to DaimlerChrysler Services North America, LLC and DaimlerChrysler Financial

Services Americas, LLC) and their officers, directors, employees, attorneys, agents, representatives and anyone acting on its behalf.

    4.      **"Hecker"** means Dennis E. Hecker, and any employees, attorney, agent, representative or anyone acting on his behalf.

    5.      **"Hecker Related Entity"** means any corporation, limited liability company, partnership, limited partnership in which Hecker has or had, directly or indirectly, a controlling interest including but not limited to Rosedale and Walden, and their officers, directors, employees, attorneys, agents, representatives and anyone acting or their behalf.

    6.      **"Hyundai"** means Hyundai Motors America and its officers, directors, employees, attorneys, agents, representatives or anyone acting on its behalf.

    7.      **Rosedale"** means Rosedale Dodge, Inc., Rosedale Dodge, LLC, Rosedale Fleet Leasing II, LLC, Rosedale Leasing, LLC, Rosedale Leasing of Minneapolis LLC, and Rosedale Leasing of Minnesota LLC and their officers, directors, employees, attorneys, agents representatives and anyone acting on their behalf.

    8.      **"Walden**'means Walden Auto Leasing, Inc., Walden Fleet Group, Inc. (f/k/a G.M.I. Acquisitions, Inc.), Walden Fleet Sales Group, Inc., Walden Automotive Group, Inc., (f/k/a Denwall Management, Inc.) Walden Fleet Services II, Inc. (f/k/a Walden Remarketing Services, Inc.), Walden Investment Company, Walden Leasing Inc. and Walden Payroll Services LLC and their officers, directors, employees, attorneys, agents representatives and anyone acting on their behalf.

    9.      **"Relate to,"** **"related to,"** and **"relating to"** mean comprising, mentioning or describing, containing, enumerating, involving or in any way concerning, pertaining or referring to, being connected with, reflecting upon or resulting from, in whole or in part directly or indirectly, the stated subject matter.

    10.     **"You"** or **"your"** refers to Barbara Jerich, your representatives, trustees, beneficiaries, agents or employees, or any of their predecessors in interest, or any person purporting to act on behalf of any of the foregoing.

2

## INSTRUCTIONS

1.    In answering these Requests, you are required to furnish all documents and/or things that are available to you or subject to your reasonable inquiry, including information and things in the possession, custody or control of any of your representatives, including without limitation your attorneys, accountants, advisors, agents, or other persons directly or indirectly employed by or connected with you, and anyone else otherwise subject to your control.

2.    In responding to these Requests, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives.

3.    Responsive documents and things shall be produced as kept in the ordinary course of business or shall be produced in a manner organized and labeled to correspond with the categories in these requests for production.

4.    When interpreting these requests, definitions, and instructions: any masculine, feminine, or neuter term includes all other genders; the singular includes the plural and the plural includes the singular; and "or," "and/or," and "including" shall be read inclusively rather than exclusively.

5.    Unless otherwise specifically stated, these Document Requests cover the period January 1, 2007 to date.

6.    Pursuant to Bankruptcy Rule 9016 incorporating Fed.R.Civ.R. 45(a)(1)(C), all electronically stored information is to be produced in its native format unless otherwise agreed to.

7.    If any document responsive to these Requests cannot be produced, produce responsive documents to the extent possible, specifying the reason or reasons for your inability to produce other responsive documents.

3

## REQUESTS FOR PRODUCTION

### BARBARA JERICH

**REQUEST NO. 1:**   All documents (including electronically stored information) pertaining to Hecker or any Hecker Related Entity, including but not limited to:

      (a)     any request for, negotiations concerning or relating to financing provided by Chrysler Financial to Hecker or any Hecker Related Entity for the purchase or acquisition of vehicles;

      (b)     any transfer, use or disposition of proceeds from the sale of, or other disposition of vehicles by any Hecker Related Entity for which Chrysler Financial provided financing at any time from and after August 1, 2008.

**REQUEST NO. 2:**   All documents pertaining to any allegedly false or misleading statements or representations, allegedly altered or forged documents, or alleged fraud involving Hecker or any Hecker Related Entities with respect to financing provided by Chrysler Financial, including the originals of any such documents.

**REQUEST NO. 3:**   All documents relating to the termination of or separation from employment of any employee of Hecker or Hecker Related Entity after December 1, 2008.

