# EXHIBIT 36

# SKOLNICK & SHIFF, P.A.

### Attorneys at Law
### 2100 Rand Tower
### 527 Marquette Avenue South
### Minneapolis, Minnesota 55402
### (612) 677-7600

## TELECOPY
## (612) 677-7601

| | | | |
|---|---|---|---|
| **DATE:** | January 4, 2010 | Telecopy Number: | (612) 632-4040 |
| **TO:** | Nicholas N. Nierengarten, Esq. | Main number of receiving firm: | (612) 632-3040 |
| **FROM:** | William R. Skolnick | | |

**Number of pages including cover sheet:** 17

## MESSAGE:

Please find attached Correspondence.

This telecopy is intended only for the use of the addressee. If the addressee of this telecopy is a client or agent for one of our clients, you are further advised that the telecopy contains legally privileged and confidential information which we intended to send to the addressee only.

In any event, if you are not the intended recipient of the telecopy, you are hereby notified that you have received this telecopy inadvertently and in error. Any review, dissemination, distribution or copying of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original telecopy to us at the address above via the United States Postal Service. We will reimburse any costs you incur in notifying us and in returning the telecopy to us.

**Please call (612) 677-7600 if you do not receive all pages.**

### TELECOPY - INTEROFFICE USE

| | |
|---|---|
| Client/Matter No.: | Hecker/Chrysler Adversary 09-05019 |
| Attorney: | William R. Skolnick, Esq. |

**Exhibit 36**

# SKOLNICK & SHIFF, P.A.

ATTORNEYS AT LAW
2100 RAND TOWER
527 MARQUETTE AVENUE SOUTH
MINNEAPOLIS, MINNESOTA 55402-1308
(612) 677-7600 TEL. (612) 677-7601 FAX
E-MAIL skolnicklaw@visi.com

WILLIAM R. SKOLNICK
ROLIN L. CARGILL III
SEAN A. SHIFF
AMY D. JOYCE*
*ALSO LICENSED IN ILLINOIS

OF COUNSEL:
LUANN M. PETRICKA

January 4, 2010

## VIA FACSIMILE

Nicholas Nierengarten
**Gray, Plant & Mooty, P.A.**
500 IDS Center
80 South 8th St
Minneapolis, MN 55402

    Re:    <u>Chrysler Financial Services Americas, LLC. vs Dennis E. Hecker</u>
          **Case File No. 09-CV-50779, Adv Pro No. 09-05019**

Dear Mr. Nierengarten:

    Enclosed in the above referenced matter and hereby served upon you, please find copies of the following documents:

1. Subpoena in an Adversary Proceeding for John Bowker;
2. Notice of Taking Deposition of John Bowker;
3. Subpoena in an Adversary Proceeding for Mike Chumley;
4. Notice of Taking Deposition of Mike Chumley;
5. Subpoena in an Adversary Proceeding for Tom Gilman: and
6. Notice of Taking Deposition of Tom Gilman.

    If you have any questions, feel free to contact the undersigned.

               Yours truly,
               **SKOLNICK & SHIFF, P.A.**

               Zachary M. Puchtel
               Legal Assistant to William R. Skolnick

WRS:zmp
Enclosure

# UNITES STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

In re:

DENNIS E. HECKER
     Debtor,


CHRYSLER FINANCIAL
SERVICES AMERICAS LLC,
     Plaintiff,

vs.

DENNIS E. HECKER,
     Defendant.

**SUBPOENA IN AN
ADVERSARY PROCEEDING**


Case No. 09-50779-RJK
(District of Minnesota)


Chapter 7


ADV Pro. No. 09-05019
(District of Minnesota)


To: John Bowker, 4932 Doral Drive, Ann Arbor, Michigan 48108-8567

    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | ROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

X  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Barris, Scott, Denn & Driker, PLLC.<br>211 West Fort Street, 15th Floor, Detroit MI 48226-3281 | DATE AND TIME<br><br>January 12, 2010  9:00 a.m. |
|---|---|

    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|----------|---------------|
|          |               |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | January 4, 2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
William R. Skolnick, Esq.
2100 Rand Tower 527 Marquette Ave S., Minneapolis, MN 55402-1308
(612)677-7600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.
AO88  (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | | |
|---|---|---|
| DATE | | SIGNATURE OF SERVER |
| | | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | **Bankruptcy Case No: 09-50779-RJK** |
| **DENNIS E. HECKER,** | ) | |
| | ) | **Chapter 7** |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **CHRYSLER FINANCIAL** | ) | **Adversary Proceeding No.: 09-05019** |
| **SERVICES AMERICAS LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **DENNIS E. HECKER,** | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

## NOTICE OF TAKING DEPOSITION
## OF JOHN BOWKER

TO:    Plaintiff Chrysler Financial Services Americas and its counsel, Gray, Plant, Mooty, Mooty & Bennett, P.A., Stephen Grinnell, 500 IDS Center, 80 S. 8th St., Minneapolis, Minnesota 55402 and Mayer Brown LLP, Howard Roin and Stuart Rozen, 71 South Wacker Drive, Chicago, Illinois, 60606.

   **NOTICE IS HEREBY GIVEN** that pursuant to Bankruptcy Rules 7030 and 9016

incorporating Fed.R.Civ.P. 30 and 45 Defendant Dennis E. Hecker's counsel will take the

deposition by oral examination of John Bowker before a qualified court reporter at the offices of

Barris, Scott, Denn & Driker, PLLC., 211 West Fort Street, 15th Floor, Detroit MI 48226-3281

on Tuesday, January 12, 2010 commencing at 9:00 a.m., and thereafter by adjournment until the

same shall be completed.  The deposition will take place upon oral examination pursuant to the

Federal Rules of Civil Procedure before an officer duly administered by law to administer oaths

and recorded testimony. The testimony will be recorded by stenographic means.

**SKOLNICK & SHIFF, P.A.**

Dated: January 4, 2010                  By_____

William R. Skolnick  # 137182
LuAnn M. Petricka #18505X
2100 Rand Tower
527 Marquette Avenue
Minneapolis, MN 55402
Phone (612) 677-7600
Fax (612) 667-7601

**ATTORNEYS FOR DEFENDANT
DENNIS E. HECKER**

2

# UNITES STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

In re:

DENNIS E. HECKER
  Debtor,

CHRYSLER FINANCIAL
SERVICES AMERICAS LLC,
  Plaintiff,

vs.

DENNIS E. HECKER,
  Defendant.

