UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| In Re: | ) | |
| --- | --- | --- |
| | ) | Bankruptcy Case No: 09-50779-RJK |
| DENNIS E. HECKER, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| CHRYSLER FINANCIAL | ) | Adversary Proceeding No.: 09-05019 |
| SERVICES AMERICAS | ) | |
| LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DENNIS E. HECKER, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**NOTICE OF HEARING AND MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS**
_____

**TO: Plaintiff Chrysler Financial Services Americas, LLC and its counsel, Nicholas Nierengarten and Stephen Grinnell of Gray, Plant, Mooty, Mooty & Bennett, P.A., 500 IDS Center, 80 S. 8th St., Minneapolis, Minnesota 55402 and Mayer Brown LLP, Howard Roin and Stuart Rozen, 71 South Wacker Drive, Chicago, Illinois, 60606.**

1. Defendant Dennis E. Hecker ("Hecker"), by and through his undersigned counsel, moves for the relief requested below and gives notice of hearing.

1

2. The Court will hold a hearing on this motion at 2:30 p.m. on February 24, 2010, in Courtroom 8 West, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota before the Honorable Robert J. Kressel.

3. Any response to this motion must be filed and served by delivery no later than February 19, 2010 which is five (5) days before the time set for the hearing (including Saturdays, Sundays, and holidays). **UNLESS A RESPONSE OPPOSING THE MOTIN IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and 9013 and Local Rule 9013-1 et seq.

5. This motion arises under 11 U.S.C. §§ 523, Fed. R. Bankr. P. 7012(b), and Fed. R. Civ. P. 12(c). This motion is filed under Fed. R. Bankr. P. 7012 and 9013 and Local Rule 9013-1 *et seq*. Defendant Hecker requests the relief specified below.

## MOTION

1. Defendant Hecker moves this Court for partial judgment on the pleadings dismissing Plaintiff Chrysler Financial's claim to the extent it is based on alleged fraud or defalcation while acting in a fiduciary capacity under 11 U.S.C. § 523(a)(4).

2. This motion is based on the facts alleged in the pleadings and on the law set forth in Defendant Hecker's Memorandum of Law in Support of the Motion, which is concurrently filed in accordance with Local Rule 9006-1(b).

2

Wherefore, Defendant Hecker moves the court for an order for partial judgment on the pleadings and such other relief as may be just and equitable.

Respectfully Submitted,

Dated: February 1, 2010                **SKOLNICK & SHIFF, P.A.**

/e/ William R. Skolnick
William R. Skolnick #137182
Rolin L. Cargill III 14722
527 Marquette Avenue South, #2100
Minneapolis, MN 55402
(612) 677-7600
wskolnick@skolnick-shiff.com
rcargill@skolnick-shiff.com

**ATTORNEYS FOR DENNIS E. HECKER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

DENNIS E. HECKER                                                          Case No. 09-50779-RJK

          Debtor.                                                                        Chapter 7

---

CHRYSLER FINANCIAL
SERVICES AMERICAS LLC,
                                                                                  ADV Pro. No. 09-05019
          Plaintiff,

vs.

DENNIS E. HECKER

          Defendant.

---

**DENNIS E. HECKER'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

---

## INTRODUCTION

Chrysler Financial Services Americas, LLC's use of "trust" language in its standardized loan agreements did not transform Dennis Hecker from a debtor into a fiduciary. Under longstanding precedent, the parties did not have an express trust relationship, and Hecker was never acting in a fiduciary capacity with respect to Chrysler Financial. Instead, the parties' relationship was that of debtor and creditor. Hecker is now asking the court to dismiss that portion of Chrysler Financial's adversary complaint that is based on the fiduciary capacity provision of 11 U.S.C. § 523(a)(4).

