IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 09-50779 |
| | ) | |
| DENNIS E. HECKER, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Robert J. Kressel |
| | ) | |
| | ) | |
| CHRYSLER FINANCIAL SERVICES AMERICAS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Pro. No.: 09-05019 |
| v. | ) | |
| | ) | |
| DENNIS E. HECKER, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**DECLARATION OF NICHOLAS N. NIERENGARTEN
IN SUPPORT OF CHRYSLER FINANCIAL SERVICES AMERICAS LLC'S
MOTION FOR SANCTIONS**
_____

I, Nicholas N. Nierengarten, declare and state as follows:

1. I am an attorney with the law firm of Gray, Plant, Mooty, Mooty & Bennett, P.A., and am one of the attorneys representing Plaintiff Chrysler Financial Services Americas LLC in the above-entitled action.

2. Attached hereto as Exhibit 1 is a true and correct copy of the "Note Pertaining to Schedules and Statement of the Debtor" in *In re Dennis E. Hecker,* Case No. 09-50779.

- 1 -

3. Attached hereto as Exhibit 2 is a true and correct copy of Hecker's Answer to the Complaint (August 21, 2009).

4. Attached hereto as Exhibit 3 is a true and correct copy of an August 28, 2009 letter from Stephen F. Grinnell to William F. Mohrman with attached Plaintiff's First Set of Continuing Interrogatories to Defendant, Plaintiff's First Set of Requests for Production of Documents to Defendant and Plaintiff's First Set of Requests for Admission to Defendant (without exhibits).

5. Attached hereto as Exhibit 4 is a true and correct copy of the Declaration of William F. Mohrman in Support of Defendant's Motion for a Stay (September 22, 2009) (Doc 15).

6. Attached hereto as Exhibit 5 is a true and correct copy of the Amended Declaration of William F. Mohrman in Support of Defendant's Motion for a Stay (September 24, 2009).

7. Attached hereto as Exhibit 6 is a true and correct copy of a September 28, 2009 letter from William F. Mohrman to me with attached Debtor-Defendant Dennis E. Hecker's Combined Responses to Plaintiff's First Set of Continuing Interrogatories, First Set of Requests for Production of Documents and First Set of Requests for Admission to Defendant (September 28, 2009).

8. Attached hereto as Exhibit 7 is a true and correct copy of Debtor's Verified Response to Chapter 7 Trustee's Motion for Protective Order (October 2, 2009) (Doc 224).

9. Attached hereto as Exhibit 8 is a true and correct copy of the Debtor's Verified Response to Chapter 7 Trustee's Motion to Compel Debtor to File Complete and Accurate Schedules (October 2, 2009) (Doc 225).

10. Attached hereto as Exhibit 9 is a true and correct copy of the Trustee' Reply Memorandum to Debtor's Response to Trustee's Motion for Protective Order Regarding 11 U.S.C. § 704 (October 6, 2009).

11. Attached hereto as Exhibit 10 is a true and correct copy of the Memorandum in Reply to the Debtor's Opposition to Trustee's Motion to Compel Schedule Amendment (October 6, 2009).

12. Attached hereto as Exhibit 11 is a true and correct copy of the Court's Order (October 7, 2009) (Doc 236) ordering that the trustee is not required by 11 U.S.C. § 704(7) to furnish information to the debtor or any interested party, records and information received by the trustee without further order of the court.

13. Attached hereto as Exhibit 12 is a true and correct copy of a December 31, 2009 letter from LuAnn M. Petricka to me with attached Defendant's Answers to Plaintiff's First Set of Continuing Interrogatories (December 31, 2009) and Defendant's Supplemental Responses to Plaintiff's First Set of Requests for Production of Documents (December 31, 2009).

14. Attached hereto as Exhibit 13 is a true and correct copy of a January 4, 2010 letter from LuAnn M. Petricka to me with attached Defendant's Answers to Plaintiff's First Set of Continuing Interrogatories signed by Dennis E. Hecker.

15. Attached hereto as Exhibit 14 are true and correct copies of the emails produced by Hecker on December 31, 2009.

16. Attached hereto as Exhibit 15 is a true and correct copy of Hecker's Responsive Memorandum of Law Opposing Plaintiff's Motion to Compel Discovery (December 31, 2009) (Doc 69).

17. Attached hereto as Exhibit 16 is a true and correct copy of the transcript of proceedings before the Honorable Robert J. Kressel (January 6, 2010).

