IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 09-50779 |
| | ) | |
| DENNIS E. HECKER, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Robert J. Kressel |
| | ) | |
| CHRYSLER FINANCIAL SERVICES AMERICAS LLC, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | Adv. Pro. No.: 09-05019 |
| v. | ) | |
| | ) | |
| DENNIS E. HECKER, | ) ) | |
| Defendant. | ) | |

## SECOND SUPPLEMENTAL DECLARATION OF JEREMY D. WUNSCH

I, Jeremy D. Wunsch, declare and state as follows:

1. This is a supplement to my February 3, 2010 and February 15, 2010 declarations. My education, training and professional credentials are provided in my February 3, 2010 declaration.

2. At approximately 6:00 p.m. on February 16, 2010, LuciData, Inc. ("LuciData") received an external hard drive containing what was represented to be non-privileged emails from Mr. Hecker's server ("hard drive"). LuciData has had very little time to review the contents of the hard drive and accordingly my evaluation and opinions are preliminary in nature. Based on LuciData's evaluation of the hard drive and my training and experience, my evaluation is set forth below.

- 1 -

3. Among forensic computer professionals, the term "native format" has a well-defined and accepted meaning. Native files are defined as the way that documents and emails are stored and used in the normal course of business. When a file or email is produced in native format, all elements of the file are preserved, including metadata for the electronic document and parent/child relationships in email. Files are not considered native files if they are converted into any other file format that does not persevere the original attributes of the file or email.

4. The standard and accepted practice among forensic professionals for identifying, collecting and producing Microsoft based emails in native format for litigation purposes is to run targeted searches based on selected criteria across a data set and produce the emails in a file format known as a PST file. It is custom to search the original PST file and create a new PST file with the responsive hits. It is this newly created PST that is produced to the "other side".

5. All of the files on the hard drive are inside of what is called an AD1 file. There are approximately 1.1 million files and folders within the AD1 file. This is not a native format production because you need a special software program by AccessData to even open the file.

6. The method of colleting the data on the hard drive does not comport with standard and accepted practices among forensic computer professionals. Among other deficiencies in collecting the data, the file structure, also known as file path, was lost. As result, LuciData was not able to identify the author, recipient or date of emails without additional processing of each independent MSG or EML file. Moreover, it is not possible to tell whether what look like possible attachments are connected to specific emails. In other words, the parent-child relationship has been lost. For example, there are five (5) folders within a folder called "Email" identified as "A", "B2", "C", "D", and "EPDove". Within folder "A" there is a document called

"execCEO[2251].doc". It is not possible to tell whether this is an email attachment and, if so, who sent or received it, or whether it is a loose file stored on a custodian's computer or server.

7. LuciData was able to identify 7 PST files. These files do not completely correspond to the 17 email users identified in the attachment to the February 16, 2010 email from Jeff Wold to Bill Skolnick.

8. LuciData was able to identify 34,002 files in MSG (message) format and 22,896 files in EML (email) format. The production of emails in MSG and EML format is not a native format production when original foldering and other attributes are not preserved. Based on LuciData's evaluation of the hard drive, the emails may have been exported to a MSG format and as a result the folder structure and other attributes were lost. In other words, the information about who owned the email, attachments to the message, message folding and other information has been lost. It is not possible to reconstruct the original details of these MSG and EML files without the original PST files. It is therefore clear that the documents were not produced in the manner in which they are usually kept, as we have lost information about each message.

9. There are numerous loose documents within the hard drive, including PDF (documents/images), DOC (documents) and XLS (spreadsheets). Presumably these were connected to emails at one point in time, but it is not possible to connect them to any specific email.

10. Based on LuciData's review of the hard drive, it appears that there was no effort to produce responsive information based on targeted searches in the standard and accepted manner and method of collecting and producing such information. Moreover it is impossible to tell the source of the data, *i.e.*, the server or hard drive the data came from.

11. Because of the numerous deficiencies in the manner and method of producing the information, it would be enormously expensive and time consuming for LuciData to try to reconstruct full details of the emails. Even then, any such reconstruction would likely be incomplete.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 17, 2010.

_____
**Jeremy D. Wunsch**

GP:2730724 v1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-50779 |
| | ) | |
| DENNIS E. HECKER, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Robert J. Kressel |
| | ) | |
| CHRYSLER FINANCIAL SERVICES AMERICAS LLC, | ) | Adv. Pro. No. 09-5019 |
| | ) | |
| Plaintiff. | ) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| DENNIS E. HECKER, | ) | |
| | ) | |
| Defendant. | ) | |

I, Stephen F. Grinnell, hereby certify that on February 17, 2010, I caused the following:

Second Supplemental Declaration of Jeremy D. Wunsch

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

| | |
|---|---|
| William R. Skolnick | wskolnick@skolnick-shiff.com |
| Matthew R. Burton | mburton@losgs.com |
| Jordan S. Kushner | kushn002@umn.edu |
| Robert J. Hennessey | rhennessey@lindquist.com |

Dated: February 17, 2010        GRAY, PLANT, MOOTY
                                                                                MOOTY & BENNETT, P.A.

                                                                                /e/ Stephen F. Grinnell
                                                                                Stephen F. Grinnell (#37928)

GP:2731569 v1