**REQUEST NO. 4:**   Any and all documents or correspondence between you and any employee of Hecker or any Hecker Related Entity including employees, attorneys, agents, representatives and anyone acting on their behalf.

**REQUEST NO. 5:**   Any and all documents or correspondence between you and any employee, attorney, agent or representative of Chrysler Financial.

**REQUEST NO. 6.:**   Any and all documents including but not limited to correspondence between you and any employee, attorney, agent, representative or anyone acting on the behalf of any government agency referring or relating to Hecker or any Hecker Related Entity.

**REQUEST NO. 7.:**   Any and all documents or correspondence between you and any employee, attorney, agent, representative or anyone acting on the behalf of Randall Sever the Bankruptcy Trustee referring or relating to Hecker or any Hecker Related Entity.

**REQUEST NO. 8.:**   Any and all documents including but not limited to correspondence between you or any third party and Tamitha Hecker.

4

# UNITES STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

DENNIS E. HECKER

      Debtor,

CHRYSLER FINANCIAL
SERVICES AMERICAS LLC,

      Plaintiff,

vs.

DENNIS E. HECKER,

      Defendant.

Case No. 09-50779-RJK

Chapter 7

ADV Pro. No. 09-05019

**SUBPOENA DUCES TECUM IN
AN ADVERSARY PROCEEDING**

To: Donna Rizner, 23212 Strehler Rd. Corcoran, MN 55340

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | ROOM |
|---|---|
| | DATE AND TIME |

X  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>SKOLNICK & SHIFF, P.A.<br>2100 Rand Tower, 527 Marquette Ave S.,<br>Minneapolis, MN 55402-1308 | DATE AND TIME<br>January 15, 2010   9:00 a.m. |
|---|---|

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

X  SEE EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|
| | |

G   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | | DATE AND TIME |
|---|---|---|
| | | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | December 31, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
LuAnn M Petricka, Esq.
2100 Rand Tower 527 Marquette Ave S., Minneapolis, MN 55402-1308
(612)677-7600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

If action is pending in district other than district of issuance, state district under case number.
AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | | |
|---|---|---|
| DATE | | SIGNATURE OF SERVER |
| | | ADDRESS OF SERVER |

Rule 45. Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| **In Re:** ) | |
| ) | **Bankruptcy Case No: 09-50779-RJK** |
| **DENNIS E. HECKER,** ) | |
| ) | **Chapter 7** |
| **Debtor.** ) | |
| ) | |
| ──────────────────── ) | |
| ) | |
| **CHRYSLER FINANCIAL** ) | **Adversary Proceeding No.: 09-05019** |
| **SERVICES AMERICAS LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **DENNIS E. HECKER,** ) | |
| ) | |
| **Defendant** ) | |
| ) | |
| ) | |

## NOTICE OF TAKING DEPOSITION
## OF DONNA RIZNER

TO:   Plaintiff Chrysler Financial Services Americas and its counsel, Gray, Plant, Mooty,
Mooty & Bennett, P.A., Stephen Grinnell, 500 IDS Center, 80 S. 8th St., Minneapolis,
Minnesota 55402 and Mayer Brown LLP, Howard Roin and Stuart Rozen, 71 South
Wacker Drive, Chicago, Illinois, 60606.

   **NOTICE IS HEREBY GIVEN** that pursuant to Bankruptcy Rules 7030 and 9016

incorporating Fed.R.Civ.P. 30 and 45 Defendant Dennis E. Hecker's counsel will take the

deposition by oral examination of Donna Rizner before a qualified court reporter at the offices of

Skolnick & Shiff, P.A., 2100 Rand Tower, 527 Marquette Avenue, Minneapolis, Minnesota on

Monday, January 15, 2010 commencing at 9:00 a.m., and thereafter by adjournment until the

same shall be completed.  The deposition will take place upon oral examination pursuant to the

Federal Rules of Civil Procedure before an officer duly administered by law to administer oaths

and recorded testimony. Pursuant to the Federal Rules of Bankruptcy procedure 7030, 7034 and

9016 incorporating Federal Rules of Civil Procedure 30, 34, and 45, Ms. Donna Rizner is

requested to produce the documents and electronically stored information in her possession

custody or control identified in Exhibit A attached hereto and made a part hereof on January 15,

2010 at 9:00 a.m. The testimony will be recorded by stenographic means.