**SUBPOENA IN AN
ADVERSARY PROCEEDING**

Case No. 09-50779-RJK
(District of Minnesota)

Chapter 7

ADV Pro. No. 09-05019
(District of Minnesota)

To: Mike Chumley, 1121 Maple Leaf Drive, Rochester Hills, MI 48309

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | ROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Barris, Scott, Denn & Driker, PLLC. | |
| 211 West Fort Street, 15th Floor, Detroit MI 48226-3281 | January 13, 2010   9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | January 4, 2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
William R. Skolnick, Esq.
2100 Rand Tower 527 Marquette Ave S., Minneapolis, MN 55402-1308
(612)677-7600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.
AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | ) |
| | ) **Bankruptcy Case No: 09-50779-RJK** |
| **DENNIS E. HECKER,** | ) |
| | ) **Chapter 7** |
| Debtor. | ) |
| | ) |
| | ) |
| | ) **Adversary Proceeding No.: 09-05019** |
| **CHRYSLER FINANCIAL** | ) |
| **SERVICES AMERICAS LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **DENNIS E. HECKER,** | ) |
| | ) |
| Defendant | ) |
| | ) |
| | ) |

## NOTICE OF TAKING DEPOSITION
### OF MIKE CHUMLEY

TO:   Plaintiff Chrysler Financial Services Americas and its counsel, Gray, Plant, Mooty,
Mooty & Bennett, P.A., Stephen Grinnell, 500 IDS Center, 80 S. 8th St., Minneapolis,
Minnesota 55402 and Mayer Brown LLP, Howard Roin and Stuart Rozen, 71 South
Wacker Drive, Chicago, Illinois, 60606.

   **NOTICE IS HEREBY GIVEN** that pursuant to Bankruptcy Rules 7030 and 9016

incorporating Fed.R.Civ.P. 30 and 45 Defendant Dennis E. Hecker's counsel will take the

deposition by oral examination of Mike Chumley before a qualified court reporter at the offices

of Barris, Scott, Denn & Driker, PLLC., 211 West Fort Street, 15th Floor, Detroit MI 48226-3281

on Wednesday, January 13, 2010 commencing at 9:00 a.m., and thereafter by adjournment until

the same shall be completed.  The deposition will take place upon oral examination pursuant to

Federal Rules of Civil Procedure before an officer duly administered by law to administer oaths

and recorded testimony. The testimony will be recorded by stenographic means.

**SKOLNICK & SHIFF, P.A.**

Dated: January 4, 2010                    By

William R. Skolnick # 137182
LuAnn M. Petricka #18505X
2100 Rand Tower
527 Marquette Avenue
Minneapolis, MN 55402
Phone (612) 677-7600
Fax (612) 667-7601

**ATTORNEYS FOR DEFENDANT
DENNIS E. HECKER**

2

## UNITES STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

In re:

DENNIS E. HECKER
    Debtor,

CHRYSLER FINANCIAL
SERVICES AMERICAS LLC,
    Plaintiff,

vs.

DENNIS E. HECKER,
    Defendant.

**SUBPOENA IN AN
ADVERSARY PROCEEDING**

Case No. 09-50779-RJK
(District of Minnesota)

Chapter 7

ADV Pro. No. 09-05019
(District of Minnesota)

To: Tom Gilman, 27777 Inkster Road, Farmington Hills, MI 48334

    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | ROOM |
|---|---|
|  | DATE AND TIME |

X   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Barris, Scott, Denn & Driker, PLLC. 211 West Fort Street, 15th Floor, Detroit MI 48226-3281 | January 13, 2010  1:00 p.m. |

    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | January 4, 2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
William R. Skolnick, Esq.
2100 Rand Tower 527 Marquette Ave S., Minneapolis, MN 55402-1308
(612)677-7600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | | |
|---|---|---|
| | DATE | SIGNATURE OF SERVER |
| | | ADDRESS OF SERVER |

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

### (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

### (d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: ) | **Bankruptcy Case No: 09-50779-RJK** |
| ) | |
| **DENNIS E. HECKER,** ) | **Chapter 7** |
| ) | |
| Debtor. ) | |
| ) | |
| ———————————— ) | |
| ) | **Adversary Proceeding No.: 09-05019** |
| **CHRYSLER FINANCIAL** ) | |
| **SERVICES AMERICAS LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **DENNIS E. HECKER,** ) | |
| ) | |
| Defendant ) | |
| ) | |
| ) | |

## NOTICE OF TAKING DEPOSITION
## OF TOM GILMAN

TO:  Plaintiff Chrysler Financial Services Americas and its counsel, Gray, Plant, Mooty, Mooty & Bennett, P.A., Stephen Grinnell, 500 IDS Center, 80 S. 8th St., Minneapolis, Minnesota 55402 and Mayer Brown LLP, Howard Roin and Stuart Rozen, 71 South Wacker Drive, Chicago, Illinois, 60606.

**NOTICE IS HEREBY GIVEN** that pursuant to Bankruptcy Rules 7030 and 9016

incorporating Fed.R.Civ.P. 30 and 45 Defendant Dennis E. Hecker's counsel will take the

deposition by oral examination of Tom Gilman before a qualified court reporter at the offices of

Barris, Scott, Denn & Driker, PLLC., 211 West Fort Street, 15th Floor, Detroit MI 48226-3281

on Wednesday, January 13, 2010 commencing at 1:00 p.m., and thereafter by adjournment until

the same shall be completed.  The deposition will take place upon oral examination pursuant to

Federal Rules of Civil Procedure before an officer duly administered by law to administer oaths

and recorded testimony. The testimony will be recorded by stenographic means.

**SKOLNICK & SHIFF, P.A.**

Dated: January 4, 2010

By _____
William R. Skolnick # 137182
LuAnn M. Petricka #18505X
2100 Rand Tower
527 Marquette Avenue
Minneapolis, MN 55402
Phone (612) 677-7600
Fax (612) 667-7601

**ATTORNEYS FOR DEFENDANT
DENNIS E. HECKER**

2

# SKOLNICK & SHIFF, P.A.

### Attorneys at Law
### 2100 Rand Tower
### 527 Marquette Avenue South
### Minneapolis, Minnesota 55402
### (612) 677-7600

### TELECOPY
### (612) 677-7601

| DATE: | January 4, 2010 | Telecopy Number: | (612) 632-4040 |
|---|---|---|---|
| TO:   Nicholas N. Nierengarten, Esq. | | Main number of receiving firm: | (612) 632-3040 |
| FROM:    William R. Skolnick | | | |
| Number of pages including cover sheet:  8 | | | |

## MESSAGE:

Please find attached Correspondence.

This telecopy is intended only for the use of the addressee. If the addressee of this telecopy is a client or agent for one of our clients, you are further advised that the telecopy contains legally privileged and confidential information which we intended to send to the addressee only.