The court should grant Hecker's motion because there are no facts under which Chrysler Financial can meet its threshold burden of establishing that Hecker was its fiduciary. Under the seminal case of Davis v. Aetna Acceptance Co., 293 U.S. 328 (1934), the Bankruptcy Act's reference to "fiduciaries" applies only to trustees of express or technical trusts, which require more than a mere contractual relationship – even if a contract uses words like "trust" and "fiduciary duty." Among other things, there must be a showing of the parties' positive intention to create an express trust that includes a segregated trust res – a showing that Chrysler Financial cannot make in this case. As a whole, the loan agreements at issue indicate an intention to form a debtor-creditor, not fiduciary, relationship. Moreover, the supposed "trust fund" was merely an operating account that could contain monies from multiple sources and which Hecker was free to use and write checks on in the normal course of his business as long as he was not in default. Accordingly, Hecker is entitled to judgment as a matter of law on Chrysler Financial's claim that some $68 million of his indebtedness is nondischargeable because it resulted from fraud or defalcation by a fiduciary.

## FACTS

Under a series of loan agreements, Chrysler Financial loaned substantial sums of money to Hecker and a number of entities that he owns or controls, primarily for the purpose of financing the purchase of vehicles for resale or lease to customers. (Complaint ¶ 6). Hecker personally guaranteed all of the loans. (Id.). This motion concerns "floor plan" loans under a Master Loan and Security Agreement (Complaint Ex. I) and under a Lease Financing Agreement (Complaint Ex. J) and related Security

Agreement (Complaint Ex. K) (these contracts are referred to collectively as the "Loan Agreements").

In most respects, although they represent a form of financing prevalent in the auto industry, the Loan Agreements reflect the typical and expected indicia of any debtor-creditor relationship. The Loan Agreements designate Chrysler Financial as the "Lender" or "Secured Party" and the Hecker borrowers as "Borrower," "Lessor," or "Debtor." Chrysler Financial's loans bear interest at variable rates. (See Master Loan Agreement, p. 2; Lease Financing Agreement ¶ 3(b)). The Loan Agreements also give Chrysler Financial a broad security interest in various assets of the Hecker borrowers, including the vehicles purchased with the loans and the proceeds from the sale of the vehicles. (See Master Loan Agreement, pp. 1, 2; Lease Financing Agreement, ¶ 1).

With respect to proceeds from the sale of vehicles, the Master Loan Agreement contains the following provision:

> **Obligations to Pay-Over Collateral Proceeds to Lender; Trust Relationship.**
> Borrower shall promptly pay-over and deliver to Lender all proceeds (less any amounts that may be retained by Borrower as provided below), in any form, derived from the sale or lease of Borrower's Collateral. Once received by Borrower, such proceeds… shall be the property of Lender, and at all times while Borrower may hold such cash or cash-equivalent proceeds (whether directly or in the form of deposits in Borrower's designated Operating Account, or in any other deposit account with any depository institution), Borrower shall do so "in trust" for and on behalf of Lender. Borrower intends that there be a true trust relationship between Borrower and Lender, with Borrower assuming full fiduciary duties, responsibilities to and in favor of Lender.

(Master Loan Agreement, p. 4). The Lease Financing Agreement, without mentioning collateral proceeds, required the Hecker borrowers to repay "upon demand" the unpaid

3

balance of the advance made for any financed vehicle that was sold, together with accrued interest. (Lease Financing Agreement, ¶ 3(g)). For its part, the Security Agreement states, "Debtor further assigns to, agrees to hold in trust for and to pay promptly unto Secured Party, its successors and assigns at the time received by Debtor… any and all proceeds of the sale or any other disposition of the Secured Property." (Security Agreement, ¶ 3).

None of the Loan Agreements required the Hecker borrowers to segregate proceeds from the sale of vehicles for Chrysler Financial's benefit. Under the Master Loan Agreement, the proceeds were to be deposited in a designated operating account, but nothing restricted the Hecker borrowers from depositing funds from other sources into that account or from using funds from the designated operating account. (See Master Loan Agreement, p. 4). Indeed, so long as they were not in default, the Hecker borrowers were specifically authorized "to write checks on, make deposits into and withdrawals from Borrower's Operating Account in the ordinary course of Borrower's business." (Id.). The Master Loan Agreement also permitted the Hecker borrowers, if they were not in default, to retain a portion of the collateral proceeds for their own use. (Id.).