18. Attached hereto as Exhibit 17 is a true and correct copy of a January 7, 2010 letter from Stephen F. Grinnell to William R. Skolnick.

19. Attached hereto as Exhibit 18 is a true and correct copy of the Order Compelling Discovery and Awarding Fees and Costs (January 11, 2010) (Doc 73).

20. Attached hereto as Exhibit 19 is a true and correct copy of a January 15, 2010 letter from me to William R. Skolnick.

21. Attached hereto as Exhibit 20 is a true and correct copy of a January 19, 2010 letter from William R. Skolnick to me with attached photocopy of the front of the discs delivered (SIR00001-SIR31458 and SIR31459-SIR34580), search warrant and "Inventory Listing of All Items Seized at Search Warrant Site" (June 17, 2009) for 500 Ford Rd., Minneapolis, MN, Defendant's Supplemental Responses to Request for Production of Documents (January 19, 2010), Defendant's Amended Responses to

Plaintiff's Requests for Admission (January 19, 2010) and Defendant's Supplemental Answers to Interrogatories (January 19, 2010).

22. Attached hereto as Exhibit 21 is a true and correct copy of a January 20, 2010 email from my assistant (Pam Phillips) to me with attached copy of the face of the disc (SIR34581-SIR36959) delivered by Mr. Skolnick's office on January 20, 2010.

23. Attached hereto as Exhibit 22 is a true and correct copy of the Trustee's Notice of Hearing and Motion for Contempt of Court (January 20, 2010) (Doc 369).

24. Attached hereto as Exhibit 23 is a true and correct copy of a January 21, 2010 letter from Zachary M. Puchtel (Legal Assistant to William R. Skolnick) to me forwarding documents with the Bates numbers HP0001-HP1048.

25. Attached hereto as Exhibit 24 is a true and correct copy of a January 27, 2010 letter from me to William R. Skolnick.

26. Attached hereto as Exhibit 25 is a true and correct copy of a January 28, 2010 letter from William R. Skolnick to me with attached Second Amended Notice of Taking Deposition of Molly Kaplan and Subpoena Duces Tecum in an Adversary Proceeding (January 28, 2010).

27. Attached hereto as Exhibit 26 is a true and correct copy of a January 29, 2010 letter from William R. Skolnick to me.

28. Attached hereto as Exhibit 27 is a true and correct copy of a Discovery Conference Transcript (November 13, 2009) (Doc 66-4).

29. Attached hereto as Exhibit 28 is a true and correct copy of a January 27, 2010 email from Matthew R. Burton to William R. Skolnick regarding the Trustee's contempt motion.

30. Attached hereto as Exhibit 29 is a true and correct copy a partial email string on October 20, 2009 between Jim Gustafson and Adnan AlAssadi. Portions of this email string have been eliminated on grounds of attorney-client privilege and attorney work product.

31. Attached hereto as Exhibit 30 is a true and correct copy of a partial email string on October 26, 2009 between Jim Gustafson and Adnan AlAssadi. Portions of this email string have been eliminated on grounds of attorney-client privilege and attorney work product.

32. Attached hereto as Exhibit 31 is a true and correct copy of a February 2, 2010 letter from me to William R. Skolnick.

33. In late January and early February, 2010, I had a series of conversations with an attorney at the U.S. Attorney's Office who is actively involved in the Hecker criminal investigation and familiar with the government's execution of its search warrants relating to that investigation. I have been advised that when Hecker's counsel came to review documents and records seized or copied by the government, Hecker's counsel was provided with three inventories of documents and records seized or copied: (1) a search warrant inventory for the June 17, 2009 search warrant; (2) a search warrant inventory for the July 29, 2009 search warrant; and (3) a taint team inventory of

I have further been advised that the items described on the "Inventory Listing of All Items Seized at Search Warrant Site" (Exhibit 20, above) as "Image" or "Forensic Copy" (Control Item nos. 131-138) are copies of the identified hard drives, data drives, operating systems, documents and folders made by the government when it executed its search warrant on June 17, 2009, and that the originals of the described items remained at Hecker's corporate headquarters at 500 Ford Rd., Minneapolis, MN after the government completed its execution of the search warrant. I have further been advised that even though the items listed on the search warrant inventory as "Image" or "Forensic Copy" were available for review and copying by Hecker's attorneys, they did not ask to review or designate for copying any these items.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 3, 2010.

_____
Nicholas N. Merengarten

GP:2722085 v2