**SKOLNICK & SHIFF, P.A.**

Dated: December 31, 2009                    By

William R. Skolnick # 137182
LuAnn M. Petricka #18505X
2100 Rand Tower
527 Marquette Avenue
Minneapolis, MN 55402
Phone (612) 677-7600
Fax (612) 667-7601

**ATTORNEYS FOR DEFENDANT
DENNIS E. HECKER**

2

## EXHIBIT A
## SUBPOENA DUCES TECUM
## DONNA RIZNER

### <u>DEFINITIONS</u>

1.      The words "**document**" and "**documents**" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photo-static, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic  magnetic, photographic, or other means, oral statements, conversations, or events.  This definition includes, but is not limited to, any and all originals and non-identical copies of any and all of the following:  correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, acknowledgements, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, financial statements, working papers, charts, labels, computer-stored or computer-readable data, computer printouts, telegrams, telexes, facsimiles, transcripts, recordings, and all other sources or formats from which data, information, or communications can be obtained.  Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment, enclosure, comment, notation, addition, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is part of another document, is to be considered a separate document.

2.      "**Produce**" means to make available the document or things requested herein for inspection and copying, including electronically stored information, pursuant to Bankruptcy Rules 7034 and 9016 incorporating Fed.R.Civ.P. 34(b)(2)(E) and 45(d)(1).

3.      "**Chrysler Financial**" means Chrysler Financial, its predecessors, (including but not limited to DaimlerChrysler Services North America, LLC and DaimlerChrysler Financial

Services Americas, LLC) and their officers, directors, employees, attorneys, agents, representatives and anyone acting on its behalf.

4.      **"Hecker"** means Dennis E. Hecker, and any employees, attorney, agent, representative or anyone acting on his behalf.

5.      **"Hecker Related Entity"** means any corporation, limited liability company, partnership, limited partnership in which Hecker has or had, directly or indirectly, a controlling interest including but not limited to Rosedale and Walden, and their officers, directors, employees, attorneys, agents, representatives and anyone acting or their behalf.

6.      **"Hyundai"** means Hyundai Motors America and its officers, directors, employees, attorneys, agents, representatives or anyone acting on its behalf.

7.      **Rosedale"** means Rosedale Dodge, Inc., Rosedale Dodge, LLC, Rosedale Fleet Leasing II, LLC, Rosedale Leasing, LLC, Rosedale Leasing of Minneapolis LLC, and Rosedale Leasing of Minnesota LLC and their officers, directors, employees, attorneys, agents representatives and anyone acting on their behalf.

8.      **"Walden´**means Walden Auto Leasing, Inc., Walden Fleet Group, Inc. (f/k/a G.M.I. Acquisitions, Inc.), Walden Fleet Sales Group, Inc., Walden Automotive Group, Inc., (f/k/a Denwall Management, Inc.) Walden Fleet Services II, Inc. (f/k/a Walden Remarketing Services, Inc.), Walden Investment Company, Walden Leasing Inc. and Walden Payroll Services LLC and their officers, directors, employees, attorneys, agents representatives and anyone acting on their behalf.

9.      **"Relate to,"** **"related to,"** and **"relating to"** mean comprising, mentioning or describing, containing, enumerating, involving or in any way concerning, pertaining or referring to, being connected with, reflecting upon or resulting from, in whole or in part directly or indirectly, the stated subject matter.

10.     **"You"** or **"your"** refers to Donna Rizner, your representatives, trustees, beneficiaries, agents or employees, or any of their predecessors in interest, or any person purporting to act on behalf of any of the foregoing.

2

## INSTRUCTIONS

1.     In answering these Requests, you are required to furnish all documents and/or things that are available to you or subject to your reasonable inquiry, including information and things in the possession, custody or control of any of your representatives, including without limitation your attorneys, accountants, advisors, agents, or other persons directly or indirectly employed by or connected with you, and anyone else otherwise subject to your control.

2.     In responding to these Requests, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives.

3.     Responsive documents and things shall be produced as kept in the ordinary course of business or shall be produced in a manner organized and labeled to correspond with the categories in these requests for production.

4.     When interpreting these requests, definitions, and instructions: any masculine, feminine, or neuter term includes all other genders; the singular includes the plural and the plural includes the singular; and "or," "and/or," and "including" shall be read inclusively rather than exclusively.