In any event, if you are not the intended recipient of the telecopy, you are hereby notified that you have received this telecopy inadvertently and in error. Any review, dissemination, distribution or copying of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original telecopy to us at the address above via the United States Postal Service. We will reimburse any costs you incur in notifying us and in returning the telecopy to us.

**Please call (612) 677-7600 if you do not receive all pages.**

### TELECOPY - INTEROFFICE USE

| Client/Matter No.: | Hecker/Chrysler Adversary 09-05019 |
|---|---|
| Attorney: | William R. Skolnick, Esq. |

# SKOLNICK & SHIFF, P.A.

### ATTORNEYS AT LAW
### 2100 RAND TOWER
### 527 MARQUETTE AVENUE SOUTH
### MINNEAPOLIS, MINNESOTA 55402-1308
### (612) 677-7600 TEL. (612) 677-7601 FAX
### E-MAIL skolnicklaw@visi.com

WILLIAM R. SKOLNICK
ROLIN L. CARGILL III
SEAN A. SHIFF
AMY D. JOYCE*
*ALSO LICENSED IN ILLINOIS

OF COUNSEL:
LUANN M. PETRICKA

January 4, 2010

## VIA FACSIMILE

Nicholas Nierengarten
**Gray, Plant & Mooty, P.A.**
500 IDS Center
80 South 8th St
Minneapolis, MN 55402

     Re:    <u>Chrysler Financial Services Americas, LLC. vs Dennis E. Hecker</u>
            **Case File No. 09-CV-50779, Adv Pro No. 09-05019**

Dear Mr. Nierengarten:

    Enclosed in the above referenced matter and hereby served upon you, please find copies of the following documents:

    1. Subpoena in a Civil Case for John Bowker;
    2. Subpoena in a Civil Case for Mike Chumley; and
    3. Subpoena in a Civil Case for Tom Gilman.

    The previous subpoenas sent to you in the Bankruptcy Court are incorrect, and thus should be disregarded. If you have any questions, feel free to contact the undersigned.

                    Yours truly,
                    **SKOLNICK & SHIFF, P.A.**

                    Zachary M. Puchtel
                    Legal Assistant to William R. Skolnick

WRS:zmp
Enclosure
CC: Howard Roin

# United States District Court
# Eastern District of Michigan



## *Subpoena in a Civil Case and Return of Service Form*

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| CHRYSLER FINANCIAL SERVICES AMERICAS, LLC. | V | DENNIS E. HECKER |

TO:
John Bowker
4932 Doral Drive
Ann Arbor, MI 48108-8567

CASE NO. MN 09-50779 Adversary Proceeding #09-05019

JUDGE  Hon. Robert J. Kressel

- [ ] SUBPOENA FOR ATTENDANCE AT TRIAL
- [✓] SUBPOENA FOR ATTENDANCE AT A DEPOSITION
- [ ] DOCUMENT PRODUCTION REQUEST ONLY
- [ ] PROPERTY INSPECTION REQUEST ONLY

| **COMMAND TO APPEAR** | YOU ARE HEREBY COMMANDED to appear at the place, date and time specified below to give testimony in the above case, and, if so indicated, to bring certain documents with you. |
|---|---|

Place:
Barris, Scott, Denn & Driker, PLLC.
211 West Fort Street, 15th Floor
Detroit MI 48226-3281

Date: Tuesday, January 12, 2010
Time: 9:00 a.m.
- [ ] APPEARANCE WITH DOCUMENTS (SEE DESCRIPTION BELOW)
- [✓] APPEARANCE WITHOUT DOCUMENTS

| **COMMAND FOR DOCUMENTS** | YOU ARE HEREBY COMMANDED to have the following documents, objects or things delivered to the place listed below, or allow the inspection of the below-listed property at the date and time specified. |
|---|---|

Place:

Date:

Time:

Description of documents/items to be produced or property to be inspected:

| This subpoena is issued by (name, address and telephone number of attorney:) | Date of execution | Signature of issuing attorney/court officer |
|---|---|---|
| William R. Skolnick<br>2100 Rand Tower<br>527 Marquette Avenue South<br>Minneapolis, MN 55402-1308<br>(612) 677-7600 | On behalf of the<br>[ ] Plaintiff [✗] Defendant | |

INT-0129-MIE-4/92 REV. 4194

PAGE ONE OF TWO

**Federal Rules of Civil Procedure**
**Rule 46**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 1 00 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## RETURN OF SERVICE

Served on:                                    Place:

| Date of Service | Amount of fees tendered | Printed name of server |
|---|---|---|
| | | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service is true and correct.

| Signature of Server | Address of Server |
|---|---|
| Date of execution | |

PAGE TWO OF TWO

# United States District Court
# Eastern District of Michigan



## *Subpoena in a Civil Case and Return of Service Form*

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| CHRYSLER FINANCIAL SERVICES AMERICAS, LLC. | v | DENNIS E. HECKER |

TO:
Mike Chumley
1121 Maple Leaf Drive
Rochester Hills, MI 48309

CASE NO.   MN 09-50779 Adversary Proceeding #09-05019
JUDGE    Hon. Robert J. Kressel

☐ SUBPOENA FOR ATTENDANCE AT TRIAL
☑ SUBPOENA FOR ATTENDANCE AT A DEPOSITION
☐ DOCUMENT PRODUCTION REQUEST ONLY
☐ PROPERTY INSPECTION REQUEST ONLY

| **COMMAND TO APPEAR** | YOU ARE HEREBY COMMANDED to appear at the place, date and time specified below to give testimony in the above case, and, if so indicated, to bring certain documents with you. |
|---|---|

Place:
Barris, Scott, Denn & Driker, PLLC.
211 West Fort Street, 15th Floor
Detroit MI 48226-3281

Date: Wednesday, January 13, 2010
Time: 9:00 a.m.
☐ APPEARANCE WITH DOCUMENTS (SEE DESCRIPTION BELOW)
☑ APPEARANCE WITHOUT DOCUMENTS

| **COMMAND FOR DOCUMENTS** | YOU ARE HEREBY COMMANDED to have the following documents, objects or things delivered to the place listed below, or allow the inspection of the below-listed property at the date and time specified. |
|---|---|

Place:                  Date:

Time:

Description of documents/items to be produced or property to be inspected:

This subpoena is issued by (name, address and telephone number of attorney:)

William R. Skolnick
2100 Rand Tower
527 Marquette Avenue South
Minneapolis, MN 55402-1308
(612) 677-7600