In its adversary complaint, Chrysler Financial alleges that, beginning in the fall of 2008, the Hecker borrowers, at Hecker's direction, stopped paying sale proceeds on financed vehicles to Chrysler Financial and instead diverted the proceeds to their own use. (Complaint ¶ 30). Relying on the Loan Agreements' "trust" language, Chrysler Financial contends that the failures to pay were "deliberate misappropriations" that constituted, in pertinent part, "defalcation while acting in a fiduciary capacity." (Id. ¶

33). As a result, Chrysler Financial seeks a determination that $68,883,987 of Hecker's debt under the Loan Agreements is nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

Accepting the facts alleged in the complaint as true for purposes of this motion, Chrysler Financial is not entitled to such a determination. The parties had a contractual debtor-creditor, not fiduciary, relationship. For the reasons set forth below, Hecker is entitled to a judgment to that effect as a matter of law.

## ARGUMENT

**A.  Standard of review.**

After the pleadings are closed but early enough that the trial will not be delayed, a party may move for judgment on the pleadings for failure to state a claim for which relief can be granted. Fed. R. Civ. P. 12(c), incorporated by Fed. R. Bankr. P. 7012(b). The standard for reviewing a motion for judgment on the pleadings is the same standard that governs Rule 12(b)(6) motions to dismiss. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The court must assume that all well-pleaded factual allegations of the complaint are true and construe those allegations in favor of the plaintiff. Id. (citation omitted). But the court does not "blindly accept the legal conclusions drawn by the pleader from the facts." Id. In addition, although factual assumptions are made in favor of the well-pleaded allegations of the complaint, the statutory exceptions to discharge in bankruptcy must be strictly construed against the creditor, in furtherance of the policy of providing the debtor with a fresh start in bankruptcy. In re Shahrokhi, 266 B.R. 702, 707 (8th Cir. BAP 2001).

The court should grant the motion if "it appears beyond doubt that the plaintiff can

prove no set of facts which would entitle [it] to relief." Morton v. Becker, 793 F.2d 185, 187 (8th Cir.1986). In other words, "[j]udgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." Faibisch v. University of Minn., 304 F.3d 797, 803 (8th Cir. 2002).

Applying the foregoing standard, Hecker is entitled to judgment as a matter of law. Regardless of the allegations of the complaint, and despite contract language that purports to impose a trust, the parties' contractual debtor-creditor relationship precludes any finding that Hecker or his companies occupied a fiduciary status with respect to Chrysler Financial. Accordingly, the court should grant the motion for partial judgment on the pleadings.

**B.     There are no facts under which Hecker can be deemed a fiduciary within the meaning of 11 U.S.C. § 523(a)(4).**

Insofar as it pertains to this motion, Count 2 of the complaint seeks a determination that approximately $68 million of Hecker's debt to Chrysler Financial is nondischargeable pursuant to 11 U.S.C. § 523(a)(4) on the basis that Hecker committed "defalcation while acting in a fiduciary capacity." (See Complaint ¶¶ 39-41). In the Eighth Circuit, defalcation is defined as the "misappropriation of trust funds or money held in any fiduciary capacity; [the] failure to properly account for such funds." In re Cochrane, 124 F.3d 978, 984 (8th Cir. 1997) (quotation omitted). Thus, defalcation can result from either an innocent default or from intentional misappropriation. Id. In either event, though, Chrysler Financial must establish that Hecker was acting in a fiduciary capacity – something it cannot do as a matter of law. See In re Koelfgen, 87 B.R. 993,

6

996 (Bkcy. D. Minn. 1988) ("The threshold requirement under section 523(a)(4) to hold a debt nondischargeable for fraud or defalcation is a finding that the debtor was a fiduciary of the creditor-plaintiff.").