5.     Unless otherwise specifically stated, these Document Requests cover the period January 1, 2007 to date.

6.     Pursuant to Bankruptcy Rule 9016 incorporating Fed.R.Civ.R. 45(a)(1)(C), all electronically stored information is to be produced in its native format unless otherwise agreed to.

7.     If any document responsive to these Requests cannot be produced, produce responsive documents to the extent possible, specifying the reason or reasons for your inability to produce other responsive documents.

3

## REQUESTS FOR PRODUCTION

## DONNA RIZNER

**REQUEST NO. 1:**   All documents (including electronically stored information) pertaining to Hecker or any Hecker Related Entity, including but not limited to:

> (a)   any request for, negotiations concerning or relating to financing provided by Chrysler Financial to Hecker or any Hecker Related Entity for the purchase or acquisition of vehicles;

> (b)   any transfer, use or disposition of proceeds from the sale of, or other disposition of vehicles by any Hecker Related Entity for which Chrysler Financial provided financing at any time from and after August 1, 2008.

**REQUEST NO. 2:**   All documents pertaining to any allegedly false or misleading statements or representations, allegedly altered or forged documents, or alleged fraud involving Hecker or any Hecker Related Entities with respect to financing provided by Chrysler Financial, including the originals of any such documents.

**REQUEST NO. 3:**   All documents relating to the termination of or separation from employment of any employee of Hecker or Hecker Related Entity after December 1, 2008.

**REQUEST NO. 4:**   Any and all documents or correspondence between you and any employee of Hecker or any Hecker Related Entity including employees, attorneys, agents, representatives and anyone acting on their behalf.

**REQUEST NO. 5:**   Any and all documents or correspondence between you and any employee, attorney, agent or representative of Chrysler Financial.

**REQUEST NO. 6.:**   Any and all documents including but not limited to correspondence between you and any employee, attorney, agent, representative or anyone acting on the behalf of any government agency referring or relating to Hecker or any Hecker Related Entity.

**REQUEST NO. 7.:**   Any and all documents or correspondence between you and any employee, attorney, agent, representative or anyone acting on the behalf of Randall Sever the Bankruptcy Trustee referring or relating to Hecker or any Hecker Related Entity.

**REQUEST NO. 8.:**   Any and all documents including but not limited to correspondence between you or any third party and Tamitha Hecker.

4

## UNITES STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

DENNIS E. HECKER                                      Case No. 09-50779-RJK

      Debtor,                                      Chapter 7


CHRYSLER FINANCIAL                                    ADV Pro. No. 09-05019
SERVICES AMERICAS LLC,

      Plaintiff,

vs.                                                   **SUBPOENA DUCES TECUM IN**
                                                      **AN ADVERSARY PROCEEDING**
DENNIS E. HECKER,

      Defendant.


---

To: Susan Miller, 12500 Overlook Rd. Dayton, MN 55327

    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | ROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

| X  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
|---|---|
| PLACE OF DEPOSITION<br>SKOLNICK & SHIFF, P.A.<br>2100 Rand Tower, 527 Marquette Ave S.,<br>Minneapolis, MN 55402-1308 | DATE AND TIME<br>January 15, 2010  1:00 p.m. |

    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

X  SEE EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|
| | |

G   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | December 31, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

LuAnn M Petricka, Esq.
2100 Rand Tower 527 Marquette Ave S., Minneapolis, MN 55402-1308
(612)677-7600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | | | |
|---|---|---|---|
| | DATE | | SIGNATURE OF SERVER |
| | | | ADDRESS OF SERVER |

## Rule 45, Federal Rules of Civil Procedure. Parts C & D:

### (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

### (d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | |
| **DENNIS E. HECKER,** | ) | **Bankruptcy Case No: 09-50779-RJK** |
| | ) | |
| **Debtor.** | ) | **Chapter 7** |
| | ) | |
| | ) | |
| **CHRYSLER FINANCIAL** | ) | **Adversary Proceeding No.: 09-05019** |
| **SERVICES AMERICAS LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DENNIS E. HECKER,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |
| | ) | |

## NOTICE OF TAKING DEPOSITION
## OF SUE MILLER

TO:    Plaintiff Chrysler Financial Services Americas and its counsel, Gray, Plant, Mooty, Mooty & Bennett, P.A., Stephen Grinnell, 500 IDS Center, 80 S. 8th St., Minneapolis, Minnesota 55402 and Mayer Brown LLP, Howard Roin and Stuart Rozen, 71 South Wacker Drive, Chicago, Illinois, 60606.