Date of execution

On behalf of the
☐ Plaintiff ☒ Defendant

Signature of issuing attorney/court officer

INT-0129-MIE-4/92 REV. 4194

PAGE ONE OF TWO

**Federal Rules of Civil Procedure**
**Rule 46**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 1 00 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## RETURN OF SERVICE

| Served on: | Place: |
|---|---|
| | |
| | |
| | |

| Date of Service | Amount of fees tendered | Printed name of server |
|---|---|---|
| | | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service is true and correct.

| Signature of Server | Address of Server |
|---|---|
| Date of execution | |

PAGE TWO OF TWO

# United States District Court
# Eastern District of Michigan



## *Subpoena in a Civil Case and Return of Service Form*

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| CHRYSLER FINANCIAL SERVICES AMERICAS, LLC. | v | DENNIS E. HECKER |

TO:
Tom Gilman
27777 Inkster Road
Farmington Hills, MI 48334

CASE NO.  MN 09-50779 Adversary Proceeding #09-05019
JUDGE    Hon. Robert J. Kressel

| | |
|---|---|
| ☐ | SUBPOENA FOR ATTENDANCE AT TRIAL |
| ☑ | SUBPOENA FOR ATTENDANCE AT A DEPOSITION |
| ☐ | DOCUMENT PRODUCTION REQUEST ONLY |
| ☐ | PROPERTY INSPECTION REQUEST ONLY |

| **COMMAND TO APPEAR** | YOU ARE HEREBY COMMANDED to appear at the place, date and time specified below to give testimony in the above case, and, if so indicated, to bring certain documents with you. |
|---|---|

Place:
Barris, Scott, Denn & Driker, PLLC.
211 West Fort Street, 15th Floor
Detroit MI 48226-3281

Date: Wednesday, January 13, 2010
Time: 1:00 p.m.
☐ APPEARANCE WITH DOCUMENTS (SEE DESCRIPTION BELOW)
☑ APPEARANCE WITHOUT DOCUMENTS

| **COMMAND FOR DOCUMENTS** | YOU ARE HEREBY COMMANDED to have the following documents, objects or things delivered to the place listed below, or allow the inspection of the below-listed property at the date and time specified. |
|---|---|

Place:                                        Date:

                                              Time:

Description of documents/items to be produced or property to be inspected:

| This subpoena is issued by (name, address and telephone number of attorney:) | Date of execution | Signature of issuing attorney/court officer |
|---|---|---|
| William R. Skolnick<br>2100 Rand Tower<br>527 Marquette Avenue South<br>Minneapolis, MN 55402-1308<br>(612) 677-7600 | On behalf of the<br>☐ Plaintiff  ☒ Defendant | |

INT-0129-MIE-4/92 REV. 4194

PAGE ONE OF TWO

**Federal Rules of Civil Procedure**
**Rule 45**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## RETURN OF SERVICE

| Served on: | Place: |
|---|---|
|  |  |

| Date of Service | Amount of fees tendered | Printed name of server |
|---|---|---|
|  |  |  |

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service is true and correct.

| Signature of Server | Address of Server |
|---|---|
| Date of execution |  |

PAGE TWO OF TWO

# EXHIBIT 37

STATE OF MINNESOTA

COUNTY OF HENNEPIN

FILED
FAMILY COURT DIV.
2009 NOV 10 PM 4:25
HENNEPIN DISTRICT
COURT ADMINISTRATION

DISTRICT COURT

FOURTH JUDICIAL DISTRICT
FAMILY COURT DIVISION

In re the Marriage of:

Tamitha Dawn Hecker,

       Petitioner,

       and

Dennis Earl Hecker,

       Respondent.

**AMENDED ORDER**[1]
Court File No. 27-FA-08-2731

---

1. This matter was before the Court on October 12, 2009, on Ms. Hecker's motion for temporary spousal maintenance. At the hearing, Mr. Hecker indicated that he would provide full disclosure of his financial circumstances to the Court by October 26, 2009. On October 22, 2009, the Court issued an Order (the "October 22 Order") setting forth exactly what information and documentation the Court expected from Mr. Hecker. In the October 22 Order the Court stressed "it is expecting a full and complete disclosure of Mr. Hecker's financial situation since the filing of the bankruptcy." In order to allow the Court to make an informed judgment about Ms. Hecker's request for maintenance, the Court needed a clear picture of what money Mr. Hecker had, what Mr. Hecker has, and what Mr. Hecker has spent his money on.

2. Prior to October 26, 2009, the Court received a fully executed stipulation from the parties requesting that Mr. Hecker's disclosures and Ms. Hecker's memorandum of law concerning the validity of the parties' April 2003 post-nuptial agreement could instead be due to the Court on November 2, 2009. The Court signed and entered an order providing for this one-week extension, with the idea that an additional week would enable Mr. Hecker to better comply with the Court's expectations. On November 2, 2009, the Court received Mr. Hecker's response to the Court's October 22 Order and Ms. Hecker's memorandum of law.

---

[1] The Court amends its earlier Order by requiring Mr. Hecker's counsel to sign Mr. Hecker's responses, certifying in good faith that he has gathered and reviewed information he believes sufficient to allow him to conclude that Mr. Hecker has made a full and fair disclosure. The Court also amends its order to address any other 401(k) or IRA accounts not previously indentified. All amendments to the original Order are denoted in italics and are underlined.

1

**Exhibit 37**

*Mr. Hecker's Failure to Provide Complete Disclosure*

3.  In the October 22 Order, the Court expressed its concern that there seemed to be more to Mr. Hecker's financial resources than met the eye, highlighting the importance of full disclosure. As the Court stated:

    The Bankruptcy Trustee in the bankruptcy case, as well as Ms. Hecker in this case, have provided evidence which suggests that Mr. Hecker has had (and may continue to have) access to financial resources far beyond what one would legitimately expect from a penniless, unemployed person under siege by creditors and prosecutors. On its face, it seems incongruous that Mr. Hecker can claim that he is broke and unable to pay any maintenance, while at the same time apparently suggesting in an August 26, 2009, email that he could pay $200,000 down on a 2.4 million dollar home located in the Kenwood neighborhood of Minneapolis, MN.

4.  To help satisfy the Court that it had ample information about Mr. Hecker's situation, the Court required Mr. Hecker to provide information establishing "his complete financial situation from the date of the filing of his bankruptcy to the present." It should not come as a surprise to Mr. Hecker that the Court expected information revealing three basic measures of his ability to pay maintenance: How much money he has received, how much he currently has, and what he spent his money on.

5.  With respect to the first component identified above (how much he has received), Mr. Hecker's response appears adequate: He reveals that he has received roughly $230,000 following his personal bankruptcy filing in June of this year. It is probably an understatement to say that $230,000 is not an insignificant amount for one who claims to be unable to pay any maintenance.