For purposes of the fiduciary exception to discharge at issue, it has long been settled that the reference to "fiduciary capacity" is narrowly limited to the trustee of an express or technical trust. See In re Long, 774 F.2d 875, 878 (8th Cir. 1985), citing Davis v. Aetna Acceptance Co., 293 U.S. 328, 333 (1934). "The Code does not reach constructive trustees, designated as such because of misconduct." Long, 774 F.2d at 878. In addition, a merely contractual relationship is less than what is required to establish the existence of a fiduciary relationship. In re Shahrokhi, 266 B.R. at 708. Moreover, the debtor must have been a trustee before the alleged wrong and without reference to it, and the fiduciary status must have existed before the creation of the challenged indebtedness. Davis, 293 U.S. at 333 ("The language would seem to apply only to a debt created by a person who was already a fiduciary when the debt was created.") (quotation omitted); In re Stern, 403 B.R. 58, 66 (Bkcy. C.D. Cal. 2009).

In this case, to make its claim Chrysler Financial relies on the trust language quoted above that briefly appears in its multi-page standard Loan Agreements. But the mere use of the words "trust," "true trust relationship," and "fiduciary duties" is not enough, by itself, to create the fiduciary relationship required by Section 523(a)(4). "Verbal legerdemain does not impose a fiduciary duty on the debtor." In re Miles, 5 B.B. 458, 460 (Bkcy. Va. 1980). Rather, "[i]t is the substance of a transaction, rather than the labels assigned by the parties, which determines whether there is a fiduciary relationship

7

for bankruptcy purposes." Long, 774 F.2d at 878-79.

Express or technical trusts are formed by direct and positive acts by both parties manifested by some instrument in writing. In re Bren, 284 B.R. 681, 697 (Bkcy. D. Minn. 2002). Under Minnesota law, the essentials of an express trust relationship are (1) a designated trustee subject to enforceable duties; (2) a designated beneficiary vested with enforceable rights; and (3) a definite trust res where the trustee's title and estate is separated from the vested beneficial interests of the beneficiary. Id. (citations omitted). The parties must intend that the money be kept as a <u>separate fund</u> for the benefit of the payor or a third person. Id., citing American Surety Co. of New York v. Greenwald, 223 Minn. 37, 44, 25 N.W.2d 681, 685 (1946). "Where money paid to another is not required to be segregated by the payee and held as a separate fund for the benefit of the payor, <u>there is no trust</u>." Farmers State Bank of Fosston v. Sig Ellingson & Co., 218 Minn. 411, 418, 16 N.W.2d 319, 323 (1944) (emphasis added). In addition, "[i]f there is an understanding between the parties to whom the funds are transferred to pay 'interest' thereon (at a fixed or current rate, and not merely such interest or other earnings as the funds, being invested, may earn), <u>it becomes close to certain that the relationship is a debt rather than a trust</u>." Restatement (Third) of Trusts § 5, comment k (2003) (emphasis added).

Chrysler Financial's Loan Agreements do not satisfy the requirements for creating an express trust for purposes of Section 523(a)(4). If nothing else, the Loan Agreements do not call for the establishment of a separate trust fund. Instead, they allow the Hecker borrowers to commingle other funds with collateral proceeds and to use monies from the

8

designated depository account in the normal course of their business. Without segregation of the collateral proceeds, "there is no trust." Farmers State Bank of Fosston, supra. In addition, the Loan Agreements as a whole deal with various aspects of a debtor-creditor relationship, including the significant fact, according to the Restatement, that the loans were to bear interest. Finally, Hecker and his companies were not fiduciaries of Chrysler financial before the debt arose.

Starting with Davis, numerous decisions have recognized that floor plan financing arrangements like Chrysler Financial's, which typically employ similar trust language, do not create the express trust that is necessary to prevent a debt from being discharged under Section 523(a)(4).. See, e.g., In re Breedlove, 2007 WL 2034143 (Bkcy. N.D. Okla. 2007); In re Parr, 347 B.R. 561 (Bkcy. N.D. Tex. 2006); In re Grant, 325 B.R. 728 (Bkcy. W.D. Ky. 2005); In re Theis, 109 B.R. 474 (Bkcy. M.D. Fla.1989); In re Tester, 62 B.R. 486 (Bkcy. W.D. Va. 1986); In re Talcott, 29 B.R. 874 (Bkcy. D. Kan. 1983); In re Miles, 5 B.R. 458, 460 (Bkcy. Va. 1980); and others. In perhaps the only floor plan case that did find an express trust, the parties' contract explicitly required the segregation of collateral proceeds – a dispositive distinction from this case that the court emphasized as the primary basis for its decision. See In re Strack, 524 F.3d 493, 498 (4th Cir. 2008).