**NOTICE IS HEREBY GIVEN** that pursuant to Bankruptcy Rules 7030 and 9016

incorporating Fed.R.Civ.P. 30 and 45 Defendant Dennis E. Hecker's counsel will take the

deposition by oral examination of Sue Miller before a qualified court reporter at the offices of

Skolnick & Shiff, P.A., 2100 Rand Tower, 527 Marquette Avenue, Minneapolis, Minnesota on

Monday, January 15, 2010 commencing at 1:00 p.m., and thereafter by adjournment until the

same shall be completed.  The deposition will take place upon oral examination pursuant to the

Federal Rules of Civil Procedure before an officer duly administered by law to administer oaths

and recorded testimony. Pursuant to the Federal Rules of Bankruptcy procedure 7030, 7034 and

9016 incorporating Federal Rules of Civil Procedure 30, 34, and 45, Ms. Sue Miller is requested

to produce the documents and electronically stored information in her possession custody or

control identified in Exhibit A attached hereto and made a part hereof on January 15, 2010 at

1:00 p.m. The testimony will be recorded by stenographic means.

SKOLNICK & SHIFF, P.A.

Dated: December 31, 2009          By_____
                                     William R. Skolnick  # 137182
                                     LuAnn M. Petricka #18505X
                                     2100 Rand Tower
                                     527 Marquette Avenue
                                     Minneapolis, MN 55402
                                     Phone (612) 677-7600
                                     Fax (612) 667-7601

                                  **ATTORNEYS FOR DEFENDANT
                                  DENNIS E. HECKER**

2

# EXHIBIT A
## SUBPOENA DUCES TECUM
## SUE MILLER

### DEFINITIONS

1.      The words **"document"** and **"documents"** are used in the broadest possible sense
and refer, without limitation, to all written, printed, typed, photo-static, photographed, recorded,
or otherwise reproduced communications or representations of every kind and description,
whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination
thereof, whether prepared by hand or by mechanical, electronic  magnetic, photographic, or other
means, oral statements, conversations, or events.  This definition includes, but is not limited to,
any and all originals and non-identical copies of any and all of the following:  correspondence,
notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts,
agreements, acknowledgements, receipts, bills, statements, appraisals, reports, forecasts,
compilations, schedules, studies, summaries, analyses, pamphlets, brochures, financial
statements, working papers, charts, labels, computer-stored or computer-readable data, computer
printouts, telegrams, telexes, facsimiles, transcripts, recordings, and all other sources or formats
from which data, information, or communications can be obtained.  Any preliminary versions,
drafts, or revisions of any of the foregoing, any document which has or contains any attachment,
enclosure, comment, notation, addition, insertion, or marking of any kind which is not a part of
another document, or any document which does not contain a comment, notation, addition,
insertion, or marking of any kind which is part of another document, is to be considered a
separate document.

2.      **"Produce"** means to make available the document or things requested herein for
inspection and copying, including electronically stored information, pursuant to Bankruptcy
Rules 7034 and 9016 incorporating Fed.R.Civ.P. 34(b)(2)(E) and 45(d)(1).

3.      **"Chrysler Financial"** means Chrysler Financial, its predecessors, (including but
not limited to DaimlerChrysler Services North America, LLC and DaimlerChrysler Financial

Services Americas, LLC) and their officers, directors, employees, attorneys, agents, representatives and anyone acting on its behalf.

    4.    **"Hecker"** means Dennis E. Hecker, and any employees, attorney, agent, representative or anyone acting on his behalf.

    5.    **"Hecker Related Entity"** means any corporation, limited liability company, partnership, limited partnership in which Hecker has or had, directly or indirectly, a controlling interest including but not limited to Rosedale and Walden, and their officers, directors, employees, attorneys, agents, representatives and anyone acting or their behalf.

    6.    **"Hyundai"** means Hyundai Motors America and its officers, directors, employees, attorneys, agents, representatives or anyone acting on its behalf.