6.  The $230,000 does not include an additional $125,155.74 Mr. Hecker apparently received by cashing in a to-date undisclosed 401(k). At first blush, it seems likely that most (if not all) of a 401(k) present during a 15+ year marriage is a marital asset, and one that is not Mr. Hecker's to spend as he chooses. Mr. Hecker has provided nothing that would suggest that the 401(k) is not a marital asset, or that it is somehow exempt from the application of Minnesota Statute Section 518.091, which prohibits dissipation of marital assets during the pendency of a divorce. This issue will be dealt with in greater detail below.

7.  With respect to the second component identified above (how much he currently has), Mr. Hecker made no response. In discovery documents provided by Mr. Hecker to the Court, the only information that the Court could locate that provided *any* indication of money that Mr. Hecker currently has on hand is a September 30, 2009 bank statement from New Dimensions, Inc. (apparently funded by the 401(k) liquidation) reflecting a balance of $89,464.57.

2

8. Mr. Hecker's response with respect to the third element identified above (what he has spent his money on) is better that nonexistent, but not by much. In its October 22 Order, the Court required Mr. Hecker to provide "documentation of all expenses of $100 or more." Despite what seems to be an unequivocal requirement, Mr. Hecker's response falls woefully short.

9. For starters, Mr. Hecker completely ignores his obligation to comply with that requirement in his formal response: he identifies that requirement, but fails to provide any response. Though there is an inkling in the bank statements and checks he provided in discovery, they are hardly complete, and decidedly do not support the position he wants the Court to adopt.

10. The Court has not completed an exhaustive analysis of the documents (that is what the Court expected to be Mr. Hecker's responsibility), but the following entries relating to checks, expenses and wire transfers lead the Court to have concerns about Mr. Hecker's credibility with respect to financial matters:

### Checks of concern

| | | |
|---|---|---|
| $2200 | 7/3/09 | Cash |
| $5000 | 7/6/09 | Cash |
| $4000 | 7/24/09 | Denny Hecker |
| $3000 | 8/6/09 | Denny Hecker |
| $5800 | 8/21/09 | Denny Hecker |
| $3500 | 9/2/09 | Denny Hecker |
| $2000 | 9/4/09 | Cash |
| $3500 | 9/14/09 | Denny Hecker |
| $3500 | 9/25/09 | Denny Hecker |

In all, Mr. Hecker apparently paid himself, or had access to, about $32,500 in less than three months. There is no documentation of what that money was used for.

### Expenses of concern

| | | |
|---|---|---|
| $2,078.49 | 8/24/09 | "Scoop" in Las Vegas |
| $5,000 | 8/26/09 | Mirage Hotel and Casino |
| $6,500 | 9/6/09 | Northstar Aviation Insurance |
| $1,547.13 | 9/25/09 | Lafayette Club |
| $960.11 | 9/30/09 | Wayzata Country Club |

Given the claims Mr. Hecker is making about his financial situation and his inability to pay maintenance, these expenses are certainly questionable. Whether he likes it or not, the law places a higher obligation on Mr. Hecker to support his soon-to-be ex-wife than the Mirage Hotel and Casino.

### Wire transfers of concern

| | |
|---|---|
| $30,000 | 6/30/09 |
| $25,000 | 7/1/09 |
| $5,000 | 7/10/09 |
| $10,000 | 7/10/09 |

3

| $10,000 | 7/17/09 |
| $7,500 | 7/20/09 |
| $12,000 | 8/14/09 |
| $10,000 | 9/1/09 |
| $5,000 | 9/21/09 |
| $15,000 | 9/22/09 |
| $12,500 | 9/28/09 |

In all, Mr. Hecker appears to have wire-transferred $142,000 out of his accounts without any documentation for the purpose of those transfers. Though some of those transfers may have been within accounts, Mr. Hecker raises far more questions than he provides answers. It is his responsibility to provide answers. His failure to explain or establish the legitimacy of the transfers provides a basis for construing them against him.[2]

11. Mr. Hecker's failure to provide adequate information about his complete financial picture casts doubt on the credibility of his earlier assertion that he is unemployed and cannot afford to pay Ms. Hecker temporary spousal maintenance. In addition, some of the transactions may involve improper dissipation of assets. To attempt to develop an adequate record upon which to make an informed decision, the Court will give Mr. Hecker one more chance to comply. Mr. Hecker must provide information (sworn to under oath) that details his complete current and recent financial situation. That information must be submitted to the Court, and Ms. Hecker, no later than Friday, November 13, 2009 at 4:30 p.m. Failure to fully comply will result in sanctions the Court deems appropriate.

### Mr. Hecker's Termination of the 401(k) Plan

12. In Mr. Hecker's November 2, 2009 response to the Court's October 22 Order, he disclosed the receipt of $125,155.74 from a 401(k) Plan (the "401(k) Plan") termination.

13. On November 4, 2009, the Court received a letter from Ms. Hecker's attorney indicating that she had no knowledge of the 401(k) plan or of Mr. Hecker's liquidation of the 401(k). Because of the conditions set forth in Minnesota Statutes Section 518.091, subd. 1, she requested a telephone hearing with the Court to address her concerns in this matter. Specifically, Ms. Hecker indicates that she anticipates asking the Court for an order providing the following:

      a. An Order directing Mr. Hecker to immediately provide Ms. Hecker with all copies of all documents concerning the 401(k) plan termination, the liquidation of funds, and documentation confirming the gross amount and the net amount received by Mr. Hecker;

---

[2] "Failure to disclose financial information justifies an inference adverse to the party who conceals or evades." *Solon v. Solon*, 255 NW2d 395, 396 (Minn. 1977).

4

b. An Order directing the production of deposit records confirming where and when all liquidated funds were deposited, an accounting of all expenditures made from the account(s) into which the proceeds were deposited, and an explanation, with verification, of all other funds deposited in such account(s) subsequent to the deposit of the 401(k) funds; and

c. In the event that any of the 401(k) funds remain, an Order escrowing the remaining funds, which represent a marital asset.