In sum, even accepting all of the allegations of the complaint as true, Hecker and Chrysler Financial had a debtor-creditor relationship. The Loan Agreements did not establish an express trust, and Hecker was not acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4). Since Chrysler Financial cannot make the essential

9

threshold showing that Hecker was its fiduciary, no indebtedness can be deemed nondischargeable on that basis.

## **CONCLUSION**

For the foregoing reasons, Hecker requests that the court grant his motion for partial judgment on the pleadings by dismissing Chrysler Financial's claim for fraud or defalcation by a fiduciary.

**Respectfully Submitted,**

**Dated:  February 1, 2010**               **SKOLNICK & SHIFF, P.A.**

/e/ William R. Skolnick_____
William R. Skolnick #137182
Rolin L. Cargill III #14722
527 Marquette Avenue South, #2100
Minneapolis, MN 55402
(612) 677-7600
wskolnick@skolnick-shiff.com
rcargill@skolnick-shiff.com

**ATTORNEYS FOR DENNIS E. HECKER**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | **Bankruptcy Case No: 09-50779-RJK** |
| **DENNIS E. HECKER,** | ) | |
| | ) | **Chapter 7** |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **CHRYSLER FINANCIAL** | ) | **Adversary Proceeding No.: 09-05019** |
| **SERVICES AMERICAS** | ) | |
| **LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **DENNIS E. HECKER,** | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## ORDER ON MOTION FOR PARTIAL
## JUDGMENT ON THE PLEADINGS
_____

This matter came before the court for hearing on February 24, 2010, on defendant Dennis E. Hecker's motion for partial judgment on the pleadings. Appearances were as noted on the record.

Based on the parties' submissions, the arguments of counsel, the pleadings, and the files and records,

**IT IS ORDERED**:

Dennis E. Hecker's motion for partial judgment on the pleadings is granted, and that portion of the complaint of plaintiff Chrysler Financial Services

Americas, LLC, that is based on alleged fraud or defalcation while acting in a

fiduciary capacity under 11 U.S.C. § 523(a)(4) is dismissed.


Dated: _____
                                            Robert J. Kressel
                                            United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:

Dennis E. Hecker                                                                  BKY No. 09-50779 RJK

          Debtor.

---

Chrysler Financial Services
Americas LLC,

          Plaintiff,

                                                Adversary No. 09-05019

v.

Dennis E. Hecker,

          Defendant.

---

**CERTIFICATE OF SERVICE**

---

      **I HEREBY CERTIFY** that on February 1, 2010, I caused the following:

**NOTICE OF HEARING AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS; HECKER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS; ORDER ON MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following listed below:

Matthew R. Burton        mburton@losgs.com
Jordan S. Kushner         kushn002@umn.edu
Robert J. Hennessey      rhennessey@lindquist.com
Stephen F. Grinnell       stephen.grinnell@gpmlaw.com
Nicholas N. Nierengarten nicholas.nierengarten@gpmlaw.com

I also certify that I caused a copy of to be mailed **NOTICE OF HEARING AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS; HECKER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS; ORDER ON MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** directly via U.S. Mail, postage paid to the following non-ECF participants:

Mayer Brown LLP
Howard J. Roin
Stuart M. Rozen
71 South Wacker Drive
Chicago, Illinois 60606

Dated: February 1, 2010                **SKOLNICK & SHIFF, P.A.**


/e/ William R. Skolnick
William R. Skolnick #137182
LuAnn M. Petricka #18505X
2100 Rand Tower
527 Marquette Avenue South
Minneapolis, MN 55402
(612) 677-7600
wskolnick@skolnick-shiff.com
**ATTORNEY FOR DENNIS E. HECKER**