    7.    **Rosedale"** means Rosedale Dodge, Inc., Rosedale Dodge, LLC, Rosedale Fleet Leasing II, LLC, Rosedale Leasing, LLC, Rosedale Leasing of Minneapolis LLC, and Rosedale Leasing of Minnesota LLC and their officers, directors, employees, attorneys, agents representatives and anyone acting on their behalf.

    8.    **"Walden´**means Walden Auto Leasing, Inc., Walden Fleet Group, Inc. (f/k/a G.M.I. Acquisitions, Inc.), Walden Fleet Sales Group, Inc., Walden Automotive Group, Inc., (f/k/a Denwall Management, Inc.) Walden Fleet Services II, Inc. (f/k/a Walden Remarketing Services, Inc.), Walden Investment Company, Walden Leasing Inc. and Walden Payroll Services LLC and their officers, directors, employees, attorneys, agents representatives and anyone acting on their behalf.

    9.    **"Relate to,"** "**related to**," and "**relating to**" mean comprising, mentioning or describing, containing, enumerating, involving or in any way concerning, pertaining or referring to, being connected with, reflecting upon or resulting from, in whole or in part directly or indirectly, the stated subject matter.

    10.    **"You"** or "**your**" refers to Sue Miller, your representatives, trustees, beneficiaries, agents or employees, or any of their predecessors in interest, or any person purporting to act on behalf of any of the foregoing.

## INSTRUCTIONS

1.      In answering these Requests, you are required to furnish all documents and/or things that are available to you or subject to your reasonable inquiry, including information and things in the possession, custody or control of any of your representatives, including without limitation your attorneys, accountants, advisors, agents, or other persons directly or indirectly employed by or connected with you, and anyone else otherwise subject to your control.

2.      In responding to these Requests, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives.

3.      Responsive documents and things shall be produced as kept in the ordinary course of business or shall be produced in a manner organized and labeled to correspond with the categories in these requests for production.

4.      When interpreting these requests, definitions, and instructions: any masculine, feminine, or neuter term includes all other genders; the singular includes the plural and the plural includes the singular; and "or," "and/or," and "including" shall be read inclusively rather than exclusively.

5.      Unless otherwise specifically stated, these Document Requests cover the period January 1, 2007 to date.

6.      Pursuant to Bankruptcy Rule 9016 incorporating Fed.R.Civ.R. 45(a)(1)(C), all electronically stored information is to be produced in its native format unless otherwise agreed to.

7.      If any document responsive to these Requests cannot be produced, produce responsive documents to the extent possible, specifying the reason or reasons for your inability to produce other responsive documents.

3

## REQUESTS FOR PRODUCTION

### SUE MILLER

**REQUEST NO. 1:**   All documents (including electronically stored information) pertaining to Hecker or any Hecker Related Entity, including but not limited to:

    (a)    any request for, negotiations concerning or relating to financing provided by Chrysler Financial to Hecker or any Hecker Related Entity for the purchase or acquisition of vehicles;

    (b)    any transfer, use or disposition of proceeds from the sale of, or other disposition of vehicles by any Hecker Related Entity for which Chrysler Financial provided financing at any time from and after August 1, 2008.

**REQUEST NO. 2:**   All documents pertaining to any allegedly false or misleading statements or representations, allegedly altered or forged documents, or alleged fraud involving Hecker or any Hecker Related Entities with respect to financing provided by Chrysler Financial, including the originals of any such documents.

**REQUEST NO. 3:**   All documents relating to the termination of or separation from employment of any employee of Hecker or Hecker Related Entity after December 1, 2008.

**REQUEST NO. 4:**   Any and all documents or correspondence between you and any employee of Hecker or any Hecker Related Entity including employees, attorneys, agents, representatives and anyone acting on their behalf.

**REQUEST NO. 5:**   Any and all documents or correspondence between you and any employee, attorney, agent or representative of Chrysler Financial.

**REQUEST NO. 6.:**   Any and all documents including but not limited to correspondence between you and any employee, attorney, agent, representative or anyone acting on the behalf of any government agency referring or relating to Hecker or any Hecker Related Entity.

**REQUEST NO. 7.:**   Any and all documents or correspondence between you and any employee, attorney, agent, representative or anyone acting on the behalf of Randall Sever the Bankruptcy Trustee referring or relating to Hecker or any Hecker Related Entity.

**REQUEST NO. 8.:**   Any and all documents including but not limited to correspondence between you or any third party and Tamitha Hecker.

4