14. The Court had similar concerns when it reviewed Mr. Hecker's submissions, and had intended to act on its own initiative. In any event, the Court recognizes Ms. Hecker's concerns and finds it appropriate that Mr. Hecker should provide complete information about the liquidation of the 401(k) Plan, the gross and net amount of the liquidation, the disposition of the amounts, and the status of any remaining amount. To the extent that any funds remain, those funds shall be immediately transferred to Ms. Hecker's attorney, who shall place those funds in escrow pending further order of the Court. _Furthermore, if there are any other 401(k) or IRA accounts not previously identified by Mr. Hecker, Mr. Hecker shall provide documentation of those as well._

## IT IS ORDERED:

1. Mr. Hecker must provide information (sworn to under oath) that details his complete current and recent financial situation. That information must be submitted to the Court, and Ms. Hecker's attorney, no later than Friday, November 13, 2009 at 4:30 p.m. **Failure to fully comply will result in sanctions the Court deems appropriate.** _Mr. Hecker's counsel shall sign Mr. Hecker's responses, certifying in good faith that he has gathered and reviewed information he believes sufficient to allow him to conclude that Mr. Hecker has made a full and fair disclosure._

2. Mr. Hecker shall submit the following information and documentation concerning his termination of the 401(k) Plan:

   a. All documents concerning the 401(k) plan termination, the liquidation of funds, and documentation confirming the gross amount and the net amount received by Mr. Hecker.

   b. All deposit records confirming where and when all liquidated funds were deposited, an accounting of all expenditures made from the account(s) into which the proceeds were deposited, and an explanation, with verification, of all other funds deposited in such account(s) subsequent to the deposit of the 401(k) funds.

   c. To the extent that any funds remain, those funds shall be immediately transferred to Ms. Hecker's attorney, who shall place those funds in escrow pending further order of the Court.

5

*Furthermore, if there are any other 401(k) or IRA accounts not previously identified by Mr. Hecker, Mr. Hecker shall provide documentation of those as well,* and shall transfer remaining liquidated funds to Ms. Hecker's attorney. This information shall be submitted to the Court and Ms. Hecker's attorney by **November 13, 2009 at 4:30 p.m.**

3. Following receipt of the above, the Court will determine what, if any, future proceedings are necessary to address this issue.

Dated: November 10, 2009

BY THE COURT:

Jay M. Quam
Judge of District Court

# EXHIBIT 38

# United States District Court

STATE AND DISTRICT OF MINNESOTA

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)

The computers and computer equipment seized by the Minnesota
State Patrol on June 17, 2009, and in the custody of the Minnesota
State Patrol.

**SEARCH WARRANT**
Case Number:

TO: Special Agent Patricia L. Weber and any Authorized Officer of the United States

Affidavit(s) having been made before me by Patricia L. Weber who has reason to

believe that ☐ on the person of or ☒ on the premises known as (name, description and/or location)
The computers and computer equipment seized by the Minnesota State Patrol on June 17, 2009, and in the custody of the
Minnesota State Patrol.

in the State and District of Minnesota there is now concealed a certain person or property,
namely (describe the person or property)

See attached list of items to be seized.

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property
so described is now concealed on the person or premises above-described and establish grounds for the issuance of this
warrant.

YOU ARE HEREBY COMMANDED to search on or before 8/7/09
_____
Date
(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making
the search (in the daytime — 6:00 A.M. to 10:00 P.M.)(at any time in the day or night as I find reasonable cause has been
established) and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the
person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant
to the Magistrate of the month or The Honorable Jeffrey J. Keyes, United States Magistrate Judge, as required by law.

July 99 2009  4:00 PM      at    St. Paul, MN
Date and Time Issued                      City and State

The Honorable Jeffrey J. Keyes,
UNITED STATES MAGISTRATE JUDGE
_____
Name and Title of Judicial Officer          Signature of Judicial Officer

**Exhibit 38**

# United States District Court

## STATE AND DISTRICT OF MINNESOTA

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)

The premises known as 500 Ford Road, St. Louis Park, MN 55426,
further described as the office building functioning as the corporate
headquarters for entities controlled or owned by Dennis Hecker,
including any outbuildings, sheds, garages, storage facilities, and
vehicles located on said premises.

**SEARCH WARRANT**
Case Number:

TO: Special Agent Patricia L. Weber and any Authorized Officer of the United States

Affidavit(s) having been made before me by Patricia L. Weber who has reason to

believe that ☐ on the person of or ☒ on the premises known as (name, description and/or location)
The premises known as 500 Ford Road, St. Louis Park, MN 55426, further described as the office building functioning as
the corporate headquarters for entities controlled or owned by Dennis Hecker, including any outbuildings, sheds, garages,
and storage facilities located on said premises.

in the State and District of Minnesota there is now concealed a certain person or property,
namely (describe the person or property)

See attached list of items to be seized.

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property
so described is now concealed on the person or premises above-described and establish grounds for the issuance of this
warrant.

YOU ARE HEREBY COMMANDED to search on or before 8/7/09
_____
Date
(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making
the search (in the daytime — 6:00 A.M. to 10:00 P.M.)(at any time in the day or night as I find reasonable cause has been
established) and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the
person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant
to the Magistrate of the month or The Honorable Jeffrey J. Keyes, United States Magistrate Judge, as required by law.

July 29, 2009     4:00 pm     at     St. Paul, MN
Date and Time Issued                                    City and State

The Honorable Jeffrey J. Keyes,
UNITED STATES MAGISTRATE JUDGE                         _____
Name and Title of Judicial Officer                      Signature of Judicial Officer

# United States District Court

## STATE AND DISTRICT OF MINNESOTA

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)

The computers and computer equipment seized by the Minnesota
State Patrol on June 17, 2009, and in the custody of the Internal
Revenue Service - Criminal Investigative Division.

**SEARCH WARRANT**
Case Number:

TO: Special Agent Patricia L. Weber and any Authorized Officer of the United States

Affidavit(s) having been made before me by Patricia L. Weber who has reason to

believe that ☐ on the person of or ☒ on the premises known as (name, description and/or location)
The computers and computer equipment seized by the Minnesota State Patrol on June 17, 2009, and in the custody of the
Internal Revenue Service - Criminal Investigative Division.

in the State and District of Minnesota there is now concealed a certain person or property,
namely (describe the person or property)

See attached list of items to be seized.

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property
so described is now concealed on the person or premises above-described and establish grounds for the issuance of this
warrant.

YOU ARE HEREBY COMMANDED to search on or before 8/7/09
_____
                                                    Date
(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making
the search (in the daytime — 6:00 A.M. to 10:00 P.M.)(at any time in the day or night as I find reasonable cause has been
established) and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the
person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant
to the Magistrate of the month or The Honorable Jeffrey J. Keyes, United States Magistrate Judge, as required by law.

July 29, 2009    4:00 p m          at      St. Paul, MN
Date and Time Issued                       City and State

The Honorable Jeffrey J. Keyes,
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer          Signature of Judicial Officer

# LIST OF ITEMS TO BE SEIZED

For the period beginning January 1, 2006, and continuing through the date the search warrant is executed, the documents and records to be seized include all evidence, fruits, or instrumentalities of crime related to violations of Title 18, United States Code, Sections 152-157 (bankruptcy fraud), 371 (conspiracy), 1341 (mail fraud), 1343 (wire fraud), 1349 (conspiracy), 1956 (money laundering), and 1957 (money laundering), including but not limited to:

1. Documents and records reflecting or related to financing from Chrysler Financial for the financing of vehicles, including fleet lease vehicles. Such documents and records to include:

    a. supply agreements, loan agreements, invoices, financial statements, security agreements, promissory notes, personal guarantees, financing packets, funding packages, payment schedules, and listing of vehicles used as collateral for loans;

    b. any other documents submitted by Hecker, Hecker's entities or anyone working for or with Hecker, with respect to obtaining financing from Chrysler Financial;

    c. documents reflecting or related to payment histories, including the source of payment, by Hecker/Hecker's entities;

    d. agreements and other documents regarding vehicles purchased from Chrysler Motors, Hyundai Motor America, Toyota, GM, Suzuki, Nissan, and Mitsubishi, including those purchased under guaranteed repurchase or guaranteed depreciation programs (e.g., "GDP" program) and risk purchases;

    e. documents reflecting or related to communications, including memoranda, letters, emails, faxes, notes;

f. any altered or forged documents created by Hecker, Hecker's entities, or anyone working for or with Hecker/Hecker's entities;

g. any "Chrysler" file maintained by Dennis Hecker or his employees;

h. any documents, including a Rolodex, of Chrysler contacts;

i. documents reflecting or related to any financial transactions with respect to payments by Chrysler Financial in or about November and December 2007.

2. Documents and records reflecting or related to Hyundai Motor America with respect to purchase or leasing of vehicles, including fleet lease vehicles. Such documents and records to include:

a. documents reflecting and related to any agreements between any of Hecker's entity and Hyundai Motor America, including supply agreements and agreements pursuant to guaranteed repurchase or guaranteed depreciation programs (e.g., "GDP" program) and risk purchases.

b. documents related to the alleged fraudulently obtained floor plan(s) agreement(s) or financing approved in November 2007;

c. any altered or forged documents created by Hecker, Hecker's entities, or anyone working for or with Hecker/Hecker's entities;

d. documents reflecting or related to communications, including memoranda, letters, emails, faxes, notes;

e. any "Hyundai" or "Hyundai Motor" file maintained by Dennis Hecker or his employees;

f. documents reflecting or related to any financial transactions with respect to payments by Hyundai Motor America in or about November and December 2007.

3. Documents and records reflecting or related to Hyundai Motor Finance Company with respect to financing of vehicles. Such documents and records to include:

   a. supply agreements, loan agreements, invoices, financial statements, security agreements, promissory notes, personal guarantees, financing packets, funding packages, payment schedules, and listing of vehicles used as collateral for loans;

   b. any other documents submitted by Hecker, Hecker's entities or anyone working for or with Hecker, with respect to obtaining financing from Hyundai Motor Finance Company;

   c. documents reflecting or related to payment histories, including the source of payment, by Hecker/Hecker's entities;

   d. documents reflecting or related to communications, including memoranda, letters, emails, faxes, notes;

   e. any altered or forged documents created by Hecker, Hecker's entities, or anyone working for or with Hecker/Hecker's entities;

   f. any "Hyundai Motor Finance" file maintained by Dennis Hecker or his employees;

   g. documents reflecting or related to any financial transactions with respect to payments by Hyundai Motor Finance Company in or about February and August 2008.

4. Documents and records reflecting or related to Mitsubishi with respect to purchase or leasing of vehicles, including fleet lease vehicles. Such documents and records to include:

   a. documents reflecting and related to any agreements between any of Hecker's entity and Mitsubishi, including supply agreements and agreements pursuant to

guaranteed repurchase or guaranteed depreciation programs (e.g., "GDP" program) and risk purchases.

b. documents related to an alleged fraudulently obtained floor plan(s) agreement(s) or financing approved in or about 2002-2003

c. documents related to transaction fees or advertising-time credits or discount credits for commercial TV air time;

d. any altered or forged documents, including invoices, bills of sale, or other documents, created by Hecker, Hecker's entities, or anyone working for or with Hecker/Hecker's entities;

e. documents reflecting or related to communications, including memoranda, letters, emails, faxes, notes;

f. any "Mitsubishi" file maintained by Dennis Hecker or his employees.

5. Documents and records reflecting or related to GE Capital, Gelco Corporation, GE Fleet and/or VFS Financing, Inc. with respect to purchase or leasing of vehicles, including fleet lease vehicles, as well as with respect to financing for a Bombardier Challenger aircraft and aircraft equipment. Such documents and records to include:

a. supply agreements, loan agreements, invoices, financial statements, security agreements, promissory notes, personal guarantees, financing packets, funding packages, payment schedules, and listing of airplane(s), airplane equipment and/or vehicles used as collateral for loans;

b. any other documents submitted by Hecker, Hecker's entities or anyone working for or with Hecker, with respect to obtaining financing from GE Capital, Gelco Corporation, GE Fleet and/or VFS Financing, Inc;

    c. documents reflecting or related to payment histories, including the source of payment, by Hecker/Hecker's entities;

    d. documents reflecting or related to communications, including memoranda, letters, emails, faxes, notes;

    e. any altered or forged documents created by Hecker, Hecker's entities, or anyone working for or with Hecker/Hecker's entities;

    f. any "GE Capital," "Gelco Corporation," "GE Fleet" and/or "VFS Financing, Inc" file maintained by Dennis Hecker or his employees.

6. Documents and records reflecting or relating to the purchase and/or sale and use of airplanes by Dennis E. Hecker and/or Hecker's entities. Such documents and records to include:

    a. documents reflecting and related to purchase agreements for planes, loan applications, cancelled checks for loan issuance, appraisals, loan payment history, flight logs, payments made to pilots, mechanics and others for use of the plane, and correspondence between buyer(s) and seller(s).

    b. documents reflecting or related to communications, including memoranda, letters, emails, faxes, notes.

7. Documents and records reflecting or related to Advantage Rent-A-Car, including Southwest-Tex Leasing Co., ARC Venture Holding, and Advantage Touch. Such documents and records to include:

    a. financial statements, financial projections, statements of revenues and expense, and assessment of profitability of each rental car business location, including spreadsheet projections provided to Chrysler Financial in November 2007;

b. documents reflecting or related to repairs or reimbursement for repairs;

c. documents reflecting or related to complaints by State Farm, Advantage Touch and/or any other insurance company with regard to alleged fraudulent claims;

d. documents reflecting or related to the National Association of Attorneys General Task Force on Car Rental Industry Advertising and Practices and its "Final Report and Recommendations of the National Association of Attorneys General Task Force on Car Rental Industry Advertising and Practices";

e. documents reflecting or related to communications, including memoranda, letters, emails, faxes, notes;

f. any "Advantage Rent-A-Car" file maintained by Dennis Hecker or his employees.

8. Documents and records reflecting or related to the financial condition of Hecker's entities. Such documents and records to include:

a. documents and records reflecting and related to periodic financial/net worth statements, statements of income and/or expenses, books, records, receipts, invoices, bank account records, account applications, deposit statements/slips, notes, checks, invoices and/or bills, journals, ledgers, credit card billing statements and receipts, calendars, billings, agreements, contracts, safe deposit box records and keys;

b. documents and records reflecting an related to cash receipts and cash disbursements, any other financial records relating to any of Hecker's entities;

c. checking account ledgers, including hand-prepared documents;

d. documents reflecting or related to communications, including memoranda, letters, emails, faxes, notes.

9. Documents and records reflecting or relating to any of Hecker's entities failure to pay state sales tax and/or failure to pay off any customer's liens on trade in vehicles. Such documents records to include:

    a. documents and records reflecting or relating to customer complaints taken by Dennis E. Hecker, Hecker's entities and/or any employees regarding sales taxes not being paid and/or liens not being paid; and

    b. documents reflecting or related to communications, including memoranda, letters, emails, faxes, notes.

10. Documents and records reflecting or relating to any transfer of money and assets by Hecker and/or certain of Hecker's entities to other Hecker's entities and/or any third party, including such transfers that were made with intent to hinder, delay or defraud creditors of the transferring entities. Such documents and records to include:

    a. documents reflecting or related to wire transfers or other payments and transfers of money;

    b. documents reflecting or related to any fixed asset listings of Hecker/Hecker's entities;

    c. documents reflecting or related to any closing files or other documents relating to the sale of any Hecker dealerships, including but not limited to Inver Grove Toyota;

    d. documents reflecting or related to communications, including memoranda, letters, emails, faxes, notes.

11. Documents and records reflecting or relating to personnel files which show job titles, dates of employment, duties and responsibilities, location where employed, personnel issues, and contact information for employees of Dennis E. Hecker and/or Hecker's entities;

employment agreements, severance agreements, confidentiality agreements, and non-compete agreements.

12. Documents and records reflecting or relating general ledgers and accounting software for Hecker's entities.

13. Documents and records reflecting or relating to bank records for Hecker's entities from 2006 to the present.

14. Documents and records reflecting or relating to any accounting audit including forensic accounting audit.

15. Cash over $10,000.

The terms "Hecker's entities" includes but is not limited to Rosedale Fleet Leasing II LLC, Rosedale Dodge, Inc., Walden Fleet Services II, Inc., Denny Hecker Automotive Group, Inc., Walden Investment, LLC, and Southwest-Tex Leasing Co., Inc., d/b/a Advantage Rent-A-Car, Den-Star of Minnesota, LLC, and all other entities owned and controlled by Dennis E. Hecker.

The terms "document(s)" and "record(s)" includes all the foregoing items of evidence, in whatever form and by whatever means such documents, their drafts, or their modifications may have been created or stored, including, but not limited to, any handmade form (such as drawing, writing, painting, with any implement or surface, directly or indirectly); any photographic form (such as prints, slides, videotapes, photocopies); any mechanical form (such as printing or typing) and any electronic or magnetic form (such as tape recordings, cassettes, compact discs, information on an electronic or magnetic storage device).

Moreover, all of the above-noted documents and records may be stored on magnetic or electronic media, including hard drives, diskettes, tapes, or other media in a form readable by

computer. These records include media maintained as archive or backup copies. Also included in magnetic or electronic media are electronic data processing and storage devices, computers, and computer systems, including central processing units, internal and peripheral storage devices such as fixed disks, external hard disks, floppy disks and diskettes, tape drives and tapes, optical storage devices such as keyboards, printers, video display monitors, optical readers, and related communication devices such as modems. Computer equipment, as needed, is defined as follows.

A.      Hardware.  All equipment that can collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, optical, or similar computer impulses or data. Hardware includes, but is not limited to, any data-processing devices; internal and peripheral storage devices; peripheral input/output devices (such as keyboards, printers, scanners); related communication devices (such as modems, cables, and connections, recording equipment, RAM or ROM units, acoustic couplers, automatic dialers, speed dialers); and any devices, mechanisms, or parts that can be used to restrict access to computer hardware (such as physical keys and locks).

B.      Software. Digital information that can be interpreted by a computer and any of its related components to direct the way they work.  Software is stored in electronic, magnetic, optical, or other digital form.  It commonly includes programs to run operating systems, applications, utilities, compilers, interpreters, and communication devices.

C.      Documentation. Written, recorded, printed, or electronically stored material that explains or illustrates how to configure or use computer hardware,    software, or related items.

D.      Handwritten or printed notes regarding passwords, finding the file or directory names of important data, operating the hardware or software, identifying the suspect's electronic or telephone connections with co-conspirators and victims, and/or finding login names or accounts.

## SEARCH WARRANT ADDENDUM

1.      In conducting the search authorized by this warrant, the government shall make reasonable efforts to utilize computer search methodology that avoids searching files, documents or other electronically stored information which is not identified in the warrant.

2.      If electronically stored data or documents have been identified and seized by the government pursuant to this warrant, the government may retain the original hard drive or other data storage mechanism. The person from whom the data storage device has been seized may request that the government provide him or her with electronic copies of the electronically stored data or documents by making a written request to the United States Attorney's Office, identifying with specificity the files, data, or software sought to be copied. The government must respond to all such requests within a reasonable amount of time, and must provide a copy of the electronically stored data or documents requested unless the copies requested constitute contraband, instrumentalities, or property subject to forfeiture.

3.      Nothing in this warrant shall limit or prevent the government from seizing the computer as contraband or an instrumentality of a crime or commencing forfeiture proceedings against the computer and/or the data contained therein. Nothing in this warrant shall limit or prevent the owner of the computer from (a) filing a motion with the Court pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the Return of Property or (b) making a request of the government to return certain specified files, data, software or hardware.

4.      The government shall establish a search methodology governing the review of seized data to ensure that no attorney-client privileged communications will be inadvertently reviewed by the prosecution team. In the event that documents or other records seized pursuant to this warrant are identified by the government as possibly containing attorney-client privileged communications, an Assistant United States Attorney, who is not a member of the prosecution team and who is not participating in the search, shall act as a "taint team" to set up a "Chinese wall" between the evidence and the prosecution team that will prevent any privileged material from